

Signed and Filed: August 12, 2010

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

MCNUTT LAW GROUP LLP
MICHAEL A. SWEET (CSBN 184345)
DALE L. BRATTON (CSBN 124328)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487
Email: dbratton@ml-sf.com

Attorneys for Official Committee
of Equity Security Holders

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re

CMR MORTGAGE FUND, LLC,
CMR MORTGAGE FUND II, LLC,
CMR MORTGAGE FUND III, LLC,

Debtors.

☐ Affects **FUND I**
☐ Affects **FUND II**
☐ Affects **FUND III**
☒ Affects **ALL FUNDS**

Case Nos. 08-32220 TEC
09-30788 TEC
09-30802 TEC

Chapter 11

**ORDER ON INDIVIDUAL PLAINTIFFS' OBJECTIONS TO CONFIRMATION OF EQUITY COMMITTEE AND DEBTORS JOINT PLAN OF REORGANIZATION DATED JUNE 24, 2010**

Date: August 4, 2010
Time: 9:30 a.m.

Judge: Hon. Thomas E. Carlson

The hearing on objections to confirmation of the Equity Committee And Debtors Joint Plan Of Reorganization Dated June 24, 2010 (the "Plan") that were filed by Willard and Catherine Campbell et al. and Dennis McCarty et al. (collectively, the "Individual Plaintiffs" and the "Individual Plaintiffs' Objections") in the above-captioned cases of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III") (Fund I, Fund II, and Fund III collectively, the "Funds"), was held on August 4, 2020. Appearances of counsel for parties in interest were as noted on the record of the hearing. The

Official Committee of Equity Security Holders ("Equity Committee") and Fund I, Fund II, and Fund III are jointly proponents of the Plan.

The Court has considered the Plan, the Individual Plaintiff's Objections, and the arguments of counsel for the Plan proponents and for the Individual Plaintiffs. Good cause appearing,

IT IS HEREBY ORDERED that:

1. The Individual Plaintiff's Objections to confirmation of the Plan are overruled, except as provided in paragraphs 2 – 4, below.

2. Notwithstanding confirmation of the Plan and any provision of the Plan to the contrary, all matters concerning any Investor Action under Rule 23 or Rule 23.1 of the Federal Rules of Civil Procedure or their state-law equivalent (including <u>Bergman et al. vs. California Mortgage and Realty, Inc. et al.</u>, Adversary Proceeding No. 10-03107, a proposed class action now pending in this Court), including without limitation (i) whether it is properly filed as a class action, (ii) selection of the representative plaintiffs (as to derivative as well as any other claims), (iii) whether a class if certified should be a mandatory class or an opt-out class, (iv) whether a channeling injunction is appropriate, (v) in what court trial of such Investor Action should take place, and (vi) any other matters within the scope of Rules 23 and 23.1 or their state-law equivalent are hereby reserved for determination in such Investor Action.

3. Notwithstanding confirmation of the Plan and any provision of the Plan to the contrary, neither the Plan nor the automatic stay of 11 U.S.C. § 362(a) shall create or constitute an injunction restraining any litigation between or among non-debtor plaintiffs and/or non-debtor defendants, including but not limited to the pending actions described in Exhibit C to the Plan at 6:16-21. Whether any injunction should issue to restrain such litigation shall be left to the court trying the Investor Action.

4. Article VIII, Section B, of the Plan is hereby modified to provide that all fees and expenses of outside professionals employed by the Wind-Down Trust (including without limitation attorneys and accountants) ("Professional Fees") shall be subject to review by creditors, equity interest holders, and this Court. Such review shall be provided as follows:

(a) Within 30 days after the end of each calendar quarter, the Wind-Down Trust

1  shall file with this Court, and serve on the Post-Effective Date Limited Notice List established
2  under the procedures of Article VII, Section G, of the Plan, a summary of Professional Fees for
3  such quarter with notice of opportunity to object and request review by the Court.
4      (b)  If within 20 days after service of such summary, no party in interest serves on
5  the Wind-Down Trust an objection, the Professional Fees shall not be subject to further review.
6      (c)  If any party in interest objects within 20 days after service of such summary
7  and requests review, the Wind-Down Trust shall file with the Court a detailed statement of the
8  Professional Fees and set the matter for hearing on 20 days notice to the objecting party(ies).  At
9  the hearing on the matter the Court shall determine the reasonableness of the Professional Fees.
10 Any amounts disallowed as not reasonable by the Court shall be returned by the recipient
11 professional to the Wind-Down Trust.

* * * END OF ORDER * * *