TROUTMAN SANDERS LLP
Thomas H. Prouty, Cal. Bar No. 238950
Meghan Canty Sherrill, Cal. Bar No. 259487
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

*Attorneys for Movant*
*Indian Harbor Insurance Company*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR Mortgage Fund, LLC,<br>CMR Mortgage Fund II, LLC,<br>CMR Mortgage Fund III, LLC,<br><br>        Debtors,<br><br><br>Affects **ALL FUNDS** | Case Nos: 08-32220 TEC<br>09-30788 TEC<br>09-30802 TEC<br><br>Chapter Number: 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW ADVANCEMENT OF DEFENSE EXPENSES UNDER LIABILITY INSURANCE POLICY**<br><br>[Filed concurrently with Notice of Motion and Motion; Declaration of Leslie S. Ahari]<br><br>Date: September 13, 2010<br>Time: 1:00 p.m.<br>Courtroom: 23<br>               235 Pine Street<br>               San Francisco, CA<br>Judge: Hon. Thomas E. Carlson |

1047502v2

Indian Harbor Insurance Company ("Indian Harbor"), by and through its undersigned counsel, enters a limited appearance solely for the purpose of moving this Court, pursuant to Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §362(d), for relief from the automatic stay to pay from the proceeds of a Financial Services Liability Policy issued to a non-debtor, California Mortgage and Realty, Inc. Indian Harbor does not consent to jurisdiction for any other purpose. Indian Harbor respectfully submits this Memorandum of Points and Authorities in support of its Motion For Relief From the Automatic Stay to Allow Advancement of Defense Expenses Under Liability Insurance Policy (the "Motion").

## I. INTRODUCTION AND STATEMENT OF REQUESTED RELIEF

In 2007, and before the filing of the above-captioned bankruptcy cases, Indian Harbor issued a liability insurance policy to non-debtor California Mortgage and Realty, Inc. ("CMRI"). CMRI managed investment funds, including CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III"), the debtors in these bankruptcy cases (collectively, the "Debtor Funds").

Beginning in 2009, several investors in the Debtor Funds have filed lawsuits against CMRI and others (including, in some cases, the Debtor Funds). CMRI tendered these lawsuits to Indian Harbor for coverage under a professional liability insurance policy it issued to CMRI.

Based on information known to date, Indian Harbor has acknowledged potential coverage for the lawsuits under the policy. The non-debtor **Insureds** have sought coverage for their legal fees incurred in the defense of the lawsuits.[1] Although Indian Harbor has reserved its right to deny or limit coverage under the policy, it has agreed to advance **Defense Expenses** on behalf of the non-debtor **Insureds** subject to its continuing reservation of rights, including the right to seek repayment of all amounts determined not to be covered by the policy or for which it has no duty or obligation to pay. However, because the Debtor Funds qualify as **Insureds** under at least one of the policy's coverage parts, the Debtor Funds may share an interest in the policy's proceeds with the other non-debtor **Insureds.** As a result, Indian Harbor's proposed advancement of

---

[1] Other than in headings, words appearing in bold are defined terms under the Policy.

1047502v2 - 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Defense Expenses** on behalf of the non-debtor **Insureds** named as defendants in these lawsuits arguably is prohibited by the automatic stay, 11 U.S.C §362.

Although the automatic stay currently may prohibit it, there is good cause for the Court to modify the stay to permit Indian Harbor to advance **Defense Expenses** on behalf of the non-debtor **Insureds.** The **Insureds** have incurred, and are incurring, attorneys' fees and costs to defend themselves in the lawsuits, yet these **Insureds** have represented to Indian Harbor that they lack the funds to pay defense counsel. If the automatic stay is not modified to allow Indian Harbor to advance **Defense Expenses** on their behalf, the non-debtor **Insureds**' defense of the lawsuits will be substantially prejudiced and their interest in the policy will be significantly infringed. To permit the automatic stay to prevent advancement of **Defense Expenses**, in effect, would grant the Debtor Funds greater rights to the policy proceeds than they would have outside of the bankruptcy context while risking substantial irreparable harm to the non-debtor **Insureds**. Additionally, the non-debtor **Insured**s' defense of the lawsuits may benefit the Debtor Funds by establishing defenses to the various plaintiffs' claims against the Debtor Funds. Accordingly, modification of the stay is appropriate here.

## II. JURISDICTION

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a motion pursuant to Section 362(d) of the Bankruptcy Code entitled to resolution in accordance with Section 362(e) of the Bankruptcy Code.

## III. BACKGROUND

### A. The Debtor Funds and the Bankruptcy Cases

The Debtor Funds are California limited liability companies. Each of the Debtor Funds was and is managed by a non-member and non-debtor management company, CMRI. The president and principal of CMRI is David Choo.

On November 19, 2008, Fund I filed its voluntary Chapter 11 bankruptcy case. Fund II and Fund III both filed their voluntary Chapter 11 cases on March 31, 2009.

On March 31, 2010, this Court conditionally approved substantive consolidation of the Debtor Funds' Chapter 11 cases, subject to confirmation of the Debtor Funds' and Official Committee of Equity Security Holders' ("Equity Committee") Joint Plan of Reorganization.

### B. CMR, Choo and Other Insureds Are Named as Defendants in Various Lawsuits

There currently are pending five lawsuits filed by investors in the Debtor Funds against CMRI and other **Insureds:**[2]

- *Zadik v. California Mortgage and Realty, Inc., et al.*, San Francisco County Superior Court, No. CGC-09-486094 (the "*Zadik* Action"). The *Zadik* Action names CMRI, Mr. Choo and debtor Fund II as defendants.
- *Strouzas v. Choo*, *et al.*, San Francisco Superior Court Case No. CGC 09-491988 (the "*Strouzas* Action"). The *Strouzas* Action names CMRI, Mr. Choo and the three Debtor Funds as defendants.
- *McCarthy v. Choo*, *et al.*, San Francisco Superior Court Case No. CGC 09-492051 (the "*McCarthy* Action"). The *McCarthy* Action names CMRI, Mr. Choo and the three Debtor Funds as defendants.[3]
- *Stevens v. California Mortgage and Realty, Inc., et al.*, San Francisco Superior Court Case No. CGC 10-497123 (the "*Stevens* Action"). The *Stevens* Action is against, among others, CMRI, Mr. Choo and certain non-debtor investment funds.
- *Bergman, et al. v. California Mortgage and Reality, Inc., et al.*, Adv. Proc. No. 10-03107 (Bankr. N.D. Cal.) (the "*Bergman* Action"). The *Bergman* Action names CMRI and Mr. Choo as defendants.

The *Zadik* Action, *Strouzas* Action, *McCarthy* Action, *Stevens* Action and *Bergman* Action are collectively referred to herein as the "CMRI Lawsuits."

---

[2] Another action, *Foreman v. California Mortgage Realty, Inc., et al*., San Francisco Superior Court Case No. CGC-09-486152, was voluntarily dismissed without prejudice on February 26, 2010.

[3] It appears that debtor Fund I (CMR Mortgage Fund, LLC) was erroneously sued as "CMR Mortgage Fund I, LLC" in the *McCarthy* Action.

**C. The Indian Harbor Policy and Potential for Coverage for the CMR Lawsuits**

Indian Harbor issued Financial Services Liability Policy No. ELU 100039-07 (the "Policy") to CMRI for the claims-made policy period September 1, 2007 to September 1, 2009. A true and correct copy of the Policy is attached as Exhibit A to the Declaration of Leslie S. Ahari ("Ahari Decl."), filed concurrently herewith. The Policy provides a $5 million maximum aggregate limit of liability, inclusive of **Defense Expenses**. Indian Harbor's payment of **Defense Expenses** therefore reduces, and may exhaust, the limit of liability.

The Policy contains five coverage parts: (1) the Investment Advisers Management Liability ("IAML") Coverage Part; (2) the Investment Advisers Professional Liability ("IAPL") Coverage Part; (3) the Investment Fund Management and Professional Liability ("IFMPL") Coverage Part; (4) the Employment Practices Liability Coverage Part; and (5) the Pension and Welfare Benefit Plan Fiduciary Liability Coverage Part. Each Coverage Part provides a $5 million maximum aggregate limit of liability for all **Claims** under such Coverage Part. However, the limits of liability provided by the various Coverage Parts are part of, and not in addition to, the $5 million maximum aggregate limit of liability for all **Claims**. *See* Policy Declarations Item 3; General Terms and Conditions Section II(A)(1), (2), (3).

Based on the limited information presently available to it, Indian Harbor has acknowledged potential coverage under the IAPL and IFMPL Coverage Parts of the Policy for the CMRI Lawsuits subject to a reservation of rights. The IAML, Employment Practices Liability or Pension and Welfare Benefit Plan Fiduciary Liability Coverage Parts are not implicated by the CMRI Lawsuits.

Subject to all of the Policy's terms and conditions, the Insuring Agreement of the IAPL Coverage Part provides that Indian Harbor shall pay on behalf of the **Insureds Loss** resulting from **Claims** first made against them during the **Policy Period** for **Wrongful Acts**.[4] *See* Policy

---

[4] **Wrongful Acts** under the IAPL Coverage Part include, in pertinent part, any actual or alleged act, error, omission, misstatement, misleading statement or breach of fiduciary duty or other duty committed by an **Insured** in the performance of or failure to perform **Professional Services**. *See id.* at Section II(E). **Professional Services** means, in pertinent part, financial economic or investment advice given or investment management services performed for others for a fee or commission by the **Adviser** or on behalf of the **Adviser** by any person or entity. *See id.* at Section II(D).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

IAPL Coverage Part Section I. **Insured** means the **Insured Persons** and the **Adviser**. *See id.* at Section II(B). **Adviser** means the **Named Insured** – here, CMRI – and its **Subsidiaries**. *See id.* at Section II(A). **Insured Person** includes directors and officers of the **Adviser**. *See id.* at Section II(C). Accordingly, CMRI and Mr. Choo are **Insureds** under the IAPL Coverage Part; but the Debtor Funds are not.

Subject to all of the Policy's terms and conditions, the Insuring Agreement of the IFMPL Coverage Part provides that Indian Harbor shall pay on behalf of the **Insureds Loss** resulting from **Claims** first made against them during the **Policy Period** for **Wrongful Acts**.[5] *See* Policy IFMPL Coverage Part Section I. **Insured** under the IFMPL Coverage Part includes the **Named Insured**, the **Insured Persons**, and each **Investment Fund**. *See id.* at Section II(A). CMRI is the **Named Insured.** **Investment Fund** includes those funds identified in Endorsement No. 3, which lists each of the Debtor Funds. *See id.* at Section II(D), Endorsement No. 3. Accordingly, the Debtor Funds are **Insureds** under the IFMPL Coverage Part. **Insured Persons** include directors and officers of the **Investment Funds**, the general partner or managing general partner of **Investment Funds** organized as limited partnerships, and the managing member of **Investment Funds** organized as limited liability companies. *See id.* at Section II(C). Mr. Choo therefore is an **Insured Person** under the IFMPL Coverage Part.

### D. Indian Harbor is Willing to Advance Defense Expenses, Subject to its Full Reservation of Rights, If the Court Grants Relief From the Automatic Stay

As the Debtor Funds are **Insureds** under the Policy's IFMPL Coverage Part, the Debtor Funds share an interest in the Policy's proceeds with the other non-debtor **Insureds**, including

---

[5] **Wrongful Act** includes, for purposes of the IFMPL Coverage Part: (1) any actual or alleged act, error, omission, misstatement, misleading statement or breach of fiduciary duty or other duty committed by an **Insured** in the performance of or failure to perform **Professional Services**; (3) any actual or alleged act, error, omission, misstatement, misleading statement or breach of fiduciary duty or other duty committed by an **Insured Person** in his or her capacity as a director, officer, or member of the Board of Managers, general partner or managing general partner of an **Investment Fund**; and (4) any matter asserted against an **Insured Person** solely by reason of his or her status as a director, officer, member of the Board of Managers, general partner, or managing general partner of an **Investment Fund**. *See id.* at Section II(J). **Professional Services** means, among other things, advisory or other services performed by an **Investment Fund** or on behalf of an **Investment Fund** by any person or entity, provided such services are performed in connection with the management or operation of such **Investment Fund**. *See id.* at Section II(I).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

CMRI, Mr. Choo and others. Therefore, advancing **Defense Expenses** under the Policy on behalf of the non-debtor **Insureds** arguably is prohibited by the automatic stay. However, the non-debtor **Insureds** currently are incurring legal expenses in defending against the CMRI Lawsuits and are in need of the Policy's proceeds to pay defense counsel. Indian Harbor is willing to advance **Defense Expenses** on behalf of the non-debtor **Insureds** subject to a full reservation of rights, including the right to seek repayment of amounts determined not to be covered by the Policy.

## IV. GOOD CAUSES EXISTS TO GRANT THE REQUESTED RELIEF FROM THE AUTOMATIC STAY

Bankruptcy Code section 362(a) imposes an automatic stay, as of the petition date, on (among other things) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…." 11 U.S.C. § 362(a)(3). "The Bankruptcy Code also recognizes that certain circumstances require the court to respond to other interests and permits a flexible approach to the stay as the circumstances may require." *Groshong v. Sapp*, 423 B.R. 537, 542 (B.A.P. 9th Cir. 2010). "Section 362(d)(1) authorizes the bankruptcy court broad discretion to grant relief from the automatic stay imposed under section 362(a) for 'cause.'" *Id.* "Such relief may include 'terminating, annulling, modifying, or conditioning such stay.'" *Id. See also* 11 U.S.C. § 362(d).

The Ninth Circuit Court of Appeals has held that "[b]ecause there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). *See also In re Delaney-Morin*, 304 B.R. 365, 369 (9th Cir. B.A.P. 2003) (quoting *In re MacDonald*). The proper analysis under section 362(d)(1) involves "weighing the parties' respective harms…." *See Groshong*, 423 B.R. at 545 (declining to determine whether D&O liability insurance policy proceeds were property of the estate, but finding that, regardless, the bankruptcy court did not abuse its discretion in granting relief from stay to allow insurer to pay defense costs to the non-debtor director of a debtor corporation).

1047502v2 - 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Good cause exists for this Court to grant the requested relief from the automatic stay. First, unless relief is granted so to permit the payment of their **Defense Expenses**, the interests of the non-debtors **Insureds** in the Policy proceeds impermissibly would be subordinated to the interests of the Debtor Funds. Despite the broad reach of Section 541, courts have held that only the *debtor's* interest in property held jointly by the debtor and a non-debtor party is property of the bankruptcy estate. *See, e.g., In re Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir. 1996). Thus, while the debtor's interest in insurance proceeds may become property of the debtor's estate, courts have held that a non-debtor, co-insured's interest in insurance policy proceeds does *not* become property of the debtor's estate. In other words, courts recognize that the non-debtor, co-insured retains its interest in proceeds of an insurance policy held with a debtor, co-insured. *See In re Spaulding Composites Co.*, 207 B.R. 899, 906-07 n.1 (B.A.P. 9th Cir. 1997). The recognition of distinct property rights of the debtor and non-debtor co-insureds is supported by the doctrine that the "owner of an insurance policy cannot obtain greater rights to the proceeds of that policy … by merely filing a bankruptcy petition." *In re Denario*, 267 B.R. 496, 499 (Bankr. N.D.N.Y. 2001).

Moreover, the proceeds of an insurance policy ordinarily may be made available to a non-debtor insured despite the existence of other claims which may need to be paid in the future. *See Scharnitzi v. Bienenfeld*, 534 A.2d 825, 827 (Pa. Super. Ct. 1987). This result should not be altered by the filing of the debtor's bankruptcy petition. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Unless some federal interest requires a different result, there is no reason why [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding").

It is clear from the case law outlined above that the non-debtor **Insureds** have their own interest in the Policy proceeds. Although the Debtor Funds also share an interest in the proceeds, they do not have greater rights than the non-debtor **Insureds**, and their filing for bankruptcy protection should not be permitted to undermine the non-debtor **Insureds**' interest. The automatic stay therefore should be modified so as not to infringe on the non-debtor **Insureds'** interest in the proceeds.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  Second, good cause exists to grant relief from the automatic stay to prevent substantial
2  and irreparable harm to the non-debtor **Insureds**. As noted above, **Insureds** have represented to
3  Indian Harbor that they have incurred, and continue to incur, legal expenses to defend themselves
4  in the CMRI Lawsuits, but lack the funds to pay defense counsel and are in immediate need of the
5  Policy's proceeds to fund their defense. *See* Ahari Decl. ¶ 5. The automatic stay should be lifted
6  in order to ensure that the non-debtor **Insureds** are not substantially and irreparably harmed by
7  not being able to defend themselves in the litigation.

8  In recognition of the non-debtor insureds' interests and the harm they would suffer by
9  being deprived of policy proceeds to fund a defense, a number of courts have lifted the automatic
10 stay in order to allow for the payment of defense costs to non-debtor insureds even though the
11 insurance policies also provided direct coverage to the co-insured debtor. *See*, *e.g.*, *In re
12 CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Mass. 2002) ("This Court further finds that there
13 is cause to lift the automatic stay because [non-debtor insureds] may suffer substantial and
14 irreparable harm if prevented from exercising their rights to defense payments."); *In re Enron
15 Corp.*, 2002 Bankr. LEXIS 544 (Bankr. S.D.N.Y. May 17, 2002); *In re Boston Regional Med.
16 Center Inc.*, 285 B.R. 87, 96 (Bankr. D. Mass. 2002) (recognizing that the non-debtor, co-insureds
17 had an immediate need for payment of proceeds from the relevant policy and that "[i]f the costs
18 of defense [were] not disbursed in time to provide the defense, a significant part of their value and
19 of their function [would] have been lost").

20 Finally, any harm to the Debtor Funds is outweighed by the harm to the non-debtor
21 **Insureds** in the event relief from the stay is not granted. The non-debtor **Insureds** have an
22 immediate need for payment of their **Defense Expenses** in the CMRI Lawsuits. By contrast, the
23 Debtor Funds are not named as defendants in the *Bergman* Action. Moreover, Indian Harbor
24 understands that the other investor lawsuits filed in state court, some of which do name the
25 Debtor Funds as defendants, might not be permitted to proceed if this Court determines to allow
26 the *Bergman* Action to proceed as a mandatory class action without opt-out rights. In that event,
27 the Debtor Funds would not have a need for their **Defense Expenses** to be paid. Any harm to the
28 Debtor Funds resulting from Indian Harbor's advancement of **Defense Expenses** to the non-

debtor Insureds therefore would be speculative and remote.

## V. CONCLUSION

For the foregoing reasons, Indian Harbor respectfully requests that the Court modify the automatic stay to allow Indian Harbor to advance **Defense Expenses** on behalf of non-debtor **Insureds** in connection with the CMRI Lawsuits, and any other subsequently filed lawsuits potentially covered by the Policy, subject to Indian Harbor's full reservation of rights, including the right to seek repayment of all amounts that are determined not to be covered by the Policy.

Dated: August 25, 2010                    TROUTMAN SANDERS LLP


By: */s/ Meghan Canty Sherrill*
    Thomas H. Prouty
    Meghan Canty Sherrill

    Attorneys for Movant
    Indian Harbor Insurance Company

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545