# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (with any and all attachments hereto, the "Settlement Agreement") is a final settlement agreement made and entered into by and among the following parties (collectively, the "Parties"):

(i)     Canpartners Realty Holding Company IV LLC ("Canyon"), Canpartners IV Royal Kunia LLC ("Canyon RK"), and Canpartners IV Royal Kunia Property LLC ("Canyon RK Property") (collectively, the "Canyon Parties");

(ii)    CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively, the "CMR Mortgage Funds");

(iii)   The Official Committee of Equity Holders appointed in the CMR Mortgage Funds' Bankruptcy Cases (as hereinafter defined) (the "Committee" and, together with the CMR Mortgage Funds, the "CMR Parties");

(iv)    Stanford Carr, an individual;

(v)     SCD Kunia, LLC ("SCD Kunia"); and

(vi)    Stanford Carr Development, LLC ("SC Development").

## <u>RECITALS</u>

A.      Pursuant to a credit agreement dated as of March 12, 2007, Canyon and Fund I co-funded a loan (the "Loan") to Halekua Development Corporation ("HDC") for the acquisition of a parcel of real property in Honolulu, Hawaii (the "Property"); and

B.      Both the Property and HDC's membership interests in Halekua-Kunia, LLC (the "Membership Interests") served as collateral for the Loan (the "Collateral"); and

C.      On November 19, 2008, Fund I commenced a reorganization case pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), Case No. 08-32220 (TEC) (the "Fund I Chapter 11 Case"), and on March 31, 2009, Fund II and Fund III also commenced reorganization cases pursuant to Chapter 11 of the Bankruptcy Code in the same court under Case Nos. 09-30788 (TEC) and 09-30802 (TEC), respectively (collectively, the "Bankruptcy Cases"); and

D.      On November 30, 2008, Fund I filed a complaint against Canyon, SCD Kunia and Stanford Carr in the Bankruptcy Court, asserting causes of action related to the Loan, the Property and a co-lender agreement between Canyon and Fund I, commencing an adversary proceeding styled as Case No. 08-03148 (inclusive of all claims asserted by Fund I against Canyon, SCD Kunia and Stanford Carr, the "Adversary Proceeding"), and alleging damages amounting to $49.2 million or more; and

E.      On December 4, 2008, Canyon filed a motion for relief from the automatic stay to foreclose on the Collateral; and

F.      On February 5, 2009, the Bankruptcy Court entered an order granting Canyon's motion for relief from stay (the "Original RFS Order") and, upon Canyon's motion to correct the order, entered an amended order (the "Amended RFS Order"); and

G.      On March 23, 2009, Canyon filed a timely proof of claim in the Fund I Chapter 11 Case; and

H.      On April 16, 2009, Canyon conducted a foreclosure sale, pursuant to which Canyon RK acquired title to the Membership Interests; and

I.      On May 19, 2009, Canyon conducted a foreclosure, pursuant to which Canyon RK Property acquired title to the Property; and

J.      On December 11, 2009, the Bankruptcy Court entered a Second Amended Order Re Relief From Stay (the "Second Amended RFS Order") lifting a restriction on transfer of the Collateral contained in the Amended RFS Order and entitling Canyon to transfer and/or sell the Collateral; and

K.      On March 25, 2009, April 28, 2009, and February 2, 2010, Fund I timely appealed the Bankruptcy Court's orders granting Canyon relief from stay;  and

L.      On June 24, 2010, the Committee and the CMR Mortgage Funds filed a joint proposed plan of reorganization (as amended, the "Plan"); and

M.      On July 27, 2010, Canyon filed an amended proof of claim in the Fund I Chapter 11 Case; and

N.     On July 13, 2010, the Committee filed an objection (the "Claim Objection") to Canyon's Claim (as hereinafter defined); and

O.     On July 28, 2010, Canyon filed an objection (the "Plan Objection") to confirmation of the Plan; and

P.     The Parties wish to resolve all outstanding issues between the CMR Parties, on one hand, and the Canyon Parties, Stanford Carr, SCD Kunia and SC Development, on the other hand.

<u>**AGREEMENT**</u>

NOW, THEREFORE, in consideration of the foregoing facts and the mutual covenants contained herein, the sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, subject to the approval of the Bankruptcy Court, the Parties do hereby agree as follows:

**1.     INTRODUCTION**

1.1     The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

1.2     All capitalized terms in this Settlement Agreement shall have the meanings set forth in the attached Appendix unless otherwise defined herein.  The attached Appendix is incorporated herein by reference and made a part of this Settlement Agreement.  Each defined term stated in the singular shall include the plural and each defined term stated in the plural shall include the singular as the context warrants.  The word "including" means "including but not limited to."

**2.     CONDITIONS TO EFFECTIVENESS OF THE SETTLEMENT AGREEMENT**

2.1     This Settlement Agreement and the releases contained herein shall become effective only upon the occurrence of all of the following conditions precedent: (i) execution of this Settlement Agreement by the Parties, (ii) the occurrence of the Confirmation Date, and (iii) the occurrence of the Approval Date; <u>provided</u>, <u>however</u>, that the terms of Sections 2.2, 2.3, 5.1-5.5, 6.1, 6.2, 6.4, and 6.6-6.13 of this Settlement Agreement shall become effective on the

3

Execution Date; <u>provided</u> <u>further</u> that any of the foregoing conditions precedent may be waived only by the Committee and Canyon each waiving such condition in writing.

2.2     Within three (3) days after the Execution Date, the Committee and the CMR Mortgage Funds shall, at their sole cost and expense, jointly file the Approval Motion.  The Committee and the CMR Mortgage Funds agree to use their best efforts to obtain expeditious Bankruptcy Court approval of this Settlement Agreement.  Canyon agrees to take reasonable steps to support and facilitate entry of the Approval Order.

2.3     If the Settlement Effective Date has not occurred within sixty (60) days of the Execution Date, all Parties will have the right, following at least one in-person meet-and-confer session to be held within two weeks after the expiration of such sixty (60) days, to terminate this Settlement Agreement effective immediately.

**3.     PENDING LITIGATION**

3.1     Within fourteen (14) calendar days following the Settlement Effective Date, Fund I shall dismiss with prejudice the Adversary Proceeding by filing a notice of dismissal in a form (i) mutually satisfactory to Fund I, the Committee, Canyon, and Stanford Carr and (ii) sufficient under FRCP Rule 41.  Canyon, Stanford Carr, and SCD Kunia shall sign such mutually satisfactory notice of dismissal, as required under FRCP Rule 41(a)(1)(A)(ii), in timely fashion to effectuate this provision.

3.2     Within fourteen (14) calendar days following the Settlement Effective Date, Fund I shall dismiss with prejudice each of the Appeals by filing stipulations of dismissal in forms (i) mutually satisfactory to Fund I, the Committee, and Canyon and (ii) sufficient under FRAP Rule 42.  Canyon shall sign such mutually satisfactory stipulations of dismissal, as required under FRAP Rule 42, in timely fashion to effectuate this provision.

3.3     Within fourteen (14) calendar days following the Settlement Effective Date, (i) Canyon shall file a pleading withdrawing Canyon's Claim, in form and substance reasonably acceptable to the Committee, and (ii) the Committee shall file a pleading withdrawing the Claim Objection, in form and substance reasonably acceptable to Canyon.

3.4     Within fourteen (14) calendar days following the Settlement Effective Date, Canyon shall file a pleading withdrawing its objection to confirmation of the Plan, in form and substance reasonably acceptable to the Committee.

## 4.     RELEASES

4.1     On the Settlement Effective Date, except for obligations created or preserved by this Settlement Agreement, each of the Canyon Parties, Stanford Carr, SCD Kunia and SC Development, without further action, hereby to the fullest extent permitted by law releases and fully discharges each of the CMR Parties, and, as applicable, each of their respective attorneys, accountants, representatives, employees, agents, successors and assigns, past and present, and each of them, from any and all causes of action, claims, damages, costs, rights, offsets, defenses, obligations, demands, liabilities, expenses or attorneys' fees, of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured that any of the Canyon Parties owns or holds or at any time heretofore has owned or held against the CMR Parties, or any of them, arising from, connected with, or related in anyway to the Loan, the Loan Documents, the Property, the Litigation, or the Bankruptcy Cases.

4.2     On the Settlement Effective Date, except for obligations created or preserved by this Settlement Agreement, each of the CMR Parties, without further action, hereby to the fullest extent permitted by law releases and fully discharges each of the Canyon Parties, and, as applicable, each of their respective directors, officers, shareholders, members, affiliates, attorneys, accountants, representatives, employees, agents, successors and assigns, past and present, and each of them, from any and all causes of action, claims, damages, costs, rights, offsets, defenses, obligations, demands, liabilities, expenses or attorneys' fees, of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured that the CMR Parties own or hold or at any time heretofore have owned or held against the Canyon Parties, or any of them, arising from, connected with, or related in anyway to the Loan, the Loan

Documents, the Property, the Litigation, or the Bankruptcy Cases. Notwithstanding the foregoing, nothing in this paragraph releases Herbert Horita or The Horita Group from any claim, right, or contractual obligation held by any of the CMR Parties.

       4.3     On the Settlement Effective Date, except for obligations created or preserved by this Settlement Agreement, each of the CMR Parties, without further action, hereby to the fullest extent permitted by law releases and fully discharges each of Stanford Carr, SCD Kunia, and SC Development, LLC and, as applicable, each of their respective directors, officers, shareholder, members, affiliates, attorneys, accountants, representatives, employees, agents, successors and assigns, past and present, and each of them, from any and all causes of action, claims, damages, costs, rights, offsets, defenses, obligations, demands, liabilities, expenses or attorneys' fees, of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured that the CMR Parties own or hold or at any time heretofore have owned or held against Stanford Carr, SCD Kunia, and SC Development, LLC, or any of them, arising from, connected with, or related in anyway to the Loan, the Loan Documents, the Property, the Litigation, or the Bankruptcy Cases. Notwithstanding the foregoing, nothing in this paragraph releases Herbert Horita or The Horita Group from any claim, right or contractual obligation held by any of the CMR Parties.

       4.4     This Agreement, including (without limitation) the releases set forth in Sections 4.1, 4.2 and 4.3 above, shall not be interpreted or construed as a release of, shall not inure to the benefit of, and shall not affect any of the Parties' rights or claims against, any Entity other than those expressly released. Without limiting the generality of the foregoing, the CMR Mortgage Funds and the Committee's rights and claims against California Mortgage and Realty, Inc. and David Choo, if any, shall not be affected hereby.

       4.5     THE PARTIES ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY THEIR ATTORNEYS CONCERNING, AND ARE FAMILIAR WITH, CALIFORNIA CIVIL CODE SECTION 1542 AND EXPRESSLY WAIVE ANY AND ALL RIGHTS UNDER

CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES THAT "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR," AND UNDER ANY OTHER FEDERAL OR STATE STATUTE OR LAW OF SIMILAR EFFECT. THE PARTIES EXPRESSLY ASSUME THE RISK THAT ACTS, OMISSIONS, MATTERS, CAUSES OR THINGS MAY HAVE OCCURRED THAT THEY DO NOT KNOW OR DO NOT SUSPECT TO EXIST.

**5.      REPRESENTATIONS**

5.1      The CMR Mortgage Funds represent and warrant to Canyon that they have full authority, subject to entry of the Approval Order by the Bankruptcy Court, to execute this Settlement Agreement as a binding and legal obligation of the CMR Mortgage Funds. The CMR Mortgage Funds further represent and warrant that, in executing this Settlement Agreement, they have the authority, subject to entry of the Approval Order by the Bankruptcy Court, to, and are in fact acting for, and binding, themselves and any Entities that have an interest in the B Note. The persons signing this Settlement Agreement on behalf of the CMR Mortgage Funds represent and warrant that they are authorized by the CMR Mortgage Funds to execute this Settlement Agreement as a binding and legal obligation of the CMR Mortgage Funds (subject to Bankruptcy Court approval).

5.2      The Committee represents and warrants that it has full authority to execute this Settlement Agreement as a binding and legal obligation of the Committee. The person[s] signing this Settlement Agreement on behalf of the Committee represent[s] and warrant[s] that they are [or he/she is] authorized by the Committee to execute this Settlement Agreement as a binding and legal obligation of the Committee.

5.3      The Canyon Parties represent and warrant that they have full authority to execute this Settlement Agreement as a binding and legal obligation of the Canyon Parties. The persons

signing this Settlement Agreement on behalf of the Canyon Parties represent and warrant that they are authorized by the Canyon Parties to execute this Settlement Agreement as a binding and legal obligation of the Canyon Parties and any Entities that have an interest in the A Note.

5.4    Stanford Carr, SCD Kunia and SC Development represent and warrant that they have full authority to execute this Settlement Agreement as a binding and legal obligation of Stanford Carr, SCD Kunia and SC Development.  The person signing this Settlement Agreement on behalf of SCD Kunia and SC Development represents and warrants that he is authorized by SCD Kunia and SC Development to execute this Settlement Agreement as a binding and legal obligation of SCD Kunia and SC Development.

5.5    By executing this Settlement Agreement, each Party expressly represents, warrants and affirms that it or he has not made, and will not in the future make, any assignment or transfer of any claim against any other Party released by this Settlement Agreement to any Entity; provided, however, that transfer of claims, rights, or interests from the CMR Funds to the Wind-Down Trust as provided in the Plan are not affected by this provision and, subject to confirmation of the Plan, the Wind-Down Trust shall be bound to the terms of this Settlement Agreement in place of and to the same extent as the CMR Funds prior to confirmation.

6.    **MISCELLANEOUS**

6.1    <u>Confidentiality</u>.  Upon full execution of this Settlement Agreement by the Parties, any Party shall be free to disclose the Settlement Agreement and its terms to any Entity and in any forum, including at any hearing in the Bankruptcy Cases.  The negotiations leading to this Settlement Agreement are within the protection afforded compromises and offers of compromise by Rule 408 of the Federal Rules of Evidence; provided, however, that the Parties hereby waive any such privileges only to the extent reasonably necessary to (i) obtain approval of the settlement embodied in this Settlement Agreement or (ii) aid with the interpretation of this Settlement Agreement by a court or other dispute resolution tribunal if the Parties disagree over the interpretation of a provision of the Settlement Agreement.  The Parties agree that they will not disclose or use any information regarding the negotiations leading to this Settlement

Agreement, except as such disclosure or use may (i) help the Parties obtain the approval of the settlement embodied in this Settlement Agreement or (ii) aid the Parties in the implementation and/or enforcement of this Settlement Agreement.

      6.2     <u>No Prejudice; Construction of Agreement</u>.  This Settlement Agreement is the product of informed negotiations and involves compromises of the Parties' previously stated legal positions.  Accordingly, this Settlement Agreement does not reflect the Parties' views as to their rights and obligations with respect to matters or entities outside the scope of this Settlement Agreement.  This Settlement Agreement is the jointly-drafted product of arms-length negotiations between the Parties with the benefit of advice from counsel, and the Parties agree that it shall be so construed.  As such, no Party will claim that this Settlement Agreement shall be strictly or presumptively construed against any other Party by reason of the identity of the drafter or otherwise.  No promise or inducement which is not herein expressed has been made to any Party or corporate affiliate of any Party.  In executing this Settlement Agreement, each Party acknowledges that it is or he is not relying, nor has it or he relied, upon any statement or representation made by or on behalf of any other Party, or by any agent, attorney or employee of any other Party concerning the matters that are the subject of this Settlement Agreement, other than the representations and warranties set forth herein.

      6.3     <u>Entire Agreement</u>.  This Settlement Agreement expresses the entire agreement and understanding among the Parties.  Except as expressly set forth in this Settlement Agreement, there are no representations, warranties, promises or inducements, whether oral, written, expressed or implied, that in any way affect or condition the validity of this Settlement Agreement or alter its terms.

      6.4     <u>Headings</u>.  Headings, titles and captions contained in this Settlement Agreement are inserted only as a matter of convenience and are for reference purposes only.  Such headings, titles and captions are intended in no way to define, limit, expand or describe the scope of this Settlement Agreement or the intent of any provision hereof.

6.5     Costs and Expenses.  Each Party expressly agrees that it shall bear its own costs and attorneys' fees with respect to the drafting and negotiation of this Settlement Agreement, the Adversary Proceeding, the Appeals and any other litigation now pending between the Parties, including, without limitation, Canyon's Claim, the Claim Objection, the Plan Objection and any other litigation, disputes or contested matters between or among the Parties in the Bankruptcy Cases.

6.6     No Third-Party Rights.  Except as expressly provided in this Settlement Agreement, the Parties specifically disavow any intention to create rights for third parties under or in relation to this Settlement Agreement.

6.7     No Modification.  No change or modification of this Settlement Agreement shall be valid unless it is made in writing and signed by all Parties to this Settlement Agreement, with, if required, the approval of the Bankruptcy Court; provided, however, that in the event any Party is dissolved or otherwise ceases to exist, the consent of such Party shall not be required for modification of this Settlement Agreement.

6.8     Execution.  This Settlement Agreement shall be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. Each Party shall deliver one copy of a duly executed counterpart to each other Party, which delivery may be made by facsimile transmission or e-mailed PDF.  A faxed or e-mailed PDF signature shall have the same force and effect as an original signature.

6.9     Notices.  Any and all statements, communications, or notices to be provided pursuant to this Settlement Agreement shall be in writing and sent by facsimile or e-mail, and by overnight delivery or first-class mail postage prepaid.  Any notice given by facsimile or e-email shall be effective upon oral or machine confirmation of transmission and receipt or, in the absence of such confirmation, upon receipt of the notice by delivery or first-class mail.  Such notices shall be sent to the individuals noted below, or to such other individuals as such Party may designate in writing from time to time:

(i)     If to any of the Canyon Parties:

Canyon Capital Realty Advisors
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Facsimile: (310) 272-1500
bobbyturner@canyonpartners.com
jroth@canyonpartners.com
Attn:   K. Robert Turner
        Jonathan Roth
        Head of Asset Management

With copy to:

Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, CA 90013
Facsimile: (213) 896-660
rhavel@sidley.com
Attn:   Richard W. Havel


(ii)    If to Stanford Carr, SCD Kunia or SC Development:

Stanford Carr Development, LLC
1100 Alakea Street, Ste. 2700
Honolulu, HI 96813
Facsimile: (808) 537-1801
scarr@stanfordcarr.com
Attn: Stanford Carr

With copy to:

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Facsimile: (415) 954-4480
rvanduzer@fbm.com
Attn:   Rick Van Duzer


(iii)   If to Fund I:

CMR Mortgage Fund, LLC
c/o California Mortgage and Realty, Inc.
62 First Street, 4th Floor
San Francisco, CA 94105
Facsimile: (415) 974-1143
gseel@cmrfund.com
Attn:   Graham Seel

With copy to:

Elizabeth Berke-Dreyfuss, Esq.
Wendel Rosen Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607
Facsimile: (510) 834-1928
EBerkeDreyfuss@wendel.com

(iv)     If to Fund II:

CMR Mortgage Fund II, LLC
c/o California Mortgage and Realty, Inc.
62 First Street, 4th Floor
San Francisco, CA 94105
Facsimile: (415) 974-1143
gseel@cmrfund.com
Attn:   Graham Seel

With copy to:

Robert G. Harris, Esq.
Binder & Malter
2775 Park Avenue
Santa Clara, CA 95050
Facsimile: (408) 295-1531
rob@bindermalter.com

(v)      If to Fund III:

CMR Mortgage Fund III, LLC
c/o California Mortgage and Realty, Inc.
62 First Street, 4th Floor
San Francisco, CA 94105
Facsimile: (415) 974-1143
gseel@cmrfund.com
Attn:   Graham Seel

With copy to:

Reno F.R. Fernandez III, Esq.
MacDonald & Associates
221 Sansome Street
San Francisco, CA 94104
Facsimile:     (415) 394-554
rfernandez@macdonaldlawsf.com

(vi)     If to the Committee:

Wayne Elggren
LECG
201 Mission Street, Suite 800
San Francisco, CA 94105
Facsimile: (415) 267-0310
welggren@lecg.com

With copy to:

Michael A. Sweet, Esq.
McNutt Law Group, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Facsimile: (415) 995-8487
msweet@ml-sf.com

6.10    <u>Carrying Out Of The Agreement</u>.  The Parties agree to do such further acts and execute such further documents as they agree may be necessary or desirable to carry out the intent and purpose of this Settlement Agreement.

6.11    <u>No Transfer of Rights</u>.  No Party shall transfer or assign any rights or obligations created herein; provided, however, that transfer from the CMR Funds to the Wind-Down Trust under the Plan of the rights or obligations created herein shall not be affected by this provision.

6.12    <u>No Admissions</u>.  Nothing in this Settlement Agreement, or any actions taken by the Parties in connection with the negotiation and execution of this Settlement Agreement, constitutes an admission or concession by any Party on any issue.

6.13    <u>Governing Law; Venue</u>.  This Settlement Agreement shall be governed by, and construed in accordance with, the substantive law of the State of California, without giving effect to any conflicts of law rule or principle that might require the application of the law of another jurisdiction.  Any disputes between the Parties regarding any matter involving this Settlement Agreement shall be resolved by the Bankruptcy Court, on motion procedure under Bankruptcy Local Rule 9014-1.

**IN WITNESS WHEREOF,** this Settlement Agreement has been read and signed by the Parties or duly authorized representatives of the Parties on the dates set forth below.

CANPARTNERS REALTY HOLDING
COMPANY IV LLC

Dated:_____          By:_____
                                     Name:
                                     Title:


CANPARTNERS IV ROYAL KUNIA LLC

Dated:_____          By:_____
                                     Name:
                                     Title:


CANPARTNERS IV ROYAL KUNIA
PROPERTY LLC

Dated:_____          By:_____
                                     Name:
                                     Title:


*[Signature Page Settlement Agreement and Release]*

CMR MORTGAGE FUND, LLC

Dated:_____          By:_____
                                        Name:
                                        Title:

CMR MORTGAGE FUND II, LLC

Dated:_____          By:_____
                                        Name:
                                        Title:

CMR MORTGAGE FUND III, LLC

Dated:_____          By:_____
                                        Name:
                                        Title:

*[Signature Page Settlement Agreement and Release]*

THE OFFICIAL COMMITTEE OF
EQUITY HOLDERS

Dated:_____       By:_____
                                                    Name:
                                                    Title:

*[Signature Page Settlement Agreement and Release]*

STANFORD CARR
An Individual

Dated:_____          By:_____

SCD KUNIA, LLC

Dated:_____          By:_____
                                   Name:
                                   Title:

STANFORD CARR DEVELOPMENT, LLC

Dated:_____          By:_____
                                   Name:
                                   Title:

*[Signature Page Settlement Agreement and Release]*

**APPENDIX**

**TO SETTLEMENT AGREEMENT AND RELEASE**

All capitalized terms in the Settlement Agreement shall have the meanings set forth below unless otherwise defined in the Settlement Agreement.

"A Note" means that certain promissory note dated March 12, 2007, executed by HDC in favor of Canyon.

"Adversary Proceeding" has the meaning set forth in Paragraph D of the Recitals.

"Amended RFS Order" has the meaning set forth in Paragraph F of the Recitals.

"Appeals" means, collectively, the First Appeal, the Second Appeal and the Third Appeal.

"Approval Date" means the date on which the Bankruptcy Court enters the Approval Order on the dockets in the Bankruptcy Cases.

"Approval Motion" means a motion jointly filed by the Committee and the CMR Mortgage Funds seeking entry of the Approval Order.

"Approval Order" means an order of the Bankruptcy Court mutually acceptable in form and substance to Canyon and the Committee (i) approving this Settlement Agreement; (ii) authorizing the CMR Mortgage Funds and the Committee to take all actions necessary to implement the terms of this Settlement Agreement; and (iii) enjoining each Party hereto and the Wind-Down Trust from continuing, commencing or otherwise proceeding or taking any action against any other Party with respect to any claim that is released by this Settlement Agreement.

"B Note" means that certain promissory note dated March 12, 2007, executed by HDC in favor of Fund I.

"Bankruptcy Code" means the laws of the United States relating to bankruptcy reorganization, including, without limitation, 11. U.S.C. § 101, *et seq.*, as amended, but only as applicable to the Bankruptcy Cases.  Unless otherwise indicated herein, references to sections of the Bankruptcy Code shall refer to sections of title 11 of the United States Code.

"Bankruptcy Cases" has the meaning set forth in Paragraph C of the Recitals.

i

"Bankruptcy Court" has the meaning set forth in Paragraph C of the Recitals.

"Canyon" means Canpartners Realty Holding Company IV LLC.

"Canyon Parties" means, collectively, Canyon, Canyon RK and Canyon RK Property.

"Canyon RK" means Canpartners IV Royal Kunia LLC

"Canyon RK Property" means Canpartners IV Royal Kunia Property LLC

"Canyon's Claim" means Canyon's claim in the Fund I Chapter 11 Case, as reflected in its proof of claim, as most recently amended on July 27, 2010.

"Claim Objection" has the meaning set forth in Paragraph N of the Recitals.

"CMR Mortgage Funds" means, collectively, Fund I, Fund II and Fund III.

"CMR Parties" means, collectively, Fund I, Fund II, Fund III and the Committee.

"Collateral" has the meaning set forth in Paragraph B of the Recitals.

"Committee" means the Official Committee of Equity Holders appointed in the CMR Mortgage Funds' Bankruptcy Cases.

"Confirmation Date" means the date on which the Bankruptcy Court enters an order (i) confirming the Plan and (ii) providing that the Wind-Down Trust, upon the Plan Effective Date, shall (a) within three (3) business days, sign this Settlement Agreement as a party hereto; (b) immediately, and without the need for any further action, including, without limitation, signing this Settlement Agreement, be bound by this Settlement Agreement as if it had a been a party hereto as of the Execution Date and (c) immediately, and without the need for any further action, including, without limitation, signing this Settlement Agreement, assume the rights, obligations and acknowledgments of the CMR Mortgage Funds hereunder.

"District Court" means the United States District Court for the Northern District of California.

"Entity" means any Person, estate, trust, local, state, or federal governmental body, unit or agency, or the United States Trustee.

"Execution Date" means the last date on which this Settlement Agreement was executed by the Parties.

"First Appeal" means Fund I's appeal of the Original RFS Order, filed in the District Court, Case No. 09-cv-01299-MHP, which was closed by the District Court on March 9, 2010.

"FRAP" means the Federal Rules of Appellate Procedure.

"FRCP" means the Federal Rules of Civil Procedure.

"Fund I" means CMR Mortgage Fund, LLC.

"Fund I Chapter 11 Case" has the meaning set forth in Paragraph C of the Recitals.

"Fund II" means CMR Mortgage Fund II, LLC.

"Fund III" means CMR Mortgage Fund III, LLC

"HDC" has the meaning set forth in Paragraph A of the Recitals.

"Litigation" means, collectively, the Adversary Proceeding, the Appeals, the Claim Objection, the Plan Objection and any other litigation now pending between (i) Canyon, on the one hand, and (ii) the Committee or any of the CMR Mortgage Funds, on the other hand.

"Loan" has the meaning set forth in Paragraph A of the Recitals.

"Loan Documents" means any and all documents that govern, evidence, secure, guaranty, perfect, and/or govern or affect the relative rights, obligations, or negotiations pertaining to the Loan.

"Membership Interests" has the meaning set forth in Paragraph B of the Recitals.

"Original RFS Order" has the meaning set forth in Paragraph F of the Recitals.

"Parties" means, collectively, Canyon, Canyon RK, Canyon RK Property, Stanford Carr, SCD Kunia, SC Development, Fund I, Fund II, Fund III, and the Committee.

"Person" means "person" as that term is set forth in the Bankruptcy Code at 11 U.S.C. § 101(41).

"Plan" has the meaning set forth in Paragraph L of the Recitals.

"Plan Objection" has the meaning set forth in Paragraph O of the Recitals.

"Property" has the meaning set forth in Paragraph A of the Recitals.

"SCD Kunia" means SCD Kunia, LLC.

"Second Amended RFS Order" has the meaning set forth in Paragraph J of the Recitals..

"Second Appeal" means Fund I's appeal of the Amended RFS Order, filed in the District Court, Case No. 09-cv-01842-MHP, which was closed by the District Court on March 9, 2010.

"Settlement Effective Date" means the date on which all of the conditions precedent to the effectiveness of this Settlement Agreement, as set forth in Section 2.1 are satisfied or waived.

"Settlement Agreement" means this Settlement Agreement and Release by and among the Parties.

"SC Development" means Stanford Carr Development, LLC.

"Third Appeal" means Fund I's appeal of the Second Amended RFS Order, filed in the District Court, Case No. 10-cv-00477-MHP, which remains pending in the District Court.

"Wind-Down Trust" has the meaning assigned to it in the Plan.