Michael H. Ahrens (CA Bar No. 44766)
Steven B. Sacks (CA Bar No. 98875)
Michael M. Lauter (CA Bar No. 246048)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
mahrens@sheppardmullin.com
ssacks@sheppardmullin.com
Telephone: (415) 434-9100
Facsimile: (415) 434-3497

Counsel to Official Committee of Unsecured Creditors

Peter Van N. Lockwood (DC Bar No. 086447)
CAPLIN & DRYSDALE, CHARTERED
1 Thomas Circle N.W.
Washington, D.C. 20005
pvnl@capdale.com
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

National Counsel to Official Committee of Unsecured Creditors

Gary S. Fergus (CA Bar No. 95318)
FERGUS, A LAW OFFICE
595 Market St., Suite 2430
San Francisco, California 94105
gfergus@ферguslegal.com
Telephone: (415) 537-9030
Facsimile: (415) 537-9038

Counsel to Futures Representative

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PLANT INSULATION COMPANY, a California corporation,<br><br>　　　　　　　Debtor.<br><br>Tax ID: 94-0292481 | Case No. 09-31347<br><br>Chapter 11<br><br>**JOINT APPLICATION TO EMPLOY CHARTER OAK FINANCIAL CONSULTANTS, LLC AS FINANCIAL ADVISOR** |

The Official Committee of Unsecured Creditors of Plant Insulation Company (the "Committee") and the Court-appointed representative for future asbestos claimants (the "Futures Representative") hereby jointly apply to this Court pursuant to Sections 328 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order in the form attached hereto as <u>Exhibit A</u>: (i) authorizing the Committee and the Futures Representative to employ Charter Oak Financial Consultants, LLC and its professionals, including Bradley Rapp and James Sinclair (collectively, "Charter Oak") as their financial advisor effective as of July 29, 2010; and (ii) granting such other and further relief as this Court deems just and proper.

This Application is based on the discussion below, the Declarations of Bradley M. Rapp (the "Rapp Declaration") and James Sinclair (the "Sinclair Declaration") in support of this Application, other papers of record in this bankruptcy case, and such other pleadings and evidence as may be filed in support of this Application.

In support of this Application, the Committee and Futures Representative respectfully represent as follows:

## I. BACKGROUND

Plant Insulation Company, the debtor and debtor-in-possession in this case (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 20, 2009 (the "Petition Date"). No trustee has been appointed in this case and since the Petition Date the Debtor has operated its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Committee was appointed by the Office of the United States Trustee on May 29, 2009 [Dckt #86]. The Futures Representative was appointed by the Court on June 2, 2009 [Dckt #128].

The Committee, the Futures Representative and the Debtor have jointly proposed a plan of reorganization that was filed on June 14, 2010 as Docket No. 635 (the "Plan"). The

continued hearing on the disclosure statement accompanying the Plan (the "Disclosure Statement") is set for September 24, 2010 at 10:30 a.m.

The Committee and Futures Representative propose to jointly hire Charter Oak as they need a financial advisor in connection with their joint efforts to confirm the Plan which the Committee and the Futures Representative have jointly proposed. The Committee and Futures Representative do not seek to employ separate financial advisors as that would not be in the economic interests of the estate. The Committee and Futures Representative have a common interest in hiring a financial advisor to do things that will jointly benefit the injured victims of the Debtor, both present victims and future victims. The work will include, among other things, feasibility and valuation work in connection with the Plan that both the Committee and the Futures Representative support. The Committee and the Futures Representative have the same interest in making sure that such Plan (as currently filed or amended) is feasible. They also have an interest in valuing certain assets involved in the Plan process.

## II. RELIEF REQUESTED

By this Application, the Committee and the Futures Representative seek to employ Charter Oak as financial advisor.

**A.  Scope of Services.**

The services that Charter Oak would perform include, without limitation:

a.  providing valuation analysis and testimony in connection with the Plan proposed jointly by the Committee and the Futures Representative;

b.  providing feasibility analysis in connection with the Plan proposed jointly by the Committee and the Futures Representative.

c.  oversight to enable the Committee and the Futures Representative to fulfill their responsibilities to monitor the Debtor's financial affairs;

d.  interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor, Bayside Insulation & Construction, Inc. ("Bayside"), and other relevant entities;

      e.      analysis and advice regarding accounting, financial, valuation and related issues that may arise in the course of the proceedings;

      f.      assistance to the Committee's and Futures Representative's counsel in the evaluation and preparation of avoidance power claims and any other potential litigation, as requested;

      g.      analyses and advice regarding settlement negotiations and any potential plan of reorganization;

      h.      expert testimony on financial matters, if requested; and

      i.      such other services as Committee's and Futures Representative's counsel may request.

Notwithstanding the above, Charter Oak would not perform services for the Committee and the Futures Representative in matters dealing directly with The Flintkote Company ("Flintkote") and/or the Fibreboard Corporation ("Fibreboard") or the Owens Corning/Fibreboard Asbestos Personal Injury Trust (the "Fibreboard Trust"), since Charter Oak is the financial advisor to the official committees in those cases.

**B.**    <u>Terms of Employment.</u>

Subject to approval of this Court, Bankruptcy Code sections 330 and 331, and the applicable Bankruptcy Rules, local rules and guidelines, the Committee and the Futures Representative request that the Court approve Charter Oak's employment on the following terms:

**1.**    <u>Professionals</u>. Bradley M. Rapp and James Sinclair would be the members of Charter Oak primarily responsible for the engagement.

**2.**    <u>Hourly Compensation</u>. Charter Oak would be compensated on an hourly basis. The current billing rates for Charter Oak's professionals are: (i) $595 per hour for Mr. Rapp, Senior Managing Director; (ii) $595 per hour for James Sinclair, Senior Managing Director; (iii) $550 per hour for Robert H. Lindsay, Managing Director; (iv) $385 per hour for Associate

Directors; and (v) $275 per hour for Senior Analysts. Charter Oak will maintain and submit accurate and detailed time records in connection with any and all fee applications.

**3.** Expense Reimbursement. Charter Oak would be compensated for actual and necessary expenses incurred in the course of its engagement.

**4.** Payment. Charter Oak would submit quarterly interim fee applications and monthly fee applications pursuant to Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, the applicable local rules and guidelines, and this Court's *Order Granting Debtor's Motion to Establish Interim Fee Application and Expense Reimbursement Procedures* entered on September 26, 2009 as Docket No. 344.

## III. BASIS FOR RELIEF

The Committee and the Futures Representative require competent professionals to perform the above financial advisory services to aid in the plan confirmation process. The Committee and the Futures Representative are authorized to employ professionals with Court approval by Bankruptcy Code sections 328 and 1103, and Bankruptcy Rule 2014. The services of the proposed financial advisor would not substantially duplicate the services of any other estate professional.

Counsel for the Committee and Futures Representative interviewed multiple applicants to serve as financial advisor and have determined that Charter Oak is the most qualified and appropriate firm to serve in that role.

As set forth in the Rapp and Sinclair Declarations, Charter Oak is well qualified to perform the financial advisory services desired by the Committee and the Futures Representative. Charter Oak was formed on June 8, 2007 for the purpose of providing expert financial advisory services in bankruptcy cases and complex litigation matters. The members of Charter Oak are Bradley M. Rapp, James P. Sinclair, and Robert H. Lindsay. Such members were formerly employed by L. Tersigni Consulting, a bankruptcy advisory firm that was engaged as financial advisor to statutory committees of asbestos creditors in many bankruptcy cases. Charter Oak's personnel are financial experts who have substantial experience in advising

creditor committees on complex financial matters and in rendering such services as the analysis and interpretation of accounting, tax, statistical, financial, economic and valuation data. The qualifications of Charter Oak's professionals are set forth in greater detail in the Rapp and Sinclair Declarations.

As detailed in the Rapp and Sinclair Declarations, Charter Oak and/or its professionals currently serves, and has previously served, as financial advisor to several official committees of asbestos claimants in bankruptcies pending in Delaware, Pennsylvania, New Jersey and Texas, namely, the chapter 11 cases of ASARCO, Burns & Roe, Congoleum, Durabla, Federal Mogul, Fibreboard, Flintkote, G-I Holdings, Global Industrial Technologies, North American Refractories, Owens Corning, Pittsburgh Corning, Quigley, and W.R. Grace. There are also applications to employ Charter Oak pending in the Bondex/Specialty Products, Garlock Sealing and Leslie Controls bankruptcy cases in Delaware and North Carolina. In each of these except the ASARCO, Bondex/Specialty Products and Leslie Controls cases, Caplin & Drysdale (national counsel to the Committee in the present case), was engaged as counsel to the statutory committee that retained Charter Oak. In addition, Charter Oak has served as financial advisor to the trust advisory committees or "TACs" created under two confirmed plans of reorganization in asbestos-related bankruptcies, namely, those of Owens Corning/Fibreboard and Armstrong World Industries. Caplin & Drysdale is counsel to both of those TACs.

As noted above, Charter Oak has served as financial advisor to the official committees of asbestos claimants in the Flintkote and Fibreboard bankruptcies. David J. Gordon, CEO of Plant, is also CEO of Flintkote. Fibreboard is the manufacturer of the asbestos-containing products installed and distributed by Plant, and Plant may have indemnity claims against the Fibreboard Trust. While the Committee and the Futures Representative do not believe these connections to create a conflict, in an abundance of caution they have agreed with Charter Oak that Charter Oak will not perform services in matters dealing directly with Flintkote, Fibreboard or the Fibreboard Trust.

As detailed in the Rapp Declaration, while working at his former firm, L. Tersigni Consulting, Mr. Rapp learned that the company's principal, Loreto Tersigni, had arbitrarily increased time entries of Mr. Rapp and others at Tersigni for some period of time (including Mr. Sinclair and Mr. Lindsay) in fee applications submitted to the bankruptcy court in such cases as G-I Holdings Inc., W.R. Grace & Co., ASARCO, Burns & Roe, Congoleum, Federal Mogul, Global Industrial Technologies, North American Refractories, Owens Corning, Pittsburgh Corning and USG. Neither Mr. Rapp, Mr. Sinclair nor Mr. Lindsay received any additional compensation due to the falsified time entries, as they were only hourly employees of Tersigni. As soon as Mr. Rapp learned of this practice, he immediately disclosed this information to the United States Trustee and United States Attorney, who requested that he not disclose this information further at that time because of their investigation. Approximately a year later while the investigation was underway, Mr. Tersigni died. Upon Mr. Tersigni's death, Mr. Rapp disclosed the information to Caplin & Drysdale, which was committee counsel, who in turn disclosed the information to the various committees affected and to the bankruptcy courts. Pending fee applications for Tersigni were withdrawn in all cases where it was employed. Tersigni's engagements were terminated. Mr. Rapp, Mr. Sinclair and Mr. Lindsay formed Charter Oak and were retained in all the cases in which Tersigni was formerly retained following disclosure of these facts, without objection from the Office of the United States Trustee. The Committee and Futures Representative are satisfied that Charter Oak's professionals were not involved in the falsified billing at Tersigni, and that Charter Oak will be fully capable of carrying out its functions as financial advisor if this Application is approved.

As detailed in the Rapp and Sinclair Declarations, Charter Oak is not aware of any connection with this case or in any matter relating to the Debtor or its estate, its creditors, equity security holders, or any other parties in interest, the judge presiding over this case, or the United States Trustee or any person employed in the Office of the United States Trustee that would preclude retention. Messrs. Rapp and Sinclair will supplement their Declarations if Charter Oak discovers any further relationships that require disclosure in this case.

The Committee and the Futures Representative are satisfied that Charter Oak is a "disinterested person" as that phrase is defined in Bankruptcy Code section 101(14).

To the best of the Committee's and Futures Representative's knowledge and except as set forth in the Rapp and Sinclair Declarations, Charter Oak has no interest in or connection with any creditor or other party-in interest in the Debtor's pending chapter 11 case other than as set forth in this Application or the Rapp or Sinclair Declarations, nor does Charter Oak hold any interest adverse to the interests of the Committee, the Futures Representative or the Debtor's estate in the matters for which it is proposed to be retained. The employment of Charter Oak would be in the best interest of the Committee, the Futures Representative and Debtor's estate.

As set forth in the Rapp and Sinclair Declarations, there is no arrangement for Charter Oak or any of its personnel to receive payment in connection with activities in this case other than in accordance with the Bankruptcy Code, and there is no agreement for Charter Oak to share compensation in this case with any other entity or to share in compensation to be received by any such other entity in this case.

No previous application for the relief sought herein has been made to this Court or any other court.

## IV. CONCLUSION

WHEREFORE, in light of the foregoing, the Committee and the Futures Representative respectfully requests that this Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>: (i) approving this Application; (ii) authorizing the Committee and the Futures Representative to employ Charter Oak as their financial advisor effective July 29, 2010, on the terms and conditions set forth above; and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| 1 | Dated: August 13, 2010 |
| 2 | CAPLIN & DRYSDALE, CHARTERED |
| 3 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 4 | |
| 5 | By      */s/ Steven B. Sacks*<br>STEVEN B. SACKS |
| 6 | |
| 7 | Attorneys for Official Committee of Unsecured Creditors of Plant Insulation Company |
| 8 | |
| 9 | Dated: August 13, 2010 |
| 10 | FERGUS, A LAW OFFICE |
| 11 | |
| 12 | By      */s/ Gary S. Fergus*<br>GARY S. FERGUS |
| 13 | |
| 14 | Attorney for the Hon. Charles B. Renfew (Ret.), Futures Representative |

# EXHIBIT A

| | |
|---|---|
| Michael H. Ahrens (CA Bar No. 44766)<br>Steven B. Sacks (CA Bar No. 98875)<br>Michael M. Lauter (CA Bar No. 246048)<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111<br>mahrens@sheppardmullin.com<br>ssacks@sheppardmullin.com<br>Telephone: (415) 434-9100<br>Facsimile: (415) 434-3497<br><br>Counsel to Official Committee of Unsecured Creditors<br><br>Peter Van N. Lockwood (DC Bar No. 086447)<br>CAPLIN & DRYSDALE, CHARTERED<br>1 Thomas Circle N.W.<br>Washington, D.C. 20005<br>pvnl@capdale.com<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br><br>National Counsel to Official Committee of Unsecured Creditors | Gary S. Fergus (CA Bar No. 95318)<br>FERGUS, A LAW OFFICE<br>595 Market St., Suite 2430<br>San Francisco, California 94105<br>gfergus@ferguslegal.com<br>Telephone: (415) 537-9030<br>Facsimile: (415) 537-9038<br><br>Counsel to Futures Representative |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PLANT INSULATION COMPANY, a California corporation,<br><br>Debtor.<br><br>Tax ID: 94-0292481 | Case No. 09-31347<br><br>Chapter 11<br><br>**[PROPOSED] ORDER AUTHORIZING EMPLOYMENT EMPLOY CHARTER OAK FINANCIAL CONSULTANTS, LLC AS FINANCIAL ADVISOR TO THE COMMITTEE AND THE FUTURES REPRESENTATIVE** |

The Court having duly considered the *Joint Application to Employ Charter Oak Financial Consultants, LLC as Financial Advisor* (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee") and Court-appointed representative for future asbestos claimants (the "Futures Representative") in the above-captioned case, the supporting declarations of Bradley Rapp and James Sinclair, and all other papers filed in connection therewith, and finding that notice is appropriate under the circumstances, and that good cause exists therefor,

**IT IS HEREBY ORDERED** that:

1. The Application shall be and hereby is approved in its entirety, pursuant to Bankruptcy Code Bankruptcy Code section 1103(a), and Federal Rule of Bankruptcy Procedure 2014;

2. The Committee and the Futures Representative are authorized to employ Charter Oak Financial Consultants, LLC and its professionals, including Bradley Rapp and James Sinclair (collectively, "Charter Oak"), as their financial advisor effective as of July 29, 2010; and

3. Charter Oak is authorized to perform the services described in the Application, and compensation for such services shall be paid from the above-captioned debtor's estate in such amounts, and at such times, as the Court may hereafter allow.

** END OF ORDER **

# COURT SERVICE LIST

**Plant Insulation Company**
c/o Law Offices of Travis & Pon
2271 California Street
San Francisco, CA 94115

**Debtor's Responsible Individual**
David J. Gordon
c/o The Flintkote Company
2 Embarcadero, Suite 410
San Francisco, California, 94111

**Office of the U.S. Trustee**
Minnie Loo
235 Pine St. 7th Fl
San Francisco, CA 94104-3484

**Futures Representative**
The Honorable Charles B. Renfrew (Ret.)
Futures Representative
Law Office of Charles B. Renfrew
710 Sansome St.
San Francisco, CA 94111-1704

**Charter Oak Financial Consultants, LLC**
430 Center Ave.
Mamaroneck, NY 10543
Attn: Bradley Rapp and James Sinclair