John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Victoria A. Newmark (CA Bar No. 183581)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        vnewmark@pszjlaw.com
        tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**HELLER EHRMAN LLP,**<br><br>Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**DEBTOR'S OBJECTION TO UNSECURED CLAIM OF JEFFREY FRANK RECTOR (CLAIM NO. 647); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[No hearing requested] |

**TO THE HONORABLE DENNIS MONTALI AND JEFFREY FRANK RECTOR:**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 3007, debtor and debtor-in-possession Heller Ehrman LLP ("Heller" or the "Debtor") hereby objects to (the "Objection") the claim of Jeffrey Frank Rector ("Rector" or "Claimant"), Proof of Claim number 647, in the general unsecured amount of $76,603.84 (the "Claim") for the reasons set forth below.

The Objection is based on the *Declaration of Shelley Salinero in Support of Objection to Claim of Jeffrey Frank Rector* (the "Salinero Declaration") filed herewith, and any other evidence properly submitted before the Court prior to or at any hearing on the Objection.

# I.
# FACTS

In 2008, Heller was an international law firm with offices located in several U.S. states and abroad. In May, 2008, the firm invited Rector to join Heller as an associate in the Palo Alto office. Rector accepted the offer in June, 2008. However, before Rector began work at Heller the firm announced it would dissolve and then ceased ordinary operations.

**A. Heller's Offer of Employment.**

In a letter dated May 27, 2008, Heller extended Rector an offer of employment as an associate in the firm's Palo Alto office (the "Employment Letter"). Rector formally accepted Heller's offer on or about June 4, 2008.

The Employment Letter provides, among other things, that the firm would pay Rector's reasonable transportation and moving expenses in an amount not to exceed $20,000 plus reasonable transportation charges.

The Employment Letter does not provide for an end date nor any guaranty that Rector would remain employed by the firm for a particular term.

**B. Heller's Dissolution and Bankruptcy Filing.**

The firm adopted a Plan of Dissolution (the "Dissolution Plan") on September 26, 2008. Rector never performed any work for the firm – either before or after its adoption of the Dissolution Plan.

Heller filed this bankruptcy case on December 28, 2008.

**C. Rector's Proof of Claim.**

On or about April 22, 2009, Rector filed Proof of Claim number 647 asserting a general unsecured claim for the amount of $76,603.83, which is composed of the following amounts:

- $31,324.78 – Relocation expenses of $20,000 plus airfare of $11,324.78 (the "Relocation Claim")

- $12,115.38 – Three weeks lost salary (the "Lost Salary Claim")

- $27,363.67 – One year's difference between Heller's offer of employment and Rector's replacement salary at Orrick, Herrington & Sutcliffe LLP in San Francisco (the "Salary Differential Claim")

- $4,000 – Moving expenses from Palo Alto to Corte Madera after acceptance of position with Orrick (the "Post-Dissolution Moving Expense Claim")

- $1,800 – One month of COBRA coverage (the "COBRA Coverage Claim")

A true copy of the Proof of Claim, without attachments or exhibits, is attached hereto as Exhibit A.

The Debtor objects to the Lost Salary Claim, the Salary Differential Claim, the Post-Dissolution Moving Expense Claim, and the COBRA Coverage Claim, totaling $45,279.05, on the grounds set forth below.

## II.

## RELIEF REQUESTED

As a general matter, a proof of claim is usually *prima facie* allowable. Bankruptcy Code section 502, however, authorizes a debtor or any other party in interest to object to claims. Although a proof of claim is *prima facie* evidence of an allowed claim, once an objecting party has presented evidence to rebut the *prima facie* case, the ultimate burden of persuasion is on the claimant. *In re Murgillo*, 176 B.R. 524, 529 (Bankr. 9th Cir. 1994). A claimant ultimately must establish by a preponderance of the evidence that its claim should be allowed. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (Bankr. 9th Cir. 1995), citing *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (Bankr. 9th Cir. 1993). As demonstrated below and in the Salinero Declaration filed and served herewith, the evidence presented here rebuts the *prima facie* allowance of the Claim.

**A. Specific Objections to The Claim.**

**1. The Lost Salary Claim, the Salary Differential Claim, and the Post-Dissolution Moving Expense Claim Should Be Disallowed Because Heller's Offer Was For At-Will Employment.**

In the State of California, an employment agreement that is not limited by duration is generally terminable by either party at will, without liability to the terminating party. *See* Cal. Lab. Code § 2922 (establishing rebuttable presumption of at-will employment where term is not specified); *Mile v. California Growers Wineries*, 45 Cal. App. 2d 674, 679 (1941); *Division of Labor*

*Law Enforcement, Dept. of Industrial Relations v. Mayfair Markets*, 102 Cal App. 2d Supp. 943, 948 (1951); *Levy v. Bellmar Enterprises*, 241 Cal. App. 2d 686, 690 (1966).

Where the employee's acceptance of the offer and relocation was not conditioned upon permanent employment, then the employment relationship will be treated as at will. *See Ferreyra v. E. & J. Gallo Winery*, 231 Cal. App. 2d 426 (1964) (at will employment found where employee did not condition leaving his job in Argentina to take a job in California upon a promise of permanent employment); *Thacker v. American Foundry*, 78 Cal.App.2d 76, 85 (1947) (". . . plaintiff has failed to direct our attention to evidence showing any declaration on his part that he would not give up present employment to work for defendants unless the latter would agree to permanently employ him or any acquiescence by the employers to such terms.").

Here, none of the evidence establishes that Rector was offered permanent employment with Heller. Accordingly, Rector's claim for lost salary, one year of salary differential, and for costs to move from Palo Alto to Corte Madera upon accepting a job with Orrick are not valid claims and should be disallowed in their entirety.

### 2. The COBRA Coverage Claim Should Be Disallowed.

Heller further objects to Rector's COBRA Coverage Claim. Rector never actually became an employee of Heller, so Heller had no COBRA coverage obligations to him. Further, while Rector submits a copy of a COBRA benefits form from his former employer Milbank Tweed & McCloy, Rector has not submitted any evidence of having actually paid any premiums for COBRA coverage or health care expenses of any kind. As such, there is no proof that Rector has actually incurred the COBRA expense in the amount of $1,800 for which he seeks recovery from the estate. Accordingly, for the foregoing reasons, the COBRA Coverage Claim should be disallowed in its entirety.

### B. Reservation of Rights.

The Debtor reserves the right to amend, modify or supplement this Objection and to file additional objections to Rector's claim, or to any other claims or proofs of claim (filed or not) which may be asserted by the Rector against the bankruptcy estate. Should the grounds of objection specified herein by overruled or withdrawn, wholly or in part, the Debtor reserves the right to object to Rector's claims on any other grounds which the Debtor may discover or deem appropriate at any

time during the pendency of this case. Moreover, the Debtor expressly reserves the right to file any action to enforce any rights, remedies or other claims against Rector regarding her claims or any other claims (filed or not) which may be asserted by or against the bankruptcy estate.

## III.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Sustaining the Objection in its entirety;

2. Disallowing the Lost Salary Claim, the Salary Differential Claim, the Post-Dissolution Moving Expense Claim, and the COBRA Coverage Claim in every respect; and

3. Granting such other relief as is just and proper.

Dated: January 20, 2010                PACHULSKI STANG ZIEHL & JONES LLP

                                       By  */s/ John D. Fiero*
                                           John D. Fiero
                                           Attorneys for Heller Ehrman LLP,
                                           Debtor and Debtor in Possession

**Exhibit A**

Proof of Claim