John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       mkhatiblou@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

**Signed and Filed: February 11, 2010**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>           Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**ORDER (1) ESTABLISHING NEW GENERAL BAR DATE FOR AFFECTED CREDITORS, (2) ESTABLISHING INTERIM ADMINISTRATIVE CLAIMS BAR DATE, AND (3) DESIGNATING FORM AND MANNER OF NOTICE THEREOF**<br><br>**[PURSUANT TO B.L.R. 9014-1, NO HEARING UNLESS OBJECTION FILED OR HEARING REQUESTED]** |

The Court has considered the *Debtor's Motion for Order (1) Establishing New General Bar Date For Affected Creditors, (2) Establishing Interim Administrative Claims Bar Date, and (3)Designating Form and Manner of Notice Thereof* (the "Motion") filed by Heller Ehrman, LLP, debtor and debtor in possession herein (the "Debtor").

Based upon the record before the Court, it appears that no objections to the Motion have been filed and no hearing on the Motion is required pursuant to the Local Bankruptcy Rules. Having reviewed the Motion and good cause appearing,

**IT IS ORDERED THAT:**

1. The Motion is GRANTED.

2. The original bar date of April 27, 2009, established by the Clerk of the Court, remains applicable, except as to the creditors listed on the amended Schedules B, E and F of the Debtor's Schedules of Assets and Liabilities, filed on December 15, 2009 (the "Affected Creditors"), which shall be subject to the New General Bar Date for Affected Creditors (defined below).

3. 4:30 p.m. Pacific Time, March 19, 2010 (the "New General Bar Date for Affected Creditors") shall be the deadline pursuant to Bankruptcy Rule 3003(c) by which Affected Creditors that wish to assert claims pursuant to section 501 of the Bankruptcy Code must file proofs of claim or forever be barred from asserting such claims.

4. 4:30 p.m. Pacific Time, March 19, 2010 (the "Interim Administrative Claims Bar Date") shall be the deadline pursuant to Bankruptcy Rule 3003(c) by which parties must file administrative expense claims for amounts incurred in this chapter 11 case through and including December 31, 2009 arising under 11 U.S.C. § 503(b), including all claims under Section 503(b)(9) based on the receipt of goods by the Debtor within 20 days prior to the Petition Date and all administrative claims of professionals retained pursuant to Sections 327 and 328 of the Bankruptcy Code; provided, however, that the Interim Administrative Claims Bar Date shall not apply to fees payable and unpaid under 28 U.S.C. § 1930 and administrative claims that previously have been filed or for which any request for payment pursuant to section 503(a) of the Bankruptcy Code is pending ("Administrative Claims").

5. The Debtor is hereby authorized to serve a copy of the New General Bar Date Notice in a form substantially similar to the form **attached to the Motion as Exhibit A** by no later than February 12, 2010, by U.S. Postal Service first class mail, postage prepaid, on the Affected Creditors.

6. The Debtor is hereby authorized to serve a copy of the Interim Administrative Claims Bar Date Notice in a form substantially similar to the form **attached to the Motion as Exhibit B** by no later than February 12, 2010 by U.S. Postal Service first class mail, postage prepaid, on (i) all parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) the United States Trustee,

(iii) counsel for the Committee, (iv) counsel to secured creditors, (v) all professionals employed by the Debtor, (vi) all of the Debtor's lessors (including lessors under rejected or assigned leases), (vii) any party who, upon reasonable investigation by the Debtor, has provided post-petition goods or services to the Debtor, (viii) all prepetition vendors, and (ix) all other parties known by the Debtor that may hold Administrative Claims (the "Interim Administrative Claims Bar Date Notice Parties").

7. Any party that fails to file a proof of claim or administrative expense claim with the Court in the manner described in the New General Bar Date Notice or the Interim Administrative Claims Bar Date Notice on or before the New General Bar Date for Affected Creditors or the Interim Administrative Claims Bar Date, as applicable, shall be precluded from asserting a right to payment of such claim anytime thereafter.

8. The manner of notice by mail of the New General Bar Date for Affected Creditors and Interim Administrative Claims Bar Date described above is approved.

9. This Order shall be effective and enforceable immediately upon entry.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**\*\* END OF ORDER \*\***

**COURT SERVICE LIST**

United States Trustee
Donna S. Tamanaha, Assistant U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

John Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

Thomas A. Willoughby, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814