STEVEN H. FELDERSTEIN, State Bar No. 056978
THOMAS A. WILLOUGHBY, State Bar No. 137597
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for The Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>Debtor. | CASE NO.: 08-32514<br><br>Chapter 11<br><br>Date: April 13, 2010<br>Time: 1:30 p.m.<br>Place: 235 Pine Street<br>San Francisco, CA<br>Judge: Hon. Dennis Montali |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION (1) FOR AUTHORITY TO EMPLOY McGRANE GREENFIELD LLP AS SPECIAL LITIGATION COUNSEL; AND (2) TO APPROVE A COMBINATION FLAT FEE AND CONTINGENCY FEE AGREEMENT UNDER SECTION 328 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case respectfully files this Motion (1) for Authority to Employ McGrane Greenfield ("McGrane") as Special Litigation Counsel; and (2) to Approve a Combination Flat Fee and Contingency Fee Agreement (the "Fee Agreement") with McGrane under section 328 of the Bankruptcy Code, effective *nunc pro tunc* to March 31, 2010, and in support thereof respectfully represents the following:

**BACKGROUND**

1. Heller Ehrman LLP, the debtor and debtor-in-possession herein (the "Debtor") filed a petition under chapter 11 of the Bankruptcy Code on December 28, 2008. The Debtor, a 118-year-old international law firm, is currently winding down its business and affairs following

-1-

the adoption of a Plan of Dissolution by the shareholders of the Debtor's limited partners in September 2008. Although the Debtor is no longer engaged in the practice of law, there remain a substantial number of unperformed tasks relating to winding down the business in order to maximize the value of the Debtor's assets for the benefit of its creditors. Among those tasks is the prosecution of claims (collectively, the "Heller Claims") against various parties, including Bank of America, N.A. ("Bank of America") and Citibank, N.A. (together with Bank of America, the "Banks").

2. The Office of the United States Trustee appointed the Committee on or about January 5, 2009.

3. The Court, by order dated January 30, 2009, approved the employment of Felderstein Fitzgerald Willoughby & Pascuzzi LLP ("FFWP") as counsel to the Committee, effective as of January 12, 2009.

4. The Court, by order dated March 3, 2009, authorized the employment of Lovitt & Hannan, Inc. ("Lovitt & Hannan"), effective *nunc pro tunc* to December 28, 2009, as special counsel to the Debtor.

5. The Court, by order dated April 21, 2009, authorized the Committee to serve as the Debtor's representative of the Heller Ehrman LLP bankruptcy estate (the "Bankruptcy Estate") for potential claims against the Banks.

6. On April 23, 2009, the Committee commenced Adversary Proceeding No. 09-03071 (the "Bank Case"), now pending against the Banks in connection with the above-captioned main bankruptcy case.

7. The Court, by order dated July 17, 2009, authorized the expansion of Lovitt & Hannan's employment to encompass the investigation of certain potential claims that belong to the Bankruptcy Estate, and approved a joint investigation agreement between the Committee and the Debtor relating to those claims.

8. Lovitt & Hannan, in its role as special counsel, has responded to numerous discovery requests in the Bank Case, and is nearing the completion of the final phase of document production therein.

9. On or about February 11, 2010, the Committee began the process of selecting counsel ("Special Litigation Counsel") to prosecute, *inter alia*, the Bank Case. Details of this process are set forth in the Declaration of Theresa A. Hoyt in Support of this Motion, filed herewith. At the conclusion of this process, the Committee selected McGrane as Special Litigation Counsel.

10. On February 12, 2010, FFWP noticed the deposition of Bank of America pursuant to Federal Rule of Civil Procedure 30(b)(6) for March 11, 2010. Subsequently, the parties agreed to continue the deposition of Bank of America to April 16, 2010.

## JURISDICTION

11. This Motion is made pursuant to Bankruptcy Code sections 328 and 1103, Bankruptcy Rules 2014, 2016 and 5002, and the Guidelines of the Office of the United States Trustee.

## REASON FOR SELECTION

12. The Committee has requested the services of McGrane as Special Litigation Counsel because the Committee believes that McGrane has substantial knowledge and experience in litigation matters such as the Bank Case, which will enable it to perform services of special benefit to the Committee and the Bankruptcy Estate in a cost-effective manner.

13. The background and qualifications of McGrane are set forth in the Declaration of Christopher D. Sullivan in Support of this Motion ("Sullivan Declaration"), filed herewith.

14. The Committee believes that the immediate retention of McGrane for the Bank Case makes good sense because McGrane will thereby be able to take the deposition of Bank of America and work with Lovitt & Hannan to complete the Debtor's document production and otherwise comply with the Debtor's discovery obligations in a seamless fashion.

## SCOPE OF REPRESENTATION

15. McGrane will represent the Committee on behalf of the Bankruptcy Estate in the prosecution of claims for money damages in the Bank Case.

## COMPENSATION

16. McGrane understands that all compensation shall be subject to sections 328, 330

and 331 of the Bankruptcy Code.

17. In addition to the flat fee and contingency fee arrangements described below, McGrane will bill the Bankruptcy Estate for all reasonable and necessary out-of-pocket expenses incurred.

**Flat Fee**

18. The Bankruptcy Estate shall pay McGrane a flat fee of one million dollars within 14 days of the effective date of the Fee Agreement for all legal services rendered, subject to the further payment of a Contingent Fee as described below.

**Contingent Fee**

19. Subject to section 328(a) of the Bankruptcy Code, the Bankruptcy Estate shall pay McGrane contingent compensation (the "Contingent Fee") equal to five percent (5%) of the amount of any consideration, however described, received by the Bankruptcy Estate on account of the Bank Case less any monies previously reimbursed to McGrane by the Committee for costs and expenses. The consideration for purposes of calculating the Contingent Fee in the form of reduced exposure by the Committee on account of claims made against the Bankruptcy Estate in the Bank Case shall be limited to the *pro rata* benefit to the Bankruptcy Estate of any reduction of unsecured claims to reflect the net benefit to the Bankruptcy Estate. The Contingent Fee shall be paid at the conclusion of the prosecution and defense of the Heller Claims pursuant to the proposed Plan of Reorganization.

**DISINTERESTEDNESS**

20. As set forth in the Sullivan Declaration and to the best of Mr. Sullivan's knowledge, information and belief, McGrane: (i) does not have any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the Office of the United States Trustee, or with any person employed in the Office of the United States Trustee which would preclude employment, and (ii) does not now hold or represent any interest materially adverse to the interests of the Bankruptcy Estate or of any class of creditors or equity security holders.

21. The services for which McGrane is to be engaged will be in the best interests of

the Committee, the Debtor and the Bankruptcy Estate.

**CONCLUSION**

22. Because of the size of the Debtor's claims and the knowledge and experience of McGrane, the Committee believes it is essential that McGrane be employed to provide the services described above.

WHEREFORE, based upon the foregoing, the Committee requests that the Court enter an order authorizing:

1. The employment of McGrane as Special Litigation Counsel herein on the terms and conditions set forth above; and

2. For such other and further relief as the Court may deem proper in the circumstances.

Dated: April 5, 2010

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP


By: ___/s/ Thomas A. Willoughby____
    THOMAS A. WILLOUGHBY
    Attorneys for The Official Committee
    of Unsecured Creditors