# **Exhibit D**

To Joint Plan of Liquidation

1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Miriam Khatiblou (CA Bar No. 178584)
   Teddy M. Kapur (CA Bar No. 242486)
3  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
4  San Francisco, California 94111-4500
   Telephone: 415/263-7000
5  Facsimile: 415/263-7010

6  E-mail:  jfiero@pszjlaw.com
             kbrown@pszjlaw.com
7            mkhatiblou@pszjlaw.com
             tkapur@pszjlaw.com
8
   John C. Fox (CA Bar No. 135668)
9  Jeffrey J. Lokey (CA Bar No. 200825)
   Alexa L. Morgan (CA Bar No. 234911)
10 MANATT, PHELPS & PHILLIPS, LLP
   1001 Page Mill Road, Building 2
11 Palo Alto, California 94304-1006
   Telephone: (650) 812-1300
12 Facsimile: (650) 213-0260

13 E-mail: jfox@manatt.com
           jlokey@manatt.com
14         amorgan@manatt.com

15 Attorneys for Defendant Heller Ehrman LLP

16                 **UNITED STATES BANKRUPTCY COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

18                     **SAN FRANCISCO DIVISION**

19
   In re:                                    | Case No.: 08-32514
20
   HELLER EHRMAN, LLP,                        | Chapter 11
21
                   Debtor.
22
                                              | Adversary Proceeding No. 09-03058
23 DEBORA K. BIGGERS, CARL GOODMAN,
   ANNA SCARPA, and MARJORIE NORRIS,
24 individually, on behalf of all others similarly
   situated,                                  | **EXECUTED SETTLEMENT**
25                                            | **AGREEMENT WITH EXHIBITS**
                   Plaintiffs,
26
          v.
27

28 **-- CAPTION CONTINUES ON NEXT PAGE --**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| 1 | HELLER EHRMAN, LLP a California Limited |
| 2 | Liability Partnership; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL |
| 3 | CORPORATION, a California professional corporation; HELLER, EHRMAN, WHITE, & |
| 4 | McAULIFFE (WASHINGTON), P.S., a Washington professional corporation; HELLER |
| 5 | EHRMAN, WHITE & McAULIFFE (ALASKA), P.C., an Alaska professional corporation; HELLER, |
| 6 | EHRMAN, WHITE, & McAULIFFE, A |
| 7 | PROFESSIONAL CORPORATION, a New York professional corporation; HELLER EHRMAN |
| 8 | (CHINA), P.C., a District of Columbia professional corporation; RICHARD L. CASSIN, P.A., a Florida |
| 9 | professional corporation; MATTHEW LARRABEE, |
| 10 | individually and on behalf of those similarly situated; ROBERT HUBBLE, individually and on |
| 11 | behalf of those similarly situated; STEVEN KOPPLE, individually and on behalf of those |
| 12 | similarly situated; MARIE FIALA, individually and on behalf of those similarly situated; MARK |
| 13 | WEEKS, individually and on behalf of those similarly situated; LYNN LOACKER, individually |
| 14 | and on behalf of those similarly situated; BARRY LEVIN, individually and on behalf of those |
| 15 | similarly situated; KENNETH CHERNOFF, |
| 16 | individually and on behalf of those similarly situated; LAWRENCE KEESHAN, individually and |
| 17 | on behalf of those similarly situated; ROBERT ROSENFELD, individually and on behalf of those |
| 18 | similarly situated; PETER BENVENUTTI, |
| 19 | individually and on behalf of those similarly situated; PAUL SUGARMAN, individually and on |
| 20 | behalf of those similarly situated; JONATHAN HAYDEN, individually and on behalf of those |
| 21 | similarly situated, |
| 22 | Defendants. |
| 23 | |
| 24 | Dated:     March 25, 2010          PACHULSKI STANG ZIEHL & JONES LLP |
| 25 | |
| 26 | By     /s/ Kenneth H. Brown |
| 27 | Kenneth H. Brown |
| | Attorneys for Heller Ehrman, LLP |
| 28 | Debtor and Debtor in Possession |

# COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (the *"Settlement Agreement"* or *"Settlement"*), dated as of October 8, 2009, is entered into by and between Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris (collectively the *"Plaintiff Class Representatives"*), on behalf of themselves and on behalf of the individuals named on **Exhibit A** hereto (the Class Representatives and the persons listed on **Exhibit A** hereto are collectively referred to as the *"Plaintiff Class Members"*), on the one hand, and Heller Ehrman LLP (the *"Debtor"*), Heller Ehrman (California), A Professional Corporation; Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; Heller Ehrman (China), P.C., (collectively, the "*Professional Corporation Defendants*"); individuals Matthew Larrabee, Robert Hubbell, Steven Koppel, Marie Fiala, Mark Weeks, Barry Levin, Kenneth Chernof, Lawrence Keeshan, Robert Rosenfeld, on behalf of themselves and on behalf of all Shareholders of the Professional Corporation Defendants as of August 11, 2008 (hereinafter *"Defendant Shareholder Class"*) ("*Defendant Shareholder Class Members*" are listed on **Exhibit B**)[1]; and Peter Benvenutti, Jonathan Hayden, and Lynn Loacker individually and as members of the Defendant Shareholder Class (collectively, combined with the Professional Corporation Defendants and the Defendant Shareholder Class, hereinafter referred to as the "*non-Debtor Defendants*"), and the Official Committee of Unsecured Creditors of the Debtor (the *"Committee"*), on the other hand. The Debtor, non-Debtor Defendants, the Defendant Shareholder Class, the Committee, and the Plaintiff Class Members will collectively be referred to hereafter as the *"Parties,"* and individually as **"Party."**

This Settlement Agreement is made with respect to the following recitals:

     A.     The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) on December 28, 2008, initiating the Chapter 11 Case under Case Number 08-32514, in the United States Bankruptcy Court of the Northern District of California (the **"Bankruptcy Court"**).

     B.     On or about March 31, 2009, the Class Representatives filed a class-action complaint, *Biggers, et al, v. Heller Ehrman LLP*, Case No. 09-03058 (the **"Biggers Action"**), commencing an adversary proceeding against the Debtor on behalf of themselves and purportedly on behalf of the Plaintiff Class Members. On or about April 23, 2009, the Class Representatives filed an amended complaint (*"Amended Complaint"*), which added as defendants the following entities and individuals: Heller, Ehrman, White & McAuliffe, A Professional Corporation; Heller, Ehrman, White & McAuliffe (Washington), P.C.; Heller, Ehrman, White & McAuliffe (Oregon), P.C.; Heller, Ehrman, White & McAuliffe (Alaska), P.C.; Heller, Ehrman, White & McAuliffe, A Professional Corporation, A New York professional corporation; Heller Ehrman (China), P.C., a District of Columbia professional

---

[1] Whether or not a Defendant Shareholder Class is certified, and without regard to whether or not an individual is listed on Exhibit B, references herein to the Defendant Shareholder Class are intended to refer to all persons who would be members were the Defendant Shareholder Class, as defined in the Amended Complaint in the *Biggers* Action, certified. The members of that class are sometimes referred to as the "*Defendant Shareholder Class Members.*"

corporation; Richard L. Cassin, P.A., a Florida professional corporation,[2] as well as individuals Matthew Larrabee, Robert Hubbell, Steven Koppel, Marie Fiala, Mark Weeks, Lynn Loacker, Barry Levin, Kenneth Chernof, Lawrence Keeshan, Robert Rosenfeld, Peter Benvenutti, Paul Sugarman, and Jonathan Hayden, individually and on behalf of those similarly situated[3]. The Amended Complaint alleges 1) violation of the Federal Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101 *et seq.*; 2) violation of the California WARN Act; 3) failure to pay vacation in violation of California law; 4) waiting time penalties/exemplary damages; 5) failure to pay wages under Washington law; 6) breach of contract as to the Washington and New York putative vacation class; 7) promissory estoppel as to the Washington and New York putative vacation class; 8) failure to pay wages under Washington, D.C. and New York law; and 9) unfair business practices under California law.

      C.      On or about March 27, 2009, lawyers for the Plaintiff Class Members also filed with the Bankruptcy Court a class proof of claim on behalf of all purported Plaintiff Class Members in the *Biggers* Action and making the same claims as made in the Amended Complaint filed with the Bankruptcy Court. On or about April 3, 2009, Class Counsel filed an amended class proof of claim. Together, the class proof of claim and the amended class proof of claim are referred to herein as the "*Class Proof of Claim*".

      D.      The Plaintiffs have defined two classes of employees seeking damages for allegedly inadequate WARN notifications ("*WARN Damages*") (classes collectively known as the "*WARN Classes*"), five classes seeking the monetary value of accrued, vested and unused vacation entitlements (collectively known as the "*Vacation Classes*") and one class of employees seeking unpaid wages (other than vacation), severance and contract entitlements (the "*Unpaid Wages Class*") following their terminations from Heller Ehrman LLP. The various Vacation Classes members and the various WARN Classes members are herein collectively referred to as "*Plaintiff Class Members*," as follows:

WARN Class: "All employees who worked at or reported to one of defendants' facilities and were terminated without cause in the 30 days starting October 10, 2008, or were terminated without cause as the reasonable foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 10, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5)."

California WARN Class: "All employees who worked at or reported to one of Defendants' qualifying facilities in the State of California and who were subject to a mass layoff, relocation, or termination ordered by Defendants on or after October 10, 2008."

California Vacation Class: "All former employees of Defendants in the State of California whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or who were owed severance pay."

---

[2] The foregoing Defendant names appear here as they appear in the Complaint.
[3] On May 6, 2009, Plaintiffs voluntarily dismissed Richard Cassin, P.A., a Florida Professional Corporation from the *Biggers* Action due to the fact that Richard Cassin, P.A. was no longer in existence at the time of the dissolution. On September 23, 2009, the Plaintiffs voluntarily dismissed Paul Sugarman from the *Biggers* Complaint since he had ceased being an active Shareholder months before the events alleged in the *Biggers* Complaint.

Washington Vacation Class: "All former employees of Defendants in the State of Washington whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or who were owed severance pay."

New York Vacation Class: "All former employees of Defendants in the State of New York whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or were owed severance pay."

District of Columbia Vacation Class: "All former employees of Defendants in the District of Columbia whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or were owed severance pay."

E.     Plaintiff Class Members are listed on **Exhibit A** attached hereto (and filed under seal). The Debtor and non-Debtor Defendants believe that the various "Vacation Classes" members include all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff that took place on or about October 10, 2008 and thereafter, and include all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in this Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Joint Plan of Liquidation of the Debtor proposed by the Debtor and the Committee (*"Plan"*); or (ii) they had no accrued vacation at the time of their termination. The Vacation Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A**.

F.     The Debtor and non-Debtor Defendants believe that the various "WARN Classes" members include all of the employees of the Debtor who the Debtor terminated on, or within 30 days of, October 10, 2008 pursuant to the dissolution and mass layoff, and who did not receive 60 days of notice prior to their termination. The various WARN Classes members include all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) so terminated other than employees who are not entitled to participate in this Settlement Agreement because (i) they voluntarily resigned from their employment with the Debtor or were terminated for cause or good reason; or (ii) they released the Debtor from any and all claims arising out of their employment other than in connection with Plan ; or (iii) they did not work in a Heller Ehrman LLP office that employed at least 50 full-time employees; or (iv) they suffered no economic WARN damages as a result of their termination. The various WARN Class Members do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A**.

G.     The Debtor and non-Debtor Defendants believe that the "Unpaid Wages Class" Members include all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff, and who are owed monies in accordance with sabbatical, wage, and/or non-discretionary bonus contracts. The Unpaid Wages Class

includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in this Class because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with Plan ; (ii) they had no contract with the Debtor for wages; (iii) they had no contract with the Debtor for payment of a non-discretionary bonus, or had not satisfied the conditions precedent of such a contract; or (iv) they had no vested sabbatical entitlement. The Unpaid Wages Class does not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A.**

  H. The Defendant Shareholder Class includes all former Shareholders to the Professional Corporation Defendants as of August 11, 2008, or who would be members of the Defendant Shareholder Class, as defined in the Amended Complaint in the *Biggers* Action, whether or not such persons are listed on **Exhibit B** (the *"Defendant Shareholder Class"*), attached hereto.

  I. The Parties recognize and agree that:

   (a) Accrued and vested and unused vacation is subject to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code, up to the amount of $10,950 per individual (sometimes referred to herein as the *"Wage Priority Cap"*) if earned between May 4, 2008 and October 31, 2008. Any unpaid vacation claims that accrued prior to May 4, 2008, after October 31, 2008, and/or exceed the Wage Priority Cap, are general unsecured claims that are not entitled to priority treatment.

   (b) The portion of the Plaintiff Class Members' claims for unpaid "wages" and non-discretionary bonuses that accrued between May 4, 2008 and October 31, 2008, are subject to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code, up to the amount of Wage Priority Cap to the extent the individual is under the Wage Priority Cap after amounts are paid to such individuals on account of their priority vacation claims. Any unpaid wages claims that accrued prior to May 4, 2008, after October 31, 2008, and/or exceed the Wage Priority Cap, are general unsecured claims that are not entitled to priority treatment;

   (c) To the extent allowed as priority claims under this Settlement Agreement, the Plaintiff Class Members' claims for WARN damages are subject to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code, up to the amount of the Wage Priority Cap to the extent the individual is under the Wage Priority Cap after amounts are paid to such individual on account of their priority vacation and wage/non-discretionary bonus claims. Any allowed claims under this Settlement Agreement based on WARN damages that exceed the Wage Priority Cap after the payment of non-WARN priority claims subject to section 507(a)(4), are general unsecured claims not entitled to priority treatment; and

   (d) The question of whether so-called waiting time penalty claims/exemplary damages claims (asserted in the Amended Complaint pursuant to various state law statutes requiring the timely payment of an employee's last day's wages) would be entitled to wage priority involves unsettled legal issues and for the purposes of this settlement, such waiting time penalty claims will not be entitled to priority treatment and shall not be treated *pari passu* with

other general unsecured creditors. Rather, all waiting time penalties/exemplary damages will be subordinated to the claims of all other allowed unsecured claims and shall not be paid until the allowed unsecured claims of all other creditors are paid in full, with interest, under applicable law.

J. Subject to certain exceptions, the WARN Act requires employers having 100 or more full-time employees to provide written notice of a "plant closing" (as defined by the WARN Act) if the shut-down results in an "employment loss" (as defined in the WARN Act) during any 30-day period for 50 or more employees at a single site of employment, excluding "part-time employees" (as defined in the WARN Act).

K. The Debtor and the non-Debtor Defendants, on the one hand, and the Plaintiff Class Representatives, on the other hand, disagree as to whether the Debtor and the non-Debtor Defendants have liability under the WARN Act. In particular, the Debtor has asserted that it satisfies the requirements of the "unforeseeable business circumstances" exception of the WARN Act, which the Debtor further asserts may excuse notice or may reduce the time such notice must be provided to the employees. The Defendant Shareholder Class disputes that there is any basis for individual liability, without regard to whether the Debtor and/or the non-Debtor Defendants are liable. The Plaintiff Class Representatives dispute that Debtor could successfully prove up any defense to the WARN Act claims, and contend that the Defendant Shareholder Class is also liable.

L. The Debtor and the non-Debtor Defendants, on the one hand, and the Plaintiff Class Representatives, on the other hand, further disagree as to whether the Debtor and the non-Debtor Defendants have any liability for waiting time penalties/exemplary damages. In particular, the Debtor has asserted that its actions were not "willful," in that it was not a free agent which intentionally failed to pay terminating Heller Ehrman LLP employees for their accrued and vested and unused vacation. The Defendant Shareholder Class disputes that there is any basis for individual liability, without regard to whether the Debtor and/or the non-Debtor Defendants are liable. The Plaintiff Class Representatives dispute that these defenses apply, and contend that the Defendant Shareholder Class is also liable.

M. Certain Plaintiff Class Members filed individual proofs of claim in the Debtor's Chapter 11 Case based on the termination of their employment. To the extent these individual claims relate to or are based on the failure to provide notice under the WARN Act, vacation pay, waiting time penalties/exemplary damages, other unpaid wage claims (including, without limitation pay in lieu of sabbatical), severance pay or benefits arising out of the termination of the a Plaintiff Class Members' employment, including, but not limited to: (i) claims asserted or that could have been asserted in the *Biggers* Action; and (ii) any other claims for severance pay, benefits or waiting time penalties/exemplary damages based on or arising out of any federal, state or local statute, ordinance or regulation, they are referred to herein as the "***Individual Proofs of Claim***."

N. The non-Debtor Defendants, on the one hand, and the Class Representatives, on the other hand, further disagree as to whether the non-Debtor Defendants have any liability for any of the claims that are alleged.

5

O. The Committee believes that it is in the best interests of creditors to obtain the releases provided herein.

P. There exist significant and complex legal and factual issues regarding the application of the federal WARN and California WARN Act and the various cases and regulations interpreting these WARN Acts and regarding the viability of the *Biggers* Action. There further exist significant, complex legal and factual issues regarding the Debtor's potential liability for waiting time penalties/exemplary damages. To avoid extensive, costly litigation over these issues, the Debtor, the non-Debtor Defendants, the Committee, and the Class Representatives, on their own behalf and on behalf of the Plaintiff Class Members, through their counsel, Blum Collins LLP (*"Class Counsel"*) have engaged in significant negotiations regarding a possible consensual resolution of these claims. In addition, counsel for the Committee, and representatives of the Committee, participated in these settlement negotiations culminating in a day-long mediation on Thursday September 24, 2009 involving counsel for all of the parties to the *Biggers* Action and representatives of the Debtor, the Committee and its lead counsel. Neither the Defendant Shareholder Class nor its Members participated in these negotiations but are beneficiaries of the releases provided herein. As a result of these negotiations, the Parties have agreed to enter into this Settlement Agreement.

Q. Class Counsel asserts that the number of the Plaintiff Class Members and the Defendant Shareholder Class Members is so numerous that joinder of all members within each class is impracticable, satisfying the numerosity requirements, as to each class, of Rule 23(a) of the Federal Rules of Bankruptcy Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

R. Class Counsel asserts that the issues common to the claims of the members of each defined class constitute virtually all the issues affecting their rights and thus predominate over the issues that are not common.

S. Class Counsel asserts that the claims of the Plaintiff Class Representatives are typical of the claims of the Class in that the claims of the Class Representatives arose from the same course of conduct that gave rise to the claims of the Class.

T. Class Counsel asserts that the interests of the Defendant Class Representatives are typical of the interests of the other Shareholders in the Defendant Shareholder Class in that the Defendant Class Representatives are all similarly situated as to the course of conduct that gave rise to the claims of the Plaintiff Class Members against the Defendant Shareholder Class.

U. Class Counsel asserts that the determination of the claims of some but not all Plaintiff Class Members would prejudice the claims of the remaining Plaintiff Class Members.

V. Class Counsel asserts that they will provide adequate representation to the Plaintiff Class Members.

W. Class Counsel asserts that they have expended substantial time in prosecuting the claims of the Plaintiff Class Members and the legal fee provided herein is fair and reasonable under the circumstances.

X.     The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, arising from the claims in the *Biggers* Action.

NOW, THEREFORE, as material consideration and inducement to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.     The "***Effective Date***" of this Settlement Agreement shall be the date upon which all of the following have occurred, each of which is a condition precedent to the Settlement Agreement:

(a)     The issuance by the Bankruptcy Court (in a form similar to that contained in **Exhibit C**) of an order (**"Preliminary Order"**), preliminarily approving the Settlement, approving class certification for purposes of settlement, appointing class counsel, and authorizing the Debtor to mail a "***Class Notice***" (in a form similar to that contained in **Exhibit D**) to all Plaintiff Class Members, including a *Biggers* Class Opt-Out Notice (in a form similar to that contained in **Exhibit E**) as noted below.  The Bankruptcy Court must also authorize the Debtor to mail a Class Notice (in a form similar to that contained in **Exhibit F**) to all Defendant Shareholder Class Members, including a *Biggers* Class Opt-Out Notice (in a form similar to that contained in **Exhibit G**);

(b)     The entry of a final judgment by the Bankruptcy Court dismissing the *Biggers* Action, with prejudice, which shall be deemed to have occurred when 15 days have elapsed from the entry of the Bankruptcy Court's judgment dismissing the *Biggers* Action, with prejudice (i) which judgment has not been reversed, stayed, modified or amended, (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari has expired or been waived (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired), and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending.

(c)     The entry of a final order in a form similar to that contained in **Exhibit K** by the Bankruptcy Court approving the Settlement Agreement under Fed. R. Bankr. R. 7023 and Fed. R. Bankr. P. 9019, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules, which shall be deemed to have occurred when 15 days have elapsed from the entry of the Bankruptcy Court's order approving the Settlement (i) which order has not been reversed, stayed, modified or amended, (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari has expired or been waived, and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending ("***Final Order***");

(d)     The entry of a final order confirming the Plan which shall be deemed to have occurred when 15 days have elapsed from the entry of the Bankruptcy Court's order confirming the Plan (i) which order has not been reversed, stayed, modified or amended, (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari

has expired or been waived, and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending;

(e)   20 days have elapsed after the expiration of the right of the Plaintiff Class Members to Opt-Out of the Settlement; and

(f)   The Debtor has not elected to terminate the Settlement Agreement as a result of an Opt-Out percentage that equals or exceeds the percentage specified on **Exhibit H** hereto (and filed under seal) (*"Excessive Opt Out Percentage"*);

2.   The Debtor shall determine whether the number of potential Plaintiff Class Members who Opt-Out of the Settlement Agreement equals or exceeds the Excessive Opt-Out Percentage.  The Parties agree that the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel of same within twenty (20) days after the expiration of the right of the Plaintiff Class Members to Opt-Out of the Settlement Agreement.

3.   In the event that the conditions precedent set forth above at section 1 herein do not occur on or before June 1, 2010 (or such later date as the Parties may agree to in writing), or the Debtor elects to terminate this Settlement Agreement based on the number of Opt-Outs:  (a) the Settlement Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (b) any classes, including both Plaintiff and Defendant class, that are preliminarily certified for settlement purposes will be deemed not certified and the fact of their conditional certification for settlement purposes shall not be referred to or argued as supporting class certification in any subsequent proceedings; (c) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (d) the Parties will use their best efforts to negotiate a mutually-acceptable amendment to the Settlement Agreement to reflect the changed circumstances presented by any Opt-Out elections or the failure of the conditions for the Effective Date, but no Party shall be obligated or bound to agree to such an amendment; and (e) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

4.   The Parties agree that there are 51 former Heller Ehrman LLP employees who worked beyond the date the Shareholders voted to dissolve the firm but who have no vacation, wage, WARN, or waiting time damages, or any other damages, and who filed no Proof of Claim.  The Parties agree that these 46 employees are not Plaintiff Class Members.  **Exhibit I** is a list of the names of these 46 individuals.

5.   The Debtor's Plan shall provide that not later than 15 days after the Effective Date, and subject to the terms of this Settlement Agreement, the Plaintiff Class Members shall receive the following treatment on account of their priority and unsecured claims, provided, however, that the non-Debtor Defendants shall not be liable for any payments or allowed claims:

Vacation Claims:

A.      An aggregate total priority wage claim of $2,994,456.80 (Two Million, Nine Hundred Ninety-Four Thousand, Four Hundred Fifty-Six Dollars and Eighty Cents) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the schedule attached as **Exhibit A** on account of accrued, vested and unused vacation claims earned between May 4 and October 31, 2008, up to the lesser of (i) the Wage Priority Cap; or (ii) the Plaintiff Class Member's scheduled claim for accrued, vested and unused vacation as set forth in the Debtor's schedules.

B.      An aggregate total general unsecured claim of $4,201,395.17 (Four Million, Two Hundred One Thousand, Three Hundred Ninety-Five Dollars and Seventeen Cents) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of allowed accrued, vested and unused vacation claims, to be paid as and when the claims of other general unsecured creditors are paid, if so paid, pursuant to the Plan.

WARN Claims:

C.      An aggregate total priority wage claim of $1,500,000 (One Million, Five Hundred Thousand Dollars) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the schedule attached as **Exhibit A** on account of alleged WARN Damages.

D.      An aggregate total allowed general unsecured claim of $2,350,000 (Two Million, Three-Hundred Fifty Thousand Dollars) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of alleged WARN Damages, to be paid as and when the claims of other general unsecured creditors are paid, if so paid, pursuant to the Plan.

Unpaid Wage Claims (Other Than Vacation):

E.      An aggregate total priority wage claim of $66,970.24 (Sixty-Six Thousand, Nine Hundred Seventy Dollars and Twenty-Four Cents) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the schedule attached as **Exhibit A**, on account of alleged unpaid wages (other than vacation).

F.      An aggregate total allowed general unsecured claim of $920,183.33 (Nine Hundred Twenty Thousand, One Hundred Eighty-Three Dollars and Thirty Three Cents) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of alleged unpaid wages (other than vacation) to be paid as and when the claims of other general unsecured creditors are paid pursuant to the Plan.

Case: 08-32514   Doc# 1152-4   Filed: 05/25/10   Entered: 05/25/10 13:55:20   Page 12 of 54

## Waiting Time Penalties/Exemplary Damages

G.    An aggregate total allowed subordinated general unsecured claim of $7,000,000 (Seven Million Dollars) with individual Plaintiff Class Members having an allowed subordinated general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of alleged waiting time penalties/exemplary damages**.**

H.    The payment, if any, of these allowed subordinated general unsecured claims shall be in accordance with the terms set forth in the Plan but in no event shall these allowed subordinated general unsecured claims be paid before all other allowed claims of creditors of the Debtor are paid in full.

The following chart summarizes the various treatments of the claims of Plaintiff Class Members provided pursuant to this Settlement Agreement and the Bankruptcy Code:

| | | Vacation | Bonuses/ Wage Contracts | WARN | Waiting Time Penalties/ Exemplary Damages | Attorneys' Fees & Costs |
|---|---|---|---|---|---|---|
| Admin. Priority | Total= $950,000 | $0 | $0 | $0 | $0 | $950,000 |
| Priority | Total= $4,561,427.04 | $2,994,456.80 (100% treated as priority treatment) | $66,970.24 | $1,500,000 | $0 | $0 |
| Non-Priority | Total= $7,471,578.50 | $4,201,395.17 (allowed as non-priority general unsecured claim based on vacation entitlement) | $920,183.33 | $2,350,000 (allowed as non-priority general unsecured claim based on WARN damages) | $0 | $0 |
| Subordinated to all other allowed claims | Total= $7,000,000 | $0 | $0 | $0 | $7,000,000 | $0 |
| Total | $19,983,005.54 | $7,195,851.97 | $987,153.57 | $3,850,000 | $7,000,000 | $950,000 |

6.    The foregoing allowance of priority claims, general unsecured claims and subordinated unsecured claims set forth in paragraph 4 above and summarized in the above chart shall be in full and complete satisfaction of all claims of the Plaintiff Class Members against the Debtor, the Debtor's estate, the non-Debtor Defendants and their estates that were or could have been alleged in the *Biggers* Action and for vacation pay, WARN Damages, unpaid wage claims, waiting time penalties/exemplary damages and attorneys' fees.

7.     The Debtor shall retain Development Specialists, Inc. (*"DSI"*) to administer the Settlement as Claims Administrator, including causing the Debtor to pay, after issuance of the Dismissal Order, Plaintiff Class Members the amounts required by this Settlement Agreement. The Debtor warrants that it will engage DSI, at its expense, upon receipt of a Preliminary Order authorizing and directing DSI to administer all aspects of this Settlement Agreement. Any employee payroll tax withholdings required by federal, state or local law shall be withheld from the distributions to the Plaintiff Class Members receiving payments under this Settlement Agreement and the Debtor will issue Plaintiff Class Members a W-2 Form reflecting all payments. These amounts shall include the employee portion of all applicable federal, state and local taxes, including, without limitation, Federal Insurance Contribution Act (*"FICA"*) taxes, as well as any other taxes and unemployment compensation contributions which are required to be withheld from the Plaintiff Class Members' distributions based on the treatment of those distributions as wages. The Debtor, in consultation with the Claims Administrator, shall determine in its sole discretion the amount of any employee taxes that will become due and owing and to be withheld.

8.     The Debtor agrees to and will be responsible to pay the employer portion of the FICA taxes and required federal and state unemployment taxes. The payment of the employer portion of these taxes shall be in addition to any payments on the allowed claims set forth in Paragraph 5. The Debtor shall also be responsible for the reporting of same, as well as the provision of Forms W-2 and other required tax reporting forms. The Claims Administrator will act as the agent of the Debtor to determine required withholdings, fulfilling reporting requirements, including federal and state payroll tax returns, the issuance of Forms W-2 and other required federal and state tax forms, and related matters. For the purpose of calculating applicable taxes, the Parties agree that 100% of the amounts actually paid to the Plaintiff Class Members, after deducting attorneys' fees and costs, but before deducting applicable taxes, shall constitute wages reportable on IRS Form W-2. For avoidance of doubt, the Parties agree that the aggregated amount subject to applicable taxes on wages subject to priority treatment under the Settlement Agreement is $4,561,427.04 (Four Million, Five-Hundred Sixty-One Thousand, Four Hundred Twenty-Seven Dollars and Four Cents). As, and to the extent, Plaintiff Class Members receive distributions on their allowed general unsecured claims, the Debtor similarly will be responsible to pay the employer portion of the FICA taxes and required federal and state unemployment taxes from the Debtor's funds and these funds shall be in addition to the Payments set forth in Paragraph 5. The Debtor shall also be responsible for the reporting of same, as well as the provision of Forms W-2 and other required tax reporting forms. In addition to the vacation claim payments, the unpaid wages claim payments, the WARN claim payments, and the waiting time/exemplary damages claims payments described in Paragraph 5 above, the Debtor will separately pay up to $950,000 as attorneys' fees and costs to Class Counsel pursuant to this Settlement Agreement and as noted below, will withhold no taxes and will issue a Form 1099 to the Law Firm of Blum Collins LLP.

9.     **Attorneys' fees and costs:** Subject to approval of the Bankruptcy Court, Class Counsel is hereby recognized as class counsel for the Plaintiff Class Members, and for having pursued claims against Debtor and the non-Debtor Defendants for alleged wage and penalty claims, and in settling such claims and any other claims of the Plaintiff Class Members, is entitled to attorneys' fees and costs. Subject to approval of the Bankruptcy

Court, Plaintiff Class Counsel shall have an allowed administrative claim of $950,000.00 (Nine Hundred-Fifty Thousand Dollars) against the Debtor, on account of fees and costs as a "substantial contribution" pursuant to Bankruptcy Code section 503(b)(4), so long as:

(a) At least 75% of the Plaintiff Class Members do not opt out of the Settlement;

(b) the Debtor does not elect to exercise its right to terminate this Settlement Agreement pursuant to Paragraph 2 herein; and

(c) the Debtor's Plan is confirmed and sufficient funds are available to allow the Debtor to pay the allowed priority claims described in Paragraph 4 above in full. If the Debtor exercises its right to terminate this Settlement Agreement pursuant to paragraph 2 herein, the Debtor shall not settle the disputed claims for WARN Damages or waiting time penalties and/or exemplary damages through a plan.

10. The attorneys' fees and costs paid to Class Counsel shall, upon approval by order of the Bankruptcy Court, supersede any contingency fee agreements any of the Plaintiff Class Members have with Class Counsel. Should the Court reduce the amount of attorneys' fees and/or costs to be paid to Class Counsel under this Settlement Agreement, the Debtor will apply, on a pro rata basis, any residual amount to the Plaintiff Class Members' allowed "non-priority" general unsecured claims. Under no circumstances will any action of the Court with respect to modifying the amount of attorneys' fees and/or costs to Class Counsel have any effect on the other terms of this Settlement.

11. The Debtor shall bear the ultimate responsibility to produce and mail all required Class Notices but may engage the Claims Administrator as its agent for such purposes. An address and P.O. Box the Claims Administrator will identify will be used as the return address for the Class Notices and checks mailed to the Plaintiff Class Members.

12. The Debtor shall cause the Plaintiff Class Notices to be delivered by first class mail to Plaintiff Class Members at the last known addresses of Plaintiff Class Members as reflected in the Debtors' records no later than 10 business days after the Bankruptcy Court issues a Preliminary Order preliminarily approving this Settlement Agreement and the form of Class Notice. The Class Notice shall be in substantially the form annexed hereto as **Exhibit D** or such substantially similar form as the Bankruptcy Court may approve. The Class Notice shall contain the following information, which shall be individualized for each Plaintiff Class Member:

(a) That each Plaintiff Class Member has the right to opt out of the Class and preserve all of her/his rights, if any, against the Debtor, Non-Debtor Defendants, and the Defendant Shareholder Class and its Members, if any (all such opting out Plaintiff Class Members are herein referred to as the "*Opt-Outs*");

(b) All of the information contained on **Exhibit A** as pertains to that Plaintiff Class Member;

(c)        That the Settlement Agreement shall become effective only if the Bankruptcy Court finally approves it;

(d)        That the Settlement Agreement shall be effective as to all Plaintiff Class Members who do not Opt-Out of the Class; however, if the Bankruptcy Court does not approve the Settlement Agreement, or if the Debtor elects to terminate the Settlement Agreement because the Excessive Opt-Out Percentage was met or exceeded, the Settlement Agreement shall not become effective, and;

(e)        That in the event that any Plaintiff Class Member Opts-Out, such Opting-Out Plaintiff Class Member shall not have any rights under the Settlement and shall not have the allowed claims set forth set forth in **Exhibit A** to the Settlement Agreement, except for any undisputed claims relating to accrued, vested and unused vacation and unpaid wages, which Plaintiff Class Member is entitled to whether or not they are a party to the Settlement**;**

(f)        That all "Claims," as that term is defined in Paragraph 20 herein, including any Individual Proofs of Claim filed with the Bankruptcy Court, of a Plaintiff Class Member that does not Opt-Out shall be released, and that no person, including the Plaintiff Class Members, shall be entitled to any further distribution thereon, or to otherwise assert the Claims or any of them against the Parties or any of them;

(g)        That the Debtor represents that to the best of its knowledge, information and belief, the information contained in **Exhibit A** hereto accurately reflects the contents of the Debtor's books and records as to each Plaintiff Class Member; and

(h)        That such Plaintiff Class Member that does not Opt-Out has the right to object to this Settlement Agreement, with or without counsel, and to retain counsel other than Blum Collins LLP to lodge the objection.

In addition, no later than 10 business days after the Bankruptcy Court issues a Preliminary Order preliminarily approving this Settlement Agreement, the Debtor shall cause a "***Summary Plaintiff Class Notice***" in the form annexed hereto as **Exhibit J** to be posted on the Debtor's website (www.hellerehrman.com) for a period of not less than 90 days following entry of the Preliminary Order;

13.  The Debtor shall also cause the Defendant Shareholder Class Notices to be delivered by first class mail to Defendant Shareholder Class Members at the last known addresses of Defendant Shareholder Class Members as reflected on the Debtor's records no later than 10 business days after the Bankruptcy Court issues the Preliminary Order preliminarily approving this Settlement Agreement and the form of Class Notice. The Defendant Shareholder Class Notice shall be in substantially the form annexed hereto as **Exhibit F** or such substantially similar form as the Bankruptcy Court may approve. The Defendant Shareholder Class Notice shall contain the following information:

(a)        That each Defendant Shareholder Class Member has the right to opt out of the Class and preserve all of her/his rights, if any (all such opting out Defendant Shareholder Class Members are herein referred to as the "***Defendant Opt-Outs***");

(b)     That the Settlement Agreement shall become effective only if the Bankruptcy Court finally approves it;

(c)     That the Settlement Agreement shall be effective as to all Defendant Class Members who do not Opt-Out of the Class; however, if the Bankruptcy Court does not approve the Settlement Agreement, or if the Debtor elects to terminate the Settlement Agreement because the Excessive Opt-Out Percentage was met or exceeded, the Settlement Agreement shall not become effective, and

(d)     That Defendant Shareholder Class Members have the right to object to this Settlement Agreement, with or without counsel;

14. A Plaintiff Class Member or Defendant Shareholder Class Member may object to this Settlement Agreement by filing with the Bankruptcy Court and sending timely written notice of such objection (*"Notice of Objection"*) to the recipients on the following list:

(a)     the Debtor's Counsel, Attn: Alexa L. Morgan, Fox, Wang & Morgan P.C., 160 W. Santa Clara St., Suite 700, San Jose, CA 95113;

(b)     Class Counsel, Attn: Steven A. Blum, Esq., Blum Collins LLP, 707 Wilshire Boulevard, 48th Floor, Los Angeles, CA 90017;

(c)     the Debtor's bankruptcy counsel, attn: Kenneth H. Brown, Esq., Pachulski, Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111;

(d)     Counsel for certain non-Debtor Defendants, Attn: David M. Stern, Esq., Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067;

(e)     Counsel for certain non-Debtor Defendants, Attn: Tobias S. Keller, Esq., Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104; and

(f)     Counsel for the Creditors' Committee, Attn: Thomas A. Willoughby, Esq., Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP, 400 Capital Mall, Suite 1450, Sacramento, CA 95814.

15. Notice of Objection will be timely if it is filed with the Bankruptcy Court and the recipients on the Service List receive Notice of Objection not later than ▓▓▓▓▓. Such objection shall clearly specify the relief sought and the grounds for any such relief.

16. Any Plaintiff Class Member or Defendant Shareholder Class Member may Opt-Out of the Class by mailing to any Claims Administrator at an address and P.O. Box to be provided by the Claims Administrator, the appropriate completed and executed Opt-Out Notice Form, attached to the Class Notices as **Exhibits E** and **G** hereto (and which shall be attached to the Class Notices) so that the Claims Administrator receives the completed and executed Opt-Out Notice Form no later than Wednesday December 18, 2009. Upon the Claim Administrator's receipt of such timely notice, such Plaintiff Class Member or

Defendant Shareholder Class Member shall be classified as an Opt-Out. Within three days of the expiration of the last day to Opt-Out, Debtor's Counsel shall cause the Claims Administrator to provide to the Parties' counsel a list of the Plaintiff Class Members and Defendant Shareholder Class Members who have timely returned an Opt-Out Notice Form.

17. Upon the Effective Date, all Class Members who have not Opted-Out shall be bound by the terms of this Settlement Agreement.

18. Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of the Opt-Outs, nor shall anything contained herein affect the defenses and offsets that the Professional Corporation Defendants, the Defendant Shareholder Class and its Members, their estates, their respective assigns, heirs, or agents, the Debtor, the Debtor's estate, its respective subsidiaries, affiliates, successors or any of its present or former officers, directors, shareholders, employees, agents, lawyers, consultants, stockholders or members of any thereof, may have against any such rights or claims asserted by Opt-Outs. To the extent that a Defendant Shareholder Class is not certified, each Defendant Shareholder Class Member, whether or not a signatory hereto, is an intended third-party beneficiary of the releases contained herein.

19. The Debtor represents that **Exhibit A** lists all of the former employees of the Debtor who the Debtor terminated after September 26, 2008, other than those employees who do not fall into the Vacation Classes, the Unpaid Wages Class, or the WARN Classes. Upon execution of this Settlement Agreement, the Parties consent that a class shall be certified in connection with this litigation and pursuant to the motion to approve this Settlement Agreement, consisting of the individuals listed on **Exhibit A**; provided however that such class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

20. If settlement checks issued to Plaintiff Class Members on account of their allowed claims herein remain uncashed as of the 241st day after said checks are mailed, such funds (the "Residual Funds") shall escheat to the state or federal territory in which the Plaintiff Class Member was last working (i.e., any residual funds from a Plaintiff Class Member last employed by the Debtor in California will escheat to the State of California; any residual funds from a Plaintiff Class Member last employed by the Debtor in the District of Columbia will escheat to the District of Columbia; etc). No portion of the Residual Funds will revert to the Debtor for any reason, or be retained by Class Counsel.

21. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Plaintiff Class Members (except for any Plaintiff Class Members who have opted out of this Agreement), for and on behalf of themselves, and their respective successors and assigns (collectively, the *"Releasing Parties"*), do hereby fully and forever release and discharge the Professional Corporation Defendants, the Professional Corporation Defendants' estates, all their respective assigns, heirs, and agents, the Debtor, the Debtor's estate, the Defendant Shareholder Class and its Members (except for those who have opted out of this Agreement), the Professional Corporation Defendants, the non-Debtor Defendants, the Committee, their current and former

parents, liquidating trustee, subsidiary and affiliated entities, and their respective shareholders, officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, insurers, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the *"Released Parties"*), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and costs and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the facts alleged in the Individual Proofs of Claim or the Amended Complaint including, but not limited to claims relating to the federal and California WARN Acts, waiting time penalties/exemplary damages, wages (including, without limitation pay in lieu of sabbatical), severance, payments for accrued, vested and unused vacation or benefits under any contract, federal, state or local law or regulation arising out of the employment or termination of the Plaintiff Class Members' employment by the Debtor; provided, however, that the following claims shall not be released: (i) any claims and/or rights as against Bank of America, N.A., or related companies, and as against Citibank, N.A., or related companies, t(ii) claims arising under or related to any employee's Supplemental Profit Sharing Contributions pursuant to Heller Ehrman LLP's 401k Retirement Savings and Profit Sharing Plan; (iii) any obligation created by or arising out of this Settlement; (iv) any claims which the law clearly states may not be released by settlement; and (v) any claims and/or rights against Heller Ehrman LLP relating to any malpractice claims that may be brought against any Class Members. The claims released hereunder are referred to herein as the *"Claims."* The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.

22. Upon the Effective Date, Plaintiff Class Members and Plaintiff Class Counsel agree to file a withdrawal of the Class Proof of Claim to effect the removal of the Class Proof of Claim from the Bankruptcy Court's claim register in a form satisfactory to the Debtor. Upon the Effective Date, the Class Proof of Claim shall be deemed withdrawn, expunged, and disallowed.

23. Upon the Effective Date, each of the Individual Proofs of Claim filed by Plaintiff Class Members who do not opt out of this Class Settlement shall be deemed withdrawn, expunged and disallowed.

24. Upon the Effective Date set forth in Paragraph 1 above, the Plaintiff Class Members agree that any Individual Proofs of Claim that have been scheduled on behalf of, or filed by, the Class Representatives or the Plaintiff Class Members in the Chapter 11 Case, are disallowed in their entirety and may be expunged from the Debtor's schedules or claims register, as appropriate, in the Debtor's discretion; provided, however, that the allowed claims provided for in this Settlement Agreement shall survive.

25. The Releasing Parties and Plaintiff Class Counsel acknowledge that they are familiar with, and/or, in the case of the Plaintiffs Class Representative and Plaintiff Class Members, have been informed by the notice to the Plaintiff Class, and by written notice to the Defendant Shareholder Class Members of the provisions of California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

With respect to the Claims being released hereunder, the Releasing Parties waive and relinquish, to the fullest extent the law permits, the provisions, rights, and benefits of California Civil Code section 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the Debtor's obligations under this Settlement Agreement. The Releasing Parties hereby agree and acknowledge that this waiver and relinquishment is an essential term of this Settlement Agreement, without which the consideration provided to them would not have been given. In connection with such waiver and relinquishment, the Releasing Parties and Plaintiff Class Counsel acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Releasing Parties and Plaintiff Class Counsel in executing this Settlement Agreement fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder.

26. Upon entry of the Final Judgment, all Claims are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

27. If the Settlement Agreement does not become finally approved, then the provisions of this Settlement Agreement shall be null and void and any conditional certification of plaintiff or defendant classes will be null and void. The Debtor, the non-Debtor Defendants, the Defendant Shareholder Class and its Members, the Committee, or any other party-in-interest shall be free to object to and/or defend against any effort to certify any classes, and the claims asserted in the Amended Complaint or any other claims asserted by the Plaintiff Class Members. Execution of this Settlement Agreement by the Debtor, the non-Debtor Defendants, the Defendant Class Representatives and the Committee does not waive any defense or objection to any claims asserted or that may be asserted.

28. The Debtor, the Committee and Class Counsel shall cooperate to cause joint motions to be filed with the Bankruptcy Court for orders approving this Settlement Agreement (*"Settlement Motion"*), preliminarily approving the class settlement, conditionally certifying the classes described herein, including the Defendant Shareholder Class and thereafter finally approving this class settlement. The Debtor shall give notice to parties in interest.

29. If any Plaintiff Class Member, including any Plaintiff Class Representative, timely and properly elects to Opt-Out of the proposed Class, that Plaintiff Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Plaintiff Class Member will have the same rights and obligations as he or she would have had if the *Biggers* Action had never been filed and this Settlement Agreement had never been

18

executed, except that the Class Proof of Claim will have been withdrawn. Any Plaintiff Class Member who elects to Opt-Out shall not have an allowed claim against the Debtor or the non-Debtor Defendants by reason of this Settlement Agreement, and shall retain his or her rights against the Debtor or the non-Debtor Defendants, if any. Subsequent to mailing the completed and executed Opt-Out Notice Form, a Plaintiff Class Member who timely Opts-Out out of the Settlement Agreement shall have the right to file an individual proof of claim setting forth, on an individual basis, the same claims as were set forth in the Class Proof of Claim. Such individual proof of claim shall be deemed timely filed <u>only if</u> it is filed no later than thirty (30) days after entry of the Final Judgment, after which time such individual proofs of claim shall be time barred.

      30. In the event that any Plaintiff Class Member Opts-Out, such Opting-Out Plaintiff Class Member shall not have any rights under the Settlement and shall not have the allowed claims set forth in **Exhibit A** to the Settlement Agreement, except for any undisputed claims relating to accrued, vested and unused vacation and unpaid wages, as set forth on Exhibit A, which Plaintiff Class Member is entitled to whether or not they are a party to the Settlement.

      31. The Debtor, the non-Debtor Defendants, and the Committee reserve all rights against any Plaintiff Class Members who Opt-Out. The allowed aggregate priority, general unsecured and subordinated unsecured claims set forth in section 4 above shall be reduced by such Opting-Out Plaintiff Class Members' portion of the aggregate allowed claims as shown on **Exhibit A.**

      32. The Parties agree that they are compromising and settling disputed claims. Other than as set forth herein, each of the Parties shall bear its own attorney's fees, expenses and court costs. Each of the Parties agrees it shall not commence or continue any contested matter, adversary proceeding, lawsuit, or arbitration which contests, disputes, or is inconsistent with any provision of this Settlement Agreement.

      33. Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Chapter 11 Case, or any other action or proceeding, as an admission or concession of liability or wrongdoing of any nature on the part of any of the Released Parties, or anyone acting on their behalf, and the Debtor and the non-Debtor Defendants specifically denies any such liability or wrongdoing. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Final Order approving the Settlement Agreement by the Bankruptcy Court for the purpose of enforcing the terms of the Settlement Agreement.

      34. This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

      35. This Settlement Agreement shall be construed pursuant to the laws of the State of California and the United States Bankruptcy Code.

36. This Settlement Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersede all previous agreements and discussions between the Parties as to the matters herein addressed. This Settlement Agreement can be amended or modified only in writing and signed by all the Parties hereto, subject to any necessary Bankruptcy Court or other approval.

37. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

38. This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

39. This Settlement Agreement is subject to and contingent upon the approval by the Bankruptcy Court. The Bankruptcy Court shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

40. The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

41. This Settlement Agreement is intended to settle and dispose of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to any other Party.

Dated:    March 18, 2010              BLUM & COLLINS

ON BEHALF OF THE CLASS REPRESENTATIVES
AND PLAINTIFF CLASS MEMBERS (DEBORA K.
BIGGERS, CARL GOODMAN, ANNA SCARPA,
AND MARJORIE NORRIS, ON BEHALF OF
THEMSELVES AND ON BEHALF OF THE
INDIVIDUALS NAMED ON EXHIBIT A HERETO)

By    /Steven A. Blum, Esq.

20

Dated:    March 23, 2010                FOX, WANG & MORGAN P.C.

                                        ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                        ESTATE (HELLER EHRMAN LLP)


                                        By    John C. Fox, Esq.    for

Dated:    March 19, 2010                PACHULSKI STANG ZIEHL & JONES LLP

                                        ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                        ESTATE, (HELLER EHRMAN LLP)


                                        By    Kenneth H. Brown, Esq.


Dated:    March ___, 2010               FELDERSTEIN, FITZGERALD, WILLOUGHBY &
                                        PASCUZZI LLP

                                        ON BEHALF OF THE OFFICIAL COMMITTEE OF
                                        UNSECURED CREDITORS


                                        By    Thomas A. Willoughby, Esq.,


Dated:    March ___, 2010               JONES DAY

                                        ON BEHALF OF NON-DEBTOR DEFENDANTS
                                        STEVEN KOPPEL, AND PETER BENVENUTTI


                                        By    Tobias S. Keller, Esq.

21

Dated:     March ___, 2010          FOX, WANG & MORGAN P.C.

                                    ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                    ESTATE (HELLER EHRMAN LLP)



                                    By _____
                                        John C. Fox, Esq.

Dated:     March ___, 2010          PACHULSKI STANG ZIEHL & JONES LLP

                                    ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                    ESTATE, (HELLER EHRMAN LLP)



                                    By _____
                                        Kenneth H. Brown, Esq.

Dated:     March 19, 2010           FELDERSTEIN, FITZGERALD, WILLOUGHBY &
                                    PASCUZZI LLP

                                    ON BEHALF OF THE OFFICIAL COMMITTEE OF
                                    UNSECURED CREDITORS

                                    By _____
                                        Thomas A. Willoughby, Esq.;

Dated:     March ___, 2010          JONES DAY

                                    ON BEHALF OF NON-DEBTOR DEFENDANTS
                                    STEVEN KOPPEL, AND PETER BENVENUTTI



                                    By _____
                                        Tobias S. Keller, Esq.

                                    21

Dated:    March ___, 2010          FOX, WANG & MORGAN P.C.

                                   ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                   ESTATE (HELLER EHRMAN LLP)


                                   By  _____
                                       John C. Fox, Esq.

Dated:    March ___, 2010          PACHULSKI STANG ZIEHL & JONES LLP

                                   ON BEHALF OF THE DEBTOR'S CHAPTER 11
                                   ESTATE, (HELLER EHRMAN LLP)


                                   By  _____
                                       Kenneth H. Brown, Esq.

Dated:    March ___, 2010          FELDERSTEIN, FITZGERALD, WILLOUGHBY &
                                   PASCUZZI LLP

                                   ON BEHALF OF THE OFFICIAL COMMITTEE OF
                                   UNSECURED CREDITORS


                                   By  _____
                                       Thomas A. Willoughby, Esq.,

Dated:    March  7 , 2010          JONES DAY

                                   ON BEHALF OF NON-DEBTOR DEFENDANTS
                                   STEVEN KOPPEL, AND PETER BENVENUTTI

                                   By  _____
                                       Tobias S. Keller, Esq.

21

Dated: March 17, 2010    KLEE, TUCHIN, BOGDANOFF & STERN LLP

           ON BEHALF OF NON-DEBTOR DEFENDANTS
           (MATTHEW LARRABEE, ROBERT HUBBELL,
           MARIE FIALA, MARK WEEKS, BARRY LEVIN,
           KENNETH CHERNOF, LAWRENCE KEESHAN,
           AND ROBERT ROSENFELD)

           By _Matthew C. Heyn, Esq._____

Dated: March ___, 2010   LYNN LOACKER, ESQ.

           ON BEHALF OF HERSELF

           By _Lynn Loacker, Esq._____

Dated: March ___, 2010   JONATHAN P. HAYDEN, ESQ.

           ON BEHALF OF HIMSELF

           By _Jonathan P. Hayden, Esq._____

Dated: March ___, 2010   HELLER EHRMAN (CALIFORNIA), A
           PROFESSIONAL CORPORATION

           By _Paul W. Sugarman_____
              Authorized Signatory

22

Dated: March ___, 2010

KLEE, TUCHIN, BOGDANOFF & STERN LLP

ON BEHALF OF NON-DEBTOR DEFENDANTS
(MATTHEW LARRABEE, ROBERT HUBBELL,
MARIE FIALA, MARK WEEKS, BARRY LEVIN,
KENNETH CHERNOF, LAWRENCE KEESHAN,
AND ROBERT ROSENFELD)


By _____
Matthew C. Heyn, Esq.


Dated:   March 18, 2010

LYNN LOACKER, ESQ.

ON BEHALF OF HERSELF

By _____
Lynn Loacker, Esq.


Dated:   March 18, 2010

JONATHAN P. HAYDEN, ESQ.

ON BEHALF OF HIMSELF

By _____
Jonathan P. Hayden, Esq.


Dated:   March ___, 2010

HELLER EHRMAN (CALIFORNIA), A
PROFESSIONAL CORPORATION


By _____
Paul W. Sugarman
Authorized Signatory


22

Dated: March ___, 2010

KLEE, TUCHIN, BOGDANOFF & STERN LLP

ON BEHALF OF NON-DEBTOR DEFENDANTS
(MATTHEW LARRABEE, ROBERT HUBBELL,
MARIE FIALA, MARK WEEKS, BARRY LEVIN,
KENNETH CHERNOF, LAWRENCE KEESHAN,
AND ROBERT ROSENFELD)

By _____
        Matthew C. Heyn, Esq.


Dated:   March ___, 2010

LYNN LOACKER, ESQ.

ON BEHALF OF HERSELF

By _____
        Lynn Loacker, Esq.


Dated:   March ___, 2010

JONATHAN P. HAYDEN, ESQ.

ON BEHALF OF HIMSELF

By _____
        Jonathan P. Hayden, Esq.


Dated:   March 17, 2010

HELLER EHRMAN (CALIFORNIA), A
PROFESSIONAL CORPORATION

By _____
        Paul W. Sugarman
        Authorized Signatory

22

Dated:   March 17, 2010          HELLER EHRMAN (WASHINGTON), P.S.

                                 By _____
                                    Paul W. Sugarman
                                    Authorized Signatory


Dated:   March 17, 2010          HELLER, EHRMAN, WHITE, & MCAULIFFE
                                 (OREGON), P.C.

                                 By _____
                                    Paul W. Sugarman
                                    Authorized Signatory


Dated:   March 17, 2010          HELLER EHRMAN (ALASKA), P.C.

                                 By _____
                                    Paul W. Sugarman
                                    Authorized Signatory


Dated:   March 17, 2010          HELLER EHRMAN (NEW YORK) A
                                 PROFESSIONAL CORPORATION

                                 By _____
                                    Paul W. Sugarman
                                    Authorized Signatory


Dated:   March 17, 2010          HELLER EHRMAN (CHINA), P.C.

                                 By _____
                                    Paul W. Sugarman
                                    Authorized Signatory


20220464.12

23

# EXHIBIT "A"

**\*\*REDACTED\*\***

**THIS EXHIBIT HAS BEEN REMOVED PURSUANT TO THE PROTECTIVE ORDER**

**\*\*REDACTED\*\***

# EXHIBIT "B"

Alaily, Rima J.
Angland, Joseph
Appelman, Daniel L.
Armao, Joseph J.
Armstrong, Aaron M.
Arnold, A Joy
Asher, Robert
Azcuenaga, Mary L.
Badal, Robert G.
Bailey, W Edward
Barash, Louisa
Barringer, William
Batalov, Leo S.
Bell, Bernard
Ben-Ami, Andrew R.
Benvenutti, Peter J.
Berman, Stan
Bjerke, Bruce T.
Blankenheimer, Alan H.
Blawie, Elias J.
Blears, Norman J.
Blum, Lora Danielle
Bomse, Stephen V.
Brandt-Erichsen, Svend A.
Brody, Sara B.
Brosnahan, Brian P.
Browne, Maureen
Brownstein, David C.
Bruner, Becky M.
Buehler, Robert B.
Burns, Timothy W.
Burnstein, Michael A.
Byrnes, Andrew C.
Caro, Howard S.
Carothers, Jo Dale
Cha, Joseph
Charles, Pamela Marie
Charlson, Michael L.
Chernof, Kenneth L.
Chiu, Johnny C.
Chu, David
Cohen, Brent
Cohen, Matthew
Cohen, Michael P.
Cohen, Nancy S.
Cohen, Russell P.

1

Collins, Kevin
Culligan, Kevin J.
Curtis, Charles G.
Danelo, Peter A.
Davis, Stephen M.
Deming, Renee R.
Dempsey, Karen A.
Denatale, Richard .
Dick, Brett R.
Dixon, Megan
Dotten, Michael C.
Downey, Martin
Downs, Paul D.
Dunn, Christopher
Dunne, Daniel J.
Durling, James
Eaton, Richard C.
Edelman, Daniel D.
Erickson, Sonya F.
Faber, Michael R.
Fagan, Joseph H.
Feldman, Leonard J.
Feldstein, Steven R.
Fiala, Marie L.
Fram, Robert D.
Fredericks, Jr., Wesley
Freeman-Gleason, Alison
Freiberg, Charles N.
Fuller, Chad R.
Gamsky, Michael J.
Gavenman, Jon E.
Gibney, Robert L.
Gibson, Nora Lynne
Glass, Todd G.
Goldman, Beth M.
Goldstein, David M.
Goldstein, Richard S.
Greer, George E.
Gregoratos, Barbara
Grew, Christopher A.
Grimm, Richard A.
Gussis, Chrysanthe L.
Gutierrez, Heidi M.
Halbe, Shailendra N.
Hall-Jones, David
Hanish, John

2
300000821.1

Hanley, John W.
Harth, David J.
Haskett, Christine S.
Haslam, Robert T.
Hatch, Marcia A.
Hawk, Robert B.
Hayden, Jonathan P.
Hecker, Peter S.
Hendricks, Sharon J.
Henneberry, Edward
Hixson Jr., Raymond
Hoxie, Timothy G.
Hubbell, Robert B.
Hulse, Brian D.
Hurst, Annette Louise
Jaeger, Charles
Jargiello, David M.
Johnson, Carl B.
Jones, David E.
Joyce, Edward M.
Jurata, John A.
Kaufman, Richard A.
Keeshan, Lawrence W.
Kim, Edward Y.
Kirschner, Kenneth
Kjelland, Kurt M.
Klein, David
Kleinfeld, David E.
Koppel, Steven C.
Lahnborg, Douglas
Landry, John M.
Larrabee, Matthew L.
Leal, Heather N.
Leoanrd-Morgan, Scott
Leskovsek, Natasha V.
Levin, Barry S.
Li, Ying
Loacker, Lynn J.
Luk, Simon
MacCormack, Scott W.
Mahaley, Peri
Maloney, Teresa A.
Mangan, Brendan T.
Marcus, Jeffrey
Markman, Michael M.
Martiniak, Leonard J.

3

Mclean, Anna S.
Medearis, Mark A.
Miller, Keith A.
Miller, Sheryl L.
Milstein, Harold
Mohler, Paul B.
Myers, Martin
Nadler, Carl S.
Nellermoe, Leslie C.
Neuman, K. William.
Niemann, Angela M.
Palmer, Jonathan M.
Parker, Richard L.
Parris, Mark S.
Paulson, David I.
Payson, Kenneth E.
Penfold, Richard
Penwarden, Struan
Percival, Donald E.
Pers, Jessica S.
Phillips, Lori L.
Phillips, Michael
Pierson, Kit A.
Plimack, Michael K.
Plumer, Mark
Popovic, Neil A.
Porter, Daniel
Prout, Christopher A.
Rennert, Stuart M.
Rewinski, Jon L.
Rheaume, Warren J.
Rice-Johnson, Dale A.
Robertson, John W.
Rocco, Victor J.
Rosenfeld, Robert A.
Rosenkranz, J.
Rugen, Michael L.
Russell, Bernard L.
Ryan, Nicole M.
Seddon, Nicholas P.
Sellers, John H.
Shapland, David E.
Sheen, Raymond H.
Shepard, Michael J.
Shuldberg, Kirt W.
Siemens, Reynold L.

4

Silverman, Daniel S.
Skilton, John S.
Smith, Brian D.
Smutny, David F.
Sobin, Sturgis M.
Speyer, James F.
Stoll, Christopher F.
Subhedar, Nitin
Templeman, Blaine
Thayer, M. Patricia
Thompson, Carol L.
Thorp, Michael R.
Titelbaum, Daniel E.
Toner, Kevin J.
Tonsfeldt, Steven J.
Torgerson, James E.
Trodella, Robert A.
Trubitt, Hayden J.
Tucker, Barry J.
Ulin, John C.
Umberger, Michelle M.
Underwood-Muschamp, Laura E.
Van Zant, Amy K.
Venuto Paye, Amy E.
Weeks, Mark B.
Weise, Steven O.
Weiss, Laurence A.
Westrich, Scott A.
Windfeld-Hansen, Mark
Yakren, Aviva
Yang, Ing Loong
Yee, Mavis L.
Young, Stanley
Zhu, Jonathan
Zweifach, Lawrence J.

5

# EXHIBIT "C"

FOX, WANG & MORGAN P.C.
John C. Fox (Bar No. 135668)
jfox@foxwangmorgan.com
Alexa L. Morgan (Bar No. 234911)
amorgan@foxwangmorgan.com
160 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-844-2350
Fax: 408-844-2351

Attorneys for Defendants,
HELLER EHRMAN LLP, HELLER EHRMAN (CALIFORNIA), A PROFESSIONAL
CORPORATION, HELLER EHRMAN (WASHINGTON), P.S., HELLER, EHRMAN, WHITE
& MCAULIFFE (OREGON), P.C., HELLER EHRMAN (ALASKA), P.C., HELLER EHRMAN
(NEW YORK), A PROFESSIONAL CORPORATION, AND HELLER EHRMAN (CHINA),
P.C.

PACHULSKI STANG ZIEHL & JONES LLP
Kenneth H. Brown (Bar No. 100396)
kbrown@pszjlaw.com
John D. Fiero (Bar No. 136557)
jfiero@pszjlaw.com
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Phone: 415-263-7000
Fax: 415-263-7010

Attorneys for Defendant,
HELLER EHRMAN LLP

BLUM COLLINS LLP
Steven A. Blum (Bar No. 133208)
blum@blumcollins.com
Craig M. Collins (Bar No. 151582)
collins@blumcollins.com
707 Wilshire Boulevard, 48th Floor
Los Angeles, California 90017
Phone: 213-572-0400
Fax: 213-572-0401

BLASBERG & ASSOCIATES
Teresa A. Blasberg (Bar No. 105473)
tablasberg@earthlink.net
526 N. Juanita Ave
Los Angeles, CA 90004
Phone: 323-515-3578
Fax: 323-661-2940

Attorneys for Plaintiffs and the Putative Class

FELDERSTEIN, FITZGERALD, WILLOUGHBY & PASCUZZI LLP
Thomas A. Willoughby (Bar No. 137597)
twilloughby@ffwplaw.com
400 Capital Mall, Suite 1450
Sacramento, California 95814-4434

1    Phone:  916-329-7400
     Fax:  916-329-7435

2    Attorneys for Official Committee of Unsecured Creditors
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

HELLER EHRMAN LLP,

Debtor,

Case No. 08-32514
Chapter 11

**ADVERSARY PROCEEDING**
**Ad. Pro. Case No. 09-03058**

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 GRANTING PRELIMINARY APPROVAL RE:**
**(A) SETTLEMENT OF CLASS ACTION CONCERNING WAGE CLAIMS;**
**(B) CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY;**
**(C) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES;**
**(D) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF SETTLEMENT, OBJECTION AND OPT-OUT RIGHTS; AND**
**(E) SCHEDULING DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT**

DEBORA K. BIGGERS, CARL GOODMAN, ANNA SCARPA, and MARJORIE NORRIS, individually, on behalf of all others similarly situated,

Plaintiffs,

vs.

HELLER EHRMAN LLP, a California Limited Liability Partnership; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a California professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (WASHINGTON), P.S., a Washington professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (ALASKA), P.C., an Alaska professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a New

300004280.2
3

York professional corporation; HELLER
EHRMAN (CHINA), P.C., a District of
Columbia professional corporation;
MATTHEW LARRABEE, individually and
on behalf of those similarly situated;
ROBERT HUBBLE, individually and on
behalf of those similarly situated; STEVEN
KOPPEL, individually and on behalf of those
similarly situated; MARIE FIALA,
individually and on behalf of those similarly
situated; MARK WEEKS, individually and
on behalf of those similarly situated; LYNN
LOACKER, individually and on behalf of
those similarly situated; BARRY LEVIN,
individually and on behalf of those similarly
situated; KENNETH CHERNOF,
individually and on behalf of those similarly
situated; LAWRENCE KEESHAN,
individually and on behalf of those similarly
situated; ROBERT ROSENFELD,
individually and on behalf of those similarly
situated; PETER BENVENUTTI,
individually and on behalf of those similarly
situated; and JONATHAN HAYDEN,
individually and on behalf of those similarly
situated,

                    Defendants.

Having considered the proposed Compromise and Settlement Agreement and Exhibits attached thereto (hereinafter collectively "Settlement Agreement"); having considered the Joint Motion for Preliminary Approval of Class Settlement and related relief ("Joint Motion"); having considered the respective points and authorities and declarations in support of the Joint Motion; and good cause appearing:

**THE COURT FINDS** that the proposed settlement, as set forth in the Settlement Agreement, should be preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Settlement Agreement is incorporated by reference and hereby made a part of this Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") and attached hereto as **Exhibit "1."**[1]

**THEREFORE, IT IS HEREBY ORDERED:**

1.     **Preliminary Approval of Proposed Settlement:** The proposed settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by the Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Court specifically finds that:

   A.     There is no evidence of collusion. The proposed settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation. The settling parties engaged in months of negotiations before a settlement was reached, including a face-to-face mediation session before James Tiemstra, Esq., numerous additional discussions, and negotiation and exchange of proposals and counter-proposals in finalizing this settlement.

   B.     The proposed settlement, as set forth in the Settlement Agreement, is sufficient to warrant dissemination of notice to the Plaintiff Class and Defendant Shareholder Class, and to schedule a final fairness hearing. The proposed settlement provides substantial

---

[1] All capitalized terms used in this Order have the meanings specified in the Settlement Agreement, unless otherwise defined.

1   benefits to the Plaintiff Class. The benefits offered by the proposed settlement fall within the

2   range of possible final approval.

3           C.      Before reaching this settlement, the settling parties litigated their claims

4   and defenses in law and motion proceedings. Adversarial litigation and preparation for trial

5   continued up through the settlement.

6           D.      Before reaching this settlement, the settling parties conducted appropriate

7   discovery.

8           E.      The Plaintiff Class is and was at all times adequately represented by Class

9   Representatives and Class Counsel. Class Counsel has fully and competently prosecuted this

10  Class Action. Further, Class Counsel, Counsel for the Committee, and counsel for the respective

11  Debtor, Professional Corporation Defendants, and Defendant Shareholder Class (the Professional

12  Corporation Defendants and Defendant Shareholder Class collectively hereinafter referred to as

13  "non-Debtor Defendants) are experienced trial lawyers with specialized knowledge in the issues

14  implicated by this litigation and class action litigation generally. All counsel are capable of

15  properly assessing the risks, expenses, and duration of continued litigation, including at trial and

16  on appeal. All counsel agree that the proposed settlement represents a reasonable resolution to

17  this matter in light of the various risks and costs to the respective parties of continued litigation.

18      2.      **Definition of Plaintiff Class and Subclasses, Defendant Shareholder Class:**

19          A.      *Classes Defined*.   For purposes of the Settlement Agreement only, the

20  Court certifies the following classes:

21                  Plaintiff Class:   All former employees of Heller Ehrman LLP (the

22                  "Debtor") who worked at or reported to one of the Debtor's facilities

23                  ("Facilities"), and who Heller Ehrman LLP terminated without cause as

24                  part of or as the reasonably expected consequence of the October 10, 2008

25                  decision of mass layoff or plant closing at the Facilities. For convenience,

26                  the names of these "Plaintiff Class Members" in this matter are listed in

27                  **Exhibit A** to the Settlement Agreement. The Plaintiff's Class is made up

28                  of three subclasses:

| | |
|---|---|
| 1 | (1)    The first subclass (the "WARN Classes") is made up of all |
| 2 | employees of the Debtor who the Debtor terminated on, or |
| 3 | within 30 days of, October 10, 2008 pursuant to the |
| 4 | dissolution and mass layoff, and who did not receive 60 |
| 5 | days of notice prior to their termination. The WARN |
| 6 | Classes includes all of the Debtor's employees (secretaries, |
| 7 | paralegals, associates, and administrative personnel) so |
| 8 | terminated other than employees who are not entitled to |
| 9 | participate in the Settlement Agreement because: (i) they |
| 10 | voluntarily resigned from their employment with the |
| 11 | Debtor or were terminated for cause or good reason; or (ii) |
| 12 | they released the Debtor from any and all claims arising out |
| 13 | of their employment other than in connection with the Joint |
| 14 | Plan of Liquidation of Heller Ehrman LLP proposed by the |
| 15 | Debtor and the Committee (the "Plan"); (iii) they did not |
| 16 | work in a Heller Ehrman LLP office that employed at least |
| 17 | 50 full-time employees; or (iv) they suffered no economic |
| 18 | WARN damages as a result of their termination. The |
| 19 | WARN Classes do not include any employees of the |
| 20 | Debtor who held the title "Of Counsel" or "Senior Of |
| 21 | Counsel," unless otherwise identified on **Exhibit A** of the |
| 22 | Settlement Agreement. |
| 23 | (2)    The second subclass (the "Vacation Classes") is made up of |
| 24 | all of the employees of the Debtor who the Debtor |
| 25 | terminated after September 26, 2008 pursuant to the |
| 26 | dissolution and mass layoff that took place on or about |
| 27 | October 10, 2008. The Vacation Classes includes all of the |
| 28 | Debtor's employees (secretaries, paralegals, associates, and |

administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; or (ii) they had no accrued vacation at the time of their termination. The Vacation Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

(3) The third subclass (the "Unpaid Wages Class") is made up of all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff, and who are owed monies in accordance with sabbatical, wage, and/or non-discretionary bonus contracts. The Unpaid Wages Class includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; (ii) they had no contract with the Debtor for wages; (iii) they had no contract with the Debtor for payment of a non-discretionary bonus, or had not satisfied the conditions precedent of such a contract; or (iv) they had no vested sabbatical entitlement. The Unpaid Wages Class does not include any employees of the Debtor who held the title "Of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

Defendant Shareholder Class: All former Shareholders of Heller Ehrman (California), A Professional Corporation; Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; and Heller Ehrman (China), P.C. (collectively, the entities hereinafter referred to as "Professional Corporation Defendants") as of August 11, 2008, or who would be members of the Defendant Shareholder Class as defined in the Amended Complaint in the Action, whether or not such persons are listed on **Exhibit B** to the Settlement Agreement (collectively the "Defendant Shareholder Class").

B.     *Class Period*. The Class Period is from September 26, 2008 through the date of Preliminary Approval of the Settlement as defined below.

C.     *Class Representatives*. Contingent upon final approval of the Settlement Agreement, the Court appoints Plaintiffs Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris (collectively the "Class Representatives") as the Class Representatives of the Plaintiff Class. The Court finds that Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris are adequate Class Representatives and have claims typical of members of the Plaintiff Class.

Contingent upon final approval of the Settlement Agreement, the Court appoints Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel (collectively the "Defendant Shareholder Class Representatives") as the Class Representatives of the Defendant Shareholder Class. The Court finds that Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel are adequate Defendant

1  Shareholder Class Representatives and have defenses typical of members of the Defendant
2  Shareholder Class.

3        D.   *Class Counsel*.  Contingent upon final approval of the Settlement
4  Agreement, the law firm of Blum Collins LLP shall be appointed as class counsel for the
5  Plaintiff Class (hereinafter "Class Counsel").

6        Contingent upon final approval of the Settlement Agreement, the Court finds that the
7  Plaintiff Class is ascertainable, and there are common issues of law and fact as to members of the
8  Plaintiff Class.  Contingent upon final approval of the Settlement Agreement, the Court further
9  finds that a class action is the superior means to resolve this matter.  As such, Class
10 Representatives and Plaintiff Class Members are precluded from filing or prosecuting any other
11 litigation involving the claims released pursuant to the Settlement Agreement while the Court
12 determines the fairness of the Settlement for final approval.

13        3.   **Final Approval/Fairness Hearing:**  A Final Approval/Fairness Hearing will be
14 held on _____, 2010, at _____ a.m. (or on such continued
15 date(s) or time(s) as the Court may direct), in the United States Bankruptcy Court for the
16 Northern District of California, Courtroom 22, the Honorable Dennis Montali presiding.

17        At the Final Approval/Fairness Hearing, the Court will consider all matters set forth in
18 the Settlement Agreement, including: (a) the fairness, reasonableness and adequacy of the
19 proposed settlement, as set forth in the Settlement Agreement; (b) whether the Court should
20 finally approve the proposed settlement, as set forth in the Settlement Agreement; (c) any Class
21 Counsel application for an award of attorneys' fees and reimbursement of costs and expenses;
22 and (d) such other matters as the Court may deem proper and necessary.  Further, the Court will
23 consider approval of the Release as set forth in the Settlement Agreement; entry of a final Order
24 Approving Settlement of this Action in accordance with the terms of the Settlement Agreement;
25 the entry of final judgment and dismissal with prejudice, and the making of any findings
26 regarding all issues related to this settlement and this litigation.

27        Class Counsel shall file their motion for final approval of the proposed settlement, deliver
28 a courtesy copy thereof to Judge Montali, and serve a copy on all other counsel by overnight

1  delivery on or before _____, **2010**.  Debtor's counsel shall file and serve

2  their papers regarding final approval of the settlement on or before _____,

3  **2010**.  Class Counsel may file any reply/response to any objections Plaintiff Class Members may

4  file to the settlement, attorneys' fees and/or incentive award on or before _____,

5  **2010**.  Likewise, the Debtor may file any reply/response to any objections Plaintiff Class

6  Members may file to the settlement on or before _____.

7      4.      **Notice of Settlement:**  The Court hereby approves, as to form and content, the

8  Notice to the Plaintiff Class substantially in the form attached as **Exhibit D** to the Settlement

9  Agreement.  The Court further approves, as to form and content, the Notice to the Defendant

10  Shareholder Class substantially in the form attached as **Exhibit F** to the Settlement Agreement.

11      The Claims Administrator shall provide notice in the matter set forth in Section 13 of the

12  Settlement Agreement to the persons identified on the Plaintiff Class Member List.  Notice will

13  be transmitted on or before _____, **2010**.

14      Any member of the Plaintiff Class who desires to be excluded from the Plaintiff Class,

15  and therefore not bound by the terms of the Settlement Agreement, must submit, pursuant to the

16  instructions set forth in the Notice, a timely and valid written Request for Exclusion ("Opt-Out

17  Form"), to be received no later than_____.

18      Any member of the Defendant Shareholder Class who desires to be excluded from the

19  Defendant Shareholder Class, and therefore not bound by the terms of the Settlement Agreement,

20  must submit, pursuant to the instructions set forth in the Notice, a timely and valid written

21  Request for Exclusion ("Opt-Out Form"), to be received no later than _____.

22      Not later than three (3) days before the Final Approval Hearing, the parties shall file with

23  the Court a report stating the total number of persons that have submitted timely and valid

24  Requests for Exclusion from the Plaintiff Class and the Defendant Shareholder Class, and the

25  names of such persons.  Any member of the Plaintiff Class or Defendant Shareholder Class who

26  elects to be excluded shall not be entitled to receive any of the benefits of the settlement, shall not

27  be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be

28  entitled to object to the settlement or appear at the Final Settlement Hearing.

The Court finds that the Parties' plan for providing notice to the Plaintiff Class and Defendant Shareholder Class described in Sections 13 and 14 of the Settlement Agreement (the "Notice Plan") constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Plaintiff Class and the Defendant Shareholder Class of the pendency of the Class Action, the terms of the Settlement Agreement, and the Final Settlement Hearing, and complies fully with the requirements of Rule 23 of the <u>Federal Rules of Civil Procedure</u>, made applicable to this proceeding by Rule 7023 of the Federal Rules of Bankruptcy Procedure, and any other applicable law.

The Court finds that the Notice Plan is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Plaintiff Class Members and Defendant Shareholder Class of their right to participate in, object to, and appear at the Final Approval/Fairness hearing on the proposed settlement, all as set forth in the Settlement Agreement. The Court further finds that the Notice Plan will adequately inform members of the Plaintiff Class and Defendant Shareholder Class of their right to exclude themselves from the settlement so as not to be bound by the terms of the Settlement Agreement.

The Court further finds that the Notices to the Plaintiff Class and the Defendant Shareholder Class and the transmittal thereof, as provided in the Settlement Agreement, constitutes due and sufficient notice of the Final Approval/Fairness Hearing, the Plaintiff Class Members' and Defendant Shareholder Class' right to object and appear at said hearing, the proposed settlement, the application for attorneys' fees, litigation expenses, and incentive awards, and the other matters set forth in the Settlement Agreement.

**5.** **<u>Proof of Sending Notice of Settlement</u>:** The Claims Administrator shall file and serve, by the same deadline and in the same manner specified for filing and service of documents in support of final settlement approval, *supra*, proof, by affidavit or declaration, of the transmittal of the Notice of to the Plaintiff Class and the Notice to Defendant Shareholder Class in the manner provided in the Settlement Agreement and in this Preliminary Approval Order.

**6.** **<u>Objections</u>:** Any Plaintiff Class Member or Defendant Shareholder Class member who does not submit a valid and timely Opt-Out Form may object to the Settlement Agreement

| | |
|---|---|
| 1 | and/or to Class Counsel's application for attorneys' fees and costs. To have the right to appear |
| 2 | and be heard at the Final Settlement Hearing, either personally or through an attorney retained at |
| 3 | the Plaintiff Class Member's or Defendant Shareholder Class member's own expense, a Plaintiff |
| 4 | Class Member or Defendant Shareholder Class member must file with the Court and serve, no |
| 5 | later than _____, a written notice of intention to appear, together with supporting |
| 6 | papers including a detailed statement of the specific objections made, facts demonstrating that |
| 7 | they are members of the Plaintiff Class or the Defendant Shareholder Class, accompanied by |
| 8 | points and authorities, declarations and any other evidence relied upon by the objecting party. |
| 9 | Only Plaintiff Class Members or Defendant Shareholder Class members who have filed and |
| 10 | served valid and timely notices of intention to appear, together with supporting papers, shall be |
| 11 | entitled to be heard at the Final Approval Hearing. Service of all papers filed with the Court, |
| 12 | shall be served on counsel for the Parties by first-class mail as follows: |
| 13 | **Class Counsel:** |
| 14 | Steven A. Blum, Esq. |
| 15 | Blum Collins LLP |
| 16 | 707 Wilshire Boulevard, 48th Floor |
| 17 | Los Angeles, CA 90017 |
| 18 | **Debtor and Professional Corporation Defendants' Counsel:** |
| 19 | John C. Fox, Esq. |
| 20 | Fox, Wang & Morgan P.C. |
| 21 | 160 W. Santa Clara St., Suite 700 |
| 22 | San Jose, CA 95113 |
| 23 | **Debtor's Bankruptcy Counsel:** |
| 24 | Kenneth H. Brown, Esq. |
| 25 | Pachulski, Stang, Ziehl & Jones LLP |
| 26 | 150 California Street, 15th Floor |
| 27 | San Francisco, CA 94111 |
| 28 | |

**Counsel to Certain Defendant Shareholder Class Members:**

David M. Stern, Esq.

Klee, Tuchin, Bogdanoff & Stern LLP

1999 Avenue of the Stars, 39th Floor

Los Angeles, CA 90067

**Counsel to Certain Defendant Shareholder Class Members:**

Tobias S. Keller, Esq.

Jones Day

555 California Street, 26th Floor

San Francisco, CA 94104

**Counsel for the Creditors' Committee:**

Thomas A. Willoughby, Esq.

Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP

400 Capital Mall, Suite 1450

Sacramento, CA 95814

Any briefs, declarations, evidence, or other matter not properly and timely served pursuant to this Order will not be considered at the Final Approval Hearing. Any Plaintiff Class Member or Defendant Shareholder Class member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, the payment of attorneys' fees and costs, or the Final Settlement Order and Judgment.

Filing of an objection shall not, by itself, preclude or limit any Plaintiff Class Member's right to receive benefits, if any, under the proposed Settlement.

7.  **Continuing Jurisdiction:** For the benefit of the Plaintiff Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure the effectuation thereof in accordance with the proposed settlement, as set forth in the Settlement Agreement, preliminarily approved herein and the related orders of this Court.

300004280.2                                                                                              14

| | |
|---|---|
| 1 | Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of |
| 2 | this Class Action including but not limited to, the fairness of the settlement, the adequacy of |
| 3 | representation by counsel, the amount of attorneys' fees, costs, and litigation expenses to be |
| 4 | awarded Class Counsel, the amount of any incentive compensation to be paid to the Class |
| 5 | Representatives, any claim by any party relating to the representation by counsel of any party in |
| 6 | this action and over all issues related to this settlement including any collateral challenges made |
| 7 | regarding any matter related to this litigation or this settlement or the conduct of any party or |
| 8 | counsel relating to this litigation or this settlement. |
| 9 |         8.    **Continuance of Hearing:** The Court may, for good cause, extend any of the |
| 10 | deadlines set forth in this Order.  The Final Settlement Hearing may, from time to time, be |
| 11 | continued upon Court order. |
| 12 |         9.    **Effect of Non-Approval of Settlement Agreement:**  In the event that the |
| 13 | proposed settlement is not approved by the Court at the Final Settlement Hearing, or in the event |
| 14 | that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all |
| 15 | orders entered in connection therewith shall become null and void, shall be of no further force and |
| 16 | effect, and shall not be used or referred to for any purposes whatsoever in this Class Action, the |
| 17 | bankruptcy case, or in any other case or controversy; in such event the Settlement Agreement and |
| 18 | all negotiations and proceedings directly related thereto shall be deemed to be without prejudice |
| 19 | to the rights of the Parties, who shall be restored to their respective positions as of the date and |
| 20 | time immediately preceding October 8, 2009. |
| 21 | |
| 22 |                   ***END OF ORDER*** |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |