# Exhibit H

To Joint Plan of Liquidation

Case: 08-32514     Doc# 1152-9     Filed: 05/25/10     Entered: 05/25/10 13:55:20     Page 1 of 5

Exit Financing   Term Sheet

Set forth below are the rough terms for the Exit Financing Loan agreement between the Heller Ehrman PCs (collectively the "PCs" and each individually a "PC") as lender and the Heller LLP Estate (acting through Creditors Committee) (the "LLP") as borrower.

.

1. Heller Ehrman (California), on its own behalf and as agent on behalf of the other PCs[1], shall lend to the LLP $3,000,000 under the Exit Financing facility, plus additional amounts as the parties may thereafter agree based on the needs of the LLP Estate and the resources of the PCs. The loan will accrue interest at the rate of 5% per annum, simple, and will be secured by a first priority security interest in the LLP's claims against Bank of America and Citibank (the "Banks"), subject however to the subordination provided in paragraph 2.

2. The Exit Financing Loan will be a recourse loan as to the LLP Estate.  Payment of principal and interest will be deferred for three (3) years, or until recovery is realized on the claim against the Banks, if earlier.  If all claims and potential claims by the Banks against the PCs are eliminated, then $2,000,000 of the principal amount of the loan and accrued interest on that principal amount shall be cancelled.  As to the remaining $1,000,000 plus accrued interest (assuming elimination of claims by Banks against the PCs), said balance shall be forgiven on a percentage basis measured by the number of Shareholders that settle and sign a settlement agreement that provides for a full release of claims against the PCs when compared to the total number of shareholders.   Repayment of the Exit Financing Loan will be subordinate to (a) the pre-existing liens of the Banks; (b) administrative expense claims in the LLP case, and (c) the attorney's fee lien or claim of attorneys retained to pursue the claims against the Banks to the extent of the attorneys' fees attributable to the recovery on such claim (but not on claims against entities other than the Banks). Unless cancelled or otherwise forgiven as

---

[1] This formulation conforms to the definition of Exit Financing Lender in the Plan and Disclosure Statement.

1

provided for above, principal and all accrued interest will be due on the earlier of: (a) the third anniversary of the effective date of the Plan; or (b) one hundred and twenty (120) days after the date that the preference action against the Banks is resolved and any payments due as a result of such resolution are paid (or resolved with no payment due), whether through settlement or judgment.

3. The Exit Financing Loan will be used solely in connection with the funding of the pending Joint Plan of Liquidation (as amended by agreement of the Proponents from time to time, the "Plan"), and funding of the Exit Financing Loan will be conditioned on confirmation of the Plan. The Exit Financing Loan will also be conditioned on agreement on terms of shareholder protections for "Settling Former Shareholders" (as defined in the Plan) acceptable to the PCs. The PCs agree to deposit into the Pachulski Stang Client Trust Account $3,000,000 to be held in trust pending the hearing on confirmation of the Plan. Said amount shall be deposited no less than 10 days prior to the date first set for the hearing on confirmation of the Plan. The funds shall not be released to the estate until entry of an order confirming the Plan. If an order confirming the Plan is not entered within 60 days of the funds being deposited (or such longer time as the PCs may agree in writing in their sole discretion), the funds shall be immediately refunded to the PCs.

4. The LLP shall release the PCs from any claims of any kind that arise out of distributions or payments to the PCs made by the LLP, which distributions were subsequently paid to Settling Former Shareholders (e.g. if Shareholder 1 settles with the LLP and repays to the LLP all or a portion of the disputed amounts distributed or paid to Shareholder 1 through a PC, the PCs will receive a release from the LLP for all distributions and payments, regardless of when made, that went through a PC to Shareholder 1. With respect to Shareholder 2 who has not settled with the LLP, the PCs do not receive a release for any distributions made to the PCs that were then distributed or paid to Shareholder 2). The release provided for under this paragraph shall be contingent upon the PCs obtaining releases from the Banks. As long as the release from the LLP is contingent, the LLP agrees to refrain from commencing any suit or asserting any claims against the PCs unless the banks have commenced suit, or taken other formal action to assert claims, against the PCs.

5. The PCs will release all Settling Former Shareholders of any claims known and unknown (in the above example, Shareholder 1 would receive a general release from the PCs, Shareholder 2 would not).

6.  The LLP shall be responsible to pay at its sole expense the ordinary and reasonable costs of providing administrative services on behalf of the PCs, including but not limited to the services currently provided to the PCs by the LLP's accounting and administrative personnel.  If the LLP is required to provide what it believes to be extraordinary services to the PCs, it shall notify the PCs and identify the services and the costs that it contends are extraordinary.  If the PCs agree that the services are extraordinary and agree to the amount attributable to such extraordinary services, then the agreed amount can be claimed as an offset against the loan balance. If the parties cannot agree after negotiating in good faith (or after one party fails or refuses to negotiate in good faith) either that the subject services are extraordinary, or to their amount, the dispute will be submitted to the bankruptcy court and decided on motion practice.

7. The LLP Estate must require, as a term of any settlements into which it enters (a) with Former Shareholders, retired shareholders and the Banks, and (b) with Estate creditors or obligors in any resolution in which mutual releases are given between such other party and the LLP Estate, full and complete releases by the other settling party in favor of the PCs, the Dissolution Committee and it members, the Liquidation Team, and other related persons and entities, of any claims of such settling party relating in any way to such settling party's dealings or relationships with Heller Ehrman or any of its PCs or the employees or activities of any of them. As to Settling Former Shareholders, the required release will extend to claims against all other Settling Former Shareholders.

8.   In the event that fewer than one-hundred percent (100%) of the former shareholders enter into settlements with the LLP Estate, the parties agree to negotiate in good faith regarding the provisions for repayment and possible cancellation of the balance of the Exit Financing Loan (and related accrued interest) In concept, the balance of the Exit Financing Loan would be cancelled as part of a comprehensive resolution of claims by the LLP Estate against the PCs and vice versa.

9. This agreement is contingent upon bankruptcy court approval by final order, either by separate motion or through the Plan. Any disputes regarding the interpretation of the Exit Financing documents or relating to enforcement of the agreement shall be resolved by the Bankruptcy Court by motion practice.

10. Notwithstanding the provisions of Paragraph 4 above, the Loan shall become all due and payable upon the occurrence of any of the following events: (a) conversion of LLP case, (b) appointment of Trustee, (c) dismissal of LLP case, (d) the filing of a

3

Case: 08-32514   Doc# 1152-9   Filed: 05/25/10   Entered: 05/25/10 13:55:20   Page 4 of 5

motion or adversary proceeding challenging the validity of the lien and said motion or adversary proceeding is not dismissed or withdrawn within twenty (20) days of its filing.


Dated: _____, 2010          _____
                                        Heller Ehrman (California) a Professional
                                        Corporation, Heller, Ehrman, White & McAuliffe
                                        (Oregon), P.C., Heller Ehrman (Washington),
                                        P.C., Heller Ehrman (Alaska), P.C., Heller Ehrman
                                        (New York), a Professional Corporation, Heller
                                        Ehrman (China), P.C.
                                        By Peter J. Benvenutti, a duly authorized
                                        member of the Dissolution Committee


Dated: _____, 2010          _____
                                        Official Committee of Unsecured Creditors by
                                        _____ its _____