John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        mkhatiblou@pszjlaw.com
        tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-32514 |
| Heller Ehrman LLP, | Chapter 11 |
| Debtor. | **FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010** |
| | **Hearing Date** |
| | Date:  Friday, June 25, 2010 |
| | Time:  9:30 a.m. |
| | Place:  United States Bankruptcy Court |
| |        235 Pine Street, |
| |        San Francisco, CA |
| | Judge:  Honorable Dennis Montali |

Case: 08-32514   Doc# 1192   Filed: 06/02/10   Entered: 06/02/10 11:32:00   Page 1 of 29

DOCS_SF:73940.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

# TABLE OF CONTENTS

**I. INTRODUCTION** ........................................................................................................... **2**

    A.    Background ............................................................................................ 2

    B.    Employment of PSZ&J .......................................................................... 2

    C.    Events During the Application Period ................................................... 2

**II. PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED ..... 8**

    A.    Asset Analysis/Recovery ..................................................................... 9

    B.    Asset Disposition ................................................................................. 9

    C.    Bankruptcy Litigation ........................................................................ 10

    D.    Business Operations ........................................................................... 12

    E.    Case Administration ........................................................................... 12

    F.    Claims Administration/Objections ...................................................... 13

    G.    Compensation of Professionals .......................................................... 17

    H.    Executory Contracts ........................................................................... 18

    I.    Financial Filings ................................................................................ 18

    J.    Financing ........................................................................................... 18

    K.    Insurance Coverage ........................................................................... 19

    L.    Non-Working Travel .......................................................................... 19

    M.    Plan and Disclosure Statement .......................................................... 19

    N.    Retention of Professionals ................................................................. 20

    O.    Settlement .......................................................................................... 21

    P.    List of Expenses by Category ............................................................ 22

    Q.    Hourly Rates ...................................................................................... 22

    R.    Professionals and Paraprofessionals .................................................. 23

    S.    Client Review of Billing Statements .................................................. 23

    T.    Notice of Application and Hearing ..................................................... 23

**III. THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW** ................................................................................................. **23**

    A.    Evaluation of Requests for Compensation .......................................... 23

    B.    Section 330(a)(3) Factors ................................................................... 24

    C.    Available Funds ................................................................................. 25

**IV. CONCLUSION** ....................................................................................................... **25**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

DOCS_SF:73260.4

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 11:34:55    Page 2 of 29

# TABLE OF AUTHORITIES

## CASES

*American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*)
  544 F.2d 1291 (5th Cir. 1977) ------------------------------------------------24

*Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*)
  853 F.2d 687 (9th Cir. 1988)------------------------------------------------24

*Jewel v. Boxer*
  156 Cal.App. 3d 171 (1984) ------------------------------------------------11

*Johnson v. Georgia Highway Express, Inc.*
  488 F.2d 714 (5th Cir. 1974)------------------------------------------------24

*Kerr v. Screen Extras Guild, Inc.*
  526 F.2d 67 (9th Cir. 1975)
  *cert. denied*, 425 U.S. 951 (1976) ------------------------------------------24

## STATUTES

11 U.S.C. § 330-------------------------------------------------- 1, 23, 24, 25

11 U.S.C. § 331--------------------------------------------------------1, 23

29 U.S.C. § 2010 -------------------------------------------------------- 10

42 U.S.C. § 2000 ------------------------------------------------------- 24

Cal. Labor Code § 1400 -------------------------------------------------- 10

## OTHER AUTHORITIES

*Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*--- 1, 22, 23

*United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*----------------------------------------- 1

## RULES

Fed. R. Bankr. P. 2016-------------------------------------------------- 1

Fed. R. Bankr. P. 9019--------------------------------------------------21

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

DOCS_SF:73240.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 11:34:30    Page 3 of 29
ii

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") hereby submits the *Fourth Interim Application of Pachulski Stang Ziehl & Jones LLP, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 1, 2010 through April 30, 2010* (the "Application"), in connection with its representation of Heller Ehrman LLP, the above-captioned debtor and debtor in possession (the "Debtor"). For the period commencing on January 1, 2010 and ending on April 30, 2010 (the "Application Period"), the Firm seeks interim approval of compensation totaling $714,319.00 and reimbursement for expenses incurred in the amount of $42,309.98. PSZ&J has already written off $2,835.00 of fees, representing 6.3 hours of time. The Firm also wrote off $2,227.79 in expenses that are not reflected on the bill, comprised of business meals of $406.58, secretarial overtime of $411.89, and miscellaneous items (primarily air fare) of $1,409.32.

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and paraprofessionals during the Application Period and (ii) the amounts requested by the Firm for reimbursement of expenses incurred (by category) during the Application Period are annexed hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of John D. Fiero filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73290.4

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10  1   PAYMENT OF COMPENSATION AND
29

# I.

## INTRODUCTION

**A.   Background**

Heller Ehrman LLP filed a voluntary chapter 11 petition in this Court on December 28, 2008. The case was assigned Case No. 08-32514.

On January 5, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this case pursuant to section 1102 of the Bankruptcy Code.

**B.   Employment of PSZ&J**

PSZ&J is a law firm with offices in San Francisco, Los Angeles, Wilmington and New York. The Firm currently employs approximately 70 attorneys and specializes in business reorganizations, bankruptcy, commercial law and litigation.  The order approving PSZ&J's employment as general bankruptcy counsel to the Debtor was entered on January 22, 2009, and a true and correct copy is attached hereto as **Exhibit B**.

**C.   Events During the Application Period**

The Debtor is winding down its business and affairs, and is no longer engaged in the active practice of law.  Still, a substantial number of tasks remain unperformed that relate to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to former clients.  As part of its wind down efforts, the Debtor is (a) analyzing proofs of claim, (b) negotiating with key creditor constituencies, (c) coordinating and managing the transition of client and firm business records, (d) pursuing the collection of outstanding accounts receivable, and (e) performing a number of bookkeeping, office and administrative services, including support of an extensive factual investigation being conducted by the Committee concerning the circumstances leading to the firm's dissolution.

During the Application Period, the Firm presented the Court with a host of important filings:

On January 5, 2010, the Debtor filed the *Stipulation Reducing and Allowing Claim of Pitney Bowes Global Financial Services (Claim Nos. 244, 245, 1163 and 1164)* (Docket No. 859) and the *Stipulation Reducing and Allowing Claim of CareCounsel L.L.C. (Claim No. 145)* (Docket No. 860).

Case: 08-32514   Doc# 1192   Filed: 06/02/10   Entered: 06/02/10   13:14:47   Page 5 of
DOCS_SF:73940.4
29

On January 12, 2010, the Debtor filed the *Stipulation to Withdraw Proof of Claim Filed by Legal Aid Society of San Diego (Claim No. 913)* (Docket No. 861).

On January 13, 2010, the Court approved by default a stipulation between the Debtor and Ernst & Young, Hynix Semiconductor, and Mosel Vitelic, settling debts owed to the Debtor by those companies. The Court also approved a stipulation between the Debtor and creditor Margaret Rodgers Zahn to withdraw duplicate claim no. 340.

On January 14, 2010, the Court approved a stipulation between the Debtor and AboveNet Communications, Inc. ("AboveNet") to continue the hearing on the *Motion of AboveNet Communications Inc. for Allowance of Administrative Claim Pursuant to 11 U.S.C. §§ 365(d)(5) and 503(a)* (Docket No. 802), filed December 12, 2009. The hearing on this motion was continued to February 25, 2010 (Docket No. 864). On February 11, 2010, the Debtor filed its *Opposition to AboveNet's Motion for Allowance of Administrative Claim* (Docket No. 915), and on February 23, 2010, AboveNet filed a reply to that opposition (Docket No. 938). On February 25, 2010, the Court held a hearing on AboveNet's motion, and on March 1, 2010, the Court issued its *Memorandum Decision on Motion for Allowance of Administrative Claim*, which granted a small portion of the relief sought by AboveNet while denying the vast majority of such relief. On April 15, 2010, the Court entered its order partially granting AboveNet's request for allowance of its claim.

On January 21, 2010 the Court approved the *Debtor's Application to Employ Fox, Wang & Morgan as Special Employment Litigation Counsel, Nunc Pro Tunc to January 1, 2010* (Docket No. 876), filed January 21, 2010.

On January 28, 2010, the Court entered an order granting the *Application to Amend Terms of Employment of Howard Rice Nemerovski Canady Falk & Rabkin, a Professional Corporation, to Allow Retention of a Professional Subject to Requirement of a Final Fee Application Being Filed* (Docket No. 882), filed on January 26, 2010.

On February 11, 2010, the Court entered an order (the "Supplemental Bar Date Order") approving the *Debtor's Motion for Order (1) Establishing New General Bar Date for Affected Creditors, (2) Establishing Interim Administrative Claims Bar Date, and (3) Designating Form and Manner of Notice Thereof* (Docket No. 868), filed January 15, 2010. The Supplemental Bar Date

Case: 08-32514   Doc# 1192   Filed: 06/02/10   Entered: 06/02/10 1... 
DOCS_SF:73020.4
6
3
29

Order set March 19, 2010 as the bar date for (i) proofs of claim filed by creditors affected by the Debtor's Amended Summary of Schedules, filed December 15, 2009 (Docket No. 823), and (ii) administrative claims for amounts incurred in this chapter 11 case through and including December 31, 2009 arising under 11 U.S.C. § 503(b).

On February 11, 2010, the Court entered its *Order Establishing Procedures for Judicial Settlement Conference* (Docket No. 917) with respect to a settlement conference among the Debtor, the Debtor's corporate partners (the "PCs") and certain former shareholders of the PCs.

On February 12, 2010, the Debtor filed the *Stipulation to Withdraw Proof of Claim Filed by City and County of San Francisco (Claim No. 1178)* (Docket No. 920).

On February 12, 2010, the Court entered an order granting the *Debtor's Objection to Unsecured Claim of Jeffrey Frank Rector (Claim 647)* (Docket No. 874), filed January 20, 2010.

On February 23, 2010, the Debtor filed the *Debtor's Objection to Claim of Rouse & Co., International [Claim No. 423]* (Docket No. 934).

On February 23, 2010, the Debtor filed the *Stipulation Reducing and Allowing Claim of Five D's of So. CA., Inc., dba Merry Maids [Claim No. 74]* (Docket No. 936) and the *Stipulation to Withdraw Proof of Claim Filed by Kit Pierson [Claim Nos. 1022 and 1062]* (Docket No. 937).

On February 24, 2010, the Debtor filed the *Stipulation to Withdraw Proof of Claim Filed by Brent N. Rushforth [Claim No. 1068]* (Docket No. 941) and the *Stipulation to Withdraw Proof of Claim Filed By Stuart M. Rennert (Claim No. 1073)* (Docket No. 942).

On February 25, 2010, the Debtor filed the *Debtor's Motion to (A) Reduce and Allow General Unsecured Claim of Neovia Financial PLC (formerly Neteller PLC) [Claim No. 370], and (B) Disallow Scheduled Claim of Ron D. Martin as Duplicative* (Docket No. 944).

On February 25, 2010, the Court heard the interim fee applications of Howard Rice Nemerovski Canady Falk & Rabkin (Docket No. 885), Trucker Huss (Docket No. 887), Bercik & Roberts LLP (Docket No. 888), Olswang LLP (Docket No. 889), Schiff Hardin LLP (Docket No. 890), Adler Law Firm (Docket No. 891), Lovitt & Hannan, Inc. (Docket Nos. 892 and 893), Felderstein Fitzgerald Willoughby & Pascuzzi LLP (Docket No. 896), Development Specialists, Inc. (Docket No. 897), and Pachulski Stang Ziehl & Jones LLP (Docket No. 898), filed between January

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

29, 2010 and February 1, 2010.  On February 26, 2010, the Court entered orders approving these fee applications.  On March 22, 2010, the Court entered a supplemental order approving the travel expenses of a Committee member that was described in the interim fee application of Felderstein Fitzgerald Willoughby & Pascuzzi LLP.

On February 26, 2010, the Debtor filed the *Stipulation Reducing and Allowing Claim of Atthowe Fine Art Services [Claim No. 29]* (Docket No. 946).

On February 26, 2010, the Debtor filed the *Notice of Omnibus Cover Sheet Application for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses (January 2010)* (Docket No. 947).

On March 1, 2010, the Court entered an order approving the *Debtor's Application to Further Expand the Scope of Lovitt & Hannan's Retention As Special Counsel, Nunc Pro Tunc to January 26, 2010* (Docket No. 929), filed February 22, 2010.

On March 3, 2010, the Court entered an order granting the Debtor's *Motion Pursuant to Bankruptcy Rule 9019(A) for Approval of Settlement and Compromise with Lawyers' Committee For Civil Rights* (Docket No. 903), filed February 4, 2010, that settled Claim Number 133-1 and the *Objection to Claim Number 133-1 Filed by Claimant Lawyers' Committee for Civil Rights* (Docket No. 872), filed by the Debtor on January 19, 2010.

On March 19, 2010, Eichstaedt and Devereaux, LLP (Docket No. 998), Barger & Wolen LLP (Docket No. 1000), and Wondie Russell (Docket No. 1002) filed interim fee applications, and Eichstaedt and Devereaux, LLP filed an amendment to its second interim fee application (Docket No. 1006).  The Court held hearings on these applications on May 14, 2010 and entered orders approving them on May 26, 2010.  Wondie Russell filed a supplemental application (Docket No. 1146) on May 21, 2010, which is set for hearing on June 11, 2010.

On March 25, 2010, the Court entered an order approving *Debtor's Motion (I) for Approval of the Claims Prosecution Memorandum of Understanding; and (II) to Designate the Official Committee of Unsecured Creditors as the Representative of the Bankruptcy Estate for Certain Litigation* (Docket No. 990), which was heard on shortened notice on March 16, 2010.

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10    Page 8 of 29

On March 26, 2010, the Court entered an order (Docket No. 1021) partially granting the *Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Manatt, Phelps & Phillips, LLC [for the Period December 28, 2008 Through December 31, 2009]* (Docket No. 965) (the "Manatt Final Fee Application"). On April 5, 2010, Manatt, Phelps & Phillips, LLC supplemented the Manatt Final Fee Application (Docket No. 1048), and on April 8, 2010, the Court entered an order approving the fees and expenses requested therein on a final basis (Docket No. 1059).

On March 29, 2010, the Debtor filed the *Amended Notice of Compromise Of Controversy with Aperto Networks, instantservice.com, Litel Instruments, Joseph Caracciolo, LLOG Exploration and Targeted Growth, and Opportunity for Hearing* (Docket No. 1020). This compromise was later the subject of a motion for approval (Docket No. 1111) filed May 3, 2010, which was approved pursuant to an order entered on May 4, 2010.

On March 29, 2010, the Debtor filed the *Debtor's Objection to Claim of Griffith Hack Lawyers* (Docket No. 1023).

On March 30, 2010, the Debtor filed stipulations to allow the claim of Luxor Cabs (Docket No. 1025) and withdraw the claims of Leigh Isaacs (Docket No. 1026) and Robert J. Dugan (Docket No. 1027).

On March 31, 2010, the Debtor filed a stipulation to withdraw the claim of Orrick, Herrington & Sutcliffe LLP (Docket No. 1030).

On March 31, 2010, the Court entered an order granting the Debtor's *Motion Pursuant to Bankruptcy Rule 9019(A) for Approval of Settlement and Compromise Regarding Attorneys' Fees and Costs in the SSA Matter* (Docket No. 986), filed March 8, 2010.

On March 31, 2010, the Debtor filed the *Notice Regarding Omnibus Cover Sheet Application for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses (February 2010)* (Docket No. 1029).

On March 31, 2010 the Debtor filed the *Joint Plan of Liquidation of Heller Ehrman LLP (March 31, 2010)* (Docket No. 1031) (the "Plan"), the *Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (March 31, 2010)* (Docket No. 1033) (the "Disclosure

DOCS_SF:73490.4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

Statement"), and the *Notice of Hearing to Consider Approval of Disclosure Statement Dated March 31, 2010* (Docket No. 1034). The hearing to consider approval of the Disclosure Statement was originally set for May 5, 2010, and was subsequently continued to May 14, 2010. On April 2, 2010, the Court entered its *Order Establishing Procedures for Disclosure Statement Hearing and Confirmation Hearing*. During the Application Period, objections to the Disclosure Statement were filed by: former shareholders of the PCs Thomas M. Donnelly, Deborah Saxe, and Randall Schai (Docket No. 1099), certain retired shareholders of the PCs (Docket No. 1100), MPC Insurance, Ltd. (Docket No. 1101), and Bank of America, N.A. (Docket No. 1103), which objection was joined by Citibank, N.A. (Docket No. 1104).

On April 2, 2010, the Court entered an order approving the *Debtor's Application to Employ BZ Resources as its Special Electronic Document Review Counsel* (Docket No. 1015), filed on March 25, 2010.

On April 5, 2010, the Committee filed the *Application to Employ McGrane Greenfield LLP as Special Litigation Counsel and to Approve a Combination Flat Fee and Contingency Fee Agreement Under Section 328 of the Bankruptcy Code* (Docket No. 1049), which was objected to by the United States Trustee (Docket No. 1061) and Bank of America, N.A. (Docket No. 1063). On April 13, 2010 the Court held a hearing on the application on shortened notice, and the Court entered an order approving the application on May 4, 2010.

On April 14, 2010, the Debtor filed the *Motion to Sell Furniture, Fixtures, Equipment and Artwork Free and Clear of Liens, Claims, Encumbrances and Other Interests* (Docket No. 1068), the *Debtor's Motion to Approve Compromise of Controversy with Former Washington, D.C. Landlord* (Docket No. 1069), and a motion to shorten time with respect to both hearings (Docket 1070). The Court heard both motions on April 23, 2010, and on April 26, 2010, it entered the *Order Approving Sale of Furniture, Fixtures, Equipment and Artwork to Former Washington, D.C. Landlord Free and Clear of Liens, Claims, Encumbrances and Other Interests* (Docket No. 1094) and the *Order Approving Compromise of Controversy With Former Washington, D.C. Landlord* (Docket No. 1095).

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73400.9

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10    7     of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

On April 21, 2010, the Court entered the *Agreed Order Establishing Procedures for Judicial Settlement Conference* (Docket No. 1081), approving the procedures for the settlement conference among the Debtor, the Committee, the PCs, and certain retired shareholders of the PCs.

During the Application Period, the Debtor filed operating reports covering the periods of December 2009 (Docket No. 905), January 2010 (Docket No. 988), and February 2010 (Docket No. 1022).

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J has classified all services performed for which compensation is sought into categories. PSZ&J attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case implicate multiple categories, services pertaining to one category may occasionally be included in another. As a firm, PSZ&J has established the following billing categories:

- Asset Analysis/Recovery
- Asset Disposition
- Bankruptcy Litigation
- Business Operations
- Case Administration
- Claims Admin/Objections
- Compensation of Professionals
- Executory Contracts
- Financial Filings
- Financing
- Insurance Coverage
- Non-Working Travel
- Plan & Disclosure Statement
- Retention of Professionals
- Settlement

**Exhibit C** hereto provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73760.9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

**A.      Asset Analysis/Recovery**

Time billed to this category primarily relates to the review and analysis of the issues presented by the estate's claims against third parties and the collection of accounts receivable.

PSZ&J prepared and filed proofs of claim in the bankruptcy cases of several third parties, including GPX International, BADX, Hypermed, Pulse Pink, Sharper Image, and EPV Solar. Members of PSZ&J continue to monitor these bankruptcy cases, and the Firm maintains a tracking chart to follow the status of these claims. In addition, PSZ&J conferred with the Debtor about collection strategies for a number of accounts receivable.

**Total Hours 17.40 / Total Fees $7,586.00**

**B.      Asset Disposition**

Time billed to this category relates to the legal work necessary to effect the disposition of certain of the Debtor's assets. During the Application Period, the Firm's efforts focused on negotiating a settlement of most issues relating to the Debtor's multi-year lease with the former landlord of its Washington, D.C. office (the "Former Washington Landlord") that included the sale of the Debtor's furniture, fixtures, equipment and artwork in the premises.

PSZ&J negotiated a settlement agreement with the Former Landlord and then prepared the Debtor's *Motion to Sell Furniture, Fixtures, Equipment and Artwork Free and Clear of Liens, Claims, Encumbrances and Other Interests* (Docket No. 1068) (the "Sale Motion") and the *Debtor's Motion to Approve Compromise of Controversy with Former Washington, D.C. Landlord* (Docket No. 1069) (the "Compromise Motion").

Because the Former Landlord executed a new lease for the premises that required an expedited schedule, PSZ&J spent a considerable amount of time seeking court approval for a hearing on shortened notice (Docket No. 1073). Pursuant to Local Bankruptcy Rule 9006-1(c)(4), members of PSZ&J contacted each of the parties that may have held liens, claims, encumbrances, or other interests in the personal property the Debtor sought to transfer to determine if they objected to setting the hearing on the Sale Motion on shortened notice.

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73200.9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

Mr. Kapur prepared for and participated in the April 23, 2010 hearing on the Sale Motion and the Compromise Motion, which were granted by the Court pursuant to an order entered on April 26, 2010.

**Total Hours 77.50 / Total Fees $36,676.00**

**C.** **Bankruptcy Litigation**

This category primarily relates to services provided in connection with: (i) the Biggers AVP; (ii) the Shareholder Mediation; (iii) the Claims Prosecution Memorandum of Understanding; and (iv) several smaller individual matters.

**(i)** **Biggers AVP**

The Debtor faces multiple claims based on its alleged failure to provide adequate notice of employment terminations under the federal and state Worker Adjustment and Retraining Notification Acts, 29 U.S.C. § 2010 et seq. and California Labor Code § 1400 et seq., respectively (collectively, the "WARN Act"). In April 2009, three former employees who purport to sue on behalf of all similarly situated former employees filed the Biggers AVP against the Debtor, 13 Former Shareholders (each in their individual capacity and in their representative capacity on behalf of a purported defendant class consisting of all shareholders as of August 11, 2008), and a number of the professional corporations that are the Debtor's partners. During March and April 2009, counsel representing the plaintiffs in the Biggers AVP filed a "class claimant" proof of claim seeking unpaid wages and WARN Act damages, as well as at least 84 individual proofs of claim against the Debtor, of which approximately 80% seek WARN Act damages.

During the Application Period, the Firm worked with the Debtor's special employment litigation counsel, the Dissolution Committee, and the Debtor's co-defendants in an effort to resolve the WARN Act claims. Members of PSZ&J have reviewed numerous proofs of claims, conducted legal research, drafted motions, and participated in meetings and conference calls with the Debtor and other interested parties to analyze and respond to these claims. Members of PSZ&J participated in negotiations of the settlement agreement, which was preliminarily approved by the Court on April 5, 2010. Following the entry of the preliminary approval order, PSZ&J helped draft notices to more than 800 former employees and responded to numerous inquiries from potential class members. The

FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73090.9

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 10:... of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1    "opt out" period has now run, with less than a dozen class members declining to participate in the

2    settlement. The final approval hearing is set for July 8. 2010.

3           **(ii)**      **Shareholder Mediation**

4        On or about April 21, 2009, the Court entered its *Order Granting the Official Committee of*

5    *Unsecured Creditors' Motion for Order Authorizing the Creditors' Committee to Pursue Certain*

6    *Estate Causes of Action* (Docket No. 366), which authorized the Committee to pursue certain causes

7    of action on behalf of the estate that arose from or related to claims against Former Shareholders and

8    successor firms, including claims pursuant to the partnership doctrines set forth in *Jewel v. Boxer*,

9    156 Cal.App.3d 171 (1984). The Committee is currently pursuing negotiated recoveries from

10    Former Shareholders, and PSZ&J has assisted the Debtor in playing its role as honest broker

11    throughout those negotiations – including before and during the settlement conferences held with

12    Judge Newsome on October 30, 2009, November 16, 2009, March 1, 2010 and April 30, 2010.

13        The Shareholder Mediations continue, and are the subject of a pending confidentiality order.

14           **(iii)**      **Claims Prosecution Memorandum of Understanding**

15        PSZ&J worked with the Committee and Dissolution Committee to establish a protocol for

16    the Committee's selection of counsel to prosecute certain estate claims and to designate the

17    Committee as the representative of the Debtor's bankruptcy estate with regard to certain litigation.

18    PSZ&J drafted the Claims Prosecution Memorandum of Understanding (the "Claims Prosecution

19    MOU") and negotiated with the Committee to establish the scope of the Committee's authorization

20    to pursue estate causes of action so that all these matters could be concluded prior to the filing of the

21    pending plan of reorganization.

22        Because the Committee was engaged in an expedited request for proposal process to select

23    counsel to pursue certain third-party claims, the Debtor prepared an *ex parte* application seeking a

24    shortened notice period for a hearing on the Claims Prosecution MOU. The *Debtor's Motion (I) for*

25    *Approval of the Claims Prosecution Memorandum of Understanding; and (II) to Designate the*

26    *Official Committee of Unsecured Creditors as the Representative of the Bankruptcy Estate for*

27    *Certain Litigation* (Docket No. 990) was heard on March 16, 2010 and subsequently approved

28    pursuant to an order entered on March 25, 2010. The Court previously authorized the Committee to

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 11:14:30    Page 14 of 29
DOCS_SF:73269.9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1   pursue certain estate causes of action, and its order granting the Committee standing to purse all of

2   the subject litigation has promoted efficient administration of the estate, avoided duplication of

3   efforts, and ameliorated concerns about possible conflicts of interest regarding the Debtor's ability to

4   bring claims against former shareholders and clients.

5                    **(iv)    Other Matters**

6           The Firm assisted in settling several smaller matters during the Application Period, including

7   settlements with the Debtor's co-counsel regarding attorneys' fees and costs in a successful

8   challenge to the Social Security Administration's (the "SSA") practices in communicating with the

9   visually impaired (Docket No. 986). Pursuant to the compromise reached in the SSA fee settlement

10  matter (the "SSA Matter"), PSZ&J assisted the Debtor obtain court approval for a settlement that

11  yielded approximately $2,092,377 for the benefit of the estate.

12          Time in this category also reflects Ms. Guillou's preparation for and participation in weekly

13  conference calls with the Committee and other professionals regarding the status of pending

14  litigation in the case.

15                  **Total Hours 318.30 / Total Fees $175,560.50**

16  **D.   Business Operations**

17          Time billed to this category primarily relates to conducting research, drafting correspondence

18  and preparing filings for the California Secretary of State to facilitate the transfer of the identity of

19  the registered agent for service of process for (i) Heller Ehrman LLP, (ii) The Heller Ehrman White

20  & McAuliffe Charitable Foundation, and (iii) Heller Ehrman (California), a professional corporation.

21                   **Total Hours 3.10 / Total Fees $1,050.50**

22  **E.   Case Administration**

23          Time billed to this category relates primarily to administrative matters, including, without

24  limitation: meetings of the Debtor's Dissolution Committee; reviewing the docket; maintaining a

25  critical dates calendar for the case; communicating with the Court, the United States Trustee, the

26  Debtor, other professionals and other case constituents and interested parties regarding issues

27  relating to the administration of the case; and performing other miscellaneous services related

28  thereto.

DOCS_SF:73260.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

A majority of the time spent on Case Administration tasks relates to the weekly meetings held by the Dissolution Committee. The Dissolution Committee has met at least once a week for approximately two hours at a time since the case began. Each week, Mr. Fiero and Mr. Kapur of PSZ&J confer about the status of the case, prepare meeting agendas and presentations for the calls, and participate in those meetings. Other members of the Firm participate when they are called upon to address issues within their area of expertise. Because three out of the four Dissolution Committee members have joined new law firms and have commitments outside of the case, these meetings serve a critical case management role because they provide a reliable forum for the Dissolution Committee members to discuss the latest developments in the case with one another and Mr. Fiero and Mr. Kapur. Given the ongoing plan negotiations, collection efforts, asset dispositions, Shareholder Group inquiries, and other tasks related to the Debtor's wind down, these meetings require significant preparation and involve lengthy discussions to develop strategies and make decisions about a range of issues.

Time billed in this category included PSZ&J's efforts to negotiate and draft a model settlement agreement between the estate and former shareholders who may settle their claims against the estate.

Case administration also involves a variety of miscellaneous tasks undertaken by the Firm, such as updating the memorandum of critical dates on a regular basis, reviewing and revising monthly operating reports, responding to inquiries and reviewing the Schedules of Financial Affairs, updating the master mailing matrix, and conferring with the United States Trustee and opposing counsel regarding the settlement of various lawsuits.

**Total Hours 142.50 / Total Fees $73,186.00**

### F.     Claims Administration/Objections

Time billed to this category relates to analyzing proofs of claim, performing research on claims, responding to creditor inquiries regarding claims, preparing for and participating in settlement conferences with former shareholders of the PCs, and establishing deadlines for filing certain types of proofs of claims in the case. More than 1,100 claims have been posted to the claims register, and reviewing these claims requires diligent efforts. The Firm has fielded a number of

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

inquiries from creditors and the Dissolution Committee regarding the status of filed claims, late-filed claims, the claim objection process, and projections for recoveries.

### (i) Analysis of Individual Proofs of Claim

At the request of the Committee, the Firm is endeavoring to file as many appropriate claim objections as possible, as soon as possible. The Firm is analyzing proofs of claim where prepetition claims do not match the Firm's books and records and researching the underlying bases for various claims. The types of claims that have been reviewed during the Application Period include, without limitation: claims of former shareholders of the PCs, landlords' 502(b)(6) claims, claims of certain prepetition service providers, a claim filed by the Administrator for the estate of Heller Ehrman (Europe), claims filed by charitable organizations, tax claims, attorneys' fees claims, malpractice claims and insurance coverage thereof, employee benefit claims, and miscellaneous other contract claims. In many cases, PSZ&J has performed legal research in connection with the Debtor's defenses to certain proofs of claim that exceeded the Debtor's books and records or the Debtor's projections.

### (ii) Stipulations Withdrawing or Reducing and Allowing Claims

In some cases, the Debtor's disputes with claimants have been resolved consensually. In these cases, PSZ&J performed research of the claims and then engaged in diligent negotiations with creditors. These efforts often have led to stipulations between the Debtor and the potential creditor pursuant to which creditors have withdrawn or reduced their claims. More than 15 such stipulations or withdrawals have been filed with the Court during this period resolving over 20 claims with the following creditors:

- Pitney Bowes Global Financial Services (Claim Nos. 244, 245, 1163 and 1164) [Docket No. 859];

- CareCounsel L.L.C. (Claim No. 145) [Docket No. 860];

- Legal Aid Society of San Diego, Inc. (Claim No. 913) [Docket No. 861];

- Margaret Zahn (Claim No. 340) [Docket No. 862];

- Hartford Fire Insurance Company (Claim Nos. 259 and 264) [Docket Nos. 880 and 1087, respectively]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73200.9

Case: 08-32514   Doc# 1192   Filed: 06/02/10   Entered: 06/02/10 14:25:09   Page 17 of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

- City and County of San Francisco (Claim No. 1178) [Docket No. 920];

- Five D's of So. CA., Inc., dba Merry Maids (Claim No. 74) [Docket No. 936];

- Kit Pierson (Claim Nos. 1022 and 1062) [Docket No. 937];

- Brent N. Rushforth (Claim No. 1068) [Docket No. 941];

- Stuart M. Rennert (Claim No. 1073) [Docket No. 942];

- Atthowe Fine Art Services (Claim No. 29) [Docket No. 946];

- Luxor Cabs (Claim No. 53) [Docket No. 1025];

- Leigh Isaacs (Claim No. 1199) [Docket No. 1026];

- Robert J. Dugan (Claim No. 307) [Docket No. 1027]; and

- Orrick, Herrington & Sutcliffe LLP (Claim Nos. 825 and 827) [Docket No. 1030].

The Firm is engaged in ongoing discussions with creditors concerning the potential consensual resolution of claims.

### (iii) Objections

In some cases, the Firm has not been able to consensually resolve claim disputes. As a result, PSZ&J filed several claim objections during the Application Period.

A dispute arose between the Debtor and AboveNet regarding AboveNet's motion for an administrative claim pursuant to sections 365(d)(5) and 503(b) of the Bankruptcy Code (Docket No. 802). The Firm attempted to negotiate an out-of-court settlement, but was unable to agree with AboveNet regarding its administrative expense claim. AboveNet sought to impose an administrative expense claim of $162,394 for post-petition, pre-rejection charges arising under a document entitled General Terms and Conditions to the Master Products and Services Agreement (the "Master Agreement"), which AboveNet defined as a "Lease." PSZ&J reviewed the Debtor's contracts with AboveNet and demonstrated to the Court that the Master Agreement was not a "lease" and that the Debtor's liability was limited to a much smaller amount pursuant to Bankruptcy Code section 365(d)(5).

The Firm also prepared an objection to Claim Number 133-1 filed by the Lawyers' Committee for Civil Rights ("LCCR"). LCCR's claim stemmed from a gift pledged by the Debtor in connection with a pro bono matter. PSZ&J tried unsuccessfully to resolve the dispute, and filed

DOCS_SF:73490.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

an objection that the Debtor's promised gift was unenforceable and should be disallowed in its entirety. As a result of the Debtor's objection to the LCCR claim, the Debtor and LCCR entered settlement negotiations and reached a compromise that was approved by the Court.

Similarly, PSZ&J prepared objections to claims filed by Jeffrey Frank Rector [Claim 647] (Docket No. 874), Rouse & Co., International [Claim No. 423] (Docket No. 934), and Griffith Hack Lawyers (Docket No. 1023).

### (iv)    Settlement Conferences with Former Shareholders of the PCs

Several former shareholders of the PCs have asserted unique claims against the estate that have led to settlement conferences with the Debtor. PSZ&J has conferred with the Dissolution Committee, Creditors Committee and DSI regarding the merits of these claims, drafted mediation briefs, and on several occasions prepared for and participated in settlement conferences with former shareholders.

### (v)    Bar Date Notices

PSZ&J assisted the Debtor establish a new deadline for creditors listed on the amended Schedules B, E and F of the Debtor's Schedules of Assets and Liabilities (the "Supplemental Bar Date for Affected Creditors") and an interim deadline for parties to file all claims for administrative expenses incurred in this chapter 11 case through and including December 31, 2009 (the "Interim Administrative Claims Bar Date"). The new bar dates have facilitated the wind up and administration of the estate by helping the Debtor determine the total amount, number, and types of claims that are asserted against the estate. Because more than one dozen professionals have been employed in this case since the Petition Date, the Interim Administrative Claims Bar Date, in particular, has informed plan negotiations and enabled the Debtor estimate the amount of reserves that may be required under a plan to pay these expenses.

The Firm drafted *Debtor's Motion for Order (1) Establishing New General Bar Date for Affected Creditors, (2) Establishing Interim Administrative Claims Bar Date, and (3) Designating Form and Manner of Notice Thereof* (Docket No. 868), as well as the notices sent to the affected creditors and potential administrative claimants. After the Court granted the Motion, PSZ&J

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73200.9

Case 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 16:38:05    Page 19 of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

coordinated service of the notices to hundreds of parties and responded to numerous inquiries regarding the new deadlines.

**Total Hours 461.20 / Total Fees $241,733.50**

**G.   Compensation of Professionals**

Time billed to this category primarily relates to the monthly cover sheet applications, the third interim fee applications, and the Firm's preparation for and coordination of other appearances at the hearing on third interim fee applications that took place on February 25, 2010.

The Firm serves as this case's leader for the processing of requests for payment of professional fees and reimbursement of expenses.  The Firm sends regular reminders to professionals about fee application deadlines, helps professionals correct errors and omissions, coordinates the filing and service of monthly cover sheet applications and quarterly applications, and prepares and files notice of fee application hearings.  During the Application Period, the Firm prepared and assisted other professionals in the preparation of monthly cover sheet applications for December, January, February and March, as well as the third round of interim fee applications.  The Firm also answered questions regarding the preparation of "catch-up" applications covering the period ended December 31, 2009, for which applications for payment of administrative expenses were due by the Interim Administrative Claims Bar Date.  Specifically, the Firm assisted in the preparation and filing of a "catch-up" application for Wondie Russell, and an amended second interim application for Eichstaedt & Devereaux, LLP.  The Firm also prepared for the hearing on third interim fee applications and helped professionals with telephonic appearances and other questions regarding the hearing and payment procedures.

With more than a dozen professional firms employed in this case, even brief consultations with professionals regarding the four monthly applications and the third interim fee application add up to a significant amount of time.  Furthermore, some recently-employed professionals were unfamiliar with the fee application process in bankruptcy cases, and the Firm assisted them with regard to the fee application procedures and deadlines.

**Total Hours 86.60 / Total Fees $33,546.00**

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

**H.    Executory Contracts**

Time billed to this category primarily relates to the analysis of and opposition to AboveNet's motion for allowance of an administrative claim and legal research regarding Bankruptcy Code section 503(b) claims asserted by AboveNet and the Debtor's Former Washington Landlord.  Details regarding the AboveNet motion are discussed above in Paragraph F (iii).

With respect to the Former Washington Landlord's section 503(b) claims, the Former Washington Landlord informally asserted a claim against the Debtor for several hundred thousand dollars for storage costs with respect to the personal property that remained on the premises since late October, 2008 when the Former Washington Landlord took possession of the premises.  The Firm conducted research regarding post-rejection storage charge claims in connection with the settlement negotiations with the Former Washington Landlord.

**Total Hours 30.00 / Total Fees $18,421.00**

**I.    Financial Filings**

Time billed to this category primarily relates to PSZ&J's efforts to respond to inquiries regarding the amendments to the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs.

In the context of the Biggers AVP, it became apparent that the Debtor's original calculations regarding its former employees' unsecured and priority claims required re-examination.  As a result, on December 15, 2009 the Debtor filed amendments to Schedules E and F (Docket No. 823) and also amended and restated its response to Items 3c and 23 in the Statement of Financial Affairs.  The amendments and the Supplemental Bar Date for Affected Creditors sparked a number of inquiries by former employees who sought a better understanding of how the claim amounts were calculated.  Members of PSZ&J coordinated with the Debtor's staff to respond to these inquiries.

**Total Hours 7.40 / Total Fees $2,259.50**

**J.    Financing**

During the Application Period, the Debtor and Committee considered obtaining debtor in possession financing to help fund the plan of liquidation.  Members of PSZ&J drafted a DIP term

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1    sheet and note when this opportunity was being evaluated. This financing has since evolved into the

2    exit financing contemplated by the Plan.

3    **Total Hours 8.40 / Total Fees $4,123.00**

4    **K.**    <u>**Insurance Coverage**</u>

5    On November 2, 2009 and April 28, 2010, MPC Insurance, Ltd. ("MPC") filed objections to

6    the adequacy of the proposed disclosure statement (Docket Nos. 740 and 1101), on the grounds that

7    it was misleading and deficient in describing how the malpractice claimants would be treated under

8    the plan of liquidation. As a result, the Firm has spent time reviewing the issues raised by MPC's

9    objections and the treatment afforded potential malpractice claimants. Members of PSZ&J also

10    analyzed the Debtor's malpractice insurance policy and examined the impact of the Debtor's

11    bankruptcy on the Self Insured Retention and aggregate claim limits. Finally, the Firm modified the

12    treatments of malpractice claims as provided in the Plan, as well as creating a secured claimant class

13    for the disputed secured claim of MPC.

14    **Total Hours 10.30 / Total Fees $7,467.50**

15    **L.**    <u>**Non-Working Travel**</u>

16    Time billed to this category reflects non-working travel time for members of PSZ&J to attend

17    hearings and meetings in San Francisco. The Debtor has been billed at one-half the attorney's

18    normal billing rate for these time entries.

19    **Total Hours 15.00 / Total Fees $4,357.50**

20    **M.**    <u>**Plan and Disclosure Statement**</u>

21    Time billed to this category primarily relates to discussions with shareholder groups about

22    mediation with the Committee, negotiations with the Committee regarding terms of the Plan, the

23    preparation and filing of a Plan and Disclosure Statement on March 31, 2010, and responding to

24    comments from the Court and creditors regarding the adequacy of the information contained in the

25    Disclosure Statement.

26    During the Application Period, the Debtor, in connection with the Committee, filed a Plan

27    (Docket No. 1031) and Disclosure Statement (Docket No. 1033) on March 31, 2010. Objections to

28    the Disclosure Statement were filed during the Application Period by: former shareholders Thomas

DOCS_SF:73400.9    19

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1 M. Donnelly, Deborah Saxe, and Randall Schai (Docket No. 1099), several "Vested Retirees" (as

2 defined in their objection) (Docket No. 1100), MPC (Docket No. 1101), and Bank of America, N.A.

3 (Docket No. 1103), which objection was joined by Citibank, N.A. (Docket No. 1104). The Firm

4 spent a great deal of time reviewing, revising, and negotiating the terms of the Plan and Disclosure

5 Statement. PSZ&J also reviewed the various objections that were filed and conferred with the

6 objectors to resolve their concerns.

7      Another important task involved correction of service lists. Members of PSZ&J identified

8 discrepancies between the Firm's master service list and the service list maintained by the Court.

9 Consequently, the Firm undertook a detailed review of the service lists to ensure the proper parties

10 were served in accordance with the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy

11 Rules, and the stated wishes of many creditors who had contacted the Firm, but not the Court

12 regarding their service wishes.

13               **Total Hours 160.40 / Total Fees $89,318.00**

14 **N.**     **Retention of Professionals**

15      During the Application Period, the Firm prepared employment applications for the following

16 professionals employed by the estate:

17      (i) BZresources, as the Debtor's special document review counsel (Docket No. 1015). The

18 employment application for this firm was filed March 25, 2010 and requested authority for

19 document review counsel to assist Lovitt & Hannan, Inc. on the first phase of document review

20 regarding various matters for which Lovitt & Hannan, Inc. has been retained. BZresources's

21 employment was not opposed, and was approved by the Court on April 2, 2010; and

22      (ii) Fox, Wang & Morgan, PC, as the Debtor's special employment litigation counsel

23 (Docket No. 876). The employment application for this firm was filed January 21, 2010. Prior to

24 the Petition Date, the Debtor had retained Manatt, Phelps & Phillips LLP ("Manatt") as its

25 employment litigation counsel to represent it in various lawsuits that had been filed by the Debtor's

26 former employees against the Debtor. John C. Fox was the primary attorney at Manatt who provided

27 services to the Debtor. Effective January 1, 2010, however, John C. Fox resigned from Mannatt and

28 formed Fox, Wang & Morgan PC. Therefore, the Debtor moved for Court approval to employ Fox,

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73260.7

Case: 08-32514     Doc# 1192     Filed: 06/02/10     Entered: 06/02/10 14:21:43     Page 23
of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1  Wang & Morgan, PC, in place of Manatt.  Fox, Wang & Morgan, PC's employment was approved

2  on January 1, 2010 (Docket No. 877).

3       The Debtor also moved to expand the scope of Lovitt & Hannan, Inc.'s retention as Special

4  Counsel (Docket No. 929) on February 22, 2010 to include the prosecution of the Debtor's rights to

5  recover its attorneys fees and costs in the SSA Matter.  The expansion of Lovitt & Hannan, Inc.'s

6  was unopposed and was approved by an order of this Court on March 1, 2010 (Docket No. 949).

7  **Total Hours 24.20 / Total Fees $13,214.50**

8  **O.**    <u>**Settlement**</u>

9       Time billed to this category relates largely to gaining approval of settlements reached with

10  former clients who owed the Debtor substantial amounts for unpaid legal fees.  In this regard,

11  the Firm worked closely with the Debtor's special collections counsel, The Adler Law Firm, to

12  properly document and obtain Bankruptcy Court approval of the compromises with (i) Ernst &

13  Young LLP, Hynix Semiconductor, Inc., and Mosel Vitelic, Inc. (Docket No. 863), and (ii) Aperto

14  Networks, instantservice.com, Litel Instruments, Joseph Caracciolo, Llog Exploration and Targeted

15  Growth (Docket No. 1020).  In connection with each settlement, the Firm worked with the Adler

16  Law Firm to obtain the background of each of the matters and the terms of the proposed settlements.

17  At special counsel's request, the Firm also reviewed and revised the settlement agreements.  Once

18  sufficient information was obtained, the Firm prepared the Bankruptcy Rule 9019 notices and the

19  subsequent applications for entry of an order approving the settlements by default as no party

20  objected to any of the compromises.  Ultimately, the Court approved each settlement presented, and

21  the estate collected significant amounts in accounts receivable as a result of the combined efforts of

22  the Debtor's professionals.

23  **Total Hours 9.80 / Total Fees $5,047.00**

24

25

26

27

28

DOCS_SF:73200.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1  **P.    List of Expenses by Category**

2        PSZ&J advanced costs, including certain in-house charges, on behalf of the Debtor in

3  connection with the performance of the services described in this Application.  During the

4  Application Period, PSZ&J incurred a total of $41,590.93[1] in expenses.  PSZ&J made every effort to

5  keep the costs in this case to a minimum.

6        PSZ&J customarily charges $0.20 per page for photocopying expenses, $0.10 per page for

7  print jobs, and $0.10 per page for scan copies.  PSZ&J's photocopying machines automatically

8  record the number of copies made when the person that is doing the copying enters the client's

9  account number into a device attached to the photocopier.  PSZ&J summarizes each client's

10 photocopying and printing charges on a daily basis.  Whenever feasible, PSZ&J sends large copying

11 projects to an outside copy service that charges a reduced rate for photocopying.

12       Ordinarily, PSZ&J charges $1.00 per page for outgoing facsimile transmissions.  Pursuant to

13 the Northern District Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles.

14 Fax receipts are charged at $0.20 per page, the same cost PSZ&J imposes on photocopies.

15       Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the

16 standard usage rates these providers charge the Firm for computerized legal research.  PSZ&J bills

17 its clients the actual amount charged by such services, with no premium.  Any volume discount

18 received by PSZ&J is passed on to the client.  PSZ&J does not charge for local or long distance calls

19 placed by attorneys from their offices.  PSZ&J only bills its clients for the actual costs charged to

20 PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated

21 through PSZ&J.  PSZ&J believes that its expense charges are consistent with the American Bar

22 Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January

23 12, 1995, regarding billing for disbursements and other charges.

24 **Q.    Hourly Rates**

25       The hourly rates of all professionals and paraprofessionals rendering services in this case are

26 clearly disclosed on the Billing Summary Chart on **Exhibit A** hereto.

27

28 _____
[1] This amount is net of write-offs of $2,227.79 in expenses that are comprised of comprised of business meals of
$406.58, secretarial overtime of $411.89, and miscellaneous items (mainly air fare) of $1,409.32.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

**R.    Professionals and Paraprofessionals**

The biographies of the attorneys who have worked on this matter and a description of the professional education and biographies of the paralegals, professional assistants, and law clerks employed by the Firm who rendered services in this case during the Application Period are attached hereto as **Exhibit D**.  PSZ&J has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

**S.    Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Debtor concurrently with the filing of this Application.  The letter invites the Debtor to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions the Debtor may have with regard to the requested compensation and reimbursement set forth in the Application.  A copy of the transmittal letter is attached hereto as **Exhibit E**.

**T.    Notice of Application and Hearing**

Notice of the hearing on this Application will be served upon the Debtor, the Committee, the United States Trustee, and all parties requesting special notice herein.

**III.**

**THE FEES AND EXPENSES REQUESTED SHOULD**

**BE AWARDED BASED UPON APPLICABLE LAW**

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services in acting as counsel to the Debtor.

**A.    Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional.  As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73200.9

Case: 08-32514    Doc# 1192    Filed: 06/02/10    Entered: 06/02/10 23:... 23
of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1    In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts

2    are to be guided by the same "general principles" as are to be applied in determining awards under

3    the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy

4    matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

5    In assessing the propriety of an award of attorneys' fees, twelve factors relevant to

6    determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,

7    717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. §

8    2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425

9    U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3)

10   the skill requisite to perform the service properly, (4) the preclusion of other employment by the

11   professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or

12   contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved

13   and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the

14   undesirability of the case, (11) the nature and length of the professional relationship with the client,

15   and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First

16   Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in

17   bankruptcy cases.).

18   The time for which compensation is sought is detailed in the Firm's professional fee

19   statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable

20   in light of the labor required in this case. The Firm's charges for its professional services are based

21   upon the time, nature, extent, and value of such services and the cost of comparable services in the

22   San Francisco and Los Angeles areas. The compensation the Firm seeks by way of this Application

23   is the customary compensation sought by the Firm and other professionals representing trustees,

24   committees, and debtors in similar circumstances.

25   **B.**    **Section 330(a)(3) Factors**

26   Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court.

27   11 U.S.C. § 330(a)(3). Although several of these factors (such as the time involved, the timeliness

28

DOCS_SF:73200.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010

24

of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZ&J believes the facts of this case make it evident that PSZ&J's services were both necessary and beneficial. PSZ&J's efforts were essential to the organization and operations of the Debtor, and, as stated above, PSZ&J provided advice, counsel and direction to the Debtor to assist it with its role of working with the United States Trustee and the Committee.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZ&J believes its attorneys are skilled and performed well in this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's counterparts engaged in non-bankruptcy specialties of the law.

## C.   <u>Available Funds</u>

PSZ&J understands that the Debtor has sufficient funds available for the payment of fees and costs incurred in connection with the Application. Specifically, the Firm is informed and believes that the Debtor's unencumbered bank balance is approximately $7.4 million as June 1, 2010.

## IV.

## <u>CONCLUSION</u>

PSZ&J seeks interim approval of the compensation and expenses described herein. Neither PSZ&J, nor any shareholders or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney, except among shareholders and associates of the Firm.

PSZ&J believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2010 THROUGH APRIL 30, 2010

DOCS_SF:73200.9   25

Case: 08-32514   Doc# 1192   Filed: 06/02/10   Entered: 06/02/10 14:24:52   Page 28 of 29

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

1        WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and

2  direct payment of fees and costs, and (b) award interim compensation, as follows:

3        1.     Allow interim compensation to the Firm in the amount of $713,546.50 in fees and

4  reimbursement for expenses incurred in the amount of $41,590.93;

5        2.     Authorize and direct the Debtor to pay the Firm $755,137.43, which represents 100%

6  of the fees and 100% of the costs incurred for the period from January 1, 2010, through April 30,

7  2010 (to the extent not previously paid); and

8        3.     Grant such other and further relief as may be appropriate under the circumstances.

9  Dated:    June 2, 2010            PACHULSKI STANG ZIEHL & JONES LLP

10

11                     By     */s/ John D. Fiero*

12                           John D. Fiero
                         Kenneth H. Brown

13                           Miriam Khatiblou
                         Teddy M. Kapur

14                           Attorneys for Heller Ehrman LLP,
                         Debtor and Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS_SF:73600.9

FOURTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JANUARY 1, 2010 THROUGH APRIL 30, 2010