PILLSBURY WINTHROP SHAW PITTMAN LLP
M. DAVID MINNICK (SBN 54148)
KIRKE M. HASSON (SBN 61446)
VERNON H. GRANNEMAN (SBN 83532)
MICHAEL P. ELLIS (SBN 209434)
JASON A. CATZ (SBN 224205)
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: david.minnick@pillsburylaw.com
Email: kirke.hasson@pillsburylaw.com
Email: vgranneman@pillsburylaw.com
Email: michael.ellis@pillsburylaw.com
Email: jason.catz@pillsburylaw.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>               Debtor. | Case No. 08-32514<br><br>Chapter 11<br><br>**BANK OF AMERICA, N.A.'S OBJECTIONS TO THE DEBTOR'S MOTION FOR APPROVAL TO (A) ABANDON AND DESTROY KNOWN ADMINISTRATIVE AND CLIENT FILES AND (B) GAIN APPROVAL OF PROCEDURE FOR REVIEW AND DISPOSITION OF UNINDEXED BOXES**<br><br>DATE: June 25, 2010<br>TIME: 9:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>              235 Pine Street, 22nd Floor,<br>              San Francisco, CA<br>JUDGE: The Honorable Dennis Montali |

## I. Introduction.

Secured Creditor, Bank of America N.A. (the "Bank") hereby files this objection to the Motion to (A) Abandon and Destroy Known Administrative and Client Files and (B) Gain Approval of Procedure for Review and Disposition of Unindexed Boxes (the "Motion") filed June 4, 2010 by the above-referenced debtor and debtor-in-possession, Heller Ehrman LLP, (the "Debtor"), in the above captioned case. The Debtor's Motion is deficient in many respects. Chief among those deficiencies is the fact that the Motion fails to identify with reasonable particularity the "administrative files" proposed to be destroyed and fails to state whether and to what extent it intends to keep and preserve the "Known Administrative Files" (as described in the Motion) or the administrative files that may be included in the 50,000 boxes of documents (that have apparently never been reviewed and were never entered into Heller's document management system) that are relevant to the ongoing preference action between the Bank and Heller ("Preference Action"). Based on the Motion and its supporting papers, the Bank requests the following minimum relief:

1. Any order granting the Motion and approving the destruction of Debtor's files should require the Debtor to preserve files related to the administration of the Debtor's law firm ("Administrative Files") until Debtor has completed its electronic production in the Preference Action and given the Bank an opportunity to determine the completeness of the production and identify documents not already provided in the electronic production that should be reviewed and produced from the Debtor's hard copy files.

2. With respect to the 50,000 boxes of documents that were never indexed and put into Legal Key by Debtor ("Unindexed Boxes"), any order granting the Motion should require the Debtor to identify and preserve Administrative Files within the Unindexed Boxes.

To the extent the Debtor seeks approval for the destruction of Non-Administrative Files, such as the Unclaimed Client Files, the Bank takes no position concerning the destruction or abandonment of those files.

## II. ARGUMENT.

### A. The Debtor has a duty to preserve documents relevant to Preference Action.

A litigant has a duty to preserve documents and other evidence which it knows or reasonably should know is relevant to the action. *In re Napster Inc. Copyright Litigation,* 462 F.Supp. 2d 1060, 1068-69 (N.D.Cal. 2006); *see also A. Farber & Parnters v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006) (reversed and remanded on other grounds); *Zubalake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). The "obligation to preserve evidence arises when 'the party has notice that the evidence is relevant to litigation -- most commonly when suit has already been filed, providing the party responsible for the destruction with express notice [of the duty to preserve].'" *Hynix Semiconductor Inc. v. Rambus, Inc.*, 591 F. Supp. 2d 1038, 1061 (N.D. Cal. 2006) (quoting *Kronisch v. United States,* 150 F. 3d 112, 126 ($2^d$ Cir. 1998)). The Debtor's litigation with the Bank is ongoing and the Debtor has been responding to the Bank's document requests for more than a year. Declaration of Jason A. Catz in Support of Bank of America, N.A.'s Objections to the Debtor's Motion for Approval to (A) Abandon and Destroy Known Administrative and Client Files and (B) Gain Approval of Procedure for Review and disposition of Unidenxed Boxes ("Catz Decl.") ¶ 3. At a minimum, the Debtor has an obligation to preserve any hard copy administrative files relevant to the Preference Action at least until it has completed its electronic document production and can certify that no documents relevant to the Preference Action that have not been produced or that are being withheld under some claim of privilege or immunity from discovery are being destroyed. The Debtor must also certify that it will not assert any objection to the authenticity of the copies of documents produced in view of their intent to destroy the original documents.

#### 1. The Known Administrative Files.

There are two categories of documents addressed in the Motion that contain documents certain to be relevant to the Preference Litigation against the Bank, the Administrative Files (which are highly likely to contain documents relevant to the Preference Action) and the 50,000 Unindexed Boxes of documents that were never put into

1 | its record management system (Legal Key) by Debtor.

2 | The Motion does not make clear which Administrative Files are proposed to be
3 | destroyed and what, if any, Administrative Files the Debtor intends to retain.  The Motion
4 | can be read as a request to destroy all "Administrative Files" regardless of age or alleged
5 | relevance on the unfounded assertions that such files are too old, not relevant to the
6 | Preference Action or have already been produced in the Action.  At the same time, the
7 | motion could also be read to imply that Administrative Files for the period from 2000 to the
8 | present will be retained.  However, it doesn't say that with any clarity.

9 | Kyle Everett's declaration in support of the Motion describes the "Known
10 | Administrative Files."  Everett Decl. ¶ 13.  According to Everett, Known Administrative
11 | Files "include accounting records, human resources files, marketing materials, risk
12 | management, billing and collections, general correspondence and contracts relating to day-
13 | to-day management of firm affairs.  As with the Unclaimed Client Files, many boxes
14 | continue to be stored on and off-site, but are no longer relevant to the administration of the
15 | Debtor's estate, primarily because they are long past any tax or collection statute of
16 | limitations period." *Id.*

17 | Depending on the time period, many of these types of documents would be relevant
18 | to the Preference Action.  Mr. Everett's declaration may imply that only older
19 | Administrative Files for years that are "long past any tax or collection statute of limitations
20 | period" are proposed to be destroyed - but neither Mr. Everett nor the moving papers
21 | actually say that with any specificity.  At a minimum, further clarity on what the Debtor
22 | intends to preserve is necessary before the Debtor can be authorized to destroy any
23 | Administrative Files.

24 | Similarly, in paragraph 17 of his declaration, Mr. Everett states:  "Finally, the
25 | Debtor believes that the Files [which include the Administrative Files] that are the subject
26 | of the Motion are not relevant to any pending or potential litigation matters involving the
27 | Debtor's estate.  In particular, with respect to the pending preference action against Bank of
28 | America, the Debtor has provided and is continuing to provide Bank of America with any

702262977v1 - 4 - OBJECTION TO DEBTOR'S MOTION TO ABANDON AND FOR APPROVAL OF UNINDEXED BOXES

Case: 08-32514    Doc# 1229    Filed: 06/18/10    Entered: 06/18/10 15:36:51    Page 4 of 8

1 and all documents and records that are responsive to its broad discovery requests. The
2 Debtor believes that the Files that [sic] subject to the Motion are either not relevant to the
3 litigation with Bank of America due to their age, or [sic] duplicative of records that have
4 already been or are in the process of being produced to Bank of America in response to its
5 discovery requests."

6 The declaration does not explain the factual basis for the claim that the
7 Administrative Files proposed to be destroyed are not "relevant" to the Preference Action
8 against the Bank. It is beyond any reasonable dispute that the Administrative Files of the
9 Debtor include relevant documents such as accounting records, human resource files and
10 billing and collection materials, by way of example. Mr. Everett, essentially concedes that
11 point in the third sentence of the paragraph when he states his belief that the Administrative
12 Files are not "relevant" because they are "duplicative of records that have already been or
13 are in the process of being produced to Bank of America in response to its discovery
14 request." Again, there is no factual basis set out in the declaration for Mr. Everett's belief,
15 particularly his apparent belief that the Administrative Files are duplicative of records that
16 are in the process of being produced to the Bank. Nor is there any foundational testimony
17 in Mr. Everett's declaration that he has any knowledge of what documents the Debtor has
18 produced in the Preference Action, how he would know that the documents proposed to be
19 destroyed are not relevant to the Preference Action, how he would know that the documents
20 proposed to be destroyed have already been produced in the Preference Action, or how he
21 would know that the documents proposed to be destroyed are in the process of being
22 produced in the Preference Action.

23 As the moving papers acknowledge, the Debtor is in the midst of producing
24 documents in connection with the litigation against the Bank. The Debtor has maintained
25 that they are nearing the end of their electronic production. If that is truly the case, then
26 there is little reason that the destruction of the files cannot wait until a reasonable time after
27 the Debtor has completed its production.

28

### 2. The Unindexed Boxes.

Similarly, any Administrative Files included within the 50,000 boxes of Unindexed Files should also be preserved for some reasonable duration pending completion of Debtor's production. At a minimum, the persons charged with opening and reviewing the Unindexed Boxes should be looking for and preserve Administrative Files potentially relevant to the Preference Action.

### B. Prior Meet and Confer Regarding Stored Files Relevant to the Preference Action.

Finally, the Bank is genuinely surprised that the Debtor would choose to seek the immediate destruction of the Administrative Files and a protocol for possible destruction of 50,000 boxes of additional files when, less than three months ago, the parties discussed the necessity for at least some hard copy review from these files after the completion of the electronic production. The Bank served its document requests on the Debtor more than a year ago and the Debtor is still in the process of producing responsive electronic documents. Catz Decl. ¶ 3. Indeed, more than 15 DVDs containing hundreds of thousands of pages of documents have been produced during the past four weeks. *Id.* at 7.

In late February 2010, Debtor's counsel sent the Bank a list of administrative files from 2004 to present that included files potentially relevant to the Preference Action and suggested that the bank identify boxes it wanted reviewed. *Id.* at ¶¶ 4-5. At the time, Debtor's counsel, Terry Young, expressed his belief that many of the responsive documents were likely to be duplicative of documents that would eventually be produced in Debtor's ongoing electronic production. *Id.* at ¶ 5. Rather than waste time or expense having the Debtor or the Bank review boxes of material likely to found in the electronic production, Bank of America proposed that it would be "prudent to hold off on reviewing these boxes until we know the final scope of what will be produced electronically and can exclude any files that are duplicative of the full electronic production." Catz Decl. Ex. A. At the time, the Debtor expressed no objection to this approach and made no indication that it was intending to destroy such files in the near term. Catz Decl. ¶ 6. As of this filing, the Debtor

has yet to complete its electronic production and has, in fact, produced more than 15 DVDs containing hundreds of thousands of documents in the past four weeks alone. Catz Decl. ¶ 7. The Bank is in the process of reviewing that data but it will have no way of knowing whether and to what extent the Administrative Files subject to the Motion are truly duplicative of the electronic documents until the Debtor completes its production and Bank of America has had a reasonable time to analyze the electronic data produced by the Debtor in recent weeks. *Id.*

On June 16, 2010 counsel for the Bank left a message with Debtor's counsel, John Fiero, in an effort to raise and resolve the Bank's concerns about the destruction of the Administrative Files. Catz Decl. ¶ 8. Chris Sullivan, counsel for the creditor's committee in the Preference Action, returned the call that evening. When the Bank presented several questions regarding the specifics of what would be preserved, Mr. Sullivan was not able to definitively address those concerns but said he would inquire about the matter further and call back with more information. *Id.*

Mr. Sullivan called counsel for the Bank on Friday, June 18 but was unable to address the Bank's concerns about whether and to what extent documents potentially relevant to the Preference Action were going to be preserved. Catz Decl. ¶ 9. During the call, the Bank proposed that the Debtor consider: (1) certifying that there are no documents relevant to the preference action that have not been produced or that are being withheld under some claim of privilege or immunity from discovery are being destroyed; (2) certifying that they will not assert any objection to the authenticity of the copies of documents produced in view of their intent to destroy the original documents; and (3) proposing a process by which the Bank can identify to them the types of documents likely to be within the Administrative Files (but not yet found in the electronic production) that the Debtor should be preserving and the steps the Debtor will take to do so. *Id.* ¶ 10.

The parties each expressed their intention to discuss the matter further in the hope that the parties could resolve their concerns before the hearing on the Motion but had not resolved their differences at the time of this filing. *Id.*

### III. CONCLUSION.

The Bank respectfully requests that the Court order that all Administrative Files (including Administrative files found within the Unindexed Boxes) be retained until the Debtor completes its document production in the preference action and the Bank has a reasonable opportunity to review the electronic production for completeness. The Administrative Files contain records that are potentially relevant to the claims and defenses in the preference litigation and need to be preserved for some reasonable duration.

Dated: June 18, 2009.

PILLSBURY WINTHROP SHAW PITTMAN LLP

By /s/ Michael P. Ellis (Cal. Bar No. 209434)

M. David Minnick
Vernon H. Granneman
Michael P. Ellis
