PILLSBURY WINTHROP SHAW PITTMAN LLP
M. DAVID MINNICK (SBN 54148)
KIRKE M. HASSON (SBN 61446)
VERNON H. GRANNEMAN (SBN 83532)
MICHAEL P. ELLIS (SBN 209434)
JASON A. CATZ (SBN 224205)
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: david.minnick@pillsburylaw.com
Email: kirke.hasson@pillsburylaw.com
Email: vgranneman@pillsburylaw.com
Email: michael.ellis@pillsburylaw.com
Email: jason.catz@pillsburylaw.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>              Debtor. | Case No. 08-32514<br><br>Chapter 11<br><br>**DECLARATION OF JASON A. CATZ IN SUPPORT OF BANK OF AMERICA, N.A.'S OBJECTIONS TO THE DEBTOR'S MOTION FOR APPROVAL TO (A) ABANDON AND DESTROY KNOWN ADMINISTRATIVE AND CLIENT FILES AND (B) GAIN APPROVAL OF PROCEDURE FOR REVIEW AND DISPOSITION OF UNINDEXED BOXES**<br><br>DATE: June 25, 2010<br>TIME: 9:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>             235 Pine Street, 22nd Floor,<br>             San Francisco, CA<br>JUDGE: The Honorable Dennis Montali |

702263809v1 - 1 - DECL. OF JASON A. CATZ IN SUPP. OF
BANK OF AMERICA'S OBJECTIONS TO
MOTION TO ABANDON AND DESTROY FILES

Case: 08-32514    Doc# 1230    Filed: 06/18/10    Entered: 06/18/10 09:55:57    Page 1 of 7

I, Jason A. Catz, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for defendant Bank of America, N.A. (the "Bank") in its ongoing litigation with Heller Ehrman LLP (the "Debtor"). I have personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Bank of America, N.A.'s Objections to the Debtor's Motion to (A) Abandon and Destroy Known Administrative and Client Files and (B) Gain Approval of Procedure for Review and Disposition of Unindexed Boxes (the "Motion") filed June 4, 2010 by the Debtor.

3. On or about May 15, 2009, I directed my office to serve Bank of America's First Set of Requests for Production of Documents on the Debtor. Since that time, I have been engaged in regular meet and confer discussions with counsel for the Debtor regarding a wide range of discovery issues.

4. On or about February 22, 2010, I received a CD-ROM from Debtor's counsel containing a large Excel spreadsheet. The spreadsheet listed approximately 40,000 files in the Debtor's Legal Key filing system with an approximate date range of January 2004 to present. At that time, special counsel for the Debtor, Terry Young, requested that I review the spreadsheet for the purpose of suggesting potentially relevant hard copy files for Debtor to review but expressed his belief that many of the hard copy documents identified on the list would be duplicative of electronic documents that the Debtor had produced or intended to produce to the Bank.

5. Upon reviewing the list, I noticed several hundred files or boxes that appeared to contain organizational, human resources, accounting, billing, and other documents that appeared relevant to the preference litigation between Heller and the Bank. In light of Mr. Young's comments to me that most of the relevant files would be produced electronically, I wrote to Mr. Young on March 30, 2005 to propose that the selection and

702263809v1 - 2 - DECL. OF JASON A. CATZ IN SUPP. OF
BANK OF AMERICA'S OBJECTIONS TO
MOTION TO ABANDON AND DESTROY FILES

Case: 08-32514   Doc# 1230   Filed: 06/18/10   Entered: 06/18/10 15:39:55   Page 2 of 7

review of hard copy boxes await the completion of Debtor's electronic production so that the parties could exclude documents produced electronically from the hard copy files that would need to be reviewed. A true and correct copy of my March 30, 2010 email to Terry Young, Henry Bornstein and Jason Rios is attached hereto as Exhibit A.

6. Mr. Young acknowledged my proposal in a letter to me dated April 9, 2010 and did not object to this approach at that time or during our subsequent discussions. He also never indicated that the Debtor intended to file a motion seeking the destruction of those files in the near future.

7. The Debtor's electronic document production is not yet complete. In recent weeks, the Debtor has produced more than 15 DVDs of data containing more than 250,000 pages of documents. The Bank is actively processing and reviewing this voluminous amount of data to, among other things, determine whether and to what extent additional review of the hard copy files is necessary.

8. On June 16, my colleague Vernon Granneman and I left a message for Debtor's counsel, John Fiero, in an effort to address our concern that the Debtor's Motion would result in the destruction of documents relevant to its preference action against the Bank. Counsel for the creditors' committee, Chris Sullivan, returned the call that evening. During the call with Mr. Sullivan, Mr. Granneman and I asked several questions concerning which Administrative Files the Debtor intended to preserve and which it intended to destroy. Mr. Sullivan was not able to definitively answer our questions on that call but said that he would look into the issue and call us back in the hopes of addressing our concerns.

9. Mr. Sullivan called me back on the afternoon of June 18, 2010 shortly before this filing. He was still unable to confirm whether the Debtor intended to destroy all of the Administrative Files described in the Motion, whether there were Administrative Files of a certain time period that would be preserved, or whether any specific steps were being taken to identify and preserve potentially relevant Administrative Files for the preference litigation.

702263809v1 - 3 - DECL. OF JASON A. CATZ IN SUPP. OF BANK OF AMERICA'S OBJECTIONS TO MOTION TO ABANDON AND DESTROY FILES

Case: 08-32514   Doc# 1230   Filed: 06/18/10   Entered: 06/18/10 15:39:55   Page 3 of 7

10. During that call, I proposed to Mr. Sullivan that the Debtor consider: (1) certifying that there are no documents relevant to the preference action that have not been produced or that are being withheld under some claim of privilege or immunity from discovery are being destroyed; (2) certifying that they will not assert any objection to the authenticity of the copies of documents produced in view of their intent to destroy the original documents; and (3) proposing a process by which the Bank can identify to them the types of documents likely to be within the Administrative Files (but not yet found in the electronic production) that they should be preserving and the steps the Debtor will take to do so. Mr. Sullivan and I each expressed our respective intention to discuss the matter further prior to the June 25 hearing on the Motion with the hope that the parties could resolve their concerns before the hearing on the Motion.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 18th day of June, 2010, at San Francisco, California.

_____
Jason A. Catz

702263809v1                  - 4 -                  DECL. OF JASON A. CATZ IN SUPP. OF
                                                    BANK OF AMERICA'S OBJECTIONS TO
                                                    MOTION TO ABANDON AND DESTROY FILES

Case: 08-32514    Doc# 1230    Filed: 06/18/10    Entered: 06/18/10 15:39:55    Page 4 of 7

# Exhibit A

# Catz, Jason A.

| | |
|---|---|
| **From:** | Catz, Jason A. |
| **Sent:** | Tuesday, March 30, 2010 10:25 AM |
| **To:** | Terence Young |
| **Cc:** | Henry Bornstein; 'Jason Rios'; Hasson, Kirke M. |
| **Subject:** | RE: LegalKey Proposal |

Terry,

After reviewing the list you provided, we have concluded that this project should be addressed by the parties after Heller has completed its electronic production.

It is important that you advise Bank of America of when you expect to be finished with your electronic production. I asked that question in my email to your team on February 24 and IN two subsequent emails to Jake Rios regarding depositions (on March 8 and 18). This morning, Jake suggested that you needed the additional search terms that you requested last week and I provided those this morning. Hopefully, this will allow you to make such an estimate soon.

Your letter states Heller's belief that most of the hard copy files are duplicative of the electronic files that are still being produced. While we have identified many documents on your list that should potentially be reviewed, we cannot know whether there is an actual need to review them until the electronic production is finished.

For example, we have asked for redacted client bills that we have yet to receive. Those documents appear to be available on the hard copy file list you provided. If we receive them electronically, then there will be no need to order the hard copy files.

For these reasons, we think it prudent to hold off on reviewing these boxes until we know the final scope of what will be produced electronically and can exclude any files that are duplicative of the full electronic production.

Please respond to this email with an estimated date for the completion of your electronic production. We acknowledge that, in light of our suggested approach to the LegalKey documents, that the review of any LegalKey files will necessarily be after the completion date for the electronic production.

Thank you,

Jason


-----Original Message-----
From: Terence Young [mailto:TFY@lh-sf.com]
Sent: Monday, March 08, 2010 1:01 PM
To: Catz, Jason A.
Subject: LegalKey Proposal

Jason

I would appreciate a response to my letter dated February 22 on the subject of administrative documents identified in Legal Key. I understand it is a big subject but want to get the process moving sooner rather than later.

Thanks.

Terry

Terence F. Young, Esq.
Lovitt & Hannan, Inc.
Of counsel to Bartko, Zankel, Tarrant & Miller, P.C.
900 Front Street, Suite 300, San Francisco 94111
Telephone: 415-362-8769 * Facsimile: 415-362-7528

1

```
===================================================
```
The information contained in this electronic mail message is intended only for the
personal and confidential use of the designated
recipient(s) named above.  This message may be an attorney-client communication, and as
such is privileged and confidential.  If the reader of this message is not the intended
recipient or an agent responsible for delivering it to the intended recipient, you are
hereby notified that you have received this communication in error, and that any review,
dissemination, distribution, or copying of the contents is strictly prohibited.  If you
have received this communication in error, please notify us immediately and destroy the
original.