STEVEN H. FELDERSTEIN, State Bar No. 056978
THOMAS A. WILLOUGHBY, State Bar No. 137597
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
E-mail: sfelderstein@ffwplaw.com
E-mail: twilloughby@ffwplaw.com

Attorneys for The Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

HELLER EHRMAN LLP,

          Debtor.

CASE NO.: 08-32514

Chapter 11

**NOTICE OF HEARING ON OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY MCGRANE GREENFIELD LLP, VALLE MAKOFF LLP AND SCHNADER HARRISON SEGAL & LEWIS LLP AS SPECIAL LITIGATION COUNSEL NUNC PRO TUNC TO MAY 15, 2010**

Date:    July 19, 2009
Time:   1:30 p.m.
Place:   235 Pine Street
          San Francisco, CA
Judge:  Hon. Dennis Montali i

**PLEASE TAKE NOTICE** that The Official Committee of Unsecured Creditors in the above referenced case (the "Committee") has filed an application (the "Application") for entry of an order, authorizing the employment of McGrane Greenfield LLP, Valle Makoff LLP and Schnader Harrison Segal & Lewis LLP as Special Litigation Counsel nunc pro tunc to May 15, 2010.

A brief description of the relief requested in the Application is as follows:

NOTICE OF HEARING ON APPLICATION TO
APPROVE EMPLOYMENT

-1-

1.  Heller Ehrman LLP, the debtor and debtor-in-possession herein (the "Debtor") filed a petition under chapter 11 of the Bankruptcy Code on December 28, 2008. The Debtor, a 118-year-old international law firm, is currently winding down its business and affairs following the adoption of a Plan of Dissolution by the shareholders of the Debtor's limited partners in September 2008.

2.  Although the Debtor is no longer engaged in the practice of law, there remain a substantial number of unperformed tasks relating to winding down the business in order to maximize the value of the Debtor's assets for the benefit of its creditors.

3.  Among those tasks is the investigation and prosecution of claims (referred to herein collectively as the "Heller Claims") against various parties, including (a) unresolved claims against former shareholders of Heller Ehrman LLP, (b) claims against former shareholders and/or successor law firms under the doctrine of *Jewel v. Boxer* and unfinished business theories, (c) the Ronald A. Katz entities, (d) Covington & Burling, LLP and certain former Heller Ehrman LLP partners in the intellectual property practice group, (e) Greenberg Traurig, LLP and (f) Ernst & Young. These various persons and entities are listed in Exhibit 1 to the proposed "Main Special Litigation Counsel Agreement for Legal Services" between the Attorneys, the Committee and any duly appointed successor to the Committee and to the Debtor. (Supplemental Declaration of Christopher D. Sullivan [Sullivan Decl.], ¶9, Exh. B.)

4.  The proposed Main Special Litigation Counsel Agreement for Legal Services will be approved and become effective if a final, non-appealable order is entered by this Bankruptcy Court confirming the Debtor's Plan of Reorganization (the "Plan").

5.  Employment of the Attorneys *nunc pro tunc* to May 15, 2010, is necessary and beneficial to the Committee and the Bankruptcy Estate to ensure the strongest preservation of the causes of action of the Heller Claims and promote the greatest efficiency in prosecuting the claims. In fact, McGrane Greenfield has been regularly researching further, both factually and legally; analyzing; and advising the Committee on important issues that relate to the prosecution of the Heller Claims beyond the Bank Case since the Court approved its employment application relating to the Bank Case on May 6, 2010. A number of pre-confirmation issues could impact the

prosecution and defense of the Heller Claims and therefore the assistance of the proposed counsel who are anticipated to have responsibility for the claims is very valuable.

6. For example, McGrane Greenfield has been advising the Committee regarding the ongoing settlement discussions with the Debtor's shareholders with respect to the form of settlement agreements and the necessary steps to preserve the Bankruptcy Estate's potential claims against the shareholders. Similarly, McGrane Greenfield has been working on fact gathering and electronic discovery issues with the Debtor that relate to general prosecution and defense of the Heller Claims. The Attorneys will not seek compensation for services performed before May 15, 2010 (other than for services performed in connection with the Bank Case).

7. Additionally, the immediate employment of the Attorneys will save the Bankruptcy Estate valuable resources so that the Attorneys may work with the remaining Debtor's employees before confirmation of the Plan. Similarly, the Bankruptcy Estate will benefit from employing the Attorneys prior to the confirmation of the Plan so that they may work with current litigation counsel, Lovitt & Hannon, to get up to speed before Lovitt & Hannan's retention ends and best take advantage of the work already done and avoid duplication.

8. Attorneys are seeking approval of the work on the reduced hourly basis set forth in the Main Special Litigation Counsel Agreement for Legal Services, with any such court-approved compensation to be deducted from the post-confirmation litigation budget set forth in that agreement and the Plan and without any right to any contingent fees prior to the effective date of the Plan.

All of the information contained in the Motion is not set forth in this Notice. A copy of the Motion and all supporting papers are a part of the Court's electronic record, which is the official record of the Court, and can be accessed either through the PACER information system (see http://www.canb.uscourts.gov/ -- subscription required) or is available for inspection at computer terminals (printing is available), which are located at the Office of the Clerk, 235 Pine Street, 19th Floor, San Francisco, CA 94104. These documents are also available from the Committee's attorneys upon reasonable request.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to approve the motion, or if you want the court to consider your views on the motion, then on or before 7 days prior to the scheduled hearing, you or your attorney must:

a. File with the Court a written response, explaining your position, either electronically[1] or if allowed by the Local Rules by mail at P.O. Box 7341, San Francisco, CA 94120-7341 or in person 235 Pine Street, 19th Floor, San Francisco, CA 94104. If you do not file a written response, the court may remove the matter from the calendar and rule on the Motion before the hearing. Simply appearing at the hearing is not sufficient to protect any rights you may have.

b. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

c. You must also mail a copy to:

Thomas A. Willoughby, Attorneys for the Committee
Felderstein Fitzgerald Willoughby & Pascuzzi LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814-4434

Office of the United States Trustee, at the following address
United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Counsel for the Debtor
John Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

And any other party who has filed a request for special notice in this case.

d. Attend the hearing scheduled on July 19, 2010 at 1:30 p.m. at the United States Bankruptcy Court, 235 Pine Street, Courtroom 22, San Francisco, California, before the Honorable Dennis Montali, United States Bankruptcy Judge.

---

[1] "All attorneys practicing in the U.S. Bankruptcy Court for the Northern District of California, including attorneys admitted *pro hac vice*, are required to file all documents (including new bankruptcy case petitions but excluding documents to be placed under seal in accordance with § 7 of the Amended Operating Order) electronically via the CM/ECF system." *See* Administrative Procedures For Electronic Case Filing on the Court's website at www.canb.uscourts.gov.

1 | If you or your attorney do not take these steps, the court may decide that you do not
2 | oppose the relief sought in the Motion and may enter an order granting the relief requested.
3 | Dated: June 23, 2010

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

By____*/s/ Thomas A. Willoughby*_____
THOMAS A. WILLOUGHBY
Attorneys for the Official Committee of Unsecured Creditors