John D. Fiero (CA Bar No. 136557)
Gail S. Greenwood (CA Bar No. 169939)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
ggreenwood@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HELLER EHRMAN, LLP,<br><br>Debtor. | Case No.: 08-32514<br><br>Chapter 11 |
| HELLER EHRMAN, LLP,<br><br>Plaintiff,<br><br>v.<br><br>EMINE TECHNOLOGY COMPANY, LTD.,<br><br>Defendant. | Adv. Pro. No. _____<br><br>**OBJECTION TO CLAIM BY EMINE TECHNOLOGY COMPANY, LTD AND COUNTERCLAIM FOR BREACH OF CONTRACT [CLAIM NO. 652]** |

Heller Ehrman LLP, debtor, debtor in possession, and plaintiff herein ("Plaintiff") alleges as follows:

**I.**

**BACKGROUND AND PARTIES**

1. On December 28, 2008 (the "Petition Date"), Heller Ehrman LLP (also known as the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the above-referenced bankruptcy case in the United States Bankruptcy Court for the Northern District of California, San Francisco Division.

2. Plaintiff possesses all relevant right, title and authority to resolve claims, and litigation claims belonging to the estate, including the claims alleged herein.

3. Defendant Emine Technology Company, Ltd. ("Emine") is a business organized under the laws of Taiwan that engaged the Debtor for the provision of legal services in or about 2007.

## II.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).

6. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502 and Rules 3007(b) and 7001 of the Federal Rules of Bankruptcy Procedure.

7. Venue lies in the United States Bankruptcy Court, Northern District of California, San Francisco Division, pursuant to 28 U.S.C. § 1409(a).

## III.

## GENERAL FACTUAL ALLEGATIONS

8. Effective as of January 4, 2007, the Debtor and Emine entered into an engagement agreement (the "Engagement Letter") pursuant to which the Debtor agreed to provide legal services in connection with an investigation before the U.S. International Trade Commission involving a mechanical patent. Pursuant to the Engagement Letter, Emine agreed to pay the Debtor the applicable hourly fees of its attorneys and staff, as well as any expenses incurred on behalf of Emine as a result of the engagement. A copy of the Engagement Letter is attached hereto as Exhibit A.

9. The Debtor performed legal services for Emine pursuant to the Engagement Letter. As of July 2010, Emine owes the Debtor $1,473,686.11 for professional fees and $147,803.23 for expenses in the total amount of $1,621,489.34, all of which remains unpaid.

10. On April 22, 2009, Emine filed a proof of claim, designated as claim number 652-1, in the amount of $1,100,000 (the "Claim") for alleged legal malpractice by the Debtor's attorneys.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 08-32514   Doc# 1323   Filed: 07/15/10   Entered: 07/15/10 13:27:34   Page 2 of 4

A copy of the Claim is attached hereto as Exhibit B in accordance with Local Bankruptcy Rule 3007-1.

## IV.

## OBJECTION TO PROOF OF CLAIM

11. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 10 above, as if fully set forth herein.

12. Plaintiff objects to the Claim of Emine on the grounds that (a) the Debtor (and its attorneys) fully performed the legal services for which it was hired in accordance with or above generally accepted professional standards, and (b) any alleged damages were not proximately caused by the Debtor.

13. By reason of the foregoing, Emine's Claim for alleged malpractice should be disallowed.

## V.

## COUNTERCLAIM FOR BREACH OF CONTRACT

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 13 above, as if fully set forth herein.

15. The Debtor and Emine entered a contract for services as set forth in the Engagement Letter.

16. Pursuant to the terms of the Engagement Letter, the Debtor provided legal services in exchange for payment of professional fees and expenses incurred on behalf of Emine. The Engagement Letter specifically requires that Emine pay the Debtor within thirty days of receipt of an invoice.

17. As of July 2010, Emine owes the Debtor $1,621,489.34. The Debtor has consistently invoiced Emine for the outstanding amount owed and has not received payment.

18. By reason of the foregoing, Emine has breached the Engagement Letter by failing to pay all amounts due. Plaintiff is entitled to damages plus interest in an amount to be proven.

//

//

Case: 08-32514    Doc# 1323    Filed: 07/15/10    Entered: 07/15/10 13:27:34    Page 3 of 4

# VI.
# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. For an order sustaining Plaintiff's objection to the Claim in its entirety, disallowing Claim Number 652-1, and deeming the Debtor's schedules to be amended accordingly;

2. For a judgment against Emine in an amount to be proven of not less than $1,621,489.34 plus interest; and

4. For such other and further relief as is just and proper.

Dated: July 15, 2010 PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Gail S. Greenwood*
John D. Fiero
Gail S. Greenwood
Teddy M. Kapur
Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession