John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Victoria A. Newmark (CA Bar No. 183581)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
vnewmark@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**HELLER EHRMAN LLP**,<br><br>               Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**DEBTOR'S OBJECTION TO CLAIM OF HELLER EHRMAN (EUROPE) LLP (IN ADMINISTRATION) (CLAIM NO. 624); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    August 27, 2010<br>Time:   1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>           235 Pine Street, 22nd Floor<br>           San Francisco, CA<br>Judge:  Honorable Dennis Montali |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE JOINT LIQUIDATORS OF HELLER EHRMAN (EUROPE) LLP (IN LIQUIDATION); AND OTHER PARTIES ENTITLED TO NOTICE:**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 3007, debtor and debtor-in-possession Heller Ehrman LLP ("Heller" or the "Debtor") hereby objects (the "Objection") to the claim of Heller Ehrman (Europe) LLP (In Administration) ("Heller Europe" or "Claimant"), claim number 624 (the "Claim").

The Objection is based on the *Declaration of Lynn Loacker in Support of Debtor's Objection to Claim of Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624)* (the "Loacker Declaration") and the *Declaration of Paul Soulier in Support of Debtor's Objection to Claim of Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624)* (the "Soulier Declaration") filed herewith, and any other evidence properly submitted before the Court prior to or at any hearing on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **Factual Background.**

On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code").

The Debtor, a 118 year old law firm, is currently winding down its business and affairs following the adoption of a Plan of Dissolution by the shareholders of the Debtor's limited partners in September 2008. Although the Debtor is no longer engaged in the practice of law, there remain a substantial number of unperformed, yet necessary, tasks relating to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to its former clients.

The subject of this Objection is the proof of claim filed on behalf of the Debtor's former UK affiliate, Heller Europe. Heller Europe was organized as a United Kingdom ("UK") limited liability partnership in 2007 with a view to the practice of law in the UK. Certain shareholders of partners of the Debtor were partners of Heller Europe. Heller Europe is no longer engaged in the practice of law. Heller Europe was placed into a UK insolvency process of administration in the UK on November 3, 2008.

Since its inception, Heller Europe's start-up costs and operating expenses were partially funded by cash advances from the Debtor. The Debtor's books and records reflect prepetition cash advances from the Debtor to Heller Europe in the aggregate amount of $14,237,170.86, which advances have not been repaid. *See* Soulier Declaration at ¶ 4-6.

The Debtor has submitted a claim against Heller Europe in the UK insolvency proceeding for repayment of the cash advances. *Id.* at ¶ 7. To date, the Debtor's claim has not been formally objected to. *Id.*

On or about April 22, 2009, the Joint Administrators filed a proof of claim on Heller Europe's behalf in the amount of $17,099,048 (£11,767,289),[1] asserting a general unsecured claim against the Debtor. The Claim asserts that the Debtor's purported liability to Heller Europe is equal to the difference between (i) the estimated value of Heller Europe's cash, receivables, and other assets, and (ii) the estimated aggregate amount owed to Heller Europe's creditors (including amounts owed to the Debtor for repayment of the cash advances), as of November 3, 2008. A true and correct copy of the Claim is attached hereto as *Exhibit A*.

Appended to the proof of claim are copies of (a) a letter from Smith & Williamson Limited addressed to "All Known Creditors & Members" dated January 7, 2009 noting that the Joint Administrators' proposals had been adopted by vote at a creditors' meeting including, *inter alia*, that Heller Europe's Administration proceeding would be shortly converted to a voluntary liquidation and that, upon conversion, the Joint Administrators would be appointed Joint Liquidators; (b) *Extracts of Members estimated statement of affairs as at November 3, 2008* of Heller Europe (the "Estimated Statement of Affairs") reflecting the estimated deficit owed to Heller Europe's creditors; and (c) a *Notice of appointment of an administrator by the members of an LLP* dated November 3, 2008, appointing Stephen Robert Leslie Cork and Joanne Elizabeth Milner of Smith & Williamson Limited as Joint Administrators of Heller Europe.

It is the Debtor's understanding that, since the filing of the proof of claim, the Administration of Heller Europe has been converted to a voluntary liquidation under UK law, and the Joint Administrators have been appointed as Joint Liquidators.

The Debtor objects to the Claim on the grounds that it fails to establish that the Debtor is responsible for Heller Europe's debts. The Claim states only on the cover sheet that Heller Europe's deficit was caused by the "withdrawal of support by the parent LLP." First, the Debtor is not the

---

[1] The Claim apparently applies an exchange rate of 1.4531 as of the Petition Date, which rate will be applied herein for purposes of this Objection.

"parent" of Heller Europe. Certain shareholders of limited partners of the Debtor were ordinary or executive partners of Heller Europe. The executive partners of Heller Europe, through an executive committee, managed Heller Europe and, among other things, determined how the profits of Heller Europe were to be divided among its partners. Each executive partner agreed to hold in trust for the Debtor any and all profits of Heller Europe. *See* Loacker Declaration, at ¶ 5.

Second, no support contract or other agreement obligating the Debtor to fund Heller Europe's deficit is appended to the proof of claim. Moreover, there is no such agreement in the Debtor's books and records, and to the best of the Debtor's knowledge, no such agreement exists.[2] *See* Soulier Declaration, at ¶ 4.

**B.     Standard of Review.**

A proof of claim constitutes prima facie evidence of the validity of the claim unless an objection is filed. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000). However, once the objector raises facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves the "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (BAP 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623.

Further, in considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case, including the debtor's schedules. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

Here, the Claim should be disallowed because it lacks any basis in law. The Debtor is not obligated to fund Heller Europe's debt shortfall upon its liquidation, either by application of UK limited liability partnership law or by contract. The Debtor is not a partner of Heller Europe. Even the individuals who are partners of Heller Europe have no liability for the debt of Heller Europe (except as set out in clause 14.2 of Heller Ehrman (Europe) LLP Members' Agreement (the "Heller

---

[2] The Debtor's books and records reveal that the Debtor signed a guaranty in favor of the lessor of Heller Europe's former office space, Ixora Limited. However, the guaranty is limited to Ixora, and is not a blanket indemnification of all of Heller Europe's creditors.

Europe Members' Agreement"),[3] which limits their liability to £100 each). Further, as noted above, the Claim does not append any support contract or other agreement between Heller Europe and the Debtor that obligates the Debtor to fund Heller Europe's deficit upon liquidation, and there is no such agreement in the Debtor's possession.

Based on the foregoing, the Claimant must set forth additional evidence to establish the basis for the Claim.

C. **Reservation of Rights.**

The Debtor reserves the right to amend, modify or supplement this Objection and to file additional objections to the Claim referred to herein, or to any other claims or proofs of claim (filed or not) which may be asserted by or on behalf of Heller Europe or the Joint Liquidators or their successors or assigns against the bankruptcy estate. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Debtor reserves the right to object to the Claim on any other grounds which the Debtor may discover or deem appropriate at any time during the pendency of this case. Moreover, the Debtor expressly reserves the right to file an action to enforce any rights, remedies or other claims against Heller Europe or the Joint Liquidators or their successors or assigns regarding the Claim referred to herein or any other claims (filed or not) which may be asserted by or against the bankruptcy estate.

Without limiting the generality of the foregoing, if the Debtor is found liable for Heller Europe's deficit, the Debtor specifically reserves its rights to object to the Claim based on the following:

- The Claim is artificially inflated by $12,874,162 (£8,859,791) of the Debtor's own prepetition cash advances to fund Heller Europe's operations. The Debtor should not be liable to repay itself for the amount of such advances, but rather should be entitled to setoff the amount of such advances against any purported support obligations. *See Carstens v. McLean (In re Patterson-MacDonald Shipbuilding Co.)*, 7 F.2d 322, 323 (9th Cir. 1925); *In re Standard Furniture Co.*, 3 B.R. 527, 531 (Bankr. S.D. Cal. 1980); *In re Braniff Airways, Inc.*, 42 B.R. 443, 447 (Bankr. N.D. Tex. 1984); *see also* 11 U.S.C. § 558 (providing that estate shall have the benefit of any defense available to the debtor).

- The inclusion of claims of Heller Europe's former members in the amount of $6,043,666.60 (£4,159,154) further artificially inflates the Claim. The former members are obligated to mitigate their claims. However, given that the Estimated Statement of Affairs

---

[3] A true copy of the Heller Europe Members' Agreement is attached as Exhibit A to the Loacker Declaration.

shortly after Heller Europe stopped operating and the lack of data submitted with the Claim, it appears unlikely that the Joint Administrators took into account any mitigation information.[4]

**D. Relief Requested.**

Based on the foregoing, the Debtor respectfully requests an Order:

1. Sustaining the Objection in its entirety;

2. Disallowing the Claim, with prejudice; and

3. Granting such other relief as is just and proper.

Dated: July 19, 2010              PACHULSKI STANG ZIEHL & JONES LLP

                                  By  */s/ John D. Fiero*
                                      John D. Fiero
                                      Attorneys for Heller Ehrman LLP,
                                      Debtor and Debtor in Possession

---

[4] The Debtor has requested mitigation information from one of the former members that submitted a claim against Heller Europe, Christopher Grew, who also filed a proof of claim in the U.S. bankruptcy case in the amount of $2,113,508 asserting a direct claim against the Debtor for lost compensation pursuant to a purported written guaranty. Mr. Grew has not provided any of the requested mitigation information to the Debtor. The Debtor reserves the right to object to Mr. Grew's proof of claim based on mitigation and double-recovery.

# EXHIBIT A

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|
| Name of Debtor: HELLER EHRMAN, LLP | Case Number: 08-32514 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
HELLER EHRMAN (EUROPE) LLP - IN ADMINISTRATION

Name and address where notices should be sent:
c/o Smith & Williamson
25 Moorgate
LONDON EC2R 6AY - UNITED KINGDOM

Telephone number:
0044 208 492 8600

FILED
APR 2 2 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $17,099,048 ($11,767,289)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** DEFICIT ON STATEMENT OF AFFAIRS
(See instruction #2 on reverse side.) DUE TO WITHDRAWAL OF SUPPORT BY PARENT [illegible] LLP

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]
JOANNE ELIZABETH MILNER
JOINT ADMINISTRATOR | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Smith & Williamson

Prospect House • 2 Athenaeum Road • London • N20 9YU
Telephone: 020 8492 8600 • Fax: 020 8492 8601 • Dx: 37113 Whetstone
Email: stephen.cork@smith.williamson.co.uk • www.smith.williamson.co.uk

**TO ALL KNOWN CREDITORS & MEMBERS**          7 January 2009

Our Ref: SRC/RYW/HELLER

Dear Sir/Madam

**HELLER EHRMAN (EUROPE) LLP (In Administration) ("the LLP")**

In accordance with rule 2.46 of the Insolvency Rules 1986, an initial meeting of creditors was held on 24 December 2008 to consider the Joint Administrators' proposals in respect of the administration.

The joint administrators' proposals in the form circulated to all known creditors were put to the meeting and creditors, both present and represented, approved those proposals. In order to comply with statutory requirements, I enclose a copy of the proposals together with form 2.23B – Notice of result of meeting of creditors.

Since my last report, I have received a statement of affairs from the members of the LLP and a summary is attached.

A creditors' committee was formed to assist the joint administrators in the administration and its members are as follows:

Struan Penwarden
Lindy Muto
Ixora Limited (represented by Mr N Williams)

As joint administrator of the LLP, I have a duty to consider the conduct of those who have been members of the LLP during the three years before 3 November 2008, the date of my appointment.

If there is any matter of which you think I should be aware when considering the members' conduct, I should be pleased to hear from you. In this regard, I should be grateful if you would advise me of any matters which you believe should be bought to my attention and will assist me in the consideration of the members conduct. This request for information forms

Directors acting as insolvency practitioners contract without personal liability
Stephen Cork is licenced to act as an insolvency practitioner by the Insolvency Practitioners Association
Joanne Milner is licenced to act as an insolvency practitioner by the Institute of Chartered Accountants of England and Wales
The business, affairs and property of the above LLP are being managed by the Joint Administrators who contract as agents of the LLP and without personal liability

**Smith & Williamson Limited**

Registered in England at 25 Moorgate, London, EC2R 6AY No. 4534022


Case 08-33225 Doc 624-1 Filed 02/19/09 Entered 02/19/09 09:59 Page 9 of


part of my usual investigation procedures and is not intended to imply any criticism of the members or their conduct.

If you have any queries please do not hesitate to contact Rachael Wilson or Kate Miers of this office.

Yours faithfully
For and on behalf of
Heller Ehrman (Europe) LLP (In Administration)

Joanne Milner
Joint Administrator

Rule 2.46    Form 2.23B

The Insolvency Act 1986

# Notice of result of meeting of creditors

| Name of Company | Company number |
|---|---|
| HELLER EHRMAN (EUROPE) LLP | OC325548 |

| In the | Court case number |
|---|---|
| High Court of Justice, Chancery Division, Companies Court [full name of court] | 9795 of 2008 |

(a) Insert full name(s) and address(es) of the administrator(s)

*Delete as applicable

We (a) Stephen Cork and Joanne Milner

of Smith & Williamson Limited
25 Moorgate, London EC2R 6AY

hereby report that a meeting of the creditors of the above company was held at

(b) Insert place of meeting

(b) _____ 25 Moorgate, London EC2R 6AY _____

(c) Insert date of meeting

on (c) _____ 24 December 2008 _____ at which:

*1. Proposals were approved.

*Delete as applicable

The modifications made to the proposals are as follows:

(d) _ none _____

(d) Give details of the modifications (if any)

(e) Insert time and date of adjourned meeting

(f) Details of other resolutions passed

The revised date for automatic end to administration is _____

Case 08-32514    Doc# 163241-1    Filed 04/22/09    Entered 07/06/10 17:09:59    Page 2 of 91
of 16

A creditors' committee was formed.

Signed _____
Joint / Administrator(s)

Dated _7 January 2009_____

*Delete as applicable

A copy of the original proposals are attached for those who did not receive such documents prior to the meeting.

## Contact Details:

You do not have to give any contact information in the box opposite but if you do, it will help Companies House to contact you if there is a query on the form. The contact information that you give will be visible to searchers of the public record

| Smith & Williamson Limited 25 Moorgate London | |
|---|---|
| EC2R 6AY | Tel |
| DX Number | DX Exchange |

Companies House receipt date barcode

When you have completed and signed this form please send it to the Registrar of Companies at:

Companies House, Crown Way, Cardiff, CF14 3UZ        DX 33050 Cardiff

# HELLER EHRMAN (EUROPE) LLP – IN ADMINISTRATION

## ADMINISTRATOR'S PROPOSALS

1. The Administrator will continue to manage the LLP's affairs in accordance with the statutory purpose.

2. The Administrator's fees be fixed by reference to the time properly given by the Administrator and his staff in attending to matters arising in the Administration, and that remuneration is to be drawn at the discretion of the Administrator, as and when funds allow.

3. A formal creditors' committee be established, if sufficient creditors are willing to act on such a committee. That the Administrator consults with any duly appointed creditors' committee as to any proposed course of action or investigation into prior transactions. If no creditors committee is formed then the Administrator will take whatever actions he believes appropriate in the interests of creditors.

4. The Administration be converted into a creditors' voluntary liquidation shortly in accordance with Paragraph 83 of Schedule B1. Creditors are advised that, pursuant to paragraph 83(7) of Schedule B1, in the absence of any alternate nominations, the Joint Administrators shall become the Liquidator for the purpose of winding up the affairs of the LLP. Creditors are informed that they may nominate a different person as the proposed Liquidator, provided that the nomination is made after the receipt of these proposals and before these proposals are approved.

5. The Administrator's liability, in respect of any of actions as Administrator, shall be discharged, in accordance with Paragraph 98 of Schedule B1, immediately upon the appointment ceasing to have effect.

6. The Administration become a creditors' voluntary liquidation in accordance with Paragraph 83 of Schedule B1 should it be deemed the most appropriate exit route.

# HELLER EHRMAN (EUROPE) LLP
## (In Administration)

### Extracts of Members estimated statement of affairs as at 3 November 2008

|  | Book Value £ | Estimated to realise £ |
|---|---:|---:|
| **Assets** | | |
| Assets subject to fixed and floating charges | nil | nil |
| Uncharged assets: | | |
|    Cash at bank | 599,055 | 599,055 |
|    Book debts | 2,673,936 | 1,281,849 |
|    Work in progress | 539,549 | 404,662 |
|    Furniture and Fittings | 3,696,912 | 150,000 |
| **Estimated total assets available for preferential creditors** | 7,509,452 | 2,435,566 |
| **Liabilities** | | |
| Preferential creditors | | |
|    Employee claims | | (13,229) |
| Estimated surplus as regards preferential creditors | | 2,422,337 |
| Estimated prescribed part | | nil |
| Estimated floating charge | | nil |
| **Estimated assets available for unsecured creditors** | | 2,422,337 |
| Unsecured creditors: | | |
|    Trade creditors | (818,575) | |
|    Employee claims | (96,909) | |
|    VAT | (184,053) | |
|    PAYE/NIC | (71,144) | |
|    Former member claims | (4,159,154) | (5,329,835) |
| **Estimated deficiency as regards creditors** | | (2,907,498) |
| Heller Ehrman LLP (Subrogated claim) *1 | (8,859,791) | |
| **Estimated total deficiency as regards Heller Ehrman LLP** | | (11,767,289) |

*Note 1 Character and amount of claim uncertain*

Rule 2.23

Form 2.10B

# Notice of appointment of an administrator by the members of an LLP
(where a notice of intention to appoint has not been issued)

| Name of Company | Company number |
|---|---|
| Heller Ehrman (Europe) LLP | OC325548 |

| In the High Court of Justice Chancery Division, Companies Court | For court use only 9795 of 2008 |
|---|---|

(a) Insert name and address of registered office of the company

1. Notice is given that, in respect of (a) Heller Ehrman (Europe) LLP whose registered office is at Condor House, 10 St Paul's Churchyard, London, EC4M 8AL ("the LLP")

\* the members of the LLP ("the appointor") hereby appoint

\* Delete as appropriate

(b) Stephen Robert Leslie Cork and Joanne Elizabeth Milner of Smith & Williamson Limited, 25 Moorgate, London, EC2R 6AY

(b) Give name(s) and address(es) of administrator(s)

as administrator(s) of the LLP.

2. The written statement(s) in Form 2.2B are attached.

3. The appointor is entitled to make an appointment under paragraph 22 of Schedule B1 to the Insolvency Act 1986.

\*Delete as applicable

4. This appointment is in accordance with Schedule B1 to the Insolvency Act 1986.

5. The LLP has not, within the last twelve months: -

(i) been in administration
(ii) been the subject of a moratorium under Schedule A1 to the Insolvency Act 1986 which has ended on a date when no voluntary arrangement was in force
(iii) been the subject of a voluntary arrangement which was made during a moratorium for the company under Schedule A1 to the Insolvency Act 1986 and which ended prematurely within the meaning of section 7B of the Insolvency Act 1986.

6. In relation to the LLP there is no:

(i) petition for winding up which has been presented but not yet disposed of
(ii) administration application which has not yet been disposed of, or
(iii) administrative receiver in office.

\*Delete as applicable

7. The LLP is not an insurance undertaking / a credit institution / an investment undertaking providing services involving the holding of funds or securities for third parties / or a collective investment undertaking under Article 1.2 of the EC Regulation.

8. For the following reasons it is considered that the EC Regulation will apply as the LLP's centre of main interest is in England. If it does apply, these proceedings will be (c) MAIN proceedings as defined in Article 3 of the EC Regulation:

(c) Insert whether main or territorial proceedings

Case 08-32514    Doc# 1624-1    Filed 04/22/09    Entered 07/06/10 16:09:59    Page 28 of 95
of 16

Form 2.10B continued

*Delete as applicable

9. Attached to this notice is a copy of the a record of the decision of the members to appoint an administrator.

10. Where there are joint administrators, a statement for the purposes of paragraph 100(2) of Schedule B1 to the Insolvency Act 1986 is attached.

(d) Insert name and address of person making declaration

I (d) __RICHARD EATON__
(Executive Partner on behalf of the members)

hereby do solemnly and sincerely declare that:

(i) the LLP is or is likely to become unable to pay its debts
(ii) the LLP is not in liquidation, and
(iii) the statements in paragraphs 5 and 6 are, so far as I am able to ascertain, true,

and that the information provided in this notice is to the best of my knowledge and belief true,

AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the Statutory Declarations Act 1835.

Declared at __LONDON__

Signed __[signature]__

This __3__ day of __November__ 2008

before me __HILARY WINTER__

A Commissioner for Oaths or Notary Public or Justice of the Peace or Solicitor or Duly Authorised Officer

| Endorsement to be completed by the court |
|---|
| This notice was filed (e) __03/11/08 16:03__ |

(e) Insert date and time

