# **<u>Exhibit 2</u>**

Case: 08-32514    Doc# 1451-5    Filed: 08/17/10    Entered: 08/17/10 15:34:58    Page 1
of 8

**PILLSBURY DRAFT 8/2/10**

Heller Ehrman LLP
333 Bush Street, 10th Floor
San Francisco, CA 94104

August_____, 2010

Bank of America, N.A. [Street Address] [City, State, Zip Code]
800 Fifth Avenue, WA1-501-13-21 Seattle, WA 98104 Attention: [●]Reita Wood

Re:     Exit Financing Account

Ladies and Gentlemen:

The undersigned ("Debtor"), as debtor and debtor in possession in the bankruptcy case no. 08-32514 ("Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") and Bank of America, N.A., in its separate capacity and as agent ("Bank") are party to a Settlement Agreement dated as of August_, 2010 among, Debtor, Bank, the Official Committee of Unsecured Creditors of Heller Ehrman LLP in the Bankruptcy Case, Citibank, N.A. and the Heller Ehrman professional corporations (the "Heller Ehrman PCs") party thereto (as amended, modified, supplemented from time to time, the "Settlement Agreement"). Debtor is entering into this letter agreement (this "Agreement") in connection with the delivery of certain funds to Bank to be held as collateral pursuant to Section 4.1(c) of the Settlement Agreement. Terms used but not defined herein are used as defined in the Settlement Agreement, or if not defined in the Settlement Agreement, as defined in the Plan.

Debtor hereby agrees as follows:

I.      *The Exit Financing Account.* Debtor will cause all proceeds of the Exit Financing to be deposited into an interest bearing account with Bank entitled "Heller Ehrman LLP FBO Bank of America, N.A., as Collateral Pledgee Exit Financing Account" (the "Exit Financing Account"), and the Exit Financing Account shall be established as a condition to borrowing any funds under the Exit Financing.                    To the extent that any Exit Financing proceeds are advanced after the Effective Date, the Plan shall provide that the Liquidating Debtor shall cause such proceeds to be deposited into the Exit Financing Account. Subject to the terms of any other agreements with Bank governing the Exit Financing Account, some or all of the funds from time to time in the Exit Financing Account may, at Debtor's option, be invested in time deposits, including, without limitation, certificates of deposit issued by Bank (such certificates of deposit or other time deposits being, collectively, "Time Deposits"). Interest earned on the Exit Financing Account and on the Time Deposits, and the principal of the Time Deposits at

702332226v6

maturity which is not invested in new Time Deposits, shall be deposited in the Exit Financing Account.

II. *Withdrawal Rights Limited.* Debtor (and after the Effective Date, Liquidating Debtor) may only withdraw any balance in the Exit Financing Account and shall be only entitled to the return, at Debtor's written request, of any Time Deposits:

(a) prior to a Preference Action Resolution; and

(b) on and after a Preference Action Resolution, so long as all of the PC Obligations (as defined below) have been indefeasibly satisfied in full.

If there has been a Preference Action Resolution and the PC Obligations have not been indefeasibly satisfied in full,, neither Debtor nor Liquidating Debtor shall have any right to withdraw any sums in the Exit Financing Account or any Time Deposits or any proceeds of any thereof, nor any right to ask Bank to part with physical possession of any instruments or agreements evidencing Time Deposits.

III. *Security Interest.* To secure the prompt payment and performance of all obligations of the Heller Ehrman PCs under the Guaranty (the "PC Obligations"), Debtor hereby grants to Bank for its benefit and for the benefit of Citibank a continuing security interest in and lien upon the Exit Financing Account, all sums from time to time in the Exit Financing Account, all Time Deposits, and all proceeds of the foregoing. If there has been a Preference Action Resolution and the PC Obligations have not been indefeasibly satisfied in full (a "Post-Forbearance Event of Default"), Bank shall have all rights and remedies by law, at equity or otherwise, including the rights and remedies of a secured party under the Uniform Commercial Code to enforce its rights under this Agreement. Without limitation of the foregoing, Debtor agrees that during the existence of Post-Forbearance Event of Default, Bank shall be entitled to debit the Exit Financing Account and to collect or redeem any Time Deposits. Any withdrawal penalties shall constitute collection expenses and shall be part of the collateral security for the PC Obligations. In addition, nothing contained in this Section III is intended to limit any right or remedy of Bank as a secured creditor by law, at equity, or under the Security Agreement or any other Prepetition Loan Document to enforce its rights (x) against Debtor or Liquidating Debtor, in the event that Bank prevails in the Bank of America Preference Action or (y) against the guarantors with respect to the Guaranty.

IV. *Authorization to File Financing Statement.* Bank is authorized to file one or more financing statement showing Debtor or Liquidating Debtor as the debtor and indicating the collateral as the Exit Financing Account, all sums from time to time in the Exit Financing Account, all Time Deposits, and all proceeds of the foregoing, whether now or hereafter existing or arising. Bank may indicate some or all of the collateral on the financing statement, whether generally or specifically.

V. *Waivers.*

(a) Debtor hereby waives, to the extent the same may be waived under applicable law: (i) notice of acceptance of this Agreement; (ii) all claims, causes of action

702332226v6

and rights of Debtor against Bank on account of actions taken or not taken by Bank in the exercise of Bank's rights or remedies (A) hereunder or (B) under the Loan Documents or under applicable law to the extent constituting Heller Released ~~Heller~~ Claims; (iii) all claims of Debtor for failure of Bank to comply with any requirement of applicable law relating to enforcement of Bank's rights or remedies hereunder, under the Loan Documents or under applicable law; (iv) all rights of redemption of Debtor with respect to the Collateral; (v) in the event Bank seeks to repossess any or all of the Collateral by judicial proceedings, any bond(s) or demand(s) for possession which otherwise may be necessary or required; (vi) presentment, demand for payment, protest and notice of non payment and all exemptions; (vii) any and all other notices or demands which by applicable law must be given to or made upon Debtor by Bank; (viii) settlement, compromise or release of the obligations of any Person primarily or secondarily liable upon any of the PC Obligations; (ix) all rights of Debtor to demand that Bank release account debtors from further obligation to Bank; and (x) substitution, impairment, exchange or release of any Collateral for any of the PC Obligations. Debtor agrees that Bank may exercise any or all of its rights and/or remedies hereunder, under the Loan Documents and under applicable law without resorting to and without regard to any Collateral or sources of liability with respect to any of the PC Obligations.

(b) The obligations of Debtor under this Agreement shall remain in full force and effect until all of the PC Obligations have been absolutely, irrevocably, and unconditionally fulfilled, performed or met, whether by Debtor or other person. The obligations of Debtor shall be absolute, unconditional and irrevocable irrespective of (i) any lack of validity, legality or enforceability of the Loan Documents or any of the PC Obligations; (ii) any failure, omission, delay or lack on the part of Bank (x) to assert any claim or demand or to assert, enforce, or exercise any right, power or remedy against the Heller Ehrman PCs or any other person under the provisions of the Loan Documents or any of the PC Obligations, or (y) to exercise any right or remedy against any other collateral securing the Loan Documents or any of the PC Obligations; (iii) any change in the time, manner or place of payment of, or in any other term of, including the performance of, the Loan Documents or any of the PC Obligations, or any other extension, compromise or renewal of the Loan Documents or any of the PC Obligations; (iv) any reduction, limitation, impairment or termination of the Loan Documents or any of the PC Obligations for any reason, including any claim of waiver, release, surrender, alteration or compromise, and shall not be subject to (and Debtor hereby waives any right to or claim of) any defense or setoff, counterclaim, recoupment or termination whatsoever by reason of the invalidity, illegality, nongenuineness, irregularity, compromise, unenforceability of, or any other event or occurrence affecting, the Loan Documents or any of the PC Obligations; (v) any amendment to, rescission, waiver, compromise, settlement, release, termination or other modification of, or any consent to departure from, any of the terms of the Loan Documents or any of the PC Obligations; (vi) any addition, exchange, release, or surrender of any collateral, or any amendment to

or waiver or release or addition of, or consent to departure from, any other guaranty, provided in favor of Bank in connection with the Loan Documents or any of the PC Obligations; (vii) any failure by Bank to create a valid lien or security interest in any collateral or security for the Loan Documents or any of the PC Obligations or to perfect any such lien or security interest; (viii) the failure to give notice to Debtor of the occurrence of any breach, default, or event of default under the Loan Documents or any of

the PC Obligations; (ix) the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all of the assets, marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition with creditors or adjustment of debts, or other similar proceedings affecting the Heller Ehrman PCs or Debtor or any of the assets of either of them; (x) the release or discharge by operation of law of Debtor from the payment, performance, satisfaction or discharge of the Loan Documents or any of the PC Obligations; (xi) the release or discharge by operation of law of Debtor from any of the obligations of Debtor under this Agreement; (xii) any duty on the part of Bank to disclose to Debtor any facts Bank may now or hereafter know about the Heller Ehrman PCs, regardless of whether Bank has reason to believe that any such facts materially increase the risk beyond that which Debtor intends to assume, or has reason to believe that such facts are unknown to Debtor, or has a reasonable opportunity to communicate such facts to Debtor, since Debtor acknowledges that Debtor is fully responsible for being and keeping informed of the financial condition of the Heller Ehrman PCs and of all circumstances bearing on the risk of non-payment of the Loan Documents or any of the PC Obligations; or (xiii) any other circumstance which might otherwise constitute a defense available to, or a legal or equitable discharge of, Debtor or any surety.

(c)    Debtor waives any and all rights that are or may become available to Debtor by reason of California Civil Code Sections 2787 to 2855, inclusive, including any rights under Section 2845 of the California Civil Code to require Bank to (i) proceed against the Heller Ehrman PCs; (ii) proceed against or exhaust any security held from the Heller Ehrman PCs; or (iii) pursue any other remedy in Bank's power whatsoever. Bank may, at its election, exercise any right or remedy it may have against Debtor or any security now or hereafter held by or for the benefit of Bank including, without limitation, the right to foreclose upon any such security by judicial or nonjudicial sale, without affecting or impairing in any way the liability of Debtor hereunder except to the extent the PC Obligations may thereby be paid and performed, even though any rights which Debtor may have or otherwise might obtain by subrogation against others might be diminished or destroyed.    Debtor acknowledges that any such exercise of a right or remedy with respect to any collateral security for the PC Obligations may result in a loss, in part or whole, of Bank's right to collect from the Heller Ehrman PCs any deficiency that may remain after any such exercise of such a right or remedy and that, where such a loss occurs, Debtor will also suffer a loss of any rights and remedies, arising in law or equity, which Debtor may have to collect any amount from the Heller Ehrman PCs; and Debtor agrees to remain bound notwithstanding any such loss. Debtor waives all rights and defenses arising out of an election of remedies by Bank, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for the PC Obligations, has destroyed Debtor's rights of subrogation and reimbursement against the

Heller Ehrman PCs by the operation of section 580d of the California Code of Civil Procedure or otherwise.    Only the net proceeds from any such foreclosure, after deduction of all costs and expenses authorized to be deducted pursuant to the documents under which such security is held or by law, shall be applied against the Obligations. Bank may at its discretion purchase all or any part of such security so sold or offered for sale for its own account and may apply against the amount bid therefor all or any part of the PC Obligations for which such security is held; and in such case, only that portion of the PC Obligations so applied, after deduction of all costs and expenses authorized to be

702332226v6

deducted pursuant to the documents under which such security is held or law, shall be applied against the PC Obligations. Debtor waives any defense arising out of the absence, impairment or loss of any right of reimbursement or subrogation or other right or remedy of Debtor against the Heller Ehrman PCs or any such security, whether resulting from the election by Bank to exercise any right or remedy it may have against the Heller Ehrman PCs, any defect in, failure of, or loss or absence of priority with respect to Bank's interest in such security, or otherwise. In the event that any foreclosure sale is deemed to be not commercially reasonable, Debtor waives any right that it may have to have any portion of the PC Obligations discharged except to the extent of the amount actually bid and received by Bank at any such sale. Bank shall not be required to institute or prosecute proceedings to recover any deficiency as a condition of payment or performance hereunder or enforcement hereof.

(d)     The obligations hereunder are independent of the obligations of the Heller Ehrman PCs, and a separate action or actions may be brought and prosecuted against Debtor whether action is brought against the Heller Ehrman PCs or whether the Heller Ehrman PCs be joined in any such action or actions; Debtor waives the benefit of any statute of limitations affecting its liability hereunder or the enforcement thereof, to the fullest extent permitted by law.     Any part performance of the PC Obligations by the Heller Ehrman PCs or other circumstances, which operate to toll any statute of limitations as to the Heller Ehrman PCs shall operate to toll the statute of limitations as to Debtor. Debtor hereby waives any rights it may have under Sections 2809 and 2810 of the California Civil Code and reaffirms that, in any event, the obligations of Debtor are independent of those of the Heller Ehrman PCs. Debtor understands that Bank would not have entered into the transactions with it and the Heller Ehrman PCs under the Settlement Agreement in the absence of the foregoing covenants by Debtor and the other covenants of Debtor contained in this Agreement.

(e)     Debtor waives any defense arising by reason of any disability or other defense of the Heller Ehrman PCs or by reason of the cessation from any cause whatsoever of the liability of the Heller Ehrman PCs. Debtor waives any setoff, defense or counterclaim which the Heller Ehrman PCs or Debtor may have or claim to have against Bank. Debtor waives any and all rights under California Civil Code Sections 2848 and 2849.

VI.     *No Commitment to Extend or Renew Services.* Nothing contained in this letter shall constitute a commitment on Bank's part to extend cash management services, or otherwise to provide any additional services to Debtor or its affiliates.

VII.     *Governing Law.* This Agreement shall be governed by the law of the State of California and shall be construed as a sealed instrument under such law. The parties agree that jurisdiction of Bank for purposes of this Agreement is California.

[Remainder of Page Left Intentionally Blank]

Very truly yours,

**HELLER EHRMAN LLP,**
as Debtor

By:_____
      Name: Title:

ACCEPTED and AGREED as of August___, 2010

**BANK OF AMERICA, N.A.**

By:_____
      Name: Title:

[Sɪɢɴᴀᴛᴜʀᴇ Pᴀɢᴇ ᴛᴏ Exɪᴛ Fɪɴᴀɴᴄɪɴɢ Aᴄᴄᴏᴜɴᴛ Aɢʀᴇᴇᴍᴇɴᴛ]

Document comparison by Workshare Professional on Monday, August 16, 2010 1:05:58 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:/Documents and Settings/tmk/My Documents/Heller Exit Fin Old.pdf |
| Description | Heller Exit Fin Old |
| Document 2 ID | file://C:/Documents and Settings/tmk/My Documents/Heller Exit Fin Acct Agmt.pdf |
| Description | Heller Exit Fin Acct Agmt |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 20 |