John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No.: 08-32514 |
| **HELLER EHRMAN LLP,** | Chapter 11 |
| Debtor. | **THIRD OMNIBUS OBJECTION SEEKING TO RECLASSIFY PRIORITY CLAIMS FILED BY ADAM MENDELOWITZ (103), ALI'S CONTRACTING ELITE (1029), ERIN WIGGINS (93), HAVILA UNREIN (715), INTERSECT SYSTEMS (1128), KELLY SEABURG (561), KENNETH KRONSTADT (240), LANDMARK LEGAL PROFESSIONALS (1139), RETINAGENIX (371), ROY LO (293), SARAH GROSSMAN-SWENSON (955), TEG STAFFING (626), AND TRACY TALBOT (1115) AS GENERAL UNSECURED CLAIMS** |
| | [Pursuant to B.L.R. 9014-1, no hearing unless objection filed or hearing requested] |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; THE CLAIMANTS SUBJECT TO THE OMNIBUS OBJECTION; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ANY PARTIES ENTITLED TO SPECIAL NOTICE:**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and

Federal Rule of Bankruptcy Procedure 3007(d)(8), Heller Ehrman LLP (the "Debtor") hereby

objects (the "Omnibus Objection") to the claims of: Adam Mendelowitz (103), Ali's Contracting

Elite, LLC (1029), Erin Wiggins (93), Havila Unrein (715), Intersect Systems (1128), Kelly Seaburg

(561), Kenneth Kronstadt (240), Landmark Legal Professionals (1139), Retinagenix (371), Roy Lo

Case: 08-32514    Doc# 1500    Filed: 08/27/10    Entered: 08/27/10 13:36:22    Page 1 of
                                      45
36865/001\DOCS_LA:224946.1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   (293), Sarah Grossman-Swenson (955), Teg Staffing (626), and Tracy Talbot (1115) (collectively,

2   the "Claimants," and their "Subject Claims") because the Subject Claims are not entitled to any

3   priority.  This Omnibus Objection is based on the Declaration of Carol Budinger filed herewith (the

4   "Budinger Declaration"), and any other evidence submitted prior to or at any hearing on the

5   Omnibus Objection.

6

**I.**

7

**STATEMENT OF FACTS**

8   **A.**     **Background**

9         On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief

10  under chapter 11 of the United States Code (the "Bankruptcy Code").  Following the adoption of a

11  Plan of Dissolution by the shareholders of the Debtor's limited partners in September 2008, the

12  Debtor has been winding down its business and affairs to maximize the value of the Debtor's assets

13  for the benefit of its creditors and equity interest holders, and discharge the Debtor's obligations to

14  its former clients.  Budinger Declaration, ¶4.

15        On August 16, 2010, the Court entered its order confirming the Joint Plan of Liquidation of

16  Heller Ehrman LLP (August 9, 2010) (the "Liquidation Plan").  The Liquidation Plan provides for

17  several types of employment related priority claims.  Class 1 is comprised of Priority Employee

18  Claims[1] that are entitled to priority under section 507(a)(4) of the Bankruptcy Code.  Class 2 consists

19  of Biggers Priority Employee Claims, which are held by certain members of the Biggers Class who

20  do not exercise the Biggers Opt Out that are entitled to priority under section 507(a)(4) of the

21  Bankruptcy Code.  Class 3 includes Priority Employee Benefit Claims that are entitled to priority

22  under section 507(a)(5) of the Bankruptcy Code.  Allowed Claims in Classes 1, 2 and 3 are

23  unimpaired and will be paid in full pursuant to the Liquidation Plan.

24        In addition, Class 7 of the Liquidation Plan is comprised of Unsecured Claims that are

25  neither secured nor entitled to priority or administrative status under sections 507 or 503 of the

26  Bankruptcy Code.  Under the Plan, each holder of an Allowed Class 7 Claim will receive a Pro Rata

27

28        
_____
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Liquidation Plan [Docket No. 1431].

Share of Net Available Cash after deductions for the payment or reservation for Allowed Claims of senior classes of Claims, along with reserves for Disputed Claims, Professional Fees and/or Plan Expenses.

**B.** **The Subject Claims**

The Subject Claims all seek priority treatment and fall into three general categories: (i) employment deferral stipend claims, (ii) temporary employment agency claims, and (iii) client refund claims.

1. Employment Deferral Stipend Claims

Each of the following Claimants filed proofs of claim that assert priority claims under Bankruptcy Code section 507(a)(4) in the amount of $10,000 for unpaid employment deferral stipends: Adam Mendelowitz (103), Erin Wiggins (93), Havila Unrein (715), Kelly Seaburg (561), Kenneth Kronstadt (240), Roy Lo (293), Sarah Grossman-Swenson (955), and Tracy Talbot (1115) (collectively, the "Law Student Claimants"). Copies of the proofs of claim filed by the Law Student Claimants are attached hereto as **Exhibit B**.

On or about August 27, 2008, the Debtor sent letters (the "Deferral Stipend Letters") to the Law Student Claimants that informed them that their anticipated first day of employment would be delayed from October, 2008 until January, 2009. Copies of some of the Deferral Stipend Letters are included in **Exhibit B** because they are attached as exhibits to the proofs of claim filed by Law Student Claimants Unrein, Seaburg, Kronstadt, and Lo. To help defray expenses resulting from the delay in the Law Student Claimants employment at the firm, the Debtor represented in the Deferral Stipend Letters that it would pay each Law Student Claimant a $10,000 stipend in three equal installments. Budinger Declaration, ¶6. The Deferral Stipend Letters also stated that the students would not become employees of the Debtor until they commenced their actual employment with the firm in January, 2009. The Deferral Stipend Letters further advised that the stipend was available even if the law students accepted temporary employment elsewhere prior to joining the firm.

The Law Student Claimants were never employees of the Debtor and never engaged in a master/servant relationship with the Debtor. Indeed, the Debtor deferred the Law Student

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Claimants' start dates for the purpose of delaying their employment with the firm.  Budinger Declaration, ¶7.

     2.    <u>Temporary Employment Agency Claims</u>

     Claimants Landmark Legal Professionals (1139), Teg Staffing (626) and Ali's Contracting Elite, LLC (1029) filed proofs of claim in connection with temporary employment services they provided to the Debtor (collectively, the "Temporary Employment Agency Claimants").  Copies of the proofs of claim filed by the Temporary Employment Agency Claimants are attached hereto as **Exhibit C**.  Each of the Temporary Employment Agency Claimants asserts a priority claim pursuant to section 507(a)(4) of the Bankruptcy Code.  The proof of claim filed by Landmark Legal Professionals (1139) seeks a total distribution of $11,310, of which it claims $8,715.00 is priority.  Teg Staffing (626) claims $22,510.25, of which it asserts $10,950 deserves priority treatment.  And Ali's Contracting Elite, LLC (1029) requests priority treatment for its entire claim of $1,684.51.

     Whereas Landmark Legal Professionals and Teg Staffing provided customary "temp agency" services to the Debtor in the form of payroll, human resources and legal staff support, Ali's Contracting Elite, LLC performed messenger services for the Debtor for local deliveries in the Washington, DC area.  The Debtor's involvement with all of the Temporary Employment Agency Claimants lacks the traditional employer-employee relationship.  These business dealings instead constituted mere contractual relationships.  Budinger Declaration, ¶9.

     3.    <u>Client Refund Claims</u>

     The third category of Subject Claims is comprised of refund claims filed by the Debtor's former clients Retinagenix and Intersect Systems Inc. (collectively, the "Client Refund Claimants").  Retinagenix (371) filed a priority claim for $1,726, and Intersect Systems Inc. (1128) filed a priority claim for $2,254.52.  Copies of the proofs of claim filed by the Client Refund Claimants are attached hereto as **Exhibit D**.

     The proofs of claim filed by both of the Client Refund Claimants provide no justification for why the claims are entitled to priority treatment.  The Client Refund Claimants neglected to fully respond to the proof of claim form, which requests that claimants specify the priority category of

their claims. Obviously, the Debtor's former clients, such as the Client Refund Claimants, are not the Debtor's employees. Budinger Declaration, ¶11.

## II.

### THE COURT SHOULD RECLASSIFY THE SUBJECT CLAIMS
### TO GENERAL UNSECURED STATUS

**A.**     **Standard of Review**

A proof of claim constitutes *prima facie* evidence of the validity of the claim unless an objection is filed. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000). However, once the objector raises facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (BAP 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623.

When priorities are in question as they are here, they are to be narrowly construed. *See United States v. Embassy Rest., Inc.*, 359 U.S. 29, 35-36 (1959); *In re Quality Beverage Co., Inc.*, 181 B.R. 887, 896 (Bankr. S.D. Tex. 1995). The claimant asserting priority bears the burden of establishing the priority claim, and it must fit squarely within the statutory requirements to achieve priority status. *See In re Quality Beverage*, 181 B.R. at 896. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case, including the debtor's schedules. *In re ER Fergert, Inc.*, 887 F.2d 955, 957-958 (9th Cir. 1998).

**B.**     **Priority Wage Claims Must Be Narrowly Construed**

Bankruptcy Code section 507(a)(4) gives priority to claims of employees for wages and salaries earned shortly before their employer files for bankruptcy. Priority treatment functions to give some measure of additional protection to those individuals who depended upon the debtor for their livelihood. *In re Grant Indus.*, 133 B.R. 514, 514 (Bankr. W.D. Mo. 1991) "The purpose of Congress has constantly been to enable employees displaced by bankruptcy to secure, with some promptness, the money directly due to them in back wages, and thus to alleviate in some degree the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  hardship that unemployment usually brings to workers and their families." *United States v. Embassy*

2  *Restaurant, Inc.*, 359 U.S. at 32.

3       Congress did not provide the same protections to companies and individuals who provided

4  goods and services to the debtor, even though in some cases these parties may also be highly

5  dependent on the debtor for their economic livelihood.  Courts distinguish between claimants who

6  are truly engaged in a master/servant relationship with the debtor and those who are engaged in a

7  contractual relationship with the debtor.  "This relationship is the true test, and to entitle the claim to

8  priority should be one where there . . . is a real status of employee and employer between the

9  claimant and the bankrupt."  *In re Progressive Luggage Corp.*, 34 F.2d 138 (2d Cir. 1929); *See also*

10  *In re Ageloff*, 40 F. Supp. 369, 370 (S.D. N.Y. 1939) ("the claim must be such as arises from the

11  relation of master and servant as distinguished from a mere contractual relationship"); *In re Qualia*

12  *Clinical Serv.*, 2009 Bankr. LEXIS 2308, 2-3 (Bankr. D. Neb. Aug. 10, 2009) ("The issue of whether

13  individuals who are not employees are nevertheless entitled to priority wage claims under §

14  507(a)(4) depends on whether something more than a 'mere contractual relationship' existed

15  between the parties, as well as on the amount of control exercised over the claimants by the

16  debtor.").

17       For instance, *In re Grant Indus.*, 133 B.R. 514 (Bankr. W.D. Mo. 1991), held that a wage

18  claim by a temporary employment agency could not be allowed (i) because the claimant was not an

19  individual and did not hold wage assignments from the workers, and (ii) because the claimant

20  agency simply provided contract services to the debtor; the debtor had no "obligations normally

21  incident to an employment relationship."  Likewise, *In re Hutchison*, 223 B.R. 586 (Bankr. M.D.

22  Fla. 1998), ruled that an attorney who filed a priority claim to recover for previous legal fees owed to

23  him did not fall within the purview of § 507(a)(4) because the statute is aimed at protecting those

24  claimants who "are truly engaged in a master/servant relationship" with the debtor, rather than those

25  who simply have a contract with the debtor.

26       In *In re Dahlman Truck Lines, Inc.*, 59 B.R. 218 (Bankr. W.D. Wis. 1986), the bankruptcy

27  court disallowed a priority claim by a corporate claimant, again because there was insufficient

28  evidence of an employer-employee relationship.  A written agreement executed by the two corporate

entities expressly stated that the parties intended to create an independent contractor relationship and not an employer-employee relationship. The court found the agreement relevant but not controlling, and then denied the priority claim even though the claimant alleged that the debtor had "exclusive" control over the hiring and firing of drivers (the claimant company worked solely for the debtor; the debtor held all license plate permits; the debtor trained the drivers; the debtor instructed the drivers daily where to pick up their loads; the debtor provided workers' compensation insurance; and the debtor's logo was on all of the trucks). Nevertheless, the court found that these characteristics were "not sufficient in and of themselves, to establish the claimed relationship." 59 B.R. at 221.

## C. The Subject Claims should be Reclassified as Class 7 General Unsecured Claims

Congress intended for Bankruptcy Code section 507(a)(4) to apply to the traditional employer-employee relationship rather than mere contractual relationships with the Debtor, and there is no sound basis to afford priority treatment to the Subject Claims. First, the Subject Claims filed by the Law Student Claimants do not deserve priority status because the Law Student Claimants were never employees of the Debtor and never engaged in a master/servant relationship with the Debtor. The Deferral Stipend Letters explicitly stated that the Law Student Claimants would not be employees of the Debtor until they officially joined the firm in January, 2009. In addition, the Debtor advised the law students to pursue temporary jobs before joining the firm and thus did not exercise control over them during the originally anticipated start date and the projected start date. Indeed, the Debtor deferred the start dates for the Law Student Claimants for the purpose of delaying their employment with the firm. Budinger Declaration, ¶7.

Second, the Debtor's involvement with the Temporary Employment Agency Claimants also lacks the traditional employer-employee relationship. These business dealings instead constituted "mere contractual relationships" that fall beyond the scope of section 507(a)(4) protection. *See* Budinger Declaration, ¶9. As discussed above, the Eighth Circuit addressed this issue and ruled that a wage claim by a temporary employment agency could not be allowed priority status in part because the claimant agency simply provided contract services to the debtor and had no "obligations normally incident to an employment relationship." *In re Grant Indus.*, 133 B.R. at 515.

Third, the Client Refund Claimants have failed to meet their burden to establish that their

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

claims are entitled to priority treatment. Priorities are narrowly construed (*see Embassy Rest., Inc.*, 359 U.S. at 35-36; *In re Quality Beverage Co., Inc.*, 181 B.R. at 896), and the Client Refund Claimants have provided no evidence to justify giving their claims priority status. They neglected to complete the proof of claim forms, which request claimants to specify the priority category of their claims. Moreover, the Debtor's former clients are not its employees, and the Client Refund Claimants' claims accordingly cannot qualify as wage claims under section 507(a)(4) of the Bankruptcy Code. *See* Budinger Declaration, ¶11.

For the foregoing reasons, priority payment of the Subject Claims would be contrary to the rule that priorities should be given a strict interpretation. The Omnibus Objection thus should be sustained, and the Debtor should be authorized to pay the Subject Claims as Class 7 General Unsecured Claims.

**D.      Reservation of Rights.**

The Debtor reserves the right to amend, modify or supplement this Omnibus Objection and to file additional objections to the Subject Claims referred to herein, or to any other claims or proofs of claim (filed or not) which may be asserted by or on behalf of the Claimants against the bankruptcy estate. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Debtor reserves the right to object to the Subject Claims on any other grounds which the Debtor may discover or deem appropriate at any time during the pendency of this case. Moreover, the Debtor expressly reserves the right to file an action to enforce any rights, remedies or other claims against Claimants regarding the Subject Claims referred to herein or any other claims (filed or not) which may be asserted by or against the bankruptcy estate.

//

//

//

//

//

//

//

III.

**<u>CONCLUSION</u>**

Based on the foregoing, the Debtor respectfully requests an Order:

1.     Sustaining the Objection in its entirety;

2.     Reclassifying the full amount of each of the Subject Claims as Class 7 General Unsecured Claims; and

3.     Granting such other relief as is just and proper.

Dated:     August 27, 2010                         PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Teddy M. Kapur*
John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Teddy M. Kapur (CA Bar No. 242486)
Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# EXHIBIT  A

| Claim # | Name of Creditor / Address Name | Filed Unsecured Claim | Filed Secured Claim | Filed Priority Claim | Total Proof of Claim Amount | Date filed | Proposed Treatment/ Disposition | Supplemental Information | Pertinent Pages in Omnibus Objection |
|---|---|---|---|---|---|---|---|---|---|
| 103 | Adam Mendelowitz | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 2/13/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 1029 | Ali's Contracting Elite | $0.00 | $0.00 | $1,684.51 | $1,684.51 | 4/27/2009 | Allow as GUC in the amount of $1,684.51 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 4, 7 |
| 93 | Erin Wiggins | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 2/9/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 715 | Havila Unrein | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 4/23/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 1128 | Intersect Systems | $0.00 | $0.00 | $2,254.52 | $2,254.52 | 4/28/2009 | Allow as GUC in the amount of $2,254.52 | No basis for priority treatment | Pages 4-5, 7-8 |
| 561 | Kelly Seaburg | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 4/21/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 240 | Kenneth Kronstadt | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 3/18/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 1139 | Landmark Legal Professionals | $2,595.00 | $0.00 | $8,715.00 | $11,310.00 | 4/27/2009 | Allow as GUC in the amount of $11,310.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 4, 7 |
| 371 | Retinagenix | $0.00 | $0.00 | $1,726.00 | $1,726.00 | 4/6/2009 | Allow as GUC in the amount of $1,726.00 | No basis for priority treatment | Pages 4-5, 7-8 |
| 293 | Roy Lo | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 3/25/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 955 | Sarah Grossman-Swenson | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 4/27/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| 626 | TEG Staffing | $11,560.25 | $0.00 | $10,950.00 | $22,510.25 | 4/22/2009 | Allow as GUC in the amount of $22,510.25 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 4, 7 |
| 1115 | Tracy Talbot | $0.00 | $0.00 | $10,000.00 | $10,000.00 | 4/27/2009 | Allow as GUC in the amount of $10,000.00 | Not entitled to priority under Bankruptcy Code section 507(a)(4) | Pages 3 - 4, 7 |
| | Totals: | $ 14,155.25 | $ - | $ 105,330.03 | $ 119,485.28 | | | | |

Exhibit A to Third Omnibus Objection

35685-001\DOCS_SF:73730r1

# Exhibit B

| UNITED STATES BANKRUPTCY COURT Northern DISTRICT OF California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Heller Ehrman LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Adam Mendelowitz

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Adam Mendelowitz
304 Mulberry St, Apt. 5L
New York, NY 10012

**FILED**
FEB 13 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number:
914-450-9301

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Same as above.

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $_____ $10,000_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

*I beleve it is entitled to priority as a substitute for salary*

**2. Basis for Claim:** ___Stipend_____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ___unknown_____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$10,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| DATE: 2/3/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Adam Mendelowitz | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# HellerEhrman LLP

November 6, 2008

Adam Mendelowitz
304 Mulberry Street, Apt 5L
New York, NY 10012

Dear Adam:

We are writing to provide you with an update on the Heller Ehrman dissolution process. A firm representative recently spoke with you by telephone to inform you that Heller Ehrman decided to dissolve as of September 26, 2008 and that you would therefore not be able to commence employment with the firm.

Heller Ehrman's banks now must approve all expenditures made by Heller Ehrman, in Dissolution. Unfortunately, despite our request, the banks have declined approval of any payments to attorneys or recent law school graduates who were scheduled to commence working for the firm after the date of dissolution. We therefore regret to inform you of the following:

$10,000 Stipend: Heller Ehrman has not received approval to pay you the $10,000 stipend the firm announced in August, 2008 in connection with the postponement of your start date to January 19, 2009. Accordingly, you will not receive payment of that stipend.

Transportation/Moving Expenses: Heller Ehrman has also not received approval to reimburse you for any transportation and moving expenses you incurred in relocating. Therefore, you will not receive reimbursement of that amount. If you have made arrangements to work at another law firm, we urge you to request reimbursement for those expenses from that firm.

Bar Stipends: The firm has also not received approval to pay you a stipend for the time period during which you prepared for and took the bar exam. Therefore, you will not receive that payment. Again, if you have commenced or will soon commence employment at another law firm, we urge you to seek such payment from that firm.

Please be assured that we very sorry to have to convey such disappointing news to you. Unfortunately, circumstances do not allow us to act otherwise. We wish you all the best in your future career.

Sincerely,
*The Dissolution Committee*

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Heller Ehrman LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Wiggins, Erin A.

Name and address where notices should be sent:
Wiggins, Erin A.
475 48th Avenue, Apt. 3803
Long Island City, NY 11109-5529

*Please use:*
*Erin Wiggins A.M.*
*315 E. 86th St.*
*Apt. 21FE 10028*
*New York, NY*

**FILED**
FEB - 9 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):
*Erin Wiggins*
*315 E. 86th St. Apt. 21FE*
*New York, NY 10028*
Telephone number: *330-714-3693*

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ *10,000*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *Please see attached*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** *4425*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ *10,000*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: *Please see attached*

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: *2/3/09* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Addendum to Proof of Claim


2) Heller Ehrman LLP sent me a letter on or about Sep. 5, 2008 stating that the start date
for my employment with the firm would be moved from Oct. 17, 2008 to January 19,
2009. The letter stated further stated that Heller Ehrman would provide me with a
$10,000 payment during this time period. I believe this to qualify as wages. A similar
letter was sent to all incoming associates. None of those associates received any of this
$10,000. To the best of my knowledge, at least two (2) other associates are filing claims
with this court for this $10,000 and I would imagine the number will be much higher than
that. The names of the two associates I know to be filing are: Adam Mendelowitz and
Jason Groth.


7) The letter stating that Heller Ehrman would pay me $10,000 was sent to the address on
file with the firm. Because of the firm's collapse, and thus leaving me without
employment, I was forced to switch residences. During that move the letter was
inadvertently misplaced. I am still searching my files but I believe the letter to be lost.
The letter sent to me was identical in every way to the letter sent to the other associates
filing claims with this court.


Sincerely,



Erin Wiggins

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>HELLER EHRMAN, LLP | Case Number:<br>08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
HAVILA UNREIN

Name and address where notices should be sent:
16011 10TH AVE NE
SHORELINE, WA 98155

Telephone number:
206 417-4572

**FILED**

**APR 2 3 2009**

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $ 10,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

**2. Basis for Claim:** Services performed - See attached.
(See instruction #2 on reverse side.)   Wages

**3. Last four digits of any number by which creditor identifies debtor:** Tax ID # __7308

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_).

**Amount entitled to priority:**

$ 10,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>4/13/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>HAVILA UNREIN | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# HellerEhrman LLP

August 27, 2008

Michael R. Gotham
Director of Attorney Recruiting
Michael.Gotham@hellerehrman.com
Direct +1 (415) 772-6003
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

Havila Unrein
16011 10th Ave. NE
Shoreline, WA 98155

Dear Havila,

This confirms that your first day of employment with Heller Ehrman will be Monday, January 19, 2009. <u>Because January 19 is a firm holiday, your first day in the office will be Tuesday, January 20, 2009.</u>

Between the original employment date of October 13, 2008, and the new employment date you will be paid a $10,000 stipend. The stipend is to help defray living expenses as well as expenses resulting from the delay in your employment with the firm. It will be paid in equal installments by checks sent to you by U.S. Mail on November 3, 2008, December 3, 2008, and January 5, 2009.

Because you will not be a Heller Ehrman employee until January, no taxes will be withheld from the stipend when it is paid to you. The stipend is taxable income, however. You will be issued an IRS Form 1099: Miscellaneous Income for your individual tax reporting purposes and will be responsible for paying taxes on the stipend when you file your 2008 and 2009 tax returns. In order to receive the stipend, please complete and return the enclosed IRS Form W-9 to me not later than Friday, October 10, 2008.

The stipend is available to you even if you accept temporary employment prior to joining Heller Ehrman. However, if you accept employment in lieu of your position with Heller Ehrman, any remaining portion of the stipend will no longer be payable.

Also, if you accept temporary employment, please keep in mind that your employment with Heller Ehrman is contingent on the clearance of all potential conflicts of interest resulting from any employment or associations that arise before you join the firm. We encourage you to contact us to discuss any temporary employment options you might be considering so that full consideration can be given to possible conflict issues.

---

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   **San Francisco**   Seattle/Anchorage   Shanghai   Silicon Valley   Singapore   Washington, D.C.

If you have any questions, please do not hesitate to contact me at
michael.gotham@hellerehrman.com or at (415) 772-6003.

Very truly yours,

Michael R. Gotham
Director of Attorney Recruiting

SF 1482156 v1
8/27/08 11:01 AM

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Heller Ehrman, LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Kelly A. Seaburg | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Kelly A. Seaburg 1740 NE 86th St., #212 Seattle, Washington 98115 Telephone number: (253) 569-1908 | **Court Claim Number:**_____ (*If known*) Filed on:_____ |
| Name and address where payment should be sent (if different from above): Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:           $                    10,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:**   Stipend
   (See instruction #2 on reverse side.)

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**3. Last four digits of any number by which creditor identifies debtor:**   2584

   **3a. Debtor may have scheduled account as:**   Seaburg, Kelly
      (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   **Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   **Describe:**

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   **Value of Property:$**_____   **Annual Interest Rate**_____%

   **Amount of arrearage and other charges as of time case filed included in secured claim,**

   if any: $_____   **Basis for perfection:** _____

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   **Amount of Secured Claim: $**_____   **Amount Unsecured: $**_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

   **Amount entitled to priority:**

   $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 4/21/09   **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   *Kelly Seaburg* | FOR COURT USE ONLY |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# HellerEhrman LLP

August 27, 2008

Michael R. Gotham<br>
Director of Attorney Recruiting<br>
Michael.Gotham@hellerehrman.com<br>
Direct +1 (415) 772-6003<br>
Main +1 (415) 772-6000<br>
Fax +1 (415) 772-6268

Kelly Seaburg
1740 NE 86th St., #212
Seattle, WA 98115

Dear Kelly,

This confirms that your first day of employment with Heller Ehrman will be Monday, January 19, 2009. <u>Because January 19 is a firm holiday, your first day in the office will be Tuesday, January 20, 2009.</u>

Between the original employment date of October 13, 2008, and the new employment date you will be paid a $10,000 stipend. The stipend is to help defray living expenses as well as expenses resulting from the delay in your employment with the firm. It will be paid in equal installments by checks sent to you by U.S. Mail on November 3, 2008, December 3, 2008, and January 5, 2009.

Because you will not be a Heller Ehrman employee until January, no taxes will be withheld from the stipend when it is paid to you. The stipend is taxable income, however. You will be issued an IRS Form 1099: Miscellaneous Income for your individual tax reporting purposes and will be responsible for paying taxes on the stipend when you file your 2008 and 2009 tax returns. In order to receive the stipend, please complete and return the enclosed IRS Form W-9 to me not later than Friday, October 10, 2008.

The stipend is available to you even if you accept temporary employment prior to joining Heller Ehrman. However, if you accept employment in lieu of your position with Heller Ehrman, any remaining portion of the stipend will no longer be payable.

Also, if you accept temporary employment, please keep in mind that your employment with Heller Ehrman is contingent on the clearance of all potential conflicts of interest resulting from any employment or associations that arise before you join the firm. We encourage you to contact us to discuss any temporary employment options you might be considering so that full consideration can be given to possible conflict issues.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Shanghai   Silicon Valley   Singapore   Washington, D.C.

# HellerEhrman LLP

If you have any questions, please do not hesitate to contact me at
michael.gotham@hellerehrman.com or at (415) 772-6003.

Very truly yours,

Michael R. Gotham
Director of Attorney Recruiting

SF 1482156 v1
8/27/08 11:01 AM

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Heller Ehrman LLP | Case Number: 08-32514 |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Kronstadt, Kenneth D. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Kronstadt, Kenneth D. 478 S. Madison Avenue No. 4 Pasadena, CA 91101-4006 **FILED** A.M. MAR 1 8 2009 UNITED STATES BANKRUPTCY COURT SAN FRANCISCO, CA | Court Claim Number:_____ (If known) Filed on:_____ |
| Telephone number: | |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 10,000.00 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | |
| If all or part of your claim is entitled to priority, complete item 5. | Specify the priority of the claim. |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** Services performed (See instruction #2 on reverse side.) | ☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** 3433 | |
| **3a. Debtor may have scheduled account as:** _____ (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| **Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other **Describe:** | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| **Value of Property:** $_____ **Annual Interest Rate___%** | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| **Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:** _____ | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:** $ 10,000.00 |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 3/14/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Kenneth D. Kronstadt* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

023123

# HellerEhrman LLP

August 27, 2008

Michael I. Gotham
Director of Attorney Recruiting
Michael.Gotham@hellerehrman.com
Direct +1 (415) 772-6003
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

Kenneth Kronstadt
478 South Madison Avenue, #4
Pasadena, CA 91101

Dear Kenneth,

This confirms that your first day of employment with Heller Ehrman will be Monday, January 19, 2009. <u>Because January 19 is a firm holiday, your first day in the office will be Tuesday, January 20, 2009.</u>

Between the original employment date of October 13, 2008, and the new employment date you will be paid a $10,000 stipend. The stipend is to help defray living expenses as well as expenses resulting from the delay in your employment with the firm. It will be paid in equal installments by checks sent to you by U.S. Mail on November 3, 2008, December 3, 2008, and January 5, 2009.

Because you will not be a Heller Ehrman employee until January, no taxes will be withheld from the stipend when it is paid to you. The stipend is taxable income, however. You will be issued an IRS Form 1099: Miscellaneous Income for your individual tax reporting purposes and will be responsible for paying taxes on the stipend when you file your 2008 and 2009 tax returns. In order to receive the stipend, please complete and return the enclosed IRS Form W-9 to me not later than Friday, October 10, 2008.

The stipend is available to you even if you accept temporary employment prior to joining Heller Ehrman. However, if you accept employment in lieu of your position with Heller Ehrman, any remaining portion of the stipend will no longer be payable.

Also, if you accept temporary employment, please keep in mind that your employment with Heller Ehrman is contingent on the clearance of all potential conflicts of interest resulting from any employment or associations that arise before you join the firm. We encourage you to contact us to discuss any temporary employment options you might be considering so that full consideration can be given to possible conflict issues.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   **San Francisco**   Seattle/Anchorage   Shanghai   Silicon Valley   Singapore   Washington, D.C.

# HellerEhrman LLP

If you have any questions, please do not hesitate to contact me at michael.gotham@hellerehrman.com or at (415) 772-6003.

Very truly yours,

Michael R. Gotham
Director of Attorney Recruiting

SF 1482156 v1
8/27/08 11:01 AM

| Form **W-9**<br>(Rev. October 2007)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give form to the<br>requester. Do not<br>send to the IRS. |
|---|---|---|

**Name (as shown on your income tax return)**

Kenneth David Kronstadt

**Business name, if different from above**

**Check appropriate box:** ☒ Individual/Sole proprietor ☐ Corporation ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ .......
☐ Other (see instructions) ▶

☐ Exempt payee

**Address (number, street, and apt. or suite no.)**

478 S. Madison Ave. #4

**Requester's name and address (optional)**

**City, state, and ZIP code**

Pasadena, CA 91101

**List account number(s) here (optional)**

Print or type
See Specific Instructions on page 2.

## Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

**Social security number**

140 56 3433

or

**Employer identification number**

## Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here** | **Signature of U.S. person ▶** | **Date ▶** 9/10/08

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

● An individual who is a U.S. citizen or U.S. resident alien,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

● An estate (other than a foreign estate), or

● A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X — Form **W-9** (Rev. 10-2007)

# HellerEhrman LLP

November 6, 2008

Kenneth Kronstadt
478 South Madison Avenue #4
Pasadena, CA 91101

Dear Kenneth:

We are writing to provide you with an update on the Heller Ehrman dissolution process. A firm representative recently spoke with you by telephone to inform you that Heller Ehrman decided to dissolve as of September 26, 2008 and that you would therefore not be able to commence employment with the firm.

Heller Ehrman's banks now must approve all expenditures made by Heller Ehrman, in Dissolution. Unfortunately, despite our request, the banks have declined approval of any payments to attorneys or recent law school graduates who were scheduled to commence working for the firm after the date of dissolution. We therefore regret to inform you of the following:

$10,000 Stipend: Heller Ehrman has not received approval to pay you the $10,000 stipend the firm announced in August, 2008 in connection with the postponement of your start date to January 19, 2009. Accordingly, you will not receive payment of that stipend.

Transportation/Moving Expenses: Heller Ehrman has also not received approval to reimburse you for any transportation and moving expenses you incurred in relocating. Therefore, you will not receive reimbursement of that amount. If you have made arrangements to work at another law firm, we urge you to request reimbursement for those expenses from that firm.

Bar Stipends: The firm has also not received approval to pay you a stipend for the time period during which you prepared for and took the bar exam. Therefore, you will not receive that payment. Again, if you have commenced or will soon commence employment at another law firm, we urge you to seek such payment from that firm.

Please be assured that we very sorry to have to convey such disappointing news to you. Unfortunately, circumstances do not allow us to act otherwise. We wish you all the best in your future career.

Sincerely,
*The Dissolution Committee*

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>HELLER EHRMAN LLP | Case Number:<br>08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Roy Lo

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
3346 Solomon Lane
Alameda, CA 94502

**FILED**

MAR 2 5 2009

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number:
(510) 599-0259

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):




Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 10,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** promised stipend compensation for delaying employment start date
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____  Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____  Basis for perfection: _____

Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). Not sure.

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ 10,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:<br>3/15/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# HellerEhrman LLP

August 27, 2008

Michael R. Gotham
Director of Attorney Recruiting
Michael.Gotham@hellerehrman.com
Direct +1 (415) 772-6003
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

Roy Lo
2440 Dana Street
Berkeley, CA 94704

Dear Roy,

This confirms that your first day of employment with Heller Ehrman will be Monday, January 19, 2009. <u>Because January 19 is a firm holiday, your first day in the office will be Tuesday, January 20, 2009.</u>

Between the original employment date of October 13, 2008, and the new employment date you will be paid a $10,000 stipend. The stipend is to help defray living expenses as well as expenses resulting from the delay in your employment with the firm. It will be paid in equal installments by checks sent to you by U.S. Mail on November 3, 2008, December 3, 2008, and January 5, 2009.

Because you will not be a Heller Ehrman employee until January, no taxes will be withheld from the stipend when it is paid to you. The stipend is taxable income, however. You will be issued an IRS Form 1099: Miscellaneous Income for your individual tax reporting purposes and will be responsible for paying taxes on the stipend when you file your 2008 and 2009 tax returns. In order to receive the stipend, please complete and return the enclosed IRS Form W-9 to me not later than Friday, October 10, 2008.

The stipend is available to you even if you accept temporary employment prior to joining Heller Ehrman. However, if you accept employment in lieu of your position with Heller Ehrman, any remaining portion of the stipend will no longer be payable.

Also, if you accept temporary employment, please keep in mind that your employment with Heller Ehrman is contingent on the clearance of all potential conflicts of interest resulting from any employment or associations that arise before you join the firm. We encourage you to contact us to discuss any temporary employment options you might be considering so that full consideration can be given to possible conflict issues.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Shanghai   Silicon Valley   Singapore   Washington, D.C.

If you have any questions, please do not hesitate to contact me at michael.gotham@hellerehrman.com or at (415) 772-6003.

Very truly yours,

Michael R. Gotham
Director of Attorney Recruiting

SF 1482156 v1
8/27/08 11:01 AM

# HellerEhrman LLP

November 6, 2008



Dear ▮▮▮▮▮▮▮

We are writing to provide you with an update on the Heller Ehrman dissolution process. A firm representative recently spoke with you by telephone to inform you that Heller Ehrman decided to dissolve as of September 26, 2008 and that you would therefore not be able to commence employment with the firm.

Heller Ehrman's banks now must approve all expenditures made by Heller Ehrman in Dissolution. Unfortunately, despite our request, the banks have declined approval of any payments to attorneys or recent law school graduates who were scheduled to commence working for the firm after the date of dissolution. We therefore regret to inform you of the following:

$10,000 Stipend: Heller Ehrman has not received approval to pay you the $10,000 stipend the firm announced in August, 2008 in connection with the postponement of your start date to January 19, 2009. Accordingly, you will not receive payment of that stipend.

Transportation/Moving Expenses: Heller Ehrman has also not received approval to reimburse you for any transportation and moving expenses you incurred in relocating. Therefore, you will not receive reimbursement of that amount. If you have made arrangements to work at another law firm, we urge you to request reimbursement for those expenses from that firm.

Bar Stipends: The firm has also not received approval to pay you a stipend for the time period during which you prepared for and took the bar exam. Therefore, you will not receive that payment. Again, if you have commenced or will soon commence employment at another law firm, we urge you to seek such payment from that firm.

Please be assured that we very sorry to have to convey such disappointing news to you. Unfortunately, circumstances do not allow us to act otherwise. We wish you all the best in your future career.

Sincerely,

***The Dissolution Committee***

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | Northern District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: HELLER EHRMAN, LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**SARAH GROSSMAN-SWENSON**

Name and address where notices should be sent:
SARAH GROSSMAN-SWENSON
114 PFEIFFER STREET
SAN FRANCISCO, CA 94133

**FILED**
**APR 27 2009**
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO CA

Telephone number:
(510) 316-3283 or (415) 814-2174

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 10,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** STIPEND TO EXTEND EMPLOYMENT START DATE
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** GROSSMAN-SWENSON, SARAH
(See instruction #3a on reverse side.) 389 Alcatraz Ave #4, Oakland CA 94618

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ 10,000
(See attached)

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 4/23/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Sarah Grossman-Swenson* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ADDITIONAL PROOF OF CLAIM

Grossman-Swenson, Sarah
114 Pfeiffer Street
San Francisco, CA 94133

The stipend to extend employment start date is listed on Schedule F in the amount of $10,000 (see attached). I am not disputing the amount of the claim, and I do not have a claim for BAR/Relocation Expense Reimbursement.

However, this stipend, and all other stipends to extend employment start dates, should be properly recorded as entitled to priority under 11 U.S.C. § 507(a). The money, had it been paid, would be required to be reported as income on IRS form W-2. The fact that an individual's time is not fully devoted to employment does not affect an individual's right to priority status for wages, salaries or commissions in a bankruptcy proceeding. *See In re Shapiro*, 300 F. 566 (E.D. Pa. 1924). Although moving expenses, stock options, and lost opportunities to earn income are not entitled to priority, severance pay is entitled to priority. *See In re Growers Seed Assn*, 49 BR 17 (N.D. Tex. 1985); *In re Matter of Baldwin*, 52 B.R. 549 (S.D. Ohio 1985); *In re Myer*, 197 BR 875 (W.D. Mo. 1996); 11 U.S.C. § 507(a). A stipend, like severance pay, is also pay not directly tied to time worked, but unlike moving expenses, stock options and lost opportunities, it must be reported as income on a W-2. *See* 11 U.S.C. § 507(a). The stipend is analogous to severance pay and should be entitled to priority.

**IN RE Heller Ehrman LLP**
Debtor(s)

Case No. **08-32514**
(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Grossman-Swenson, Sarah <br> 389 Alcatraz Avenue, Apt. 4 <br> Oakland, CA 94618 | | | Stipend to Extend Employment Start Date | | | | 10,000.00 |
| ACCOUNT NO. <br> Grossman-Swenson, Sarah <br> 389 Alcatraz Avenue, Apt. 4 <br> Oakland, CA 94618 | | | BAR/Relocation Expense Reimbursement | X | | | Unknown |
| ACCOUNT NO. <br> Groth, Jason <br> 510 West 123rd Street, Apt. 7 <br> New York, NY 10027 | | | Stipend to Extend Employment Start Date | | | | 10,000.00 |
| ACCOUNT NO. <br> Groth, Jason <br> 510 West 123rd Street, Apt. 7 <br> New York, NY 10027 | | | BAR/Relocation Expense Reimbursement | X | | | Unknown |
| ACCOUNT NO. <br> Gu, Wayne J. <br> 32 Birch Drive <br> Plainsboro, NJ 08536 | | | Retention Bonus | X | | | Unknown |
| ACCOUNT NO. <br> Guckenheimer Enterprises, Inc <br> Dept. 33628 <br> P.O. Box 39000 <br> San Francisco, CA 94139 | | | Foodservice Provider | | | | 385,321.62 |
| ACCOUNT NO. <br> Guggenhime, Richard <br> 1000 Mason St. #403 <br> San Francisco, CA 94108 | | | Shareholder Retirement | | | | 3,913.00 |

Sheet no. **88** of **234** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **$ 409,234.62**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Heller Ehrman LLP | Case Number:<br>08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Talbot, Tracy M.

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Talbot, Tracy M.
~~1315 Dwight Way, Apt. B~~
~~Berkeley, CA  94702-2145~~

New Address:
641 A Charles Street
Santa Rosa, CA  95404

**FILED**

APR 2 7 2009

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number:
(303) 408-3826

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

| 1. Amount of Claim as of Date Case Filed:        $ 10,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

2. Basis for Claim:   stipend to extend employment date
(See instruction #2 on reverse side.)

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).
See attachment 5

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as:   for my previous address at 1315 Dwight Way, Apt. B
(See instruction #3a on reverse side.)        Berkeley, CA  94702

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

Value of Property:$_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

Amount of Secured Claim: $_____   Amount Unsecured: $_____

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Amount entitled to priority:**

$ 10,000.00
See attachment 5.
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>04/23/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Tracy M. Talbot | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Attachment 5:**

Name of Debtor: Heller Ehrman, Case No.: 08-32514

The stipend to extend employment start date is listed on Schedule F in the amount of $10,000 (see attached). I am not disputing the amount of the claim, and I do not have a claim for BAR/Relocation Expense Reimbursement.

However, this stipend, and all other stipends to extend employment start dates, should be properly recorded as entitled to priority under 11 U.S.C. § 507(a). Had it been paid, each incoming associate would have been required to report the stipend as income on IRS form W-2. The fact that an individual's time is not fully devoted to employment does not affect an individual's right to priority status for wages, salaries or commissions in a bankruptcy proceeding. See *In re Shapiro*, 300 F. 566 (E.D. Pa. 1924). Although moving expenses, stock options, and lost opportunities to earn income are not entitled to priority, severance pay is entitled to priority. *See In re Growers Seed Ass'n*, 49 BR 17 (N.D. Tex. 1985); *In re Matter of Baldwin*, 52 B.R. 549 (S.D. Ohio 1985); *In re Myer*, 197 BR 875 (W.D. Mo. 1996); 11 U.S.C. § 507(a). A stipend, like severance pay, is also pay not directly tied to time worked; but, unlike moving expenses, stock options, and lost opportunities to earn income, it must be reported as income on a W-2. See 11 U.S.C. § 507(a). Therefore, the stipend is analogous to severance pay and should be entitled to priority.

**IN RE** Heller Ehrman LLP                                          Case No. **08-32514**
                    Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Taian Fook Huat Tong Kee Foodstuffs Co., UGC 2003, Inc. 1142 S. Diamond Bar Blvd. Diamond Bar, CA 91765 | | | Client Refund | | | | 6,426.82 |
| ACCOUNT NO.<br>Taiwan International Patent & Law Office P.O. Box 39-243 Taipei, | | | Client Refund | | | | 411.60 |
| ACCOUNT NO.<br>Talbot, Tracy 1315 Dwight Way Apt. B Berkeley, CA 94702 | | | Stipend to Extend Employment Start Date | | | | 10,000.00 |
| ACCOUNT NO.<br>Talbot, Tracy 1315 Dwight Way Apt. B Berkeley, CA 94702 | | | BAR/Relocation Expense Reimbursement | X | | | Unknown |
| ACCOUNT NO.<br>Tarari, Inc. 10908 Technology Place San Diego, CA 92127 | | | Client Refund | | | | 19,899.01 |
| ACCOUNT NO.<br>TargeGen Inc. 9380 Judicial Drive San Diego, CA 92121 | | | Client Refund | | | | 322.56 |
| ACCOUNT NO.<br>Target Marketing Greater Seattle Chamber Of Commerce Seattle, WA 98101-3186 | | | Trade Debt | | | | 28.00 |

Sheet no. __204__ of __234__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)  $ **37,087.99**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  $

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# Exhibit C

B10 (Official Form 10) (12/08)

| **UNITED STATES BANKRUPTCY COURT Northern District of California** | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: Heller Ehrman LLP | Case Number: 08-32514 |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Landmark Legal Professionals

Name and address where notices should be sent:

~~Landmark Legal Professionals~~
~~1740 Technology Dr. Suite 205~~  2055 Gateway Place #430
~~San Jose, CA 95110-1348~~  San Jose, CA 95110

**FILED**
A.M.
**APR 27 2009**
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number: 408/453-5300

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Landmark Legal Professionals
2055 Gateway Place #430
San Jose, CA 95110

Telephone number: 408/453-5300

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ $11,310.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Services performed
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 5647

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Amount entitled to priority:

$ 8,715.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 4/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Office coordinator/payroll clerk Meenar Sao / Meenar Sao | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

023572

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: HELLER EHRMAN, LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*TEG Staffing dba HR Solutions and Platinum Legal*

Name and address where notices should be sent:
*TEG STAFFING*
*2355 Northside DR #170*
*SAN DIEGO, CA 92108*
Telephone number:
*619-260-2157*

**FILED**

APR 22 2009

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

*SAME*

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ *22,510.25*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: *Payroll / Staffing*
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

   3a. Debtor may have scheduled account as: *HR Solutions and Platinum Legal*
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:

   Value of Property: $_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____  Basis for perfection: _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ *10,950* 00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: *4/1/09*  Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Michelle A Claire*
*Director of Loss Mitigation*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| UNITED STATES BANKRUPTCY COURT | Northern District of California | PROOF OF CLAIM |
| --- | --- | --- |

| Name of Debtor: HELLER EHRMAN, LLP | Case Number: 08-32514 |
| --- | --- |

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
| --- | --- |
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Ali's Contracting Elite, LLC   (Ahmed Ali)   Vendor Code (66524)<br><br>Name and address where notices should be sent:<br>Ahmed Ali<br>1220 L St. NW<br>Suite 100-514<br>Washington, DC 20005<br>Telephone number:<br>(202) 359-3018<br><br>**FILED**<br>APR 27 2009<br>UNITED STATES BANKRUPTCY COURT<br>SAN FRANCISCO, CA | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |
| **1. Amount of Claim as of Date Case Filed:**   $ 1,684.51<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** Services Performed<br>(See instruction #2 on reverse side.)<br><br>**3. Last four digits of any number by which creditor identifies debtor:** 7308<br><br>   **3a. Debtor may have scheduled account as:** _____<br>   (See instruction #3a on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).<br><br>☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____   **Annual Interest Rate** _____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).<br><br>**Amount entitled to priority:**<br><br>$ 1,684.51<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 4/23/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Ahmed Ali   Ahmed Ali (owner) | FOR COURT USE ONLY |
| --- | --- | --- |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit D

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: HELLER EHRMAN, LLP | Case Number: 08-32514 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*RETINAGENIX LLC*

❑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
*MARCO NORTHLAND*
*32 Chemin du Jordin*
*1223 - Geneva SWITZERLAND*

Telephone number: *011-41-79-2923-331*

**FILED**
APR - 6 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❑ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ *1,726*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

❑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** *Company miss reported invoices and threaten to*
(See instruction #2 on reverse side.) *take legal action as per enclosed email.*

3. **Last four digits of any number by which creditor identifies debtor:** *1575*

   3a. **Debtor may have scheduled account as:** *41575*
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ❑ Real Estate  ❑ Motor Vehicle  ❑ Other
Describe:

Value of Property: $_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

❑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❑ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ *1,726*

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: *April 1, 09*

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *MARCO NORTHLAND, CHAIRMAN*

| | FOR COURT USE ONLY |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **HELLER EHRMAN**  Case Number: **08-32514**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**INTERSECT SYSTEMS INC.**

Name and address where notices should be sent:
**MARK E. LEGAZ Ph.D**
**3304 TRUMBULL ST**
Telephone number: **SAN DIEGO, CALIF. 92106**

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

**FILED**
**APR 28 2009**
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ **2254.52**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** **$10,000 RETAINER**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$ **2254.52**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: **4/23/09**

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**Mark E. Legaz Ph.D**

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.