Jill Lervold
EICHSTAEDT & DEVEREAUX, LLP
One Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: 415/362-5990
Facsimile: 415/362-2434

Debtor's tax preparer

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>**Heller Ehrman LLP**<br><br>          Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**SECOND INTERIM APPLICATION OF EICHSTAEDT & DEVEREAUX, LLP FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD ENDED AUGUST 31, 2010**<br><br>Date:    October 22, 2010<br>Time:   9:30 a.m.<br>Place:  U. S. Bankruptcy Court<br>          235 Pine Street, 22nd Floor<br>          San Francisco, CA<br>Judge:  Honorable Dennis Montali |

## Table of Contents

**Page**

I. INTRODUCTION ................................................................................................................ 2

II. EMPLOYMENT OF EICHSTAEDT & DEVERAUX, LLP ............................................ 2

    A. Background and Approval of Employment ................................................................ 2

    B. Prior Compensation Requested by EICHSTAEDT & DEVERAUX, LLP ............... 3

    C. Summary of Compensation Requested by EICHSTAEDT & DEVERAUX, LLP .... 3

III. PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED ... 3

    A. Tax Preparation ........................................................................................................... 4

    B. Case Administration .................................................................................................... 4

    C. Hourly Rates ................................................................................................................ 4

    D. Client Review of Billing Statements .......................................................................... 4

IV. THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW ...................................................................................................... 5

    A. Evaluation of Requests for Compensation ................................................................. 5

    B. Section 330(a)(3) Factors ............................................................................................ 6

    C. Available Funds .......................................................................................................... 6

V. CONCLUSION .................................................................................................................. 7

# Table of Authorities

**Cases**

*Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988)..................
*First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977)..................
*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) ..................
*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)

**Statutes**

11 U.S.C. § 330..................
11 U.S.C. § 331..................

**Other Authorities**

Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees..................
United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ..................

Eichstaedt & Devereaux, LLP ("EDLLP" or the "Firm") hereby submits its Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period Ended August 31, 2010, (the "Application") in connection with its representation of the Debtor in the above-referenced chapter 11 case.

The Firm seeks interim approval of compensation and reimbursement totaling $25,466.70 which sum represents compensation for tax services rendered during the period ended August 31, 2010 (the "Application Period") <u>less amounts previously collected</u> from the monthly cover sheet application process. Please see the fee summary below or Exhibit A.

EDLLP submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the attached exhibits, the pleadings on file in the Debtor's case, and any evidence and oral argument that the Court may entertain at the time of the hearing on the Application.

## FEE SUMMARY

| Names of Professionals | Hours Billed this Period | Avg Rate | Total for Application |
|---|---|---|---|
| Jill Lervold | 8.40 | 598.51 | $5,027.50 |
| Rahul Shukla | 61.70 | 295.82 | $18,252.00 |
| Will Tombari | 66.00 | 198.09 | $13,074.00 |
| Expenses | - | - | 32.00 |
| Gross total / blended rate | 136.10 | | $36,385.50 |
| Amount collected | *Current through September 29, 2009* | (See Exhibit C) | (10,938.80) |
| **Amount requested / Due to EDLLP** | | | **25,446.70** |

## INTRODUCTION

The Debtor is a law firm with roots that go back in San Francisco to 1890. In the years that followed, the Debtor expanded by adding attorneys and additional office locations. Ultimately, the Debtor grew to more than 730 attorneys in offices all across the United States and in Europe and Asia, including offices in New York City, Los Angeles, Washington, D.C., Seattle, San Diego, London, Hong Kong, Beijing and Singapore. On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in possession of its property and is operating and managing its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 5, 2009, the United States Trustee for this district appointed an official committee of unsecured creditors (the "Committee"). No trustee, examiner, or other committee has been appointed in this case.

The Debtor is winding down its business and affairs, and is no longer engaged in the active practice of law. A substantial number of tasks, however, remain unperformed that relate to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to former clients. As part of its wind down efforts, the Debtor is (a) pursuing the collection of outstanding accounts receivable, (b) coordinating and managing the transition of client and firm business records, (c) negotiating with key creditor constituencies, and (d) performing a number of bookkeeping, office and administrative services.

## I.

## EMPLOYMENT OF EDLLP

**A.   Background and Approval of Employment**

EDLLP is a public accounting firm with offices in San Francisco and Menlo Park, California. The Firm currently employs approximately 35 professionals and specializes in business reorganizations, bankruptcy, and general partnership and corporate tax accounting. On May 14, 2009, the Firm was selected as the tax preparer through the bankruptcy process.

On May 7, 2009, the Court entered an Order Approving Motion for Authority to Establish Procedures for Interim Payment of Fees and Reimbursement of Expenses (the "Interim Payment Order").

**B.   Prior Compensation Requested by EDLLP**

This Application represents EDLLP's second request for interim approval of its fees and expenses for 2010. EDLLP previously filed an interim application for the period ended April 30, 2010 and was awarded a payment of $3,859.66. EDLLP has also filed monthly cover sheet applications for May, June, and July of 2010. The monthly cover sheet applications filed for May through July resulted in the receipt of $10,938.80 (see fee summary above) in payments.

**C.   Summary of Compensation Requested by EDLLP**

This Application is EDLLP's second interim application for compensation and reimbursement of expenses for 2010. This Application seeks approval of interim compensation for services rendered for the Committee, in the amounts invoiced for the Application Period. As discussed in more detail below, the Firm seeks interim approval of compensation and reimbursement of expenses in the amount of $25,466.70 ($36,385.50 of total charges during the interim period less prior collections of 10,938.8).

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and UST Guidelines, EDLLP classified all services for which compensation is sought into categories. EDLLP attempted to place the services performed in the category that best relates to the service provided. However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category. EDLLP has established the following billing categories:

- Tax preparation
- Project Administration

Exhibit A provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

In accordance with the Northern District Guidelines, the following are the narratives for each category of project billing, discussing projects and tasks.

A. **Tax preparation**

EDLLP has been engaged to prepare the Debtor's federal 2009 Form 1065, *Partnership Return of Income*. EDLLP has also been engaged to prepare the Alaska, California, District of Columbia, Maryland, New York, Ney York City and Wisconsin state partnership tax returns. The time that EDLLP has incurred during this application period primarily relates to tax compliance services associated with the preparation and filing of the federal and state partnership income tax returns listed immediately above. This includes the computation of taxable income for the tax period ended December 31, 2009 and the compilation of detailed tax workpapers that support our tax return preparation methodology. Specifically, our work during the application period included an analysis of all book to taxable income and expense differences, a thorough investigation of how prior year's tax returns were presented, a review of state taxable income apportionment percentages, and an allocation of the partnership's income and deduction items to the eight corporate partners. Please see Exhibit A for detailed descriptions of all time incurred, organized by date and the individuals who performed the services.

B. **Project Administration**

Time billed to this category primarily relates to the preparation and filing of the monthly cover sheet applications as required by the federal bankruptcy court and detailed documentation of all time incurred.

C. **Hourly Rates**

The hourly rates of all professionals rendering services in this case are accurately presented in the fee summary above. Exhibit B provides a biography of the partner and manager on the engagement.

D. **Client Review of Billing Statements**

EDLLP has been sending monthly billing statements to the Committee Chair for the purpose of having the Committee monitor fees and expenses. Pursuant to the Northern District Guidelines, a cover letter to the Application has been sent to the Chair of the Committee concurrently with the filing of this Application. The letter invites the Committee to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions the Committee may have with regard to the requested compensation and reimbursement set forth in the Application.

## III.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for EDLLP's services in acting as the Debtor's tax preparer.

### A. Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the

professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in Exhibit A. EDLLP's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing debtors in similar circumstances.

## B. Section 330(a)(3) Factors

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of EDLLP's performance, and the complexity of the case) were addressed above, EDLLP believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. EDLLP believes the facts of this case make it evident that EDLLP's services are both necessary and beneficial.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. EDLLP believes its professionals are skilled and that the fees

| | |
|---|---|
| 1 | charged by EDLLP are commensurate with the fees charged by EDLLP's counterparts engaged in |
| 2 | non-bankruptcy specialties of the law. |

**C.  Available Funds**

EDLLP believes that the Debtor has sufficient funds available for the payment of fees and costs incurred in connection with the Application.

## IV.

## CONCLUSION

The compensation presently sought by EDLLP is on a final basis. Neither EDLLP, nor any partners or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded to EDLLP with any other person or attorney, except among shareholders and associates of the Firm.

EDLLP believes that the services rendered for which compensation is sought in this Application have been beneficial, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

**WHEREFORE**, EDLLP respectfully requests that this Court authorize allowance and direct immediate payment of fees and costs as follows:

1. Allow compensation to the Firm in the amount of $25,466.70, which represents total charges from May 1st to August 31st of $36,353.50 and $32.00 of reimbursable expenses for the interim period less prior collections of $10,938.80;

2. The compensation detailed on line 1 is sought on a final basis and we request that the court approve, on a final basis, the fees previously approved on an interim basis pursuant to prior interim applications filed by EDLLP;

3. Please also note that EDLLP incurred time after August 31, 2010 to assist the Debtor meet the September 15th tax filing deadline. We plan to submit a supplemental declaration prior to the October 22, 2010 hearing;

4. Grant such other and further relief as may be appropriate under the circumstances.

Dated: September 30, 2010

EICHSTAEDT & DEVEREAUX, LLP

By _____
Jill Lervold
Partner