1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Teddy M. Kapur (CA Bar No. 242486)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California  94111-4500
4  Telephone: 415/263-7000
   Facsimile:  415/263-7010
5
   E-mail:  jfiero@pszjlaw.com
6           kbrown@pszjlaw.com
            tkapur@pszjlaw.com
7
   Attorneys for Heller Ehrman LLP,
8  Debtor and Debtor in Possession

9              UNITED STATES BANKRUPTCY COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  In re:                              Case No.: 08-32514

13  Heller Ehrman LLP,                  Chapter 11

14          Debtor.                     **FIFTH AND FINAL APPLICATION
                                        OF PACHULSKI STANG ZIEHL &
15                                      JONES LLP, FOR ALLOWANCE AND
                                        PAYMENT OF COMPENSATION AND
16                                      REIMBURSEMENT OF EXPENSES**

17                                      Date:      October 22, 2010
                                        Time:      9:30 a.m.
18                                      Place:     United States Bankruptcy Court
                                                   235 Pine Street,
19                                                 San Francisco, CA
                                        Judge:     Honorable Dennis Montali
20

21

22

23

24

25

26

27

28

*Attorneys at Law*
*San Francisco, California*
PACHULSKI STANG ZIEHL & JONES LLP

# **Table of Contents**

I. INTRODUCTION .................................................................................................................. 2
   A. Background .................................................................................................................. 2
   B. Employment of PSZ&J ............................................................................................... 2
   C. Events During the Fifth Application Period .............................................................. 3
II. PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED .......... 12
   A. Asset Analysis/Recovery ......................................................................................... 13
   B. Asset Disposition ...................................................................................................... 13
   C. Bankruptcy Litigation .............................................................................................. 14
      1. Biggers AVP .................................................................................................... 14
      2. Shareholder Mediation ..................................................................................... 15
      3. Other Former Shareholder Settlements ............................................................ 15
      4. Other Matters ................................................................................................... 16
   D. Case Administration .................................................................................................. 17
   E. Claims Administration/Objections ........................................................................... 18
      1. Analysis of Individual Proofs of Claim ........................................................... 18
      2. Stipulations Withdrawing or Reducing and Allowing Claims ........................ 18
      3. Objections ......................................................................................................... 19
   F. Compensation of Professionals ................................................................................ 21
   G. Financing ................................................................................................................... 22
   H. Non-Working Travel ................................................................................................. 22
   I. Plan and Disclosure Statement ................................................................................. 23
   J. Plan Implementation ................................................................................................. 25
   K. Retention of Professionals ....................................................................................... 25
   L. Settlement ................................................................................................................. 26
      1. ProMOS Technologies, Inc. ............................................................................ 26
      2. Kelly-Moore Paint Company, Inc. .................................................................. 27
      3. Pension Benefit Guaranty Corporation ........................................................... 27
      4. MPC Insurance, Ltd. ........................................................................................ 28
   M. List of Expenses by Category ................................................................................... 28
   N. Hourly Rates ............................................................................................................. 29
   O. Professionals and Paraprofessionals ........................................................................ 30
   P. Client Review of Billing Statements ........................................................................ 30
   Q. Notice of Application and Hearing ........................................................................... 30
III. THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON
APPLICABLE LAW .............................................................................................................. 30
   A. Evaluation of Requests for Compensation ............................................................... 30
   B. Section 330(a)(3) Factors ......................................................................................... 31
   C. Available Funds ........................................................................................................ 32
IV. CONCLUSION ................................................................................................................ 32

# Table of Authorities

## Cases

*American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*)
   544 F.2d 1291 (5th Cir. 1977) ................................................................................. 31
*Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*)
   853 F.2d 687 (9th Cir. 1988) ................................................................................... 31
*Jewel v. Boxer*
   156 Cal.App. 3d 171 (1984) .................................................................................... 15
*Johnson v. Georgia Highway Express, Inc.*
   488 F.2d 714 (5th Cir. 1974) ................................................................................... 31
*Kerr v. Screen Extras Guild, Inc.*
   526 F.2d 67 (9th Cir. 1975)
   *cert. denied*, 425 U.S. 951 (1976) ......................................................................... 31

## Statutes

11 U.S.C. § 330 ................................................................................... 2, 30, 31, 32
11 U.S.C. § 331 ................................................................................................. 2, 30
29 U.S.C. § 2010 .................................................................................................... 14
42 U.S.C. § 2000 .................................................................................................... 31
Cal. Labor Code § 1400 ........................................................................................ 14

## Other Authorities

Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.... 2, 29, 30
United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement
   of Expenses Filed Under 11 U.S.C. § 330 ................................................................ 2

## Rules

Fed. R. Bank. P. 2016 .............................................................................................. 2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") hereby submits its *Fifth and Final Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses* (the "Application") for its representation of Heller Ehrman LLP (the "Debtor") in this chapter 11 case.

For the period from May 1, 2010 through and including August 31, 2010 (the "Fifth Application Period"), the Firm seeks final approval of compensation for legal services rendered on behalf of the Debtor in the amount of $987,061.00, and reimbursement of expenses incurred in the amount of $70,888.77.[1] September 1, 2010 is the Effective Date of the *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* [Docket No. 1431] (the "Plan").

In addition, the Firm seeks final allowance of the fees and expenses previously approved on an interim basis in connection with the Court's prior fee orders entered on the docket on July 1, 2009, October 30, 2009, March 2, 2010, and June 29, 2010, in the aggregate amounts of $739,766.86, $578,836.85, $837,552.79, and $750,106.93, respectively (the "Interim Approved Amounts"). Finally, the Firm seeks allowance of the fees and costs associated with the preparation of this Application, claim objections and other tasks commenced prior to the Effective Date and any litigation over the Firm's fees and expenses (the "Final Fee Application Amounts"). The Final Fee Application Amounts will be detailed in a declaration filed on the day of the hearing on this Application, and will be updated in the event of further litigation or hearings.

The Firm has agreed to reduce its charges for fees by 10% across the board. Accordingly, the aggregate amount of fees for which the Firm seeks final approval is only 90% of the fees associated with the Interim Approved Amounts and 90% of the fees incurred in the Fifth Application Period – a total of $3,349,168.43. No discount on costs has been agreed to, and the Firm seeks final approval of the full amount of such costs – a total of $242,914.95.

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and paraprofessionals during the Fifth Application Period, and (ii) the amounts

---

[1]  With respect to the Fifth Application Period, PSZ&J has written off at least $8,678.00 of fees, representing 18.9 hours of time. The Firm also wrote off $4,527.84 in expenses during Fifth Application Period that are not reflected on the bill, comprised of business meals of $288.67, secretarial overtime of $509.29, and miscellaneous items (primarily air fare and hotel expenses for out-of-town attorneys) of $3,729.88.

requested by the Firm for reimbursement of expenses incurred (by category) during the Fifth Application Period are attached hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Teddy M. Kapur, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## I.

## <u>INTRODUCTION</u>

**A.** <u>**Background**</u>

Heller Ehrman LLP filed a voluntary chapter 11 petition in this Court on December 28, 2008. On January 5, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this case pursuant to section 1102 of the Bankruptcy Code.

On August 16, 2010, the Court entered the *Order Confirming the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* and the *Findings of Fact and Conclusions of Law in Support of the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)*.

**B.** <u>**Employment of PSZ&J**</u>

PSZ&J is a law firm with offices in San Francisco, Los Angeles, Wilmington and New York. The Firm currently employs approximately 70 attorneys and specializes in business reorganizations, bankruptcy, commercial law and litigation. The order approving PSZ&J's employment as general bankruptcy counsel to the Debtor was entered on January 22, 2009, and a true and correct copy is attached hereto as **Exhibit B**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## C.    Events During the Fifth Application Period

During the Fifth Application Period, the Debtor and its counsel performed tasks relating to the continued wind down of the business, thereby maximizing the value of the Debtor's assets for the benefit of its creditors and discharging the Debtor's obligations to former clients.  As part of its wind-down efforts, the Debtor (a) drafted and negotiated terms of the Plan, (b) analyzed proofs of claim, (c) negotiated with key creditor constituencies, (d) coordinated and managed the transition of client and firm business records, (e) pursued the collection of outstanding accounts receivable, and (f) performed a number of bookkeeping, office and administrative services, including support of an extensive factual investigation being conducted by the Committee concerning the circumstances leading to the firm's dissolution.

During the Fifth Application Period, the Firm presented the Court with a host of important filings:

On May 3, 2010, the Debtor filed the *Application for Order Approving Compromise of Controversy With Aperto Networks, Instantservice.Com, Litel Instruments, Joseph Caracciolo, LLOG Exploration and Targeted Growth by Default* (Docket No. 1111).  The compromise was approved by the Court on May 6, 2010.

On May 6, 2010, the Debtor filed the *Objection to Claim of 333 Bush Associates NF, L.P. [Claim No. 1180]* (Docket No. 1117).  BREF 333, LLC filed a response in opposition to the objection on May 27, 2010 (Docket No. 1160), and the Debtor filed *Debtor's Reply Brief in Support of Objection to the Claim of 333 Bush Associates NF, L.P. [Claim No. 1180]* (Docket No. 1199) on June 4, 2010.  The Court heard the Objection on June 18, 2010, and subsequently entered the *Order Sustaining Debtor's Objection to the Claim of 333 Bush Associates NF, L.P. [Claim No. 1180]* on June 22, 2010.  On July 6, 2010, BREF 333, LLC filed a notice of appeal of the ruling and election to have the appeal heard by the U.S. District Court (Docket Nos. 1301 and 1302).  On July 28, 2010, the Debtor filed *Appellee's Designation of Additional Items to be Included in Record on Appeal Regarding Claim of BREF 333, LLC* (Docket No. 1376).

On May 11, 2010, the Debtor and Committee jointly filed the *Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (May 11, 2010)* (Docket No. 1128) (as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

amended, the "Disclosure Statement"), as well as the *Joint Plan of Liquidation of Heller Ehrman LLP (May 11, 2010)* (Docket No. 1129).

On May 13, 2010, the Debtor and Committee jointly filed the *Omnibus Reply to Objections to Disclosure Statement in Support of Joint Plan of Liquidation Of Heller Ehrman LLP (March 31, 2010)* (Docket No. 1134).

On May 14, 2010, the Court considered and approved the Disclosure Statement, pursuant to an order entered on May 15, 2020.

On May 15, 2010, the Debtor filed the *Objection to the Claim of Columbia Center Property, LLC [Claim No. 664]* (Docket No. 1139). Columbia Center Property LLC filed a response in opposition to the objection on June 11, 2010 (Docket No. 1212) and a *Notice of Errata Re Opposition to Debtor's Objection to the Claim of Columbia Center Property LLC (Claim No. 664)* (Docket No. 1226) on June 18, 2010. On June 18, 2010, the Debtor filed *Debtor's Reply Brief in Support of Objection to the Claim of Columbia Center Property LLC [Claim No. 664]* (Docket No. 1231). The Court heard the objection on June 25, 2010 and entered a scheduling order for trial on the objection on June 27, 2010.

On May 25, 2010, the Debtor and Committee jointly filed the (i) *Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1152), (ii) *Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1153), and (iii) *Ballot for Accepting or Rejecting Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket 1155). Objections to the Plan were filed by James N. Czaban on June 21, 2010 (Docket No. 1236) and by Michael J. Shepard on June 23, 2010 (Docket No. 1274).

On June 1, 2010, the Debtor filed the *Declaration of No Opposition to Debtor's Objection to Claim of Rouse & Co., International [Claim No. 423]* (Docket No. 1177). The Court entered the *Order Granting Debtor's Objection to Claim of Rouse & Co., International (Claim No. 423)* on June 2, 2010.

On June 1, 2010, the Debtor filed the *Declaration of No Opposition to Debtor's Motion to (A) Reduce and Allow General Unsecured Claim of Neovia Financial PLC (Claim No. 370) and (B) Disallow Scheduled Claim of Ron D. Martin as Duplicative* (Docket No. 1178). The Court entered

the *Order (A) Granting the Motion to (A) Reduce and Allow General Unsecured Claim of Neovia Financial PLC (Claim No. 370) and (B) Disallow Scheduled Claim of Ron D. Martin as Duplicative; (B) Reducing and Allowing Claim of Neovia Financial PLC; and (C) Disallowing Scheduled Claim of Ron D. Martin* on June 2, 2010.

On June 1, 2010, the Debtor filed the *Declaration of No Opposition to Debtor's Objection to Claim of Griffith Hack Lawyers (Claim No. 311)* (Docket No. 1179). The Court entered the *Order Granting Debtor's Objection to Claim of Griffith Hack Lawyers (Claim No. 311)* on June 2, 1010.

On June 2, 2010, the Debtor filed the *Fourth Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2010 Through April 30, 2010* (Docket No. 1192). The Court heard the application on June 25, 2010, and subsequently entered the *Order re Fourth Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2010 Through April 30, 2010* on June 28, 2010.

On June 4, 2010, the Debtor filed the *Motion to (A) Abandon and Destroy Known Administrative and Client Files and (B) Gain Approval of Procedure for Review and Disposition of Unindexed Boxes* (Docket No. 1203). Bank of America filed objections to the motion on June 18, 2010 (Docket No. 1229). The Court heard the motion on July 6, 2010, and the motion was granted in part and continued in part until July 19, 2010. Following the July 19, 2010 hearing, the Court entered the *Order Granting in Part and Continuing in Part Motion to (A) Abandon And Destroy Known Administrative And Client Files And (B) Gain Approval Of Procedure For Review And Disposition Of Unindexed Boxes* on July 20, 2010. The hearing on the motion was continued to August 9, 2010 and then further continued to September 22, 2010.

On June 9, 2010, the Debtor filed the *Stipulation Reducing and Allowing Priority Claim of City of Seattle (Claim No. 1177)* (Docket No. 1210).

On June 18, 2010, the Debtor and Committed jointly filed the *Ballot Tabulation Regarding Votes Cast on Joint Plan of Heller Ehrman LLP (May 24, 2010)* (Docket No. 1232).

On June 24, 2010, the Debtor filed the *Motion to Sell Computer Equipment from Former Washington, D.C. Office* (Docket No. 1244). The Debtor filed the *Declaration of No Opposition to*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Debtor's Motion to Sell Computer Equipment from Former Washington, D.C. Office* (Docket No. 1330) on July 16, 2010, and the Court granted the motion pursuant to the *Order Authorizing Sale Of Computer Equipment From Former Washington, D.C. Office*, entered on July 19, 2010.

On June 24, 2010, the Debtor filed the *Supplemental Declaration of John D. Fiero in Support of Application of Debtor for Order Under 29 U.S.C. § 327 Authorizing the Retention of Pachulski Stang Ziehl & Jones as Bankruptcy Counsel* (Docket No. 1246).

On June 28, 2010, the Debtor filed the *Application to Employ Kaufman Law P.C. as Debtor's District of Columbia Area Collections Counsel* (Docket No. 1253). The Court entered the *Order Granting Application to Employ Kaufman Law P.C. as Debtor's District of Columbia Area Collections Counsel* on July 8, 2010.

On June 28, 2010, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise Regarding Pension Benefit Guaranty Corporation Claims* (Docket No. 1254). The Court heard the motion on July 19, 2010 and entered the *Order Approving Settlement and Compromise Regarding Pension Benefit Guaranty Corporation Claims* on July 22, 2010.

On June 28, 2010, July 6, 2010 and July 19, 2010, the Court held status conferences regarding the Plan and confirmation process.

On July 7, 2010, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise with MPC Insurance, Ltd.* (Docket No. 1307). In further support of the settlement, the Debtor filed the *Supplemental Declaration of Jonathan Hayden in Support of Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise with MPC Insurance, Ltd.* (Docket No. 1417) on August 6, 2010. The Court heard the motion and entered the Order Approving *Settlement and Compromise with MPC Insurance, Ltd.* on August 9, 2010.

On July 8, 2010, the Debtor filed the *Declaration of Shelley Salinero in Support of Confirmation of Joint Plan of Liquidation* (Docket No. 1309) and the *Omnibus Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1310).

Case: 08-32514    Doc# 1723    Filed: 10/01/10    Entered: 10/01/10 18:26:03    Page 9 of 36

On July 10, 2010, the Debtor filed the *Notice of Compromise of Controversy with ProMOS Technologies Inc. and Opportunity for Hearing* (Docket No. 1317). The Debtor filed the *Application for Order Approving Compromise of Controversy with ProMOS Technologies, Inc. by Default* (Docket No. 1549) on August 31, 2010. The Court granted the application pursuant to the *Order Approving Compromise of Controversy with ProMOS Technologies, Inc. by Default* entered on September 2, 2010.

On July 15, 2010, the Debtor filed an adversary complaint to object to the claim by Emine Technology Company, Ltd. [Claim No. 652] and a counterclaim for breach of contract (Docket No. 1323).

On July 16, 2010, the Debtor filed *Debtor's Objection to Claim of Ixora Limited (Claim No. 455)* (Docket No. 1328). On August 20, 2010, the Debtor filed the *Reply in Support of Debtor's Objection to Claim Of Ixora Limited (Claim No. 455) [Docket No. 1328]* (Docket No. 1459). The Court sustained the objection and entered the *Order Reducing and Allowing Claim of Ixora Limited (Claim No. 455)* on August 31, 2010.

On July 16, 2010, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* (Docket No. 1334). The Court heard the motion on August 9, 2010 and entered the *Order Approving Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* on August 16, 2010.

On July 19, 2010, the Debtor filed the *Memorandum of Points and Authorities In Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1339).

On July 19, 2010, the *Debtor's Objection to Claim of Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624)* (Docket No. 1341). On August 20, 2010, the Debtor filed its *Reply in Support of Debtor's Objection to Claim of Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624) [Docket No. 1341]* (Docket No. 1458). The Court sustained the objection and entered the *Order Disallowing Claim of Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624)* on August 31, 2010.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

On July 19, 2010, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Compromise with John Skilton and Darryl Snider* (Docket No. 1343). The Court heard the motion on August 9, 2010 and subsequently entered the *Order Approving Compromise with John Skilton and Darryl Snider* on August 16, 2010.

On July 19, 2010, the Court heard argument on objections to confirmation filed by several former shareholders (the "Former Shareholders") of the Debtor's corporate partners (the "PCs").

On July 23, 2010, the Debtor filed the *Notice of Compromise of Controversy with Cognac Ferrand and The Girl Scouts and Opportunity for Hearing* (Docket No. 1365).

On July 23, 2010, the Debtor filed the *Objection to the Proofs of Claim Filed by Schiff Hardin, LLP and Adfero Group, LLC [Claim Nos. 653 and 809]* (Docket No. 1366). Schiff Hardin, LLP filed its *Response to Debtor's Objection to the Proofs of Claim Filed by Schiff Hardin LLP and Adfero Group, LLC [Claim Nos. 653 and 809]* (Docket No. 1435) on August 12, 2010. Adfero Group, LLC filed its *Response to Objection to the Proofs of Claim Filed by Schiff Hardin, LLP and Adfero Group, LLC [Claim Nos. 653 and 809]* (Docket No. 1448) on August 13, 2010. The Debtor filed its *Reply in Support of Objection to Proofs of Claim Filed By Schiff Hardin, LLP and Adfero Group, LLC [Claim Nos 653 and 809]* (Docket No. 1462) on August 20, 2010. The Debtor then filed the *Withdrawal of Objection to Proof of Claim filed by Adfero Group, LLC [Claim No. 653]* (Docket No. 1485) on August 26, 2010. A hearing on the objection to the proof of claim filed by Schiff Hardin, LLP was continued until October 22, 2010.

On July 23, 2010, the Debtor filed the *Objection to the Claim of 1620 K Street Associates, LP [Claim No. 243]* (Docket No. 1368). 1620 K Street Associates, LP filed its *Response of 1620 K. Street Associates LP to Objection to Claim [Claim No. 243]* (Docket No. 1436) on August 13, 2010. The Debtor then filed its *Reply in Support of Objection to the Claim of 1620 K Street Associates, LP [Claim No. 243]* (Docket No. 1461) on August 20, 2010. The Court will hear the objection on October 22, 2010.

On July 23, 2010, the Debtor filed the *Motion to Approve Compromise of Controversies with the Heller Ehrman PCs and Bank of America, N.A. and Citibank, N.A.* (Docket No. 1370). In further support of the motion, the Debtor filed the *Cover Sheet for Final Form of Settlement Agreement*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Related to Motion to Approve Compromise of Controversies with the Heller Ehrman PCS and Bank of America, N.A. and Citibank, N.A.* (Docket No. 1437). On July 26, 2010, the Court entered an order shortening time for a hearing on the motion and then heard the motion on August 9, 2010. The Court granted the motion and entered the *Order Approving Compromises with the Banks and Heller Ehrman PCs under Rule 9019 of the Federal Rules of Bankruptcy Procedure* on August 13, 2010.

On July 28, 2010, the Debtor filed *Debtor's Objection to Claim of New York City Department of Finance (Claim No. 130)* (Docket No. 1377). The Court will hear the objection on September 24, 2010.

On July 28, 2010, the Debtor filed the *Declaration of Peter J. Benvenutti in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1380).

On July 30, 2010, the Debtor filed the *Supplemental Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1381).

On July 30, 2010, the Debtor filed *Debtor's Motion to (A) Reduce and Allow General Unsecured Claim of Document Technologies, Inc. (Claim No. 114), and (B) Disallow Scheduled Claims of DTI Skyline and Skyline Legal Technologies as Duplicative* (Docket No. 1383).

On August 2, 2010, the Debtor filed the *Revised Ballot Tabulation Regarding Votes Cast on Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1395).

On August 2, 2010, the Debtor and the Committee filed the following Plan-related documents: (i) *Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1398) (ii) *Redline of Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1399); and (iii) *Declaration of Kyle Everett of Development Specialists, Inc. in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1400).

On August 9, 2010, the Debtor filed the *New Plan Document: Amendment No. 1 to Plan of Dissolution of Heller Ehrman LLP (And Its Affiliated Entities)* (Docket No. 1426).

On August 9, 2010, the Debtor and the Committee filed the *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* (Docket No. 1431) and redline version of the Plan reflecting changes to the August 2, 2010 version of the plan (Docket No. 1432).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

On August 9, 2010, the Court heard and confirmed the Plan, and heard other related motions. On August 13, 2010, the Court entered the (i) *Order Confirming the Joint Plan Of Liquidation of Heller Ehrman LLP (August 9, 2010)*, and (ii) *Findings Of Fact And Conclusions Of Law in Support of Confirmation of the Joint Plan Of Liquidation Of Heller Ehrman LLP (August 9, 2010)*.

On August 17, 2010, the Debtor and Committee jointly filed the *Notice of Filing of Exhibits to Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* (Docket No. 1451).

On August 18, 2010, the Debtor filed the *Notice of Compromise of Controversy with Kelly-Moore and Opportunity for Hearing* (Docket No. 1453).

On August 20, 2010, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Attorneys' Fee Claims Regarding Certain Qui Tam Litigation* (Docket No. 1463). The Debtor filed the *Declaration of No Opposition to Motion Pursuant to Bankruptcy Rule 9019(A) for Approval of Settlement and Compromise of Attorneys' Fee Claims Regarding Certain Qui Tam Litigation* (Docket No. 1647) on September 13, 2010. The Court granted the motion pursuant to its *Order Approving Settlement And Compromise Of Attorneys' Fee Claims Regarding Certain Qui Tam Litigation* entered on September 14, 2010.

On August 23, 2010, the Debtor filed the following stipulations: the *Stipulation to Withdraw Proof of Claim Filed By Hellman & Friedman LLC (Claim No. 251)* (Docket No. 1469); the *Stipulation to Withdraw Proof of Claim Filed by FWH Associates (Claim No. 252)* (Docket No. 1470); the *Stipulation to Withdraw Proof of Claim Filed by F. Warren Hellman (Claim No. 253)* (Docket No. 1471); the *Stipulation to Withdraw Proof of Claim Filed by Frog & Peach Investors LLC (Claim No. 254)* (Docket No. 1472); and the *Stipulation Modifying and Allowing Claim of Judith Z. Gold (Claim No. 350)* (Docket No. 1477);

On August 25, 2010, the Debtor filed the *Stipulation to Allow Claims of Niroshana Samarakkody (Claim No. 72)* (Docket No. 1481).

On August 26, 2010, the Debtor filed the following stipulations: the *Stipulation Modifying and Allowing Claim of Connecticut General Life Insurance Company (Claim No. 897-1)* (Docket No. 1484); the *Stipulation Modifying and Allowing Claim of Celia M. Jackson (Claim No. 458)* (Docket No. 1486); the *Stipulation Modifying and Allowing Claim of Michael R. Wrenn (Claim No.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*712*) (Docket No. 1495); and the Debtor filed the *Stipulation Modifying and Allowing Claim of Steven S. Anderson (Claim No. 291)* (Docket No. 1496).

On August 27, 2010, the Debtor filed the *Third Omnibus Objection Seeking to Reclassify Priority Claims Filed by Adam Mendelowitz (103), Ali's Contracting Elite (1029), Erin Wiggins (93), Havila Unrein (715), Intersect Systems (1128), Kelly Seaburg (561), Kenneth Kronstadt (240), Landmark Legal Professionals (1139), Retinagenix (371), Roy Lo (293), Sarah Grossman-Swenson (955), Teg Staffing (626), And Tracy Talbot (1115) as General Unsecured Claims* (Docket No. 1500), along with: the *Stipulation Modifying and Allowing Claim of Brian R. Finrow (Claim No. 398)* (Docket No. 1502); the *Stipulation Withdrawing Claim No. 209 and Modifying and Allowing Claim No. 1213 Filed by David R. Wilson* (Docket No. 1503); the *Stipulation Modifying and Allowing Claim of Sharon Y. Fung (Claim No. 57)* (Docket No. 1504).

On August 27, 2010, the Debtor and Committee jointly filed the *Notice of Entry of Confirmation Order, Post-Confirmation Deadlines and Injunction* (Docket No. 1506).

On August 30, 2010, the Debtor filed: the *Stipulation Modifying and Allowing Claim of Wondie Russell (Claim No. 932)* (Docket No. 1507); the *Stipulation Modifying and Allowing Claim of Neal H. Brockmeyer (Claim No. 781)* (Docket No. 1508); the *Stipulation Modifying and Allowing Claim of Stephen A. Tuggy (Claim No. 784)* (Docket No. 1509); the *Debtor's Objection to Claim Number 1166 of Washington State Department of Revenue (Claim No. 1166)* (Docket No. 1513); the *Debtor's Objection to Claim of Los Angeles County Treasurer and Tax Collector (Claim No. 131)* (Docket No. 1515); the *Debtor's Objection to Claim of San Diego County Treasurer-Tax Collector (Claim No. 1185)* (Docket No. 1517); the *Stipulation Modifying and Allowing Claim of Daniel D. Syrdal (Claim No. 898)* (Docket No. 1530); the *Objection to Proof of Claim Filed by Harlequin Hotels & Resorts Limited / Harlequin Property [Claim No. 1159]* (Docket No. 1531); the *Debtor's Objection to Claim of Therese Veker (Claim No. 547)* (Docket No. 1533); and the *Debtor's Objection to Claim of Joseph S. Cha (Claim No. 645)* (Docket No. 1535).

On August 31, 2010, the Debtor filed: the *Stipulation Withdrawing Duplicate Claim (Claim No. 62) and Modifying and Allowing Claim of Paul Brockland (Claim No. 542)* (Docket No. 1542); the *Stipulation to Allow Claims of Samuel Horne (Claim No. 335)* (Docket No. 1543); *Debtor's*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Objection to Administrative Claim of City of Los Angeles (Claim No. 1169)* (Docket No. 1546); the *Stipulation to Allow Claims of Alexander L. Brainerd (Claim No. 796)* (Docket No. 1548); the *Objection to Proof of Claim Filed by Julian N. Stern, A Professional Corporation [Claim No. 693]* (Docket No. 1551); the *Objection to Proofs of Claim Filed by Linda Pettigrew [Claim Nos. 713 and 764]* (Docket No. 1553); the *Stipulation Modifying and Allowing Claim of Williams Lea Inc. (Claim No. 896)* (Docket No. 1555); the *Objection to Proof of Claim Filed by Marian Benassi and Estate of John Benassi [Claim No. 807]* (Docket No. 1556); the *Debtor's Objection to Purported Administrative Claim of Cisco Systems Capital Corporation (Claim No. 359)* (Docket No. 1559); the *Debtor's Objection to Purported Administrative Claim of IBM Credit LLC (Claim No. 231)* (Docket No. 1562); the *Objection to Proofs of Claim Filed by Ziye Joseph Zhou [Claim Nos. 1145, 1146 and 1147]* (Docket No. 1565); the *Objection to Proof of Claim Filed By Robert Borton [Claim No. 718]* (Docket No. 1568); the *Objection to Proof of Claim Filed By Robert Badal [Claim No. 523]* (Docket No. 1571); and the *Objection to Proof of Claim Filed By K. William Neuman [Claim No. 719]* (Docket No. 1574).

During the Application Period, the Debtor filed operating reports covering the periods of March (Docket No. 1137) (Amended Report filed at Docket No. 1138), April (Docket No. 1304), May (Docket No. 1414), June (Docket No. 1415), and July (Docket No. 1579).

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J has classified all services performed for which compensation is sought into categories. PSZ&J attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case implicate multiple categories, services pertaining to one category may occasionally be included in another. As a firm, PSZ&J used the following billing categories during the Fifth Application Period:

- Asset Analysis/Recovery
- Asset Disposition

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

- Bankruptcy Litigation

- Case Administration

- Claims Admin/Objections

- Compensation of Professionals

- Financing

- Litigation (Non-Bankruptcy)

- Non-Working Travel

- Plan & Disclosure Statement

- Plan Implementation

- Retention of Professionals

- Settlement

**Exhibit C** hereto provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

### A. Asset Analysis/Recovery

Time billed to this category primarily relates to the review and analysis of the issues presented by the estate's claims against third parties. Throughout the case, PSZ&J monitored the bankruptcy cases of former clients with account receivable balances due to the Debtor, assisted in the filing of proofs of claim and maintained a tracking chart to follow the status of the claims. In addition, PSZ&J conferred with the Debtor about collection strategies for a number of accounts receivable.

**Total Hours 2.00 / Total Fees $1,007.50**

### B. Asset Disposition

Time billed to this category relates to the legal work related to the disposition of certain estate assets. During the Application Period, the Firm moved to sell computer equipment that had been in use in the Debtor's former Washington, D.C. office. On June 24, 2010, the Debtor filed the *Motion to Sell Computer Equipment from Former Washington, DC Office* (Docket No. 1244), and an order was entered approving this sale by default on July 16, 2010 (Docket No. 1338).

On June 4, 2010, the Debtor filed the *Motion to (A) Abandon and Destroy Known Administrative and Client Files and (B) Gain Approval of Procedure for Review and Disposition of Unindexed Boxes* (Docket No. 1203) (the "File Destruction Motion"). Bank of America and the Orrick law firm objected to the File Destruction Motion, and an order partially granting the File Destruction Motion was entered on July 20, 2010 (Docket No. 1357). The Firm conferred extensively with Bank of America, Orrick and other counsel representing the Debtor in an effort to resolve these issues.[2]

The Firm also disposed of the VLG Marks and domain names under the de minimis sale procedures, which sale the Debtor noticed on May 8, 2009. Additional time was devoted to a recently-abandoned effort to sell the Debtor's interest in VLG's form files.[3]

**Total Hours 68.50 / Total Fees $36,640.50**

**C.    Bankruptcy Litigation**

This category primarily relates to services provided in connection with: (i) the Biggers Adversary Proceeding; (ii) the settlements with Former Shareholders; and (iii) several smaller individual matters.

**1.    Biggers AVP**

The Debtor faces multiple claims based on its alleged failure to provide adequate notice of employment terminations under the federal and state Worker Adjustment and Retraining Notification Acts, 29 U.S.C. § 2010 et seq. and California Labor Code § 1400 et seq., respectively (collectively, the "WARN Act"). In April 2009, three former employees who purport to sue on behalf of all similarly situated former employees filed the Biggers AVP against the Debtor, 13 Former Shareholders (each in their individual capacity and in their representative capacity on behalf of a purported defendant class consisting of all shareholders as of August 11, 2008), and a number of the professional corporations that are the Debtor's partners. During March and April 2009, counsel representing the plaintiffs in the Biggers AVP filed a "class claimant" proof of claim seeking unpaid

---

[2]  The Debtor managed a resolution after the Plan's Effecitve Date.
[3]  Ultimately, the Debtor decided sale of the files posed more risk than benefit.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  wages and WARN Act damages, as well as at least 84 individual proofs of claim against the Debtor,

2  of which approximately 80% seek WARN Act damages.

3  During the Application Period, the Firm worked with the Debtor's special employment

4  litigation counsel, the Dissolution Committee, and the Debtor's co-defendants in an effort to bring

5  the Biggers AVP to conclusion.  PSZ&J prepared for and participated in the fairness hearing held on

6  July 8, 2010, and then prepared and negotiated terms of the order approving the class settlement.

7  The *Final Order Approving Settlement Between the Debtor, and Non-Debtor Defendants, The*

8  *Committee, and the Plaintiff* (Docket No. 73 in the Biggers AVP) was entered July 16, 2010.  The

9  settlement is being implemented pursuant to the terms of the Debtor's Plan of Liquidation.

10  **2.  Shareholder Mediation**

11  On or about April 21, 2009, the Court entered its *Order Granting the Official Committee of*

12  *Unsecured Creditors' Motion for Order Authorizing the Creditors' Committee to Pursue Certain*

13  *Estate Causes of Action* (Docket No. 366), which authorized the Committee to pursue certain causes

14  of action on behalf of the estate that arose from or related to claims against Former Shareholders and

15  successor firms, including claims pursuant to the partnership doctrines set forth in *Jewel v. Boxer*,

16  156 Cal.App.3d 171 (1984).  The Committee negotiated settlements with many Former

17  Shareholders.  PSZ&J assisted the Debtor in playing its role as honest broker throughout those

18  negotiations and the subsequent documentation of the bargains struck.  In particular, PSZ&J spent

19  considerable time reviewing the shareholder settlement agreement and fielding inquiries from

20  Former Shareholders as well as counsel for several groups of Former Shareholders.  On August 13,

21  2010, the Court entered its *Order Granting Motion for an Order Approving Settlements With Former*

22  *Heller Shareholders and Determining That Such Settlements Will Constitute "Good Faith"*

23  *Settlements Under California Code of Civil Procedure 877* (Docket No. 1443) and its *Order*

24  *Approving Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders*

25  (Docket No. 1444).

26  **3.  Other Former Shareholder Settlements**

27  Resolving disputes with other former shareholders occupied a substantial amount of time

28  during the Fifth Application Period.  Seventeen Former Shareholders asserted claims of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

approximately $9 million against the Debtor and the PCs for retirement benefits (the "Vested Retirees"). The Firm analyzed the Vested Retirees' claims and prepared for and participated in settlement negotiations to help facilitate a compromise. The parties resolved their dispute pursuant to a judicial settlement conference before the Honorable Randall J. Newsome, Chief Judge for the U.S. Bankruptcy Court for the Northern District of California. Thereafter, the Firm negotiated and drafted a settlement agreement and prepared a motion to approve the compromise pursuant to Bankruptcy Rule 9019(a). PSZ&J filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* (Docket No. 1334) on July 16, 2010. PSZ&J prepared for the August 9, 2010 hearing on the motion, and drafted the order approving the settlement, which was entered by the Court on August 16, 2010.

The Firm facilitated a similar settlement with Former Shareholders Darryl Snider and John Skilton regarding certain claims arising from deferred compensation plans established for each of them. PSZ&J prepared for and participated in a mediation with Judge Newsome regarding Snider and Skilton's claims. The parties agreed to settlement terms that reduced to a signed term sheet, and then the Firm drafted and negotiated a formal settlement agreement. PSZ&J filed the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Compromise with John Skilton and Darryl Snider* (Docket No. 1343) on July 19, 2010. PSZ&J prepared for and participated in the August 9, 2010 hearing on the motion, and drafted the order approving the settlement, which was entered by the Court on August 16, 2010.

### 4. Other Matters

The Firm assisted in settling several smaller matters during the Application Period. In particular, in July 2010, PSZ&J filed an adversary proceeding (AVP 10-03117) objecting to the proof of claim of Emine Technology Co. Ltd in the amount of $1.1 million, and seeking affirmative recovery from the claimant based on breach of contract. The claimant failed to respond and PSZ&J prepared a request for entry of clerk's default, which was entered on August 24, 2010.

**Total Hours 180.20 / Total Fees $103,635.50**

**D.    Case Administration**

Time billed to this category relates primarily to administrative matters, including, without limitation:  meetings of the Debtor's Dissolution Committee; reviewing the docket; maintaining a critical dates calendar for the case; communicating with the Court, the United States Trustee, the Debtor, other professionals and other case constituents and interested parties regarding issues relating to the administration of the case; and performing other miscellaneous services related thereto.

A majority of the time spent on Case Administration tasks relates to the weekly meetings held by the Dissolution Committee.  The Dissolution Committee has met at least once a week for approximately two hours at a time since the case began.  Each week, Mr. Fiero and Mr. Kapur of PSZ&J conferred about the status of the case, prepared meeting agendas and presentations for the calls, and participated in those meetings.  Other members of the Firm participated when they were called upon to address issues within their area of expertise.  Because three out of the four Dissolution Committee members have joined new law firms and had commitments outside of the case, these meetings served a critical case management role by providing a reliable forum for the Dissolution Committee members to discuss the latest developments in the case with one another and Messrs. Fiero Kapur.  Given the ongoing plan negotiations, collection efforts, asset dispositions, Shareholder Group inquiries, and other tasks related to the Debtor's wind down, these meetings required significant preparation and involved lengthy discussions to develop strategies and make decisions.

The Case Administration category also involves a variety of miscellaneous tasks undertaken by the Firm, such as updating the memorandum of critical dates on a regular basis, reviewing and revising monthly operating reports, responding to inquiries and reviewing the Schedules of Financial Affairs, updating the master mailing matrix pursuant to the address changes filed by over 100 creditors during the Application Period, and conferring with the United States Trustee and opposing counsel regarding the settlement of various lawsuits.

**Total Hours 118.40 / Total Fees $60,601.00**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Time billed to this category relates to analyzing proofs of claim, performing research on claims, responding to creditor inquiries regarding claims, preparing for and participating in settlement conferences with former shareholders of the PCs, and establishing deadlines for filing certain types of proofs of claims in the case. More than 1,100 claims have been posted to the claims register, and reviewing these claims requires diligent efforts. The Firm has fielded a number of inquiries from creditors and the Dissolution Committee regarding the status of filed claims, late-filed claims, the claim objection process, and projections for recoveries.

1.	**Analysis of Individual Proofs of Claim**

During the Application Period, the Firm spent a great deal of time working with the Debtor's staff on the analysis of individual proofs of claim. At the request of the Committee, the Firm endeavored to file as many appropriate claim objections as possible, as soon as possible. The types of claims reviewed during the Application Period included, without limitation: claims of former shareholders of the PCs, landlords' 502(b)(6) claims, claims of certain prepetition service providers, a claim filed by the Administrator for the estate of Heller Ehrman (Europe), claims filed by charitable organizations, tax claims, attorneys' fees claims, malpractice claims and insurance coverage thereof, employee benefit claims, and miscellaneous other contract claims. In many cases, PSZ&J has performed legal research in connection with the Debtor's defenses to certain proofs of claim that exceeded the Debtor's books and records or the Debtor's projections.

2.	**Stipulations Withdrawing or Reducing and Allowing Claims**

In some cases, the Debtor's disputes with claimants were resolved consensually. In these cases, PSZ&J performed research of the claims and then engaged in diligent negotiations with creditors. These efforts often have led to stipulations between the Debtor and the potential creditor pursuant to which creditors have withdrawn or reduced their claims. More than 20 such stipulations or withdrawals have been filed with the Court during this period, including claims for the following creditors:

- City of Seattle (Claim No. 1177) [Docket No. 1210];

- Hellman & Friedman LLC (Claim No 251) [Docket No. 1469];

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

- FWH Associates (Claim No 252) [Docket No. 1470];

- F Warren Hellman (Claim No 253) [Docket No. 1471];

- Frog & Peach Investors LLC (Claim No 254) [Docket No. 1472];

- Judith Z. Gold (Claim No. 350) [Docket No. 1477];

- Niroshana Samarakkody (Claim No. 72) [Docket No. 1481];

- Connecticut General Life Insurance Company (Claim No. 897-1) [Docket No. 1484];

- Celia M. Jackson (Claim No. 458) [Docket No. 1486];

- Michael R. Wrenn (Claim No. 712) [Docket No. 1495];

- Steven S. Anderson (Claim No. 291) [Docket No. 1496];

- Brian R. Finrow (Claim No. 398) [Docket No. 1502];

- David R. Wilson (Claim Nos. 209 and 1213) [Docket No. 1503]

- Sharon Y. Fung (Claim No. 57) [Docket No. 1504];

- Wondie Russell (Claim No. 932) [Docket No. 1507];

- Neal H. Brockmeyer (Claim No. 781) [Docket No. 1508];

- Stephen A. Tuggy (Claim No. 784) [Docket No. 1509];

- Daniel D. Syrdal (Claim No. 898) [Docket No. 1530];

- Paul Brockland (Claim No. 62) [Docket No. 1542];

- Samuel Horne (Claim No. 335) [Docket No. 1543];

- Alexander L. Brainerd (Claim No. 796) [Docket No. 1548];

- Williams Lea Inc. (Claim No. 896) [Docket No. 1555];

- S&M Moving System (Claim No. 263) [Docket No. 1665].

### 3. Objections

In some cases, the Firm was unable to consensually resolve claim disputes. As a result, PSZ&J filed several claim objections during the Application Period. The Firm prepared and filed the Debtor's *Third Omnibus Objection Seeking to Reclassify Priority Claims Filed by Adam Mendelowitz (103), Ali's Contracting Elite (1029), Erin Wiggins (93), Havila Unrein (715), Intersect Systems (1128), Kelly Seaburg (561), Kenneth Kronstadt (240), Landmark Legal Professionals (1139), Retinagenix (371), Roy Lo (293), Sarah Grossman-Swenson (955), Teg Staffing (626), and*

*Tracy Talbot (1115) as General Unsecured Claims* [Docket No. 1500] requesting reclassification of the aforementioned claims.  The Firm also prepared objections to the following individual proofs of claim:

- 333 Bush Associates NF, L.P. (Claim No. 1180) [Docket No. 1117];

- Columbia Center Property, LLC (Claim No. 664) [Docket No. 1139];

- Ixora Limited (Claim No. 455) [Docket No. 1328];

- Heller Ehrman (Europe) LLP (In Administration) (Claim No. 624) [Docket No. 1341];

- New York City Department of Finance (Claim No. 130) [Docket No. 1377];

- Washington State Department of Revenue (Claim No. 1166) [Docket No. 1513];

- Los Angeles County Treasurer and Tax Collector (Claim No. 131) [Docket No. 1515];

- San Diego County Treasurer-Tax Collector (Claim No. 1185) [Docket No. 1517];

- Harlequin Hotels & Resorts Limited / Harlequin Property (Claim No. 1159) [Docket No. 1531];

- Therese Veker (Claim No. 547) [Docket No. 1533];

- Joseph S. Cha (Claim No. 645) [Docket No. 1535];

- City of Los Angeles (Claim No. 1169) [Docket No. 1546];

- Julian N. Stern, A Professional Corporation (Claim No. 693) [Docket No. 1551];

- Linda Pettigrew (Claim Nos. 713 and 764) [Docket No. 1553];

- Marian Benassi and Estate of John Benassi (Claim No. 807) [Docket No. 1556];

- Cisco Systems Capital Corporation (Claim No. 359) [Docket No. 1559];

- IBM Credit LLC (Claim No. 231) [Docket No. 1562];

- Ziye Joseph Zhou (Claim Nos. 1145, 1146 and 1147) [Docket No. 1565]

- Robert Borton (Claim No. 718) [Docket No. 1568];

- Robert Badal (Claim No. 523) [Docket No. 1571];

- K. William Neuman (Claim No. 719) [Docket No. 1575];

PSZ&J objected to the claims of several landlords, including Columbia Center Property, LLC, BREF 333 LLC (333 Bush Associates NF, L.P.), and 1620 K Street Associates, LP.  The Columbia Center Property and BREF 333 objections involved substantial briefing on the legal

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

interpretation of Bankruptcy Code section 502(b)(6)(A) and whether the 15% landlord cap is measured as a function of the remaining time under the lease or the remaining total rent under the lease. There is a split of authority among courts, and the Ninth Circuit has not definitively ruled on this issue. Following briefing and arguments, the Court sustained the Debtor's objection as a matter of law. The issue is currently on appeal by BREF 333 and subject to further briefing before the District Court for the Northern District of California.

In addition to its objection to interpretation of section 502(b)(6)(A), the Debtor's objections to landlord claims raised a number of factual issues, including the propriety and reasonableness of additional charges under the lease and claims for attorneys' fees. The factual issues required consultation with principals of the Debtor and reconciliation of the claimed amounts.

PSZ&J objected to the claim of Columbia Center Property on both legal and factual grounds. PSZ&J ultimately negotiated a settlement of the claim. The form of the settlement agreement is presently under review.

**Total Hours 416.00 / Total Fees $232,161.50**

**F. Compensation of Professionals**

Time billed to this category primarily relates to the monthly cover sheet applications, the fourth round of interim fee applications, and the Firm's preparation for and coordination of other appearances at the hearing on the fourth round of interim fee applications that took place on June 25, 2010.

The Firm serves as this case's leader for processing requests for payment of professional fees and reimbursement of expenses. The Firm sends regular reminders to professionals about fee application deadlines, helps professionals correct errors and omissions, coordinates the filing and service of monthly cover sheet applications and quarterly applications, and prepares and files notice of fee application hearings. During the Application Period, the Firm prepared and assisted other professionals in the preparation of monthly cover sheet applications for April, May, and June, as well as the fourth round of interim fee applications. The Firm also prepared for the hearing on fourth interim fee applications and helped professionals with telephonic appearances and other questions regarding the hearing and payment procedures.

With more than a dozen professional firms employed in this case, even brief consultations with professionals regarding the three monthly applications and the fourth interim fee application added up to a significant amount of time. Furthermore, some recently-employed professionals were unfamiliar with the fee application process in bankruptcy cases, and the Firm assisted them with regard to the fee application procedures and deadlines.

**Total Hours 74.00 / Total Fees $28,159.00**

**G.    Financing**

During the Application Period, the Debtor and Committee negotiated and settled the exit financing contemplated by the Plan. The Firm prepared for and participated in settlement discussions with the banks and the Committee. During the negotiations, PSZ&J spent a number of hours conferring with the Committee and researching the validity of liens and other claims asserted by the banks. PSZ&J also drafted and negotiated the terms of the exit financing agreement with the Banks and the Heller Ehrman PCs, as well as a note, security agreement and other loan documents.

The Firm drafted and filed the *Motion to Approve Compromise of Controversies with the Heller Ehrman PCs and Bank of America, N.A. and Citibank, N.A.* [Docket No. 1370] on July 23, 2010. In further support of the motion, PSZ&J filed the *Cover Sheet for Final Form of Settlement Agreement Related to Motion to Approve Compromise of Controversies with the Heller Ehrman PCS and Bank of America, N.A. and Citibank, N.A.* (Docket No. 1437). PSZ&J drafted a request for an order shortening time for a hearing on the motion, and the Court heard the motion on August 9, 2010. PSZ&J prepared for and participated in the hearing on the motion, and drafted the order approving the motion, which was entered by the Court on August 13, 2010.

**Total Hours 74.10 / Total Fees $45,866.50**

**H.    Non-Working Travel**

Time billed to this category reflects non-working travel time for members of PSZ&J to attend hearings and meetings in San Francisco. The Debtor has been billed this time at one-half the attorney's normal billing rate for these time entries.

**Total Hours 26.80 / Total Fees $6,615.00**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
San Francisco, California

**I.      Plan and Disclosure Statement**

Time billed to this category primarily relates to preparation, finalization, solicitation and confirmation of the Plan and Disclosure Statement.

During the Fifth Application Period, the Debtor (in concert with the Committee) filed the following iterations of the Plan and Disclosure Statement:

- *Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (May 11, 2010)* (Docket No. 1128)

- *Joint Plan of Liquidation of Heller Ehrman LLP (May 11, 2010)* (Docket No. 1129)

- *Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1152),

- *Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1153),

- *Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1398)

- *Redline of Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1399)

- *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* (Docket No. 1431) and redline version of the Plan reflecting changes to the August 2, 2010 version of the plan (Docket No. 1432).

PSZ&J drafted the *Omnibus Reply to Objections to Disclosure Statement in Support of Joint Plan of Liquidation Of Heller Ehrman LLP (March 31, 2010)* (Docket No. 1134) that was filed on May 13, 2010.  The Firm prepared for and participated in the hearing on the Disclosure Statement, which was held on May 14, 2010.  PSZ&J then drafted the order approving the Disclosure Statement that was entered May 15, 2010 (Docket No. 1141).

After the Disclosure Statement was approved, the Firm prepared solicitation packages for service on more than 3,000 creditors and parties in interest.  Service of the Disclosure Statement (including the Plan as Exhibit A thereto), notice of the hearing on confirmation of the Plan, the order approving the Disclosure Statement, and ballots for voting on the Plan, was effected on May 24, 2010.

Ballots were due by June 16, 2010. The Firm filed the ballot tabulation on June 18, 2010 (Docket No. 1232), and on August 2, 2010 filed a revised ballot tabulation, as well as the ballots themselves (Docket No. 1395).

The Firm prepared for and participated in status conferences regarding the Plan and confirmation process that were held by the Court on June 28, 2010, July 6, 2010 and July 19, 2010.

Objections to the Plan were filed by James N. Czaban on June 21, 2010 (Docket No. 1236) and by Michael J. Shepard on June 23, 2010 (Docket No. 1274). The Firm analyzed the objections and drafted the *Omnibus Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1310) that was filed on July 8, 2010. PSZ&J prepared for a July 19, 2010 hearing on the objections, and then drafted the *Supplemental Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1381), that was field on July 30, 2010. PSZ&J and the Committee also drafted "pocket motions" and conferred about contingency plans in case the Court granted the objections.

The Firm spent a great deal of time reviewing, revising, and negotiating the terms of the Plan and Disclosure Statement in an effort to settle various disputes with other potential objecting parties (including Bank of America, MPC, and the Vested Retirees). Moreover, the Firm devoted hours to ensuring the legality and enforceability of the Section 105 injunction included in the Plan.

In further support of the plan confirmation process, the Firm prepared (i) the *Declaration of Shelley Salinero in Support of Confirmation of Joint Plan of Liquidation* (Docket No. 1309), filed on July 8, 2010; (ii) the *Memorandum of Points and Authorities In Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* (Docket No. 1339), filed on July 19, 2010; (iii) the *Declaration of Peter J. Benvenutti in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1380), filed on July 28, 2010; and (iv) the *Declaration of Kyle Everett of Development Specialists, Inc. in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* (Docket No. 1400), filed on August 2, 2010.

PSZ&J prepared for and participated in the Court hearing on the Plan, which was held on August 9, 2010. After the Court confirmed the Plan, PSZ&J drafted the (i) *Order Confirming the*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  *Joint Plan Of Liquidation of Heller Ehrman LLP (August 9, 2010)*, and (ii) *Findings Of Fact And*
2  *Conclusions Of Law in Support of Confirmation of the Joint Plan Of Liquidation Of Heller Ehrman*
3  *LLP (August 9, 2010)*, which were entered by the Court on August 13, 2010.

4      Finally, the Firm drafted the *Notice of Entry of Confirmation Order, Post-Confirmation*
5  *Deadlines and Injunction* (Docket No. 1506), which was filed on August 27, 2010.

6                      **Total Hours 643.50 / Total Fees $346,203.00**

7      **J.      Plan Implementation**

8      Time billed to this category primarily relates to the legal work necessary to amend the
9  Debtor's plan of dissolution and to implement such an amendment. The Firm's efforts focused on
10 reviewing and analyzing the original plan of dissolution as well as all of the background corporate
11 materials in connection with the implementation of the amendment to the plan of dissolution. Such
12 materials included, without limitation, corporate minutes and charter documents of certain of the
13 equity owners of the Debtor. The Firm also analyzed issues relating to the authority of the
14 Dissolution Committee to manage the Debtor and all of the equity owners of the Debtor. In this
15 respect, the Firm reviewed corporate laws of the states of California, Washington, Oregon, Alaska,
16 New York and the District of Columbia.

17     The Firm participated in multiple conference calls with various parties in order to prepare the
18 amendment to the Debtor's plan of dissolution and to resolve corporate issues relating to the
19 authorization of the amendment. In addition, the Firm prepared consents of the dissolution
20 committee on behalf of the Debtor and on behalf of all of the Debtors' equity owners that approved,
21 among other things, the amendment. Further the Firm arranged for the filing of the amendment.

22                      **Total Hours 30.80 / Total Fees $16,896.50**

23     **K.      Retention of Professionals**

24     Joel Adler, the Debtor's special collections counsel, advised that he needed the assistance of
25 collections attorneys who were licensed in the State of New Jersey, District of Columbia, Maryland
26 and Virginia because settlement attempts with certain former clients who were located in these areas
27 had failed. The Debtor had previously obtained Bankruptcy Court approval to allow Mr. Adler
28 and out-of-state collections counsel to split a 35% contingency fee so that the out-of-state counsel,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

who would perform the day-to-day services, would receive 27.5% of the contingency fee and Mr. Adler's firm, who would provide supervisory services, would receive 7.5%.[4]

Mr. Adler recommended the retention of Winston & Winston to institute proceedings to recover the past due amounts owing from the Debtor's former New Jersey clients on the grounds that said firm was highly qualified to undertake the representation. The Firm conferred with Mr. Adler and the principal of Winston & Winston regarding the firm's qualifications and reviewed the proposed retention agreement. The Firm also drafted the application to retain Winston & Winston and the supporting declaration of Jay Winston. There were no objections raised to the proposed employment and on June 4, 2010 the court entered an order approving the retention of Winston & Winston as the Debtor's New Jersey collections counsel.

Mr. Adler also recommended the retention of Kaufman Law PC as the Debtor's District of Columbia, Maryland and Virginia (the "DC Area") collections counsel to assist with the collection of outstanding fees and costs due to the Debtor by two of its former clients, GuestMetrics and New Horizons Diagnostic, who were located in the DC Area. The Firm conferred with Mr. Adler and David Kaufman, the principal of the Kaufman firm, regarding the firm's qualifications, Bankruptcy Court approval procedures and related matters. The Firm also prepared the application to retain the Kaufman Firm, the supporting declaration of David Kaufman and the order approving the proposed retention. No objections to the proposed retention were raised and the Court entered an order approving the retention on July 8, 2010.

**Total Hours 12.50 / Total Fees $6,294.00**

**L.** **Settlement**

Time billed to this category relates largely to gaining approval of settlements reached with various entities.

**1.** **ProMOS Technologies, Inc.**

In this regard, the Firm worked closely with the Debtor's special collections counsel, The Adler Law Firm, to properly document and obtain Bankruptcy Court approval of the compromises.

---

[4] The Court had also approved the retention of collections counsel on an hourly fee basis to the extent that certain appellate or other services were rendered.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Firm conferred with Mr. Adler regarding two settlements that were tentatively approved by the Debtor and required Bankruptcy Court approval. One settlement was with ProMOS Technologies, Inc., a Taiwanese company that became indebted to the Debtor in the amount of $595,870.68 but that had agreed to settle the matter for $476,696.54. The Firm reviewed the settlement agreement with ProMOS and prepared a Notice of Compromise of Controversy setting forth the factual and legal argument in support of the compromise. No objections were raised and the Firm prepared the application, declarations of Miriam Khatiblou and Kyle Everett, and the order approving the compromise with ProMOS by default. On September 1, 2010, the Bankruptcy Court entered the order approving the compromise with ProMOS.

### 2. Kelly-Moore Paint Company, Inc.

Mr. Adler also had successfully settled claims against another former client, Kelly-Moore Paint Company, Inc. ("Kelly-Moore"). Kelly-Moore became indebted to the Debtor for pre-petition legal services in the disputed amount of $901,329.71. The dispute was ultimately resolved through JAMS, and Kelly-Moore agreed to pay the Debtor the sum of $500,000 as a full and complete settlement of the disputed claims. The Firm reviewed the various documents relating to the settlement conference and the settlement agreement itself and conferred several times with Mr. Adler. Thereafter, the Firm prepared the Notice of Compromise of Controversy and set forth the somewhat lengthy analysis of the factual background of the dispute and the legal basis for the compromise. Because no objections were raised, the Firm prepared the application, declarations of Miriam Khatiblou and Kyle Everett, and the order approving the compromise with Kelly-Moore by default. On September 17, 2010, the Bankruptcy Court entered the order approving the compromise with Kelly-Moore.

### 3. Pension Benefit Guaranty Corporation

The Firm also negotiated and prepared the *Motion Pursuant to Bankruptcy Rule 9019(A) for Approval of Settlement and Compromise Regarding Pension Benefit Guaranty Corporation Claims* [Docket No. 1254], which settled three proofs of claim filed by the Pension Benefit Guaranty Corporation ("PBGC") related to the Heller Ehrman LLP Floor Pension Plan (the "Floor Plan"). The Floor Plan is a defined benefit pension plan covered by Title IV of the Employee Retirement

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Income Security Act of 1974, as amended ("ERISA").  During settlement negotiations with PBGC, PSZ&J worked with ERISA special counsel, Trucker Huss, APC, to evaluate various methods of plan termination under ERISA.  The parties agreed to a form of distress termination, pursuant to which the Debtor deposited funds into the Floor Plan's trust account that are sufficient to pay the Floor Plan's guaranteed benefit liabilities under Title IV of ERISA as of December 31, 2008.  The Court heard the motion on July 19, 2010 and entered the *Order Approving Settlement and Compromise Regarding Pension Benefit Guaranty Corporation Claims* on July 22, 2010.  The Firm has continued to assist the Debtor fulfill the terms of the PBGC settlement agreement, which requires the Debtor to make certain deposits to the Floor Plan, coordinate distributions to plan participants, and terminate the Floor Plan pursuant to ERISA regulations.

### 4.    MPC Insurance, Ltd.

The Firm also negotiated and prepared the *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise with MPC Insurance, Ltd.* [Docket No. 1307] which settled MPC's claims against the Debtor.  In further support of the settlement, the PSZ&J prepared the *Supplemental Declaration of Jonathan Hayden in Support of Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise with MPC Insurance, Ltd.* (Docket No. 1417).  Pursuant to the compromise negotiated by PSZ&J and the Debtor, the settlement generated a $1 million recovery to the estate on the Effective Date and will lead to subsequent recoveries in a shorter timeframe than otherwise prescribed by MPC's governing documents.  The Court heard the motion and entered the *Order Approving Settlement and Compromise with MPC Insurance, Ltd.* on August 9, 2010.

**Total Hours 195.20 / Total Fees $102,981.00**

**M.    List of Expenses by Category**

PSZ&J advanced costs, including certain in-house charges, on behalf of the Debtor in connection with the performance of the services described in this Application.  During the Fifth

Application Period, PSZ&J incurred a total of $70,888.77[5] in expenses. PSZ&J made every effort to keep the costs in this case to a minimum.

PSZ&J customarily charges $0.20 per page for photocopying expenses, $0.10 per page for print jobs, and $0.10 per page for scan copies. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying and printing charges on a daily basis. Whenever feasible, PSZ&J sent large copying projects to an outside copy service that charges a reduced rate for photocopying.

Ordinarily, PSZ&J charges $1.00 per page for outgoing facsimile transmissions. Pursuant to the Northern District Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles. Fax receipts are charged at $0.20 per page, the same cost PSZ&J imposes on photocopies.

Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge the Firm for computerized legal research. PSZ&J bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client. PSZ&J does not charge for local or long distance calls placed by attorneys from their offices. PSZ&J only bills its clients for the actual costs charged to PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated through PSZ&J. PSZ&J believes that its expense charges are consistent with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**N.** **Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in this case are set forth on the Billing Summary Chart on **Exhibit A** hereto. Such rates did not change during the time period represented by the Application.

---

[5] This amount is net of write-offs of $4,527.84 in expenses that are comprised of business meals of $288.67, secretarial overtime of $509.29, and miscellaneous items (primarily air fare and hotel expenses for out-of-town attorneys) of $3,729.88.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**O.**     **Professionals and Paraprofessionals**

The biographies of the attorneys who have worked on this matter and a description of the professional education and biographies of the paralegals, professional assistants, and law clerks employed by the Firm who rendered services in this case during the Application Period have been previously filed with the Court. PSZ&J has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

**P.**     **Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Dissolution Committee and the Plan Administrator concurrently with the filing of this Application. The letter invites the Dissolution Committee and the Plan Administrator to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit D**.

**Q.**     **Notice of Application and Hearing**

The Firm is providing notice of the hearing on this Application.

**III.**

**THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON**

**APPLICABLE LAW**

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services in acting as counsel to the Debtor.

**A.**     **Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco and Los Angeles areas. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.

## B. Section 330(a)(3) Factors

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330(a)(3). Although several of these factors (such as the time involved, the timeliness

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes

2  two of the five factors should be discussed separately again here.

3  First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be

4  necessary to the administration of, or beneficial at the time at which the service was rendered toward

5  completion of, the case.  PSZ&J believes the facts of this case make it evident that PSZ&J's services

6  were both necessary and beneficial.  PSZ&J's efforts were essential to the organization and

7  operations of the Debtor, and, as stated above, PSZ&J provided advice, counsel and direction to the

8  Debtor to assist it with its role of working with the United States Trustee and the Committee.

9  Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable

10  based on customary compensation charged by comparably skilled practitioners in cases other than

11  cases under the Bankruptcy Code.  PSZ&J believes its attorneys are skilled and performed well in

12  this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's

13  counterparts engaged in non-bankruptcy specialties of the law.

14  **C.**     **Available Funds**

15  PSZ&J understands that the Debtor has sufficient funds available for the payment of fees and

16  costs incurred in connection with the Application.  Specifically, the Firm is informed and believes

17  the Debtor has approximately $2.5 million of unencumbered cash as well as approximately $4

18  million of funds available to be drawn from the PCs.  The Firm is informed and believes that the

19  Debtor will have sufficient funds as of the date of the hearing on this Application to pay the

20  approved professional fees.

21  **IV.**

22  **CONCLUSION**

23  The compensation presently sought by PSZ&J is final.  Neither PSZ&J, nor any shareholders

24  or associates of the Firm, have any agreement or any understanding of any kind or nature to divide,

25  pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney,

26  except among shareholders and associates of the Firm.

27  PSZ&J believes that the services rendered for which compensation is sought in this

28  Application have been beneficial to the estate, that the costs incurred have been necessary and

proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and direct payment of fees and costs, and (b) award final compensation, as follows:

1.     Allowing $888,354.90 for compensation for services rendered (net of the 10% discount) and $70,888.77 for reimbursement for expenses incurred by the Firm during the Fifth Application Period, for a total award of $959,243.67 on a final basis;

2.     Allowing, on a final basis, the Interim Fee Amounts in the amounts of $739,766.86 for the period from the case's inception through and including April 30, 2009, $578,836.85 for the period from May 1, 2009 through August 31, 2009, $837,552.79 for the period from August 31, 2009 through December 31, 2009, and $750,106.93 for the period January 1, 2010 through April 31, 2010, minus a 10% discount applied to professional fees only, for a total of $2,632,839.71; and

3.     Allowing the Final Fee Application Amounts, subject to proof to be submitted hereafter, on a final basis; and

4.     Granting such other and further relief as may be appropriate under the circumstances.


Dated:     October 1, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


                                              By    /s/ Teddy M. Kapur
                                                    John D. Fiero
                                                    Kenneth H. Brown
                                                    Teddy M. Kapur
                                                    Attorneys for Heller Ehrman LLP,
                                                    Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA